UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELISSA KAYE,

                                PLAINTIFF,

        -against-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION; ELIZABETH FORD; PATRICIA YANG;
ABHISHEK JAIN;AND JONATHAN WANGEL (said
names being fictitious, the persons intended being those who
aided and abetted the unlawful conduct of the named
Defendants),

                                DEFENDANTS.

**SUMMONS & COMPLAINT**
**JURY TRIAL REQUESTED**

*Duly Submitted by:*                    Special Hagan, Esq.
                                           **LAW OFFICES OF SPECIAL HAGAN, ESQ.**
                                           196-04 Hollis Avenue
                                           Saint Albans, New York 11412
                                           (917) 337-2439 (Telephone)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
..................................................................................X
MELISSA KAYE,

                               PLAINTIFF,

        -against-

NEW YORK CITY HEALTH AND HOSPITALS     **SUMMONS &**
CORPORATION; ELIZABETH FORD; PATRICIA YANG;     **COMPLAINT**
ABHISHEK JAIN; and JONATHAN WANGEL (said names
being fictitious, the persons intended being those who aided and     **Civil Docket No.**
abetted the unlawful conduct of the named Defendants),

    **JURY TRIAL**
    **REQUESTED**

                               DEFENDANTS.
..................................................................................X

PLAINTIFF, MELISSA KAYE ("KAYE" or "PLAINTIFF"), by and through her attorney, SPECIAL HAGAN, ESQ., complains of Defendants: NEW YORK CITY HEALTH AND HOSPITALS CORPORATION ("HHC"); ELIZABETH FORD ("FORD"); PATRICIA YANG ("YANG"); ABISHEK JAIN ("JAIN"); and JONATHAN WANGEL ("WANGEL"), in their official and individual capacities and as aiders and abettors alleges as follows:

## I. INTRODUCTORY STATEMENT

1. This is an action for injunctive relief, declaratory judgment, equitable relief, money damages and punitive damages, on behalf of PLAINTIFF, MELISSA KAYE. KAYE contends that she is experiencing discrimination based on gender, her association with a person with disabilities and retaliation.

2

2. PLAINTIFF alleges that she has been paid less than her male comparators despite having more experience and certifications. From 1999 to 2017, KAYE was paid at least $30K less than her male comparators at the other borough forensic psychiatry court clinics. Unlike the other Borough Directors, who are males KAYE is also the only one who does not have staff to perform her job functions.

3. Although a Memorandum of Agreement (MOA) sought to address a general retention and recruitment problem in a number of practice areas, including Psychiatry, Plaintiff continues to be paid less than her comparators at the other borough Court Clinics.

4. KAYE also alleges that she experienced retaliation when she voiced her concerns about the office's "fast tracking/jerry-rigging" of the 730 Evaluation Process of inmates on Rikers Island. KAYE resisted YANG'S efforts to "jerry rig" or "doctor" her evaluations for some inmates. She then informed management that the effort to reduce the prison population by releasing inmates with psychological issues would potentially expose the City's residents to dangerous and violent criminals.

5. KAYE alleges that in retaliation for her protected activities HHC management changed her shift from 9AM to 5PM to 8AM to 4PM. Plaintiff is a single mother, with a child who has special needs in the form of extreme skin conditions. Plaintiff disclosed to defendants that she needed to work a 9AM to 5PM shift so that she could administer medication to her son as prescribed by his physician. Defendants allowed her to work the a forementioned schedule until she complained about the 730 process. Once she complained, Defendants sought to make it impossible for Plaintiff to care for her son and has denied her request for a reasonable accommodation and has at times arbitrarily denied her request for leave under the Family Medical Leave Act (FMLA).

3

6. PLAINTIFF alleges that the terms, conditions, and privileges of her employment relationship with Defendants have been adversely affected under: the 1st and 14th Amendments of the United States Constitution; the Fair Labor Standards Act (FLSA); Family Medical Leave Act ("FMLA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et. seq. ("Title VII"); 42 U.S.C. §§ 1983 and 1988; the Civil Rights Act of 1991; 28 U.S.C. § 1658(a); the New York Human Rights Law as contained in New York Executive Law §296 et. seq. ("NYHRL"); and the New York City Human Rights Law as contained in the Administrative Code of the City of New York, §8-107 et. seq. ("NYCHRL").

7. Accordingly, this action is being brought to vindicate Plaintiff's human and civil rights under the law.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 to secure protection of and to redress deprivation of rights secured by: 1st and 14th Amendments of the United States Constitution; Fair Labor Standards Act ("FLSA"); Family Medical Leave Act ("FMLA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et. seq. ("Title VII"); 42 U.S.C. §§ 1983 and 1988; the Civil Rights Act of 1991; and 28 U.S.C. § 1658(a).

9. This Court has supplemental and pendant jurisdiction pursuant to 28 U.S.C. § 1367(a) over the PLAINTIFF's state and city law claims arising under the New York State Executive Law and the New York City Administrative Code respectively, because the PLAINTIFF's federal, state and city claims derive from a common nucleus of operative facts and form part of the same case or controversy.

10. Venue is proper under 28 U.S.C. § 1391 in that the acts and transactions herein complained of have taken place in the Southern District of New York, including the unlawful employment practices about which PLAINTIFF complains. The DEFENDANTS may be found in this district and PLAINTIFF is employed with all of her employment records maintained in this district.

11. PLAINTIFF's action for declaratory relief is authorized by 28 U.S.C. §§ 1343, 2201, and 2202.

### III.  PROCEDURAL REQUIREMENTS

9. All prerequisites to the institution of this action have been met. PLAINTIFF filed charges with the New York State Division of Human Rights (SDHR) and the Equal Employment Opportunity Commission (EEOC). Of those charges, Plaintiff received a right to sue letter from the EEOC on September 26, 2017 and this action has been filed within 90 (ninety) days thereof.

10. Pursuant to § 8-502(c) of the Administrative Code of the City of New York, copies of this Complaint have been served upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York.

### IV. PARTIES

Dated: Queens, New York
       December 26, 2017

                                                Respectfully Submitted,

                                                           /S/
........................................................................
SPECIAL HAGAN, ESQ.
LAW OFFICES OF SPECIAL HAGAN
196-04 Hollis Avenue
Saint Albans, New York 11412
(917) 337-2439

special@haganlawoffices.net