UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MELISSA KAYE,

                        Plaintiff,

             -against-

NEW YORK CITY HEALTH AND HOSPITALS CORPORATION; ELIZABETH FORD; PATRICIA YANG; ABHISHEK JAIN; and JONATHAN WANGEL (said names being fictitious, the persons intended being those who aided and abetted the unlawful conduct of the names Defendants),

                        Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS' ANSWER TO THE FIRST AMENDED COMPLAINT**

18 Civ. 12137 (JPO)

        Defendants New York City Health and Hospitals Corporation ("H+H"), Elizabeth Ford, Patricia Yang, Abhishek Jain, and Jonathan Wangel (collectively "defendants") by and through their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to the First Amended Complaint, respectfully allege as follows:

        1.     Deny the allegations in paragraph "1" of the First Amended Complaint, except admit that plaintiff purports to proceed as set forth therein.

        2.     Deny the allegations in paragraph "2" of the First Amended Complaint, except admit that plaintiff purports to proceed as set forth therein.

        3.     Deny the allegations in paragraph "3" of the First Amended Complaint, except admit that plaintiff purports to proceed as set forth therein.

        4.     Deny the allegations in paragraph "4" of the First Amended Complaint, except admit that plaintiff purports to proceed as set forth therein.

5. Deny the allegations in paragraph "5" of the First Amended Complaint, except admit that plaintiff purports to proceed as set forth therein.

6. Deny the allegations in paragraph "6" of the First Amended Complaint, except admit that plaintiff purports to proceed as set forth therein.

7. Deny the allegations in paragraph "7" of the First Amended Complaint, except admit that plaintiff purports to proceed as set forth therein.

8. Deny the allegations in paragraph "8" of the First Amended Complaint, except admit that plaintiff purports to proceed as set forth therein.

9. Deny the allegations in paragraph "9" of the First Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as set forth therein.

10. Deny the allegations in paragraph "10" of the First Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as set forth therein.

11. Deny the allegation in paragraph "11" of the First Amended Complaint, except admit that plaintiff purports that venue is proper.

12. Deny the allegations in paragraph "12" of the First Amended Complaint, except admit that plaintiff purports to proceed as set forth therein.

13. Deny the allegations in paragraph "13" of the First Amended Complaint, except admit that plaintiff filed a charge, dated May 22, 2018, with the United States Equal Employment Opportunity Commission ("EEOC"), that a Notice of Suit Rights, dated September 26, 2018, was mailed to Plaintiff's former legal counsel, and that this action was filed within 90 (ninety) days from September 26, 2018.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the First Amended Complaint.

15. Deny knowledge or information sufficient to form a belief as to where plaintiff was born as set forth in paragraph "15" of the First Amended Complaint, except admit that plaintiff self-identifies as a woman.

16. Deny knowledge or information sufficient to form a belief as to where plaintiff resides as set forth in paragraph "16" of the First Amended Complaint.

17. Admit the allegations set forth in paragraph "17" of the First Amended Complaint.

18. Deny the allegations set forth in paragraph "18" of the First Amended Complaint, except admit that plaintiff became the Medical Director of the Bronx Forensic Court Clinic.

19. Deny the allegations in paragraph "20" of the First Amended Complaint, except admit that plaintiff worked in the same civil service title.

20. Admit the allegations in paragraph "21" of the First Amended Complaint.

21. Admit the allegations set forth in paragraph "22" of the First Amended Complaint and respectfully refer the Court to N.Y. Unconsolidated Laws, Ch 214-A, §§ 1, 7381, et seq. for a complete and accurate description of the powers and duties of H+H.

22. Admit the allegations in paragraph "23" of the First Amended Complaint.

23. Admit the allegations in paragraph "24" of the First Amended Complaint.

24. Deny the allegations in paragraph "25" of the First Amended Complaint, except admit that H+H has a workforce throughout the five boroughs.

25. Deny the allegations in paragraph "26" of the First Amended Complaint, except admit that Defendant Patricia Yang ("Yang") is employed by H+H as a Senior Vice President for NYC Health + Hospitals/Correctional Health Services.

26. Deny the allegations in paragraph "27" of the First Amended Complaint, except admit that Defendant Elizabeth Ford ("Ford") is employed by H+H as Chief of Psychiatry for NYC Health + Hospitals/Correctional Health Services.

27. Deny the allegations in paragraph "28" of the First Amended Complaint, except admit that Defendant Abhishek Jain ("Jain") is employed as the Director, Forensic Psychiatric Evaluation Court Clinics for NYC Health + Hospitals/Correctional Health Services, and that Jain is plaintiff's supervisor.

28. Deny the allegations in paragraph "29" of the First Amended Complaint, except admit that Defendant Jonathan Wangel ("Wangel") was employed as the Senior Director of Risk Mitigation and Management for for NYC Health + Hospitals/Correctional Health Services and was responsible for health information, risk management patient relations, litigation coordination, oversight compliance, employment matters, labor relations and disciplinary actions.

29. Deny the allegations in paragraph "30" of the First Amended Complaint.

30. Admit the allegations in paragraph "31" of the First Amended Complaint.

31. Admit the allegations in paragraph "32" of the First Amended Complaint.

32. Deny the allegations in paragraph "33" of the First Amended Complaint, except admit that plaintiff has almost 20 years of professional experience.

33. Deny the allegations in paragraph "34" of the First Amended Complaint, except admit that in 2004 plaintiff became Medical Director of the Bronx Forensic Psychiatric Evaluation Center.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations alleged in paragraph "35" of the First Amended Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "36" of the First Amended Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second paragraph "36" of the First Amended Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "37" of the First Amended Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "38" of the First Amended Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "39" of the First Amended Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "40" of the First Amended Complaint, except admit that plaintiff complained.

41. Deny the allegations in paragraph "41" of the First Amended Complaint, except admit that plaintiff complained.

42. Deny the allegations in the paragraph "42" of the First Amended Complaint, except admit that plaintiff complained.

43. Deny the allegations in paragraph "43" of the First Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of what plaintiff experienced.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "44" of the First Amended Complaint.

45. Deny the allegations in paragraph "45" of the First Amended Complaint, except admit that plaintiff spoke to Wangel about the upcoming transition.

46. Deny the allegations in paragraph "46" of the First Amended Complaint, except admit that plaintiff spoke to Wangel about the terms of her employment.

47. Deny the allegations in paragraph "47" of the First Amended Complaint, except admit that plaintiff complained to Yang.

48. Deny the allegations in paragraph "48" of the First Amended Complaint, except admit that plaintiff complained.

49. Deny the allegations in paragraph "49" of the First Amended Complaint, except deny knowledge or information sufficient to form a belief as to why plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC").

50. Admit the allegations in paragraph "50" of the First Amended Complaint.

51. Deny the allegations in paragraph "51" of the First Amended Complaint.

52. Deny the allegations in paragraph "52" of the First Amended Complaint.

53. Deny the allegations in paragraph "53" of the First Amended Complaint, except admit that plaintiff's work hours were 8:00 a.m. to 5:00 p.m.

54. Deny the allegations in paragraph "54" of the First Amended Complaint.

55. Deny the allegations in paragraph "55" of the First Amended Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "56" of the First Amended Complaint.

57. Deny the allegation in paragraph "57" of the First Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of how plaintiff's union representative responded.

58. Deny the allegations in paragraph "58" of the First Amended Complaint.

59. Deny the allegations in paragraph "59" of the First Amended Complaint.

60. Deny the allegations in paragraph "60" of the First Amended Complaint.

61. Deny the allegations in paragraph "61" of the First Amended Complaint.

62. Deny the allegations in paragraph "62" of the First Amended Complaint.

63. Deny the allegations in paragraph "63" of the First Amended Complaint.

64. Deny the allegations in paragraph "64" of the First Amended Complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "65" of the First Amended Complaint.

66. Deny the allegations in paragraph "66" of the First Amended Complaint.

67. Deny the allegations in paragraph "67" of the First Amended Complaint.

68. Deny the allegations in paragraph "68" of the First Amended Complaint, except admit that plaintiff filed her initial complaint on December 21, 2018.

69. Deny the allegations in paragraph "69" of the First Amended Complaint.

70. Deny the allegations in paragraph "70" of the First Amended Complaint, except admit that plaintiff received a written warning after it was learned that she had improperly recorded an evaluation.

71. Deny the allegations in paragraph "71" of the First Amended Complaint.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "72" of the First Amended Complaint, except admit that plaintiff disclosed her son's medical condition to Ford.

73. Deny the allegations in paragraph "73" of the First Amended Complaint, except admit that plaintiff disclosed her son's medical condition.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "74" of the First Amended Complaint.

75. Deny the allegations in paragraph "75" of the First Amended Complaint, except admit that plaintiff preferred to work a 9:00 a.m. to 5:00 p.m. schedule.

76. Deny the allegations in paragraph "76" of the First Amended Complaint, except admit that plaintiff previously worked a different schedule.

77. Deny the allegations in paragraph "77" of the First Amended Complaint.

78. Deny the allegations in the second paragraph "76" of the First Amended Complaint.

79. Deny the allegations in the second paragraph "77" of the First Amended Complaint, except admit that plaintiff sought FMLA leave.

80. Deny the allegations in paragraph "78" of the First Amended Complaint.

81. Deny the allegations in paragraph "79" of the First Amended Complaint.

82. Deny the allegations in paragraph "80" of the First Amended Complaint.

83. Deny the allegations in paragraph "81" of the First Amended Complaint.

84. Deny the allegations in paragraph "82" of the First Amended Complaint.

85. Paragraph "83" of the First Amended Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent this paragraph is found to interpose allegations of fact, Defendants deny the allegation.

86. Deny the allegations in paragraph "84" of the First Amended Complaint.

87. Deny the allegations in paragraph "85" of the First Amended Complaint, except admit that performing "730 examinations" is part of plaintiff's job functions.

88. Deny the allegations in paragraph "86" of the First Amended Complaint.

89. Admit the allegations in paragraph "87" of the First Amended Complaint.

90. Deny the allegations in paragraph "88" of the First Amended Complaint, except admit that a court will consider the examination report in its determination.

91. Deny the allegations in paragraph "89" of the First Amended Complaint, except deny knowledge or information sufficient to form a belief as to truth of what plaintiff claims should be "performed separately."

92. Deny the allegations in paragraph "90" of the First Amended Complaint, except admit that plaintiff made complaints.

93. Deny that allegations in paragraph "91" of the First Amended Complaint, except deny knowledge or information sufficient to form a belief as to what plaintiff and defense attorneys have reported.

94. Deny that allegations in paragraph "92" of the First Amended Complaint, except deny knowledge or information sufficient to form a belief as to what plaintiff and "other key stakeholders" have expressed.

95. Deny the allegations in paragraph "93" of the First Amended Complaint.

96. Deny the allegations in paragraph "94" of the First Amended Complaint.

97. Deny the allegations in paragraph "95" of the First Amended Complaint, except deny knowledge or information to form a belief as to plaintiff's commitment.

98. Deny the allegations in paragraph "96" of the First Amended Complaint.

99. Deny the allegations in paragraph "97" of the First Amended Complaint.

100. Deny the allegations in paragraph "98" of the First Amended Complaint, except admit plaintiff complained to Ford.

101. Deny the allegations in paragraph "99" of the First Amended Complaint.

102. Deny the allegations in paragraph "100" of the First Amended Complaint, except admit that plaintiff purports to proceed as set forth therein.

103. Deny the allegations in paragraph "101" of the First Amended Complaint, except admit that plaintiff purports to proceed as set forth therein.

104. In response to paragraph "102" of the First Amended Complaint defendants repeat and re-allege their responses to paragraphs "1" through "101" of the First Amended Complaint, as if fully set forth herein.

105. Deny the allegations in paragraph "103" of the First Amended Complaint.

106. Deny the allegations in paragraph "104" of the First Amended Complaint.

107. Deny the allegations in paragraph "105" of the First Amended Complaint.

108. Deny the allegations in paragraph "106" of the First Amended Complaint.

109. Deny the allegations in paragraph "107" of the First Amended Complaint.

110. Deny the allegations in paragraph "108" of the First Amended Complaint.

111. In response to paragraph "109" of the First Amended Complaint defendants repeat and re-allege their responses to paragraphs "1" through "108" of the First Amended Complaint, as if fully set forth herein.

112. Paragraph "110" of the First Amended Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent this paragraph is found to interpose allegations of fact, Defendants deny the allegation.

113. Paragraph "111" of the First Amended Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent this paragraph is found to interpose allegations of fact, Defendants deny the allegation.

114. Deny the allegations in paragraph "112" of the First Amended Complaint, except deny knowledge or information sufficient to form a belief as to what time period plaintiff claims to have worked over 1,250 hours.

115. Admit the allegations in paragraph "113" of the First Amended Complaint.

116. Deny the allegations in paragraph "114" of the First Amended Complaint.

117. Deny the allegations in paragraph "115" of the First Amended Complaint.

118. Deny the allegations in paragraph "116" of the First Amended Complaint.

119. Deny the allegations in paragraph "117" of the First Amended Complaint.

120. In response to paragraph "118" of the First Amended Complaint defendants repeat and re-allege their responses to paragraphs "1" through "117" of the First Amended Complaint, as if fully set forth herein.

121. Deny the allegations in paragraph "119" of the First Amended Complaint.

122. Deny the allegations in paragraph "120" of the First Amended Complaint.

123. Deny the allegations in paragraph "121" of the First Amended Complaint.

124. Deny the allegations in paragraph "122" of the First Amended Complaint.

125. Deny the allegations in paragraph "123" of the First Amended Complaint.

126. Deny the allegations in paragraph "124" of the First Amended Complaint.

127. In response to paragraph "125" of the First Amended Complaint defendants repeat and re-allege their responses to paragraphs "1" through "124" of the First Amended Complaint, as if fully set forth herein.

128. Deny the allegations in paragraph "126" of the First Amended Complaint.

129. Admit the allegations in paragraph "127" of the First Amended Complaint.

130. Deny the allegations in paragraph "128" of the First Amended Complaint.

131. Deny the allegations in paragraph "129" of the First Amended Complaint.

132. Deny the allegations in paragraph "130" of the First Amended Complaint.

133. Deny the allegations in paragraph "131" of the First Amended Complaint.

134. Deny the allegations in paragraph "132" of the First Amended Complaint.

135. In response to paragraph "133" of First Amended Complaint defendants repeat and re-allege their responses to paragraphs "1" through "132" of the First Amended Complaint, as if fully set forth herein.

136. Deny the allegations in paragraph "134" of the First Amended Complaint.

137. Deny the allegations in paragraph "135" of the First Amended Complaint.

138. In response to paragraph "136" of the First Amended Complaint defendants repeat and re-allege their responses to paragraphs "1" through "135" of the First Amended Complaint, as if fully set forth herein.

139. Deny the allegations in paragraph "137" of the First Amended Complaint.

140. Deny the allegations in paragraph "138" of the First Amended Complaint.

141. Deny the allegations in paragraph "139" of the First Amended Complaint, except admit that plaintiff purports to proceed as set forth therein.

142. In response to paragraph "140" of the First Amended Complaint defendants repeat and re-allege their responses to paragraphs "1" through "139" of the First Amended Complaint, as if fully set forth herein.

143. Admit the allegations in paragraph "141" of the First Amended Complaint.

144. Deny the allegations in paragraph "142" of the First Amended Complaint.

145. Deny the allegations in paragraph "143" of the First Amended Complaint.

146. Deny the allegations in paragraph "144" of the First Amended Complaint.

147. Deny the allegations in paragraph "145" of the First Amended Complaint.

148. Deny knowledge or information necessary to form a belief as to the allegations in paragraph "146" of the First Amended Complaint.

149. Deny the allegations in paragraph "147" of the First Amended Complaint.

150. In response to paragraph "148" of the First Amended Complaint defendants repeat and re-allege their responses to paragraphs "1" through "147" of the First Amended Complaint, as if fully set forth herein.

151. Deny the allegations in paragraph "149" of the First Amended Complaint.

152. Deny the allegations in paragraph "150" of the First Amended Complaint.

153. Deny the allegations in paragraph "151" of the First Amended Complaint.

154. Deny the allegations in paragraph "152" of the First Amended Complaint.

155. Deny the allegations in paragraph "153" of the First Amended Complaint.

156. Deny the allegations in paragraph "154" of the First Amended Complaint.

157. In response to paragraph "155" of the First Amended Complaint defendants repeat and re-allege their responses to paragraphs "1" through "154" of the First Amended Complaint, as if fully set forth herein.

158. Deny the allegations in paragraph "156" of the First Amended Complaint.

159. Deny the allegations in paragraph "157" of the First Amended Complaint.

160. Deny the allegations in paragraph "158" of the First Amended Complaint.

161. In response to paragraph "159" of the First Amended Complaint defendants repeat and re-allege their responses to paragraphs "1" through "158" of the First Amended Complaint, as if fully set forth herein.

162. Deny the allegations in paragraph "160" of the First Amended Complaint.

163. Deny the allegations in paragraph "161" of the First Amended Complaint.

**AS AND FOR A FIRST DEFENSE**

164. The Complaint fails to state any claim upon which relief may be granted.

**AS AND FOR A SECOND DEFENSE**

165. All of defendants' actions with respect to plaintiff were taken for legitimate, non-discriminatory and non-retaliatory business reasons.

**AS AND FOR A THIRD DEFENSE**

166. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A FOURTH DEFENSE**

167. At all times relevant to the acts alleged in the complaint, defendants acted reasonably, properly, lawfully and in good faith and in compliance with all applicable laws, as well as City of New York rules, regulations and guidelines.

**AS AND FOR A FIFTH DEFENSE**

168. Defendant City of New York has not adopted any policy, practice or custom violative of plaintiff's rights.

**AS AND FOR A SIXTH DEFENSE**

169. This action may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A SEVENTH DEFENSE**

170. At all times relevant to the acts alleged in the complaint, defendants' actions were reasonable, proper, lawful, constitutional, made in good faith, and without malice and were in conformity with the provisions of the FMLA.

**AS AND FOR A EIGHTH DEFENSE**

171. Defendants have not interfered with, restrained or denied any plaintiff's rights under the FMLA.

**AS AND FOR A NINTH DEFENSE**

172. Defendants have not willfully violated any of the plaintiff's rights under the FMLA.

**AS AND FOR A TENTH DEFENSE**

173. The Complaint's request for punitive damages against defendant City of New York is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision or against an official sued in his or her official capacity.

**AS AND FOR A ELEVENTH DEFENSE**

174. Subject to disclosure, plaintiff has failed to mitigate her damages, if any.

**AS AND FOR A TWELVETH DEFENSE**

175. Any damages were sustained by plaintiff were caused by plaintiff's own negligent or otherwise culpable conduct.

**AS AND FOR A THIRTEENTH DEFENSE**

176. Defendants would have taken the same actions with respect to plaintiff regardless of plaintiff's alleged complaints.

## AS AND FOR A FOURTEENTH DEFENSE

177. Defendants have not willfully violated any of the plaintiff's rights under the EPA.

## AS AN FOR A FIFTEENTH DEFENSE

178. Plaintiff has failed to meet the conditions precedent to suit.

## CONCLUSION

**WHEREFORE,** defendants respectfully requests that the First Amended Complaint be dismissed in its entirety, that the court enter judgment for defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 19, 2019

**ZACHARY W. CARTER**
Corporation Counsel of the
 City of New York
Attorney for Defendants
100 Church Street, Room 2-124
New York, N.Y. 10007-2601
212-356-2461

By: [ECF]       /s/
 Donna A. Canfield
 Assistant Corporation Counsel