ZACHARY W. CARTER
*Corporation Counsel*



THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**DONNA A. CANFIELD**
*Assistant Corporation Counsel*
Phone: (212) 356-2461
Fax: (212) 356-2438
dcanfiel@law.nyc.gov

November 22, 2019

**BY: ECF**
Honorable James L. Cott
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: <u>Kaye v. NYC Health and Hospitals Corp., et al.</u>
           Civil Action Number: 18 CV 12137 (JPO) (JLC)

Dear Magistrate Judge Cott:

      I write to address the issues raised in plaintiff's November 19, 2019 letter seeking the Court's intervention regarding the production of electronically stored information. *See* Dkt. # 50.

      First, defendants dispute plaintiff's characterization of defendants' representations regarding-discovery at the parties' Rule 16 conference. At no time did defendants indicate that discovery would be "complex and extensive," nor did the Court suggest that the parties submit a joint ESI protocol order. Rather, defendants suggested during the conference, that due to the time and expense of ESI discovery, the parties meet and confer early in the discovery process. In that regard, the Court directed plaintiff to provide defendants with a list of custodians and potential search terms as soon as possible.

      On October 22, 2019, defendants received plaintiff's first set of document demands. On November 12, 2019, I reached out to plaintiff's counsel in order to meet and confer on the scope of plaintiff's discovery requests, particularly those involving ESI. On November 14, 2019, the parties spoke by telephone, and following compromises made by both sides, agreed that the mailboxes of the following custodians would be collected, using plaintiff's name:

- Patricia Yang

- o   Elizabeth Ford
- o   Jonathan Wangel
- o   Abhishek Jain
- o   Ross MacDonald
- o   Andrea Swenson
- o   Clarence Muir
- o   Anansa Brayton

While the parties, upon information and belief, continue to agree on the list of searchable custodians, there is no agreement with respect to time. Defendants have suggested from January 1, 2018 to the date of collection as a reasonable time period, due to the fact that the allegations of discrimination and/or retaliation in plaintiff's First Amended Complaint do not begin until January 1, 2018, or around the time that management of the Forensic Court Clinic transitioned from Corizon to H+H. Plaintiff, on the other hand, seeks ESI from some, but not all of the custodians, as far back as 2015. Defendants belief this timeframe to be unreasonable.

Regardless—because there is no agreement on time and as discussed below, the dispute regarding plaintiff's requests for discovery on discovery—on November 14, 2019, defendants requested at least an additional 30 days to serve their responses and objections to plaintiff's requests. Plaintiff has not consented to defendants' request.

With respect to plaintiff's request seeking the Court's intervention to compel defendants to disclose (1) the review platform or vendor used to conduct searches, and (2) when and whether a litigation hold was put in place, Rule 26 of the Federal Rules of Civil Procedure allows discovery of "nonprivileged matter" as long as it is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26 (b)(1). Short of a showing that the defendants' production is incomplete—which it is not, since defendants have yet to produce *any* documents—there is no adequate factual basis for plaintiff's request. *See Freedman v. Weatherford International Ltd.*, No 12 Civ. 2121, 2014 U.S. Dist. LEXIS 102248, at *3 (S.D.N.Y Sept. 12, 2014) (A party must provide "an adequate factual basis" for its belief that discovery on discovery is warranted).

Finally, plaintiff also seeks the production of "a control set of 2,500 documents that will be used to initiate the CAL review process." "Seed" or "control sets" are unnecessary for Continuous Active Learning ("CAL") review. Instead, the CAL workflow relies on a priority review for continuous understanding of the issues. In any event, under Sedona Principle 6, the defendants as the responding party are best situated to decide how to search for and produce ESI responsive to plaintiff's document requests. As stated above, if plaintiff later demonstrates deficiencies in defendants' production, the Court may find an adequate basis to intervene in the discovery process. *See Hyles v. City of New York City*, 2016 U.S. Dist. LEXIS 100390, at *6-8 (S.D.N.Y. Aug. 1, 2016). There is certainly no basis for the Court's intervention in the review process at this stage of the case.

        Respectfully submitted,

          **ECF  /s/**

Donna A. Canfield
Assistant Corporation Counsel
dcanfiel@law.nyc.gov

cc:     Special Hagan (by ECF)