─── THE LAW OFFICES OF ───

# Special | Hagan

196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
FAX: (914) 462-4137

November 22, 2019

**VIA ECF & E-MAIL**
Honorable James L. Cott
United States Courthouse
500 Pearl; Street
New York, New York 10007

                              RE:    Kaye v. NYC Health & Hospitals Corp. et. al.
                                        Index No.: 18-cv-12137(JPO)

Dear Honorable Judge Cott:

      I respectfully write to seek the Court's intervention in the above captioned matter. The Parties appeared before Judge Oetken on September 27, 2019 for their initial conference. At that time, the Court suggested that the parties jointly develop an ESI Protocol for the Court's consideration. It should be clear from Defendants' correspondence to the Court, that they are unwilling to engage in a transparent collaborative EDiscovery Process. As such, Plaintiff writes to request that Defendants be compelled to jointly work on an ESI Protocol for the Court's consideration. .

      To date, Defendants have failed to disclose even the most basic information about their process or even if they have started the process at all. As it stands, Defendants have failed to disclose: the name of the platform they use; how they developed the population of documents they are culling; the size of the population of the documents they are running the CAL on; the identity of the person who is reviewing the documents that are being used to train the computer to create the algorithms; any of the batches of documents they have "binded;" and or even the sample documents they have used to start the culling process.

      The TAR 1.0/keyword search process is clearly more transparent, however it is not as cost effective as CAL. As such, Plaintiff has initially agreed to this process if it is done in a transparent and collaborative fashion. Accordingly, to initiate the process, I developed a draft proposed ESI Protocol for Defendants' consideration and input.. (Exhibit 1) However, to date, Defendants have yet to state why they are opposed to having a protocol in place and why they refuse to disclose even the most basic aspects of their process. Plaintiff respectfully argues that they should be compelled to do so and is seeking the Court's intervention that effect.

      To date, Counsel has yet to explain why she has failed to disclose any of the requested information so that an ESI Protocol can be developed. She has also failed to produce any sample documents for review and or discussion. As such, it is clear that the Court's intervention is absolutely necessary. The parties have attempted to meet and confer on this very issue, and it should be clear from Defendants' letter which continues to withhold information, that without the



**THE LAW OFFICES OF**

**196-04 HOLLIS AVENUE**
**SAINT ALBANS, NEW YORK 11412**
P: (917) 337-2439
FAX: (914) 462-4137

Court's intervention Plaintiff will not have her day in court. As such, Plaintiff respectfully requests a Motion Conference to Compel the production of a Joint Proposed ESI Order. The attached is a baseline document that Plaintiff has repeatedly asked counsel for further comment and review, however these requests have gone unaddressed and Defendants continue to fail to produce any documents.

Respectfully submitted,

/s/

Special Hagan, Esq.
Attorney for Plaintiff
Melissa Kaye

c:   Donna Canfield, Esq.
     Counsel for Defendants