THE LAW OFFICES OF

*Special | Hagan*

196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
FAX: (914) 462-4137

January 7, 2020

**VIA ECF & E-MAIL**
Honorable James L. Cott
United States Courthouse
500 Pearl Street
New York, New York 10007

          RE: Kaye v. NYC Health & Hospitals Corp. et. al.
             Index No.: 18-cv-12137(JPO)(JLC)

Dear Honorable Judge Cott:

  I respectfully write again to seek the Court's intervention regarding Defendants' production of ESI. As Your Honor is aware, Defendants' production was due today. Defendants stated that upon receipt of my signature on their proposed Protective Order, that they would produce the responsive ESI. I reviewed their proposed Protective Order with 502(d) clawback provisions and eventually signed and produced the proposed order for your consideration today. However, instead of honoring their representations, Defendants have made yet another set of excuses as to why they cannot comply with Your Honor's Order today. Again it should be noted that Defendants are now 90 days past the day that they were originally supposed to provide me with their production. As such, I am seeking the Court's intervention to expedite their compliance.

  Secondly, I have attempted to meet and confer with Defendants about their production methodology. Defendants have refused to disclose the most basic of information. For example, I asked how many documents/pages were in the initial collection of documents, which would have been assembled based on the custodians and time frames prescribed by the Court. Defendants again refused to provide this information. At some point Ms. Canfield mentioned that she reviewed 6,000 documents, however during the course of the call it was revealed that there was a larger corpus of documents that were originally assembled. When I asked how many documents were in this original corpus, Defendants refused to respond.

  I also asked how they trained the CAL and what documents were used. Usually this is a collaborative process, however this did not take place in this instance. At no point did Defendants disclose these initial training documents. They refused to disclose how they got down to the 1,900 pages of documents they represent that they are going to produce for this first production. They simply seem bent on producing whatever they want without engaging in a transparent or collaborative process.

  As I disclosed to Counsel, I am willing to share with her how my client and I assembled the documents we provided. When I disclosed this to her, she stated that she had to get off of the phone. Based on the foregoing, I am again asking for the Court's intervention. Defendants hope to obscure and skew the process so that Plaintiff cannot fairly litigate her claims. Again, the



production of EDiscovery using CAL usually requires more cooperation than other forms of TAR. I have attached Judge Grossman's decision in In re Broiler Chicken in support of my point on this matter and strongly hope that the Court provides fair consideration to Plaintiff's position and request for intervention. (Exh. 1)

Respectfully submitted,

/s/

Special Hagan, Esq.
Attorney for Plaintiff
Melissa Kaye

c:    Donna Canfield, Esq.
       Counsel for Defendants