```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
MELISSA KAYE,

                                Plaintiff,

             -against-

NEW YORK CITY HEALTH AND HOSPTIALS
CORPORATION; ELIZABETH FORD; PATRICIA
YANG; ABHISHEK JAIN; and JONATHAN WANGEL
(said names being fictitious, the persons intended being
those who aided and abetted the unlawful conduct of the
named Defendants),

                              Defendants.

---------------------------------------X

**SO-ORDERED
STIPULATION AND
PROTECTIVE ORDER**

18-cv-12137 (JPO)(JLC)

WHEREAS, each party has sought certain documents from the opposing party in discovery in this action, documents which plaintiff or defendants deems confidential; and

WHEREAS, each party objects to the production of those documents unless appropriate protection for the confidentiality of the information contained therein is assured; and

WHEREAS, an order entered pursuant to Federal Rule of Evidence 502(d) and the Court's inherent Authority will allow the parties in this action to conduct and respond to discovery expeditiously, without fear that disclosure of privileged or protected information will waive such privilege or protection in this or any other proceeding,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties, as follows:

    1. As used herein, "Confidential Materials" shall mean all documents or information concerning current or former employees of the New York City Health and Hospitals Corporation ("H+H") and the City of New York ("City"), including, but not limited to medical, personnel,

disciplinary, time and attendance, payroll, financial, tax records, labor relations, Equal Employment Opportunity ("EEO"), investigative, or other files and the information contained therein of current or former employees of H+H and the City.

2. "Confidential Materials" shall also mean all documents or information in connection to the restructuring of forensic court clinics, the transfer of the forensic court clinics to Correctional Health Services, and any other communications identified by the parties as "Confidential."

3. Documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by a party from sources other than the party producing the Confidential Materials (the "Producing Party"), or (b) are otherwise publicly available.

4. Neither the party receiving the Confidential Materials (the "Receiving Party") nor the Receiving Party's attorneys shall use the Confidential Materials for any purpose other than for the preparation or presentation of the party's case in this action.

5. Neither the Receiving Party nor the Receiving Party's attorneys shall disclose the Confidential Materials to any person except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of the party's case in this action.

    b. Disclosure before trial may be made to the party, an expert, professional or consultant who has been retained or specially employed by the party's attorneys in anticipation of litigation or preparation for this action, to a witness at deposition or any individual who has been identified as a potential trial witness, or to the Court.

    c. Before any disclosure is made to a person listed in subparagraph (b) above (other than the Court), Receiving Party shall provide each such person with a copy of this Order, and such person shall consent in writing, in the form annexed hereto as Exhibit "A," not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by Receiving Party's attorneys and a copy shall be furnished to Producing Party's attorneys upon their request.

6.     Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

7.     Where either party wishes to include any documents containing Confidential Materials or which reveal the contents thereof in any Court filing, they must contact the producing party 7 days in advance of such filing, and the party that has designated the documents Confidential may request sealing and or filing of redacted documents under seal or both pursuant to Judge Oetken's Individual Rules of Practice in Civil Cases (and/or Judge Cott's rules, as appropriate) ✓jc

8.     Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including copies, notes, and other materials containing or referring to information derived therefrom, except for materials containing attorney work product, shall be destroyed, and all persons who possessed such materials shall verify their destruction by affidavit

furnished to the Requesting Party's attorneys. Nothing in this Order shall be construed to limit the Producing Party's use of the Confidential Materials in any manner.

Inadvertent Production

9. Any party's production in this proceeding of any documents or other information protected by the attorney-client privilege, attorney work product protection or any other privilege or protection recognized by law as well as any non-party personally identifying information (collectively, "Protected Material") shall not constitute a waiver of any privilege or protection applicable to that information in this action.

10. A party that produces Protected Material (the "Producing Party") may demand that any party receiving Protected Material (the "Receiving Party") return or destroy the Protected Material (the "Clawback Demand"). Such demand shall be made promptly after the Producing Party discovers that the Protected Material was produced and shall state with particularity, in a privilege log that complies with the Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 26.2, the Protected Material to be returned or destroyed. If the documents subject to the Clawback Demand contain Protected Material only in part, the Producing Party shall, contemporaneously with the Clawback Demand, produce redacted versions of the documents subject to the Clawback Demand. Upon receiving a Clawback Demand, the Receiving Party shall return the information or documents to the Producing Party within five (5) business days, regardless of whether the Receiving Party agrees with the assertion of privilege and/or work product protection.

11. If a Receiving Party disagrees with a Producing Party's claim that certain documents or information constitutes Protected Material, then, within five (5) business days of receiving the Clawback Demand, the Receiving Party may move the Court for an Order

4

compelling production of any of the documents or information covered by the Clawback Demand, (or, in the case of redacted documents, compelling that the redactions be removed). The motion shall not assert as a ground for production the fact that such documents or information was previously produced, nor shall such motion disclose or otherwise refer to the content of the documents or information (beyond any information appearing on the above-referenced privileged log).

12. The Receiving Party shall not disclose Protected Material to any person or entity that has not already had access to the material after receiving a Clawback Demand. Disclosure of Protected Material before a Receiving Party receives a Clawback Demand shall not be a violation of this Order.

13. This Order may be changed only by further agreement of all parties in writing or by Order of the Court and is without prejudice to the right of any party to seek modification of this Order by application to the Court on notice to the other parties in this action. Nothing in this Order shall preclude any party from seeking judicial relief, in good faith and upon notice to the other parties, with regard to any provision hereof.

14. Nothing in this Order shall restrict the use or disclosure of any documents or information that is or becomes public or that is obtained through lawful means independent of discovery in this proceeding, even if the same documents or information are produced in this litigation and later designated as Protected Material.

15. A party's compliance with the terms of this Order shall not operate as an admission by that party that any particular document or information is or is not (a) relevant, (b) privileged, or (c) admissible in this action.

16.     The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

Dated:      New York, New York
            January __7__, 2020

LAW OFFICES OF SPECIAL HAGAN
*Attorneys for Plaintiff*
196-04 Hollis Avenue
Saint Albans, New York 11412

_____
Special Hagan, Esq.

JAMES E. JOHNSON
Corporation Counsel
of the City of New York
*Attorneys for Defendants*
100 Church Street, Room 2-124
New York, NY 10007

_____
Donna A. Canfield
Assistant Corporation Counsel

SO ORDERED:

Dated: January 8, 2020

_____
J. PAUL OETKEN
United States District Judge

UNITED STATES
MAGISTRATE JUDGE

6

## EXHIBIT A

I hereby acknowledge that I have read the So-Ordered Stipulation and Protective Order entered in the United States District Court for the Southern District of New York, on _____, 20__, in the action <u>Kaye v. City of New York, et al.</u>, Civil Case Number 18-cv-12137 (JPO)(JLC), and understand the terms thereof.

I agree not to use the Confidential Material defined therein for any purpose other than in connection with the prosecution or defense of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

I understand that it is my responsibility to ensure that, and I hereby agree to ensure that, all Confidential Materials that I have contact with, as well as all copies notes, and summaries, and other materials containing or referring to Confidential Materials or the information contained in the Confidential Materials, including but not limited to all copies, noted, and summaries that are or were maintained in any form, including but not limited to any computer hard drive, diskette, CD-ROM, or other electronic storage device must be either destroyed or returned at the conclusion of this matter.

_____
Date

_____
Signature

_____
Print Name

_____
Occupation