

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**DONNA A. CANFIELD**
*Assistant Corporation Counsel*
Phone: (212) 356-2461
Fax: (212) 356-2438
dcanfiel@law.nyc.gov

January 16, 2020

**BY:  ECF**
Honorable James L. Cott
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *Kaye v. NYC Health & Hospitals Corp. et al.*, 18-cv-12137 (JPO)(JLC)

Dear Magistrate Judge Cott:

I write in response to the Court's January 13th Order and plaintiff's letters filed on January 6th, 7th, and 14th.  *See* Dkt. Nos. 60, 62, 64, and 65.

As directed by the Court during the December 4th Conference, the City has been fully transparent with plaintiff about our collection criteria and review methodology, and has provided plaintiff's counsel with an overview of our workflow for reviewing electronically stored information ("ESI").  Mr. DiSenso, our E-Discovery Counsel, and I spoke with plaintiff's counsel at length on January 7th, providing detailed information regarding: (i) the collection criteria used, (ii) the name of our continuous active learning ("CAL") software, (iii) our CAL review workflow, and (iv) how we intend to validate the review results.  We also explained to plaintiff's counsel why some of the things she was asking for are not relevant in a CAL workflow.  For example, plaintiff's request that we provide her with our "seed set" of documents used to train the software or the recall, precision, and F score used to validate the review is not applicable to a CAL workflow (second-generation technology assisted review software)—these items are all relevant to a standard active learning (SAL) workflow (first-generation technology assisted review software) which is not being used here.

We explained that CAL is better understood as prioritization software that continuously re-orders the documents in the review pool to bring likely responsive documents to the front of the queue.  The reviewer conducts a linear review of the documents for responsiveness, continuing through the document population until further review becomes

Honorable James L. Cott
*Kaye v. NYC Health & Hospitals Corp. et al.*
January 16, 2020
Page 2 of 3

unproductive. At that point, the review stops and a statistically valid random sample of the remaining unreviewed population is reviewed to confirm that there is little risk of unique, responsive information being left behind.

We also explained to plaintiff's counsel that I misspoke when I stated in an earlier conversation with her that the review universe was 6,000 documents. The City's review universe consisted of all of the documents collected using the agreed-upon collection criteria. We did not use any other culling mechanism to further reduce the review set before we applied our CAL workflow.

In spite of our efforts to provide plaintiff with insight into our review process, she continues to demand inappropriate discovery-on-discovery into the City's collection and review, including information on the total number of documents collected, "the initial training documents," and the "search criteria." Plaintiff seeks this information notwithstanding that we have repeatedly explained to her that this information is either, irrelevant or, as discussed above, does not exist. With respect to the total number of documents we collected, Mr. DiSenso explained why this information is irrelevant, but invited her to describe why she felt she needed the information. Rather than engage in a discussion, plaintiff's counsel stated she would file a letter with the Court.[1]

Plaintiff also asserts that she is entitled to "collaborate" with the City in developing its review protocol and validation process;[2] however, Sedona Conference Principle 6 is emphatic that the *responding party* is "best situated to evaluate the procedures, methodologies, and technologies appropriate for . . . producing their own electronically stored information." *Hyles v. New York City*, 2016 U.S. Dist. LEXIS 100390, at *6-8 (S.D.N.Y. Aug. 1, 2016) (denying plaintiff's motion to compel the City to conduct its review in a specific way). The responding party is entitled to conduct its review and production of documents without interference from the opposing party. *See The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 118 (2018) ("[T]he case law and the procedural court rules provide that discovery

---

[1] Plaintiff also objected to the City's request that the proposed Rule 502(d) Order be endorsed by the Court prior to production. As that order has now been entered and the City has now produced documents, the City respectfully submits that the issue is now moot.

[2] Although plaintiff cites *In re Broiler Chicken* as a "decision" supporting the claim that the City is obligated to allow plaintiff to scrutinize its review protocol, what plaintiff actually provided is an ESI protocol entered by a special master in a highly complex anti-trust action bearing no resemblance to this matter. Dkt. No. 62-1. Importantly, there is no indication that the special master entered the protocol over the objections of any of the parties. While such a protocol may make sense in certain highly complex matters with many parties all conducting extensive and complex reviews, it is neither necessary nor appropriate here. This is a relatively small and straightforward labor and employment matter with limited necessary discovery.

Honorable James L. Cott
*Kaye v. NYC Health & Hospitals Corp. et al.*
January 16, 2020
Page 3 of 3

should take place without court intervention, with each party fulfilling its discovery obligations without direction from the court or opposing counsel." (collecting cases)).

   While plaintiff may be able to probe the City's review to some extent if its production were found to be deficient, no such deficiency has been claimed.  *See Mortg. Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2016 U.S. Dist. LEXIS 91570, at *20 (S.D.N.Y. July 14, 2016) ("A party must provide 'an adequate factual basis' for its belief that discovery on discovery is warranted.").  Accordingly, the City objects to providing further information about its review process absent evidence that its production is somehow deficient.

   Thank you for your attention to this matter.

        Respectfully submitted,

        **ECF** **/s/**

        _____
        Donna A. Canfield
        Assistant Corporation Counsel
        dcanfiel@law.nyc.gov

cc:  Special Hagan (by ECF)