USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/21/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
           :
MELISSA KAYE,           :
           :
          Plaintiff,    :   **MEMORANDUM ORDER**
           :
     -v-          :   18-CV-12137 (JPO) (JLC)
           :
NEW YORK CITY HEALTH AND     :
HOSPITALS CORPORATION, *et al.*,    :
           :
         Defendants.   :
-----------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

Plaintiff in this employment discrimination case has filed four letters since January 7, 2020 complaining about defendants' production of ESI, the most recent of which was filed on January 17, 2020, and seeking the Court's intervention. *See* Docket Nos. 60, 62, 65, and 67.[1] Defendants filed their response to all but the last of these letters on January 16, 2020 (Dkt. No. 66). For the reasons which follow, the various requests for court intervention are denied without prejudice.

As a threshold matter, the Court is not convinced that the parties have engaged in a thorough meet-and-confer process as to many of the issues raised in their correspondence to the Court. Meet-and-confers are required by both Federal Rule of Civil Procedure 37(a)(1) and the undersigned's individual rules (Rule II.B.1), and they are essential to the management of the discovery process. Failure to

---

[1] Despite the Court's direction in its December 16, 2019 Order (Dkt. No. 59) that if a party seeks relief from the Court in a discovery dispute, it should do so by <u>letter-motion</u>, plaintiff has continued to submit letters, not letter-motions.

1

properly meet and confer results in just what has occurred here: the seeking of relief prematurely from the Court.[2] Only if the parties truly reach an impasse on issues of such significance that require judicial intervention should applications to the Court be made, and only after they have exhausted their own discussions on the issues (and represented to the Court specifically that they have done so, including who was involved in the discussions, when they took place, and for how long).  As but one example, in plaintiff's most recent letter, she complains about the lack of a privilege log.  But there is no evidence that plaintiff has discussed this subject with defendants, thus failing to justify the need for court intervention at this juncture.

More importantly, nothing before the Court suggests defendants have "skew[ed] the process," as plaintiff suggests.  Thus, there is no basis for the Court to endorse "discovery on discovery" at this time, which is what plaintiff seeks although she does not denominate it as such.  In evaluating any discovery dispute, the Court must determine whether the information sought is relevant and proportional to the needs of the case. *See, e.g., Grant v. Witherspoon*, No. 19-CV-2460 (PGG) (BCM), 2019 WL 7067088, at *1 (S.D.N.Y. Dec. 23, 2019) (citing Fed. R. Civ. P. 26(b)(1)).  Where, as here, a party seeks "discovery on discovery," that party "must provide an 'adequate factual basis' to justify the discovery, and the Court must closely scrutinize the request 'in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*.'" *Winfield v. City of New York*, No.

---

[2] Indeed, several of the issues raised in plaintiff's initial correspondence have now been rendered moot as a result of defendants' production.  Respectfully, plaintiff should have had a little more patience before seeking court intervention as to these issues.

2

15-CV-5236 (LTS) (KHP), 2018 WL 840085, at *3 (S.D.N.Y. Feb. 12, 2018) (quoting *Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.,* No. 15-CV-0293 (LTS) (JCF), 2016 WL 3906712, at *7 (S.D.N.Y. July 14, 2016)); *see also Freedman v. Weatherford Int'l Ltd.*, No. 12-CV-2121 (LAK) (JCF), 2014 WL 3767034, at *2–3 (S.D.N.Y. July 25, 2014) (noting that "[t]here are circumstances where such collateral discovery is warranted" but denying plaintiffs' request to compel defendants to produce reports concerning the results of their electronic document searches because plaintiffs "have not proffered an adequate factual basis for their belief that the current production is deficient"), *adhered to on reconsideration,* 2014 WL 4547039 (S.D.N.Y. Sept. 12, 2014).

In this case, defendants have represented that they have provided detailed information regarding the collection criteria they used, the name of their continuous active learning ("CAL") software, their CAL review workflow, and how they intend to validate the review results. That is sufficient information to make the production transparent. While plaintiff complains that defendants must provide her with search terms and a review of the "culling" process, and contends that defendants' refusal to do so is "contrary to the law," she cites no authority in support of her position.[3] When documents are produced in discovery, whether they be produced

---

[3] Plaintiff makes this statement in her most recent letter without any citation to case law or other support. Dkt. No. 67, at 1. To the extent she is adverting to the joint order by the special master (who while a renowned e-discovery expert is not a judge) and the magistrate judge in *In re Broiler Chicken*, 2018 WL 1146371 (N.D. Ill. Jan. 3, 2018), which she cited to in prior correspondence, Dkt. No. 62-1, that order is simply a discovery protocol, not a "decision," and is inapposite as it was rendered in an anti-trust case wholly unlike this case.

electronically or otherwise, the Court does not believe that, in the first instance, the receiving party has a right to examine and evaluate the way the production was made or require collaboration in the review protocol and validation process.  *See Lightsquared Inc. v. Deere & Co.*, No. 13-CV-8157 (RMB) (JCF), 2015 WL 8675377, at *8 (S.D.N.Y. Dec. 10, 2015) ("Based on the present record, I am hesitant to adjudicate any dispute the parties have about the merits of [plaintiff's] proposed search protocol.") (citing, *inter alia*, The Sedona Principles (Second Edition): Best Practices Recommendations & Principles for Addressing Electronic Document Production, Principle 6 ("Responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information.") (available at www.TheSedonaConference.org).

It is only if a party can articulate a good faith basis to do so by identifying some deficiency in the production, as is well-settled, *see, e.g., Grant*, 2019 WL 7067088, at *1, that an inquiry into the producing party's methodology would be appropriate.  Moreover, such an inquiry must be proportional to the facts and circumstances of the case.  Plaintiff has not met her burden on the current record.

**SO ORDERED.**

Dated: January 21, 2020
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

4