# THE LAW OFFICES OF
# Special | Hagan

196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
SPECIAL@HAGANLAWOFFICES.NET

> Denied.  In light of the referral to Magistrate Judge Cott for general pretrial matters (Dkt. No. 51), the request is denied because it is incorrectly addressed to me.
> So ordered.
> March 30, 2020

Thursday, March 26, 2020

_____
J. PAUL OETKEN
United States District Judge

**VIA ECF**
Honorable J. Paul Oetken
United States District Court
Southern District of New York
Thurgood Marshall United States
Courthouse 40 Foley Square, Courtroom 706
New York, New York 10007

        RE:    Kaye v. NYC Health & Hospitals Corp. et. al.
                  Index No.: 18-cv-12137(JPO)(JLC)

Dear Honorable Judge Oetken:

I am writing regarding the ongoing discovery disputes in the above captioned matter, and I am also writing to request an extension of discovery due to the COVID-19 pandemic.  As it pertains to the discovery disputes, Plaintiff is aware that Judge Cott has been assigned to resolve discovery disputes and non-dispositive motions in this matter.  However, as can be seen from the retained expert's declaration, there is a concern that Plaintiff is not being treated fairly or within the norms of the discovery process for that matter.  (Exhibit 1: Declaration of Expert Marc Hirschfeld, Esq.)

Respectfully, my client should not have had to retain an expert to reiterate the same questions and seek the collaborative and transparent process standard in the Sedona Conference and the Fed. R. Civ. P.  At no point have Defendants sought to work in a transparent and or collaborative matter in this process.

THE LAW OFFICES OF

*Special | Hagan*

196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
SPECIAL@HAGANLAWOFFICES.NET

When asked why Counsel had not conducted herself in the same fashion as she did in the Morales v. City of New York case when it came to discovery disputes in this matter, she cited her acrimonious sentiments towards counsel.  She also cited an alleged experience gap, despite the fact that I graduated from law school several years before Counsel and volunteered writing briefs at Counsel's very place of employ while she was still in law school.

With that said, Plaintiff felt obliged to retain an expert on EDiscovery just to get the most basic of information: for example, the number of documents in the initial collection after the court's prescribed parameters of time and custodians.  Defendants disclosed that they narrowed this initial collection to 6,000 documents, but failed to engage in any further disclosure.  As is discussed in the declaration attached hereto, this is not normal and it is clearly not the discovery on discovery defense Defendants insist on using to avoid collaboration.

To be clear, when the Court has found in that vein, it usually involved disputes where the parties disagreed on the type of technology used: i.e. predictive coding versus key word searches.  At no time has Plaintiff sought to dictate what technology Defendants used.  Instead, Plaintiff has sought the same type of transparent discussions that Counsel engaged in with the Morales case.  (Exhibit 2) To date this has not happened and no steps have been taken to effectuate compliance, despite the multiple requests to meet and confer, which counsel refused for one reason or another or found some other obstructionist means to avoid doing so.

Plaintiff seeks an extension of discovery from April 9, 2020 because of the COVID-19 pandemic.  I have underlying medical conditions that make exposure to the virus highly dangerous for me.  I also live with an elderly parent which also necessitate that I take extreme precaution.  I reached out to Counsel about seeking an extension until June 15, 2020 and she agreed.

I am contacting the Court at this time because Defendants initially proposed to engage in settlement discussions as recently as two days ago.  However, like the other times they raised settlement, it is clear that Defendants are not serious about resolving this matter.  My client: experienced discrimination based on her gender; was forced out of work by Defendants at least 10 years early, which had a significant impact on her pension; sustained significant losses to retention bonus for which she would have been eligible had she been allowed to work; and was maligned and defamed by Defendants upon her departure.

Despite the delays in this matter to date, the parties have deposed one of the named defendants and originally sought to depose Jeffrey Bloom from Legal Aid Society on March



196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
SPECIAL@HAGANLAWOFFICES.NET

25, 2020.  Additionally, Defendants also sought to depose Plaintiff on March 30, 2020, but due to the pandemic both parties believed it was in their best interests to re-schedule.

In closing, I apologize for contacting Your Honor on these matters, however the tone of the discovery rulings left me with no other choice.  Plaintiff deserves to have discovery conducted in the same fashion as other litigants and to date that has not happened.


Respectfully submitted,

/s/

Special Hagan, Esq.
Attorney for Plaintiff
Melissa Kaye