UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    *Index No. 18-CV-12137(JPO)(JLC)*


MELISSA KAYE

                                        PLAINTIFF,

                -against-


 NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION; ELIZABETH FORD; PATRICIA YANG;
ABHISHEK JAIN; and JONATHAN WANGELL (as aiders
and abettors)


                                DEFENDANTS.


### PLAINTIFF'S RULE 72 OBJECTIONS
### TO MAGISTRATE JUDGE JAMES L. COTT'S
### APRIL 7, 2020 ORDER
### DENYING PLAINTIFF'S REQUEST FOR A PRE-MOTION CONFERENCE
### PURSUANT TO FED.R. CIV. P. 37AND LOCAL RULE 37.2

---

*Duly Submitted by:*
**SPECIAL HAGAN, ESQ.**
**ATTORNEY FOR PLAINTIFF**
196-04 Hollis Avenue
Saint Albans, New York 11412
(917) 337-2439 (Telephone)
special@haganlawoffices.net

---

**TABLE OF CONTENTS**

|  | Page(s) |
|---|---|
| I) PRELIMINARY STATEMENT | 1-2 |
| II) STATEMENT OF FACTS | 2-7 |
| III) STANDARD OF REVIEW | 7-8 |
| IV) ARGUMENT | 8-10 |
| V) CONCLUSION | 10 |

## I.     PRELIMINARY STATEMENT

Plaintiff submits the within Objections pursuant to Fed. R. Civ. P. 72. Plaintiff objects to the Order of Magistrate Judge James L. Cott, dated April 7, 2020, which denied her request for a pre-motion conference pursuant to Fed. R. Civ. P. 37  and Local Rule 37.2.  Plaintiff maintains that the Magistrate's ruling was in error; she also maintains that his order was contrary to law, rules and precedent. The Magistrate Judge erroneously denied Plaintiff's letter motion. Plaintiff's numerous submissions to the Court on the same discovery matters since November 2019 clearly demonstrate Defendants' ongoing pattern of obstructionist conduct.

Plaintiff has made repeated requests to meet and confer and has repeatedly sought to collaborate in the production and exchange of ESI.  In kind, Defendants have: repeatedly evaded requests to engage in  good faith discussions about their production; and they have repeatedly refused to collaborate or disclose the most standard aspects of their processes.  When Defendants have met and conferred with Plaintiff, they have refused outright to collaborate or to disclose the most standard information exchanged during EDiscovery. Defendants have engaged in the aforementioned under the specious premise that Plaintiff's requests constitute "discovery on discovery." Plaintiff respectfully avers that Defendants' position is wrong, and that their stance is not supported by the law or any other applicable precedent for that matter.

As such, Plaintiff seeks reversal of the Magistrate's order, and recommitment for further proceedings and sanctions.  Plaintiff seeks the following sanctions: 1) the implementation of an ESI protocol or process where the parties collaborate in the selection of keywords and categories; 2) excluding protected work product, substantive disclosure of Defendants' methodology for their production of ESI; 3) disclosure of the recall and precision rates of Defendants' EDiscovery

process (in other forms of predictive coding also known as validation ranking); 4) provision of the discovery already produced in native format; 5) certification from Defendants that they have searched for and produced relevant emails with Plaintiff's name in the mailboxes of Plaintiff and the other custodians prescribed by the Court's orders on December 4, 2019 and February 5, 2020; and 6) attorney's fees associated with the ongoing motions for ESI and sanctions since November 2019 to present.

## II.      STATEMENT OF THE FACTS

On April 3, 2020, Plaintiff made a request for a pre-motion conference pursuant to Fed. R. Civ. 37 and Local Rule 37.2. (ECF. Dkt. 84)  The basis for Plaintiff's motion rests in her ongoing efforts to obtain ESI and EDiscovery.  The discovery issues that this matter presented were evident from the inception of  this litigation.  On September 17, 2019, at the parties' first status conference, Judge Oetken suggested that the parties submit an ESI Protocol for the Court's consideration.  (ECF. Dkt. 48-49)

In compliance with Judge Oetken's observation, Plaintiff proposed an ESI Protocol for Defendants' input and to facilitate collaboration on the very matters raised herein.  (ECF. Dkt. 50)  Plaintiff initially attempted to meet and confer with Defendants since November 15, 2019 on these very issues.   To facilitate discussion, and in an effort to minimize disputes, Plaintiff developed a Proposed ESI Protocol for Defendants' input.

Unfortunately, instead of proceeding in good faith, from November 15th through November 18th, 2019, Defendants soundly rejected Plaintiff's efforts.  They also soundly refused to collaborate in the selection of keywords or search categories. Plaintiff wrote the Court, and on November 21, 2019, the matter was then referred to Judge Cott to resolve discovery and non-dispositive issues. (ECF. Dkt. 51)  The parties then sent letters to the Court on November 22,

2019. (ECF. Dkt. 53-54) Plaintiff raised the same issues in this initial letter to Judge Cott and also sought the Court's assistance in the implementation of an ESI Protocol. (ECF. Dkt. 54) Plaintiff identified the same issues, specifically Defendants' ongoing unwillingness to collaborate and their unwillingness to engage in a transparent discovery process. In an effort to resolve their initial ESI issues (i.e. the designation of custodians and time frames; and the implementation of an ESI Protocol), the parties appeared in front of Judge Cott on December 4, 2019.  (ECF. Dkt. 55)

   Although he declined Plaintiff's request for an ESI Protocol, Judge Cott brokered the initial parameters of ESI production at the parties' pretrial conference.  He also ordered the parties to work together to resolve discovery disputes and in the production of ESI.  In furtherance of the aforementioned directives, Plaintiff sought to meet and confer with Defendants' counsel throughout the month of December. On January 6, 2020, Plaintiff pointed out that her requests for documents asked that Defendants' production be submitted in native format.  Defendants gave an evasive response, they then refused to produce the emails in the requested format.

   Plaintiff also raised questions about Defendants' culling process on January 6, 2020.  Based on Judge Cott's order, Plaintiff asked  Defendants to disclose the size of the initial collection pulled from Defendants' servers. Defense Counsel provided a partial response: she stated that she had reviewed 6,000 documents; and that she used Relativity to narrow the collection. Again, as has been repeatedly argued in Plaintiff's submissions to the Court, Defendants refused to be transparent and work collaboratively in this process.  As Plaintiff has repeatedly referenced, Defense counsel engaged in a collaborative and transparent process with Counsel in the Morales case at this juncture in discovery.  In Morales, Counsel worked with Plaintiff's Counsel to select keyword searches and categorize documents. Outside of Defendants' specious argument that she

has animosity towards Counsel, Defendants have failed to provide a viable explanation for their failure to engage in the same process in the matter herein. Plaintiff's request to work with Defendants on these very topics is not only standard but expected in the production of ESI. Nevertheless, despite these realities and a hearing before Judge Cott where he ordered disclosure, Defendants have remained steadfast in their refusal to cooperate and collaborate.

The parties eventually met and conferred on January 7, 2020. At that time, Defendants refused Plaintiff's requests to collaborate on the production and culling of ESI; and they refused to produce discovery in Native format. Defendants also continued to refuse to disclose the size of the initial collection/corpus of documents. As per the Court's order, Plaintiff continued to question Defense Counsel and her ESI staff person about their processes. Plaintiff also sought information on the search categories and keyword searches at that time. The meet and confer culminated in a stalemate, and the parties made no further progress towards the resolution of their discovery disputes.

Plaintiff again sought the Court's intervention between January 14th and January 17, 2020. Plaintiff wrote the Court on two occasions regarding the parties' ongoing discovery disputes (ECF. Dkt. 65 and 67). On January 29, 2020, Plaintiff then filed a motion for a 37.2 Conference to compel ESI and for the deposition of Ms. Yang. (ECF. 71) The parties convened in front of Judge Cott on February 5, 2020. Plaintiff raised the same issues regarding transparency and collaboration.

Judge Cott ordered the parties to meet and confer to resolve their issues yet again. Defendants were ordered to be more transparent, especially in light of their willingness to do so in the Morales Case. Judge Cott also asked Defendants to reconsider their refusal to produce discovery in Native format. On February 7, 2020, Defendants finally disclosed the size of their

4

initial collection of documents.  This was after they were ordered to do so by Judge Cott at least twice; and after numerous emails and letters to the Court starting from November 2019.

In furtherance of Plaintiff's objectives of transparency and collaboration, she retained an EDiscovery expert, Marc Hirschfeld Esq., from Precision Legal Services.  Plaintiff then sought to meet and confer with Defendants from February 7th through March 6, 2020. For at least three of the weeks during this period, Defendants evaded the meet and confer requests. Defendants refused: either because they allegedly didn't know the basis for the meeting, and or their server was out.

It is Plaintiff's position that Defendants should have had the requested information at their disposal despite the issues with their server. Plaintiff has consistently made numerous requests for the same information since November 2019.  Plaintiff also argues that the requested information is automatically generated upon Defendants' operation of their platform. Nevertheless, despite these realities, Defendants have resisted disclosure.  The parties eventually did meet and confer on January 7, 2020.  Unfortunately, the ongoing discovery disputes remained unresolved at the culmination of that session.

Accordingly, on April 3, 2020, Plaintiff submitted another request for a Pre-Motion 37.2 Conference.  (ECF. Dkt. 83 and 84) In support of her motion, Plaintiff attached a declaration from her expert. (Exhibit 1)  Plaintiff requested the conference even during the current pandemic, because it was clear that Defendants were insistent on continuing with their obstructionist conduct. Plaintiff sought to meet and confer with Defendants for over a month to obtain the very information that the Court ordered at their previous conferences in December 2019 and  February 2020.  The Court ultimately denied Plaintiff's request in part.  The Court ordered the parties to

meet and confer by April 20th.  Defendants were also ordered to reveal their "validation" and or recall and precision data.

The parties and their respective experts and ESI staff met and conferred on April 20, 2020. At that time, Defendants continued to engage in obstructionist behavior.  Plaintiff's expert asked about Defendants' recall and precision data.  Initially Defendants' ESI staff person said that they did not calculate either metric. He then stated that he would have to contact their vendor to obtain this data.  Again, Defendants' representations are deceptive and obstructionist.  Contrary to Defendants' representations, recall and precision data are automatically generated throughout the culling process.

During the course of the call, Plaintiff's expert also requested: a hit report for the search terms and categories Defendants' used to narrow their collection; disclosure of the number of documents they reviewed throughout the culling process; disclosure of the number of documents not reviewed by humans; and the number of documents where the computer and human disagreed in labeling responsive or non-responsive.    Plaintiff's expert also requested to run a keyword search on the 6,000 documents reviewed by Counsel.  Defendants rebutted this request and insisted on an order from the Court.

Plaintiff has repeatedly and consistently sought the standard information requested herein to ensure that discovery is transparent.  During EDiscovery and ESI production, the parties generally negotiate a percentage of recall to avoid the very disputes herein.  It has been found that a recall rate between 75% to 95% with a margin of error of +/- 5% is acceptable. However, the parties made no such agreement in the matter herein, and when asked Defendants refused to disclose their recall rate at all.  Again such antics defy the standards of enumerated by the Federal Rules and the Sedona Conference.

Plaintiff's expert also asked Defendants the sources from which they collected their documents for review.  He asked Defendants to identify their server(s) and he sought assurance that the documents produced represented the entire corpus of relevant non-privileged documents. Again Defendants refused to answer any of these questions.

With Computer Assisted Learning (CAL) EDiscovery, it is standard that the parties work together to ensure that there aren't any gaps in production.   During the April 20, 2020 meet and confer, Plaintiff's expert asked a number of questions to determine the extent of Defendants' quality controls.  Defendants were evasive and outright refused to answer.  Lastly, as is standard in ESI production, Plaintiff's expert asked for quality control samples from Defendants' documents categorized as responsive and non-responsive. Defendants also rebuffed these requests and insisted that they would not comply without a Court order.  As such, Plaintiff seeks sanctions for attorney's and experts' fees; she also seeks whatever relief the Court deems fit and proper.

### III.   <u>STANDARD OF REVIEW</u>

Magistrate judges are afforded broad discretion in resolving discovery disputes; reversal is therefore only appropriate if: the order is clearly erroneous; contrary to law; or if discretion is abused.   Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1); see also <u>Gordon v. City of New York,</u> 14 CV 6115 (JPO), 2018 U.S. Dist. LEXIS 168849,  at * 68-69 (S.D.N.Y.  Sept. 28, 2018) A magistrate judge's decision is clearly erroneous only if the District Court is left with the definite and firm conviction that  a  mistake has been committed.  <u>Id.</u>; see also <u>Noel v. City of New York,</u> 2018 U.S. Dist. LEXIS 209553, at * 11 (S.D.N.Y. Dec. 12, 2018)  An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure.  <u>Noel</u>, 2018 U.S. Dist. LEXIS 209553 at * 11 (citations omitted)  Plaintiff

respectfully argues that the Magistrate's order is: clearly erroneous; contrary to the law; and misapplies the relevant statutes, case law and rules of procedure. Since, Defendants have repeatedly refused to cooperate without an order from this Court, Plaintiff has sought the Court's intervention in the form of sanctions and a motion to compel.

## IV.    ARGUMENT

Plaintiff has repeatedly sought to engage in an EDiscovery process that is consistent with precedent and standard practice.  However, the magistrate judge in this instance has found that the parties have failed to meet and confer to resolve their disputes.  The statement of facts contained herein list at least three separate times where the parties met and conferred:  November 14, 2019; January 7, 2020; and April 20, 2020.  The declaration of Mr. Hirschfeld, Plaintiff's expert also attests to five additional occasions where Plaintiff attempted to schedule meet and confers:  February 25, 2020; February 26, 2020; March 3, 2020; March 5, 2020; and March 10, 2020 (Exh.1 p. 7 ¶ 44)  Plaintiff's requests were consistent with the tenets of the profession, the Sedona Conference, the Federal Rules of Civil Procedure and precedent. However the previous rulings have ignored these realities and have misapplied the finding that Plaintiff's requests constitute discovery on discovery.

It is Plaintiff's position that there is no precedent or application of the Federal Rules of Civil Procedure or the Sedona Conference that support this position.  There is no case law, precedent or rule that would support the determination that any of the following constitute discovery on discovery: seeking to collaborate in the selection of keyword searches; or attempting to obtain information on the recall and precision/validation rates.  Plaintiff further argues that her requests to implement an ESI Protocol to avoid the numerous letters, pretrial

conferences and motion practice that have already been submitted to the Court is consistent with precedent and standard practice, and that the Court was in error when it denied her requests.

Furthermore, contrary to Defendants' representations, this is a complex matter. Dr. Kaye is a psychiatrist who reported to H + H executives, including but not limited to the Senior Vice President, the CEO of H + H and several Citywide Directors.  Dr. Kaye's claims now span 6 years and involve at least 3 different entities.  Dr. Kaye also alleges that she engaged in activities protected under the First Amendment when she sent correspondence about Defendants' malfeasance to judges, Legal Aid, the Board of Correction and other stakeholders in the legal community.

Plaintiff's consistent position has been to facilitate EDiscovery.  However, Defendants have been permitted to obstruct and delay without reprimand or explanation for over six months. Accordingly, their antics have caused undue prejudice for Plaintiff due to their refusal to produce and or disclose all requested relevant and non-privileged discovery in this matter.

In furtherance of her position, Plaintiff has sought to have a Pre-Motion Conference pursuant to Fed. R. Civ. 37 and Local Rule 37.2 to compel discovery and for sanctions. Discovery matters, such as a magistrate judge's ruling on pretrial discovery are generally considered non-dispositive. Fed. R. Civ. P. 72(a); see also Gordon v. City of New York, 14 CV 6115 (JPO), 2018 U.S. Dist. LEXIS 168849, * 68-69 (S.D.N.Y.  Sept. 28, 2018)  Plaintiff seeks to have a 37.2 Conference for sanctions based on Defendants' ongoing obstructionist conduct and spoliation.

In the latter instance, communications with Plaintiff's name in her mailbox and those of the named custodians on any of Defendants' servers would be highly relevant to the matter herein. Defendants made only partial representations to the Court at the parties' pretrial conferences.

They represented to the Court that H + H's servers hosted all of the relevant emails.  However, during the relevant time period, the emails were hosted on at least one other server.  Plaintiff learned of this information during Ms. Yang's deposition, where she repeatedly stated that Plaintiff was not a Correctional Health Service/ H + H employee until July 2018.

Furthermore, the claims of pay equity, gender discrimination and retaliation pre-date Defendants' production to date. Plaintiff began complaining about pay equity to Defendant Elizabeth Ford in 2014.  She complained to Defendant Ford again in April 2018 and to Defendant Patricia Yang in May 2018.  Therefore, emails pertinent to Plaintiff's claims should span from April 2014 to present. However, based on Defendants' representations and production to date, it is clear that any number of relevant emails have been withheld.  Accordingly, Plaintiff seeks a Pre-Motion Conference to address these ongoing issues.

## V. CONCLUSION

For the foregoing reasons, the Court should reverse the Order rendered on April 7, 2020 and recommit the matters herein for further proceedings and resolution.

Dated:  Queens, New York
        April 21, 2020                          /s/
                                        _____
                                        Special Hagan, Esq.
                                        Attorney for Melissa Kaye, M.D.
                                        Law Offices of Special Hagan
                                        196-04 Hollis Avenue
                                        Saint Albans, New York 11412
                                        (917) 337-2439
                                        special@haganlawoffices.net

**TO: VIA ECF**
Donna A. Canfield, Esq.
Attorney for Defendants
New York City Law Department
100 Church Street
New  York, New York 10007

10