—THE LAW OFFICES OF—
## Special | Hagan

196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
FAX: (914) 462-4137

October 8, 2020

**VIA ECF & E-MAIL**
Honorable James L. Cott
United States Courthouse
500 Pearl Street
New York, New York 10007

                         RE:      Kaye v. NYC Health & Hospitals Corp. et. al.
                                      Index No.: 18-cv-12137(JPC)(JLC)

Dear Honorable Judge Cott:

       I write to the Court in response to Defendants' letter this afternoon. (ECF. 97) As per the order rendered by the Court on October 2, 2020, Defendant's alternative case management plan was due today. The parties disagree about where they are with discovery and are in complete disagreement with the plan. Plaintiff previously raised a number of discovery issues with the Court, specifically in reference to Defendants' deficient responses to Plaintiff's discovery demands. It is Plaintiff's position that Defendants have yet to comply. Plaintiff is thereby seeking leave of the Court for a 37.2 Conference. The parties met and conferred yesterday.

       Apparently, as a ruse, Counsel brought up discussion of settlement yet again. Clearly, as a stalling tactic, Counsel believed that Plaintiff would not seek to proceed with depositions if she mentioned the prospect of settlement. However, in the event that Defendants were acting in good faith, Plaintiff did provide Defendants with a list of her damages.

       Unfortunately, consistent with Counsel's previous antics, Defendants have not provided a counteroffer of any kind. To be clear, Dr. Kaye is a forensic psychiatrist with a Medical Degree from the University of Pennsylvania. She is board certified in three areas of expertise; she had over 20 years of experience in her position at H + H; and made a salary of approximately 196K. Dr. Kaye not only had more professional experience than any of her comparators; she even had more experience than her supervisors. Again, unfortunately, Defendants refuse to take any of these realities into consideration in what talks have taken place to date. As such, as is apparent in Counsel's letter, any discussion of settlement by Defendants have not taken place in good faith.

       Plaintiff reaches out to the Court because of the discovery demands and remaining ESI in this matter. Plaintiff has asked Defendants if they produced emails from all of the servers used in this matter to date. She has asked for certification to this effect and Counsel has been non-responsive. As it stands, there is a question as to whether Defendants have produced all responsive and relevant discovery in this matter. This questions has yet to be resolved.

THE LAW OFFICES OF

Special | Hagan

196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
FAX: (914) 462-4137

Defendants have also specifically the diversity data that would clearly be integral comparator information for Plaintiff's claims under the Equal Pay Act, Title VII, the state and city human rights laws. Defendants have made the blanket objections as to relevance and privacy. However precedent is clear about statistical data for purposes of establishing claims of disparate treatment. Further, Defendants' privacy concerns have been addressed by the parties' executed protective order.

Despite a lack of discovery. Plaintiff has scheduled two additional depositions of non-parties: Jeffrey Bloom Esq. from the Legal Aid Society; and H + H's Chief Compliance Officer Catherine Patsos. The aforementioned depositions are scheduled to take place on October 26th and November 6th respectively. Defendants were served with notices of depositions for both yesterday, again this detail was conveniently omitted from Counsel's letter to the Court today. Plaintiff anticipates that these two deponents will reveal further deficiencies in Defendants' production. Accordingly, Plaintiff seeks the Court's intervention to ensure that Plaintiff will have access to relevant discovery in this matter so that her claims can be fully litigated on the merits. Plaintiff is respectfully requesting a 37.2 conference accordingly.

Respectfully submitted,

s/

Special Hagan, Esq.
Attorney for Plaintiff
Melissa Kaye, M.D.

c:   Donna Canfield, Esq.
     Counsel for Defendants