**Yetta G. Kurland**

| | |
|---|---|
| **From:** | Yetta G. Kurland <kurland@kurlandgroup.com> on behalf of Yetta G. Kurland |
| **Sent:** | Friday, January 17, 2020 5:18 PM |
| **To:** | Canfield, Donna (Law) |
| **Subject:** | FW: Local 3621 et al v. City of New York et al - Meet and Confer re Outstanding Discovery |

Donna,

I write in an effort to confer and hopefully resolve outstanding issues with regards to discovery disputes in this matter.

As to the outstanding discovery yet to be produced by Defendant, attached please find the amended discovery demand we served on you on January 3, 2020. This demand is reduced in scope and responsive to your prior objections. While reserving our rights to request additional information, it is intended to resolve your objections and facilitate production for you in this matter.

To date you have provided nothing but some limited policy information and application information for Lieutenants to Captain for 2013 through 2018. You have also waived your right to object to these demands. Outstanding is the majority of necessary information including but not limited to;

- All information and documentation regarding all promotions prior to 2013;
- All information and documentation regarding all promotions above the rank of Captain;
- Race and gender all of applicants for promotion in the EMS Bureau;
- Organizational chart of the FDNY;
- Scoring rubric used by Defendants to analyze candidates' applications for promotion in the EMS Bureau;
- Other litigation and/or complaints of discrimination regarding promotions in the EMS Bureau received by Defendants from 1996 to present;
- For each EMS employee active at any time from 2012-present: Employee name; ID#; gender; race; salary; dates of hire, rehire, termination (if applicable); rank or title when first observed; all changes in rank or title with date of change; annual performance evaluation rating for each year; date acquired EMT-B or EMT-Paramedic certification;
- Personnel files of all applicants for promotion in the EMS Bureau from 2012-present;
- Personnel files of all individuals involved in creating the EMS Bureau's promotional policy from 2008-present;
- All documents generated in the course of developing, drafting, implementing, and/or changing the EMS Bureau's promotional policies and procedures from 2008-present;
- All training materials used by Defendants in FDNY regarding non-discrimination in employment and promotional processes;
- All communications authored and/or received by any FDNY supervisor and/or officer with any employee, agent and/or representative of the City of New York, the Office of the Mayor, the Office of the Governor, or any other governmental agency regarding FDNY OEEO policies and procedures;
- Documents that identify the skills, knowledge, and expertise that is necessary to be promoted in the EMS Bureau of the FDNY, including but not limited to the eligibility requirements needed for consideration in the EMS Bureau for promotion to Lieutenant, Captain, Deputy Chief, and Division Commander from 2012 to the present.

Please let me know a time we can discuss the above outstanding discovery in hopes of narrowing the scope of outstanding production.

Thank you in advance.


Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911 || Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

---

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

## Yetta G. Kurland

| | |
|---|---|
| **From:** | Yetta G. Kurland <kurland@kurlandgroup.com> on behalf of Yetta G. Kurland |
| **Sent:** | Friday, January 24, 2020 12:25 PM |
| **To:** | Canfield, Donna (Law) |
| **Cc:** | Erica T. Healey-Kagan |
| **Subject:** | FW: Local 3621 et al v. City of New York et al - Meet and Confer re Outstanding Discovery |
| **Attachments:** | Plaintiffs' Responses to Defendants' First Set of Interrogatories and Document Demands_FINAL.pdf |

Donna,

Having spoken to you briefly today please confirm with regards to the below outstanding discovery demands of Plaintiff, your client's position is as follows;

- All information and documentation regarding all promotions prior to 2013;
  Your client refuses to produce this information.

- All information and documentation regarding all promotions above the rank of Captain;
  You have produced everything responsive to this request.

- Race and gender all of applicants for promotion in the EMS Bureau;
  Your client agrees to produce this information.

- Organizational chart of the FDNY;
  Your client refuses to produce this information.

- Scoring rubric used by Defendants to analyze candidates' applications for promotion in the EMS Bureau;
  Your client has done a diligent search and no such rubric exists. You will provide an affidavit to this effect.

- Other litigation and/or complaints of discrimination regarding promotions in the EMS Bureau received by Defendants from 1996 to present;
  You will produce this only from 2012 forward and only with regards to race and gender.

- For each EMS employee active at any time from 2012-present: Employee name; ID#; gender; race; salary; dates of hire, rehire, termination (if applicable); rank or title when first observed; all changes in rank or title with date of change; annual performance evaluation rating for each year; date acquired EMT-B or EMT-Paramedic certification;
  Your client will produce everything but the annual performance evaluation ratings for each year

- Personnel files of all applicants for promotion in the EMS Bureau from 2012-present;
  Your client is refusing to turn this over

- Personnel files of all individuals involved in creating the EMS Bureau's promotional policy from 2008-present;
  You claim that no such files exist. Your client will provide an affidavit that they have done a diligent search and do not have.

- All documents generated in the course of developing, drafting, implementing, and/or changing the EMS Bureau's promotional policies and procedures from 2008-present;
  Your client agrees to turn this over.

- All training materials used by Defendants in FDNY regarding non-discrimination in employment and promotional processes;
  Your client agrees to turn this over.

- All communications authored and/or received by any FDNY supervisor and/or officer with any employee, agent and/or representative of the City of New York, the Office of the Mayor, the Office of the Governor, or any other governmental agency regarding FDNY OEEO policies and procedures;
  We would agree to accept here any communications with regards to the promotional process specific to these titles, and any OEEO policies produced by any of the above agents for the FDNY.

- Documents that identify the skills, knowledge, and expertise that is necessary to be promoted in the EMS Bureau of the FDNY, including but not limited to the eligibility requirements needed for consideration in the EMS Bureau for promotion to Lieutenant, Captain, Deputy Chief, and Division Commander from 2012 to the present.
  Your client states that there is no other documents other than the eligibility requirements in the job posting and will provide an affidavit that it has done a diligent search and no others exist.

Further, attached please see our formal response to your discovery demands served January 14, 2019.

Thank you in advance.

Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911** || **Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

## Yetta G. Kurland

| | |
|---|---|
| **From:** | Canfield, Donna (Law) <dcanfiel@law.nyc.gov> on behalf of Canfield, Donna (Law) |
| **Sent:** | Monday, January 27, 2020 1:45 PM |
| **To:** | 'Yetta G. Kurland' |
| **Subject:** | Local 3621 |
| **Attachments:** | EMS Titles - (# Legal 9949582).XLSX |

Pursuant to the so-Ordered Protective Order, attached is a spreadsheet containing the following fields for EMS title Codes 53053, 53054, 53055, 5305E, and 5305F as requested in this litigation:

Employee ID No.
Last Name
First Name
Middle Initial
Gender
Race Ethnicity
Title Code
Title Code Description
Title Level
Title Suffix
City Start Date
Agency Start Date
Title Entry Date
Salary Base Rate

Donna A. Canfield
Senior Counsel
Labor and Employment Division
New York City Law Department
100 Church Street
New York, New York 10007
Phone: (212) 356-2461
Fax: (212) 356-2438
dcanfiel@law.nyc.gov

## Yetta G. Kurland

**Subject:**                    FW: Local 3621 et al v. City of New York et al - Meet and Confer re Outstanding Discovery

**From:** Yetta G. Kurland <kurland@kurlandgroup.com>
**Sent:** Monday, January 27, 2020 4:58 PM
**To:** Canfield, Donna (Law) <dcanfiel@law.nyc.gov>
**Cc:** Erica T. Healey-Kagan <kagan@kurlandgroup.com>
**Subject:** RE: Local 3621 et al v. City of New York et al - Meet and Confer re Outstanding Discovery

Donna,

I have not heard back from you regarding our discovery response and your promise to provide any deficiencies you believe are outstanding.
Please let me know if you have any specific requests for documents or information.

Next, as to your comments below;

1. Your client refuses to turn over plaintiffs' personnel records claiming it is not relevant. However, the information in the personnel record is directly relevant to eligible candidates for promotion. In specific these personnel files contain the following information:
   a. Absence control records in specific the attendance and lateness card
   b. Formal and informal discipline
   c. Commendations
   d. Annual Evaluation
   e. Supervisor's recommendation about promotion and feedback on individual applicant
   f. Transfer requests and speciality unit transfer requests and related recommendations or denials about such requests
   g. Education, Certification and specialty training
   h. Lost or stolen items
   i. Motor vehicle accidents
   j. Reasonable accommodations requests and their denials approvals and commentary
   k. Religious observance requests and their denials approvals and commentary
   l. Biographical information, i.e. name, address, family status, ID#, DOB, time in title and time in service
   m. In a separate file there is medical records and HIPPA protected information

   It is Plaintiffs' position that of these 13 types of information only 1 is potential confidential which is in a separate file and can be excluded from production. The remaining information is directly relevant to eligible members' qualifications both strengths and weaknesses. As such the personnel file must be turned over. Having said that other than medical records which we would agree to exclude are there any other documents in the personnel file that you believe should be excluded? If so please advise.

2. You provide inconsistent positions on what you are willing to turn over regarding our request for "Employee name; ID#; gender; race; salary; dates of hire, rehire, termination (if applicable); rank or title when first observed; all changes in rank or title with date of change; annual performance evaluation rating for each year; date acquired EMT-B or EMT-Paramedic certification;" Please let us know what if any of this information you are unwilling to produce?

3. You seem to be refusing to provide an affidavit from a recordkeeper with regards to the completeness of your production with regards to #5, #9 and #13 below. You need to either provide a formal response where you as the attorney affirm the documents are fully responsive or in the alternative provide an affidavit from the recordkeeper that they have.

4. The organizational chart we are requesting is the organizational chart of titles within the FDNY. It begins with the Commissioner and goes from there, as we explained on the call last night.

Thank you in advance.


Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911 || Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

---

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

# Yetta G. Kurland

| | |
|---|---|
| **From:** | Yetta G. Kurland <kurland@kurlandgroup.com> on behalf of Yetta G. Kurland |
| **Sent:** | Friday, February 28, 2020 7:35 PM |
| **To:** | Canfield, Donna (Law) |
| **Cc:** | Erica T. Healey-Kagan |
| **Subject:** | Local 3621 et al v. City of New York et al |
| **Attachments:** | E-Discovery Search Terms Plaintiffs' Initial Draft.docx |

Donna,

Attached please find a first draft of Plaintiffs' proposed search terms. I have not gotten feedback from the client  yet so I assume we will be adding additional terms.

But in the meantime, please take a look and send to me Defendants' proposed terms.

Best,

Yetta

Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911 || Fax: 212 614-2532**
85 Broad Street, 28ᵗʰ Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

---

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed.  This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

## Yetta G. Kurland

| | |
|---|---|
| **From:** | Yetta G. Kurland <kurland@kurlandgroup.com> on behalf of Yetta G. Kurland |
| **Sent:** | Tuesday, March 3, 2020 6:09 PM |
| **To:** | Canfield, Donna (Law) |
| **Cc:** | Erica T. Healey-Kagan |
| **Subject:** | Local 3621 et al v. City of New York et al |
| **Attachments:** | Plaintiffs' Privilege Log.pdf; Defendants Production Outstanding.pdf |

Dear Donna,

Attached as promised is our privilege log. We ask that you provide us in kind with a copy of yours before the schedule conference with the Court on March 5, 2020.

Also I am still waiting to hear if you have any suggestions with regards to the proposed search terms. I would love the chance to meet and confer on this.

Finally I am attaching some documents that our client had in their possession which were created by your client and should have been turned over in response to our discovery response but were not.

Can you please make sure that your custodians are doing a thorough search for the materials responsive to our discovery responses. I also include here a copy of local law 59-b which I'm sure you already have.

Finally I have gotten nothing yet from you with regards to outstanding discovery. Can you let me know when we can expect production?

Best,

Yetta

Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911 || Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

## Yetta G. Kurland

| | |
|---|---|
| **Subject:** | FW: Local 3621 et al v. City of New York et al |
| **Attachments:** | Race and Gender Statistics from FDNY.pdf |

**From:** Yetta G. Kurland <kurland@kurlandgroup.com>
**Sent:** Wednesday, March 4, 2020 1:48 PM
**To:** Canfield, Donna (Law) <dcanfiel@law.nyc.gov>
**Cc:** Erica T. Healey-Kagan <kagan@kurlandgroup.com>
**Subject:** RE: Local 3621 et al v. City of New York et al

Donna,

You do expressly raise objection to production based on privilege.  Are you saying no documents were withheld that are privileged?  That would seem unlikely.

I have not agreed to rolling production.  When do you expect to have the documents bate stamped?  This all seems like unnecessary delay.

By way of example, attached is a summary of demographics prepared and submitted in the past budget hearing, so it seems DCAS certainly has this spreadsheet and has even prepared reports about it. See attached the section from the Department's report..

Please let me know a deadline you propose for outstanding production.

Thank you in advance.

Best,
Yetta

Finance Division Briefing Paper

Fire Department

trainers, and the sprinkler/standpipe units. New needs are described in further detail in the program area sections of this report.



FDNY FY21 Budget by Program Area - $2.1 Billion

- 1%
- 2.3%
- 14%
- 17%
- 66%

Legend:
- Fire Investigation
- Fire Prevention
- Executive Administrative
- Emergency Medical Services
- Fire Extinguishment/Emergency Response

The Department's budgeted headcount for Fiscal 2021 increases by 277 civilian positions and decreases by one uniform position for a total of 17,582 positions. Of the 277 new positions, 247 are for EMS, 41 are for Executive Administrative, and seven are for the Fire Prevention program area. EMS and other civilian headcount are separated into two groups. In Fiscal 2021, budgeted EMS positions account for 26 percent of the total headcount. (See Appendix C for budgeted headcount since Fiscal 2018 for each U/A pair.)

As of January 2020, the Department is 93 positions over its budgeted headcount of 17,346 for Fiscal 2020. The Fire Extinguishment/Emergency Response area is 309 positions over its budgeted headcount while EMS is 189 positions under its budgeted headcount. Executive Administrative, Fire Investigation and Fire Prevention are all within 20 positions of its budgeted headcount.

# FDNY Demographics and Diversity

The FDNY, the Police Department (NYPD), the Department of Correction (DOC), and the Department of Sanitation (DSNY) collectively make up the City's uniformed agencies accounting for 11.4 percent or $10.8 billion of the City's Fiscal 2021 Preliminary budget. Uniformed agency headcount includes over 100,000 positions, accounting for approximately 31 percent of the City's workforce, with uniform headcount totaling of 65,224 positions or 20 percent. FDNY staff account for 12 percent of all uniformed agency staff and one of every 17 uniformed staff is a firefighter.

As shown in the charts below, of the 65,224 uniform employees, 54,000 are men and 11,200 are women. As it pertains to ethnicity, 48 percent or 31,316, of them are white, 24 percent or 15,799 are Hispanic/



FY21 Headcount Breakdown - 17,582 positions

- 4,567 (26%)
- 10,951 (62%)
- 2,064 (12%)

Legend:
- Uniform
- Civilian
- EMS

4

Finance Division Briefing Paper

Fire Department

Latino, 21 percent or 13,733 are African American, and six percent or 3,829 are Asian. Overall, white males dominate the uniform workforce.



Analysis of staff demographics found that while the uniform agencies are becoming more diverse, the FDNY lags far behind the others in both gender and race. The charts below will provide an overview of the gender and racial breakdown by agency.



The Department's headcount makes up 11,114 positions or 12 percent of all uniform employees in the City and 3.4 percent of all City employees. Overall, uniform employees are not representative of the New York City population. The Department's monolithic makeup contributes to the uniform agencies as a whole being unrepresentative.

The Department's racial and gender makeup are longstanding issues. The unrepresentativeness of the Fire Department sparked a lawsuit in May of 2007. In 2014, the lawsuit was settled and the *United States and Vulcan Society v. City of New York* found the FDNY's hiring practices to be discriminatory. Since the lawsuit, the Department has developed several strategies to attempt to diversify firefighters including adding $10 million to support its efforts of recruiting African American, Hispanic/Latino, Asian, and female candidates. Although the FDNY has enhanced its efforts resulting in more

Finance Division Briefing Paper

Fire Department

historically underrepresented groups taking the firefighter exam, the number of women and minority firefighters remains extremely low relative to both other City agencies and other firefighting agencies across the country.

In 2015, the Council passed Local Law 49 to require transparency from the FDNY regarding gender and racial demographics of the firefighter applicant pool. The law required reporting at every step of the application process to determine which groups are being eliminated from advancing and at which points they are being rejected. This law has increased transparency to enable the public to see new FDNY uniform members.

In an effort to monitor the Department and its demographics, the Council negotiated a Term and Condition with the Administration for the Department, requiring it to report the demographics of the FDNY in its entirety. In 2019, the Department's Uniform Division was 99 percent male and 77 percent white. The civilian EMS portion was much more diverse.

As of the first quarter of Fiscal 2020, there were 10,996 male uniform staff and only 118 female uniform staff, 18 more women uniform employees that the previous year. Although this is an 18 percent improvement from Fiscal 2019, female uniform staff only constitute one percent of the uniform workforce. As of the January 31 of Fiscal 2020, there were 3,091 male and 1,183 female EMS staff.



The chart below shows the demographic breakdown between the uniform and EMS employment types. The Uniform Division is 77 percent White, 12 percent Hispanic/Latino, eight percent African-American, two percent Asian, one percent unknown and less than one percent Native-American. The EMS workforce is made up of 41 percent White, 21 percent African-American, 28 percent Hispanic/Latino, five percent Asian, four percent other/unknown, and less than one percent Native-American. In total, minorities make up approximately 59.2 percent of the entire EMS workforce

Finance Division Briefing Paper

Fire Department



Today, recruitment and diversity efforts are split into four units that work on recruitment, Firefighter Hiring Oversight, Equal Employment Opportunity (EEO), Diversity, and Recruitment. For Fiscal 2021, the Department has budgeted $12.2 million for these efforts, their roles, budgets and headcount are outlined below.

- **EEO Unit**. The EEO unit, formerly called Affirmative Employment, mission is to enforce the EEO policies promulgated by City, State and federal agencies. Specifically, the EEO Unit is responsible for all EEO compliance measures for the 17,000 member workforce, including training on workplace laws, advice and counsel to senior leadership on personnel issues, and investigation and resolution of EEO complaints.

- **Recruitment**. The recruitment unit identifies the most qualified candidates to fill uniformed, EMS, and civilian positions.

- **Chief Diversity Inclusion Office**. This office has staff in leadership positions that supports diversity, equity and inclusion within the Department.

- **Firefighter Hiring Oversight**. This unit consists of positions authorized by the monitor appointed by the court in *United States and Vulcan Society v. City of New York* to comply with legal mandates related to hiring and diversity.

| FDNY Staffing and Diversity | | |
|---|---|---|
| Unit/Division | FY21 Budget | HC |
| EEO | $1,250,557 | 13 |
| Recruitment | 6,348,110 | 8 |
| Chief Diversity Inclusion Office | 1,119,606 | 7 |
| Firefighter Hiring Oversight | 3,489,720 | 49 |
| TOTAL | $12,207,993 | 77 |



THE
**KURLAND**
GROUP
ATTORNEYS AT LAW

April 16, 2020

**VIA ELECTRONIC MAIL**
Donna A. Canfield
Corporation Counsel of the City of New York
100 Church Street, Room 2-124
New York, NY 10007

## Re: Local 3621, et al v. City of New York, et al.; Case No. 18-cv-04476 (PGG)(SLC)

Dear Ms. Canfield:

I write to address certain deficiencies in Defendants' discovery production in the above-referenced matter most pressing and necessary to schedule depositions. Without waiving Plaintiffs' right to obtain additional outstanding discovery in this matter, we ask that the following information be produced immediately, and no later than Friday, April 24, 2020, to enable Plaintiffs to properly notice the depositions necessary for their motion for class certification.

As requested in Plaintiffs' Supplemental Interrogatories dated February 11, 2020, Defendants must produce the name and job title[1] of the individuals identified below.

In order to timely schedule depositions, we ask that you also provide the dates and times of these witnesses' availability between the period of May 1, 2020 and May 29, 2020.

Defendants' document production thus far contains the following information regarding some of the individuals who participated in certain EMS promotional interviews from 2013 to 2017:

- From EMS Operations: Chief James Booth, Chief N. Gilligan, Chief Christine Mazzola, Chief Suriel, Chief Cacciola, Chief Montgomery, Chief Denise Werner, Chief Colon, and Chief Bilz
- From HR: Aurora Perez, David Ogula, and S. Queenan,
- From EEO: Toma Acholonu, M. Ferrandino, Valerie Loubriel, S. Jiggetts, Adam Harris, Roxanne Tabar, N. Martin, and R. Mariampolski

---

[1] If any individual is not currently employed by Defendants, Defendants must provide the witness' address.

85 BROAD STREET
28TH FLOOR
NEW YORK, NY 10004

P: 212 253 6911
F: 212 614 2532

kurland@kurlandgroup.com
KURLANDGROUP.COM

New York | Washington, D.C.

Please confirm if this list is complete, and provide full names for those identified, as well as availability along with the names and availability of any and all other individuals who participated in all EMS promotional interviews from 1996 to present.

Please also provide the names and availability of the following:

1. The person(s)[2] who developed and implemented[3] the promotional process[4] in the EMS Bureau of the FDNY from 1996 to present;

2. The person(s) who participated[5] in the promotional process in the EMS Bureau of the FDNY from 1996 to present;

3. The person(s) responsible for providing notice to eligible candidates of promotional opportunities in the EMS Bureau of the FDNY from 1996 to present;

4. The person(s) who is/was the ultimate decision-maker regarding who would be chosen for promotional opportunities in the EMS Bureau of the FDNY from 1996 to present;

5. The person(s) who developed the new promotional process in the EMS Bureau of the FDNY to comply with Civil Service Law §59-b;

6. The person(s) responsible for:
   - Ensuring that the promotional process in the EMS Bureau of the FDNY from 1996 to present is in compliance with Title VII, the NYS and NYC Human Rights Laws, and other non-discrimination laws, as well as the FDNY and NYC non-discrimination policies, and
   - Making the ultimate determinations regarding complaints submitted to the FDNY EEO office.

---

[2] Since these requests span a period of many years, each response may include more than one individual.

[3] "Development and implementation" of the promotion process includes determining what, if any, efforts were made to publicize promotional opportunities, which members of EMS were eligible for each promotion, the qualifications for each promotion. the application requirements for each promotion, the interview questions and/or scoring rubric(s), if any, for each promotion, including the author of the document Bates Stamped CAP099_000021-CAP099_000022, who would attend and/or ask questions at each interview and who would score applicants, and/or how Defendants decided who would be promoted after interviews.

[4] "Promotional process" and "promotional opportunities" is defined as any recruited or announced, time-bound process by which FDNY EMS personnel could compete for and/or be considered for promotion to the next higher rank (such as announced in EMS Order No. 31 Supplement 1, September 20,2016 "Captains (SEMSS-II) Promotional Opportunities") or be assigned to a specialty unit (such as the Haz-Tac Battalion or the Rescue Battalion).

[5] "Participating" in the promotional process includes evaluating the promotional process, reviewing applications, conducting interviews, scoring applicants, and/or making recommendation regarding who should be promoted.

Lastly, on February 28, 2020, pursuant to the Order of Magistrate Judge Cave dated January 30, 2020, our office provided you with proposed search terms that are "appropriately targeted to locate Defendants' communications regarding promotional practices." We have not received any response from Defendants regarding these search terms despite our numerous offers to meet and confer on this issue. If we do not receive any response by April 24, 2020 we will assume Defendants have no objection to these search terms and will ask the Court direct production of the discovery based on these terms.

Sincerely,

_____~//s//~_____
Yetta G. Kurland

## Yetta G. Kurland

| | |
|---|---|
| **From:** | Yetta G. Kurland <kurland@kurlandgroup.com> on behalf of Yetta G. Kurland |
| **Sent:** | Thursday, April 16, 2020 9:58 PM |
| **To:** | Canfield, Donna (Law) |
| **Cc:** | Erica T. Healey-Kagan |
| **Subject:** | Local 3621 et al v. City of New York, et al - Letter of Deficiency Related to Necessary Information for Depositions |
| **Attachments:** | Local 3621 et al v. City of New York et al - Deficiency Letter to Defendants re Depositions 4.16.20.pdf |

Donna,
Please see attached.

Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911** || **Fax: 212 614-2532**
85 Broad Street, 28ᵗʰ Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.



THE
**KURLAND**
GROUP
ATTORNEYS AT LAW

April 21, 2020

**VIA ELECTRONIC MAIL**
Donna A. Canfield
Corporation Counsel of the City of New York
100 Church Street, Room 2-124
New York, NY 10007

<u>**Re: Local 3621, et al v. City of New York, et al.; Case No. 18-cv-04476 (PGG)(SLC)**</u>

Dear Ms. Canfield:

 I write in response to your letter dated April 20, 2020 to address what I think are misunderstandings with regards to our deficiency letter served on you on April 16, 2020. As to your first point, you assert that because your discovery deadline is June of 2020 you need not provide names in the immediate necessary to arrange depositions. This is obviously bad faith and not what the Court intended in setting this deadline. We ask that you put aside efforts to delay discovery and simply provide the names of these individuals so we can proceed with depositions without the need for Court intervention.

 As to your next point, you have asked that we provide you with up to 10 names of individuals we would like to depose for issues related to class certification. As you are aware, the express purpose of our April 16, 2020 letter was to have you provide these names as you have not done so to date and as such we are unable to notice depositions. Please do so by the April 24, 2020 deadline we had requested. Further, while it is true that without mutual consent we would need to get permission from the Court to depose more than 10 individuals for our impending certification motion, we would hope you would cooperate with us should we need to depose additional individuals given the scope of this matter. This issue is premature, as we will not know how many people or who we need to depose until you provide this information.

 As to your next point regarding the limitations of merit discovery in Judge Cave's discovery order, I remind you that the information we are requesting here is not for merit discovery, but for our motion to certify. As you acknowledge in your letter, the Court puts no such limitations on the certification discovery. As such, we renew our request that you provide this information no later than April 24, 2020, and to clarify the information we are requesting in this letter, while reserving all rights, is only the names of individuals who will be deposed.

85 BROAD STREET
28TH FLOOR
NEW YORK, NY 10004

P: 212 253 6911
F: 212 614 2532

kurland@kurlandgroup.com
KURLANDGROUP.COM

New York | Washington, D.C.

This leads me to the next point in your letter, which is your assertion that the names of these individuals would be better sought through depositions. I think perhaps you are misunderstanding what we are requesting. We do not seek the information outlined on page 2 of our letter. We seek only the name of the person with knowledge regarding the information outlined on page 2. The requested information in our letter is only the names of intended deponents. This should not be difficult to produce and is necessary to move forward.

Finally, your recommendation that the search terms for document discovery related to class action pattern and practice claims of discriminatory implementation of promotional testing be limited to the communications of the representative plaintiffs and a limited period of time and only to a limited number of people is wholly insufficient. Not only would our clients have no communications about the issue of testing development for the FDNY, you are again improperly applying current merit discovery scope with the scope of discovery for certification. The claim that we have not made efforts to meet and confer with you on these issues is equally specious. We first provided you with draft search terms on February 28, 2020 and asked that you provide your proposed edits. You ignored this request. We then sent an email on March 3, 2020 at 6:09pm in which we state among other things "… I am still waiting to hear if you have any suggestions with regards to the proposed search terms. I would love the chance to meet and confer on this." After this we exchanged emails with you on March 3, at 6:41pm, March 4, 2020 at 1:48pm, March 4, 2020 at 5:44pm and March 4, 2020 at 5:49pm. We also had similar telephone conversations requesting your feedback at which time you told us you had not yet reviewed our proposed search terms.

For the above reasons I hope you can provide the names of the individuals we seek to notice for depositions along with dates in the range we propose to complete these depositions, namely May and into early June by the April 24, 2020 deadline. Your failure to do so will require us to seek the Court's intervention to direct you to do so. I hope we can avoid that. Again this letter is with reservation of all rights to compel any and all other outstanding discovery as we now only seek this most pressing need for names of deponents.
Thank you in advance.

Sincerely,

_____  ~//s//~
Yetta G. Kurland

## Yetta G. Kurland

| | |
|---|---|
| **From:** | Yetta G. Kurland <kurland@kurlandgroup.com> on behalf of Yetta G. Kurland |
| **Sent:** | Tuesday, April 21, 2020 8:20 PM |
| **To:** | Canfield, Donna (Law) |
| **Cc:** | Erica T. Healey-Kagan |
| **Subject:** | Local 3621 et al v. City of New York et al - Meet and Confer |
| **Attachments:** | Local 3621 et al v. City of New York et al - Deficiency Letter Response 4 21 20.pdf |

Please see attached.

Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911 || Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

**KURLAND**
GROUP
ATTORNEYS AT LAW

April 24, 2020

**VIA ELECTRONIC MAIL**
Donna A. Canfield
Corporation Counsel of the City of New York
100 Church Street, Room 2-124
New York, NY 10007

<u>Re: Local 3621, et al v. City of New York, et al.; Case No. 18-cv-04476 (PGG)(SLC)</u>

Dear Ms. Canfield:

I write in response to your letter dated April 23, 2020, in which you again refuse to provide names of your client necessary to proceed with discovery. This is now the third letter I have had to serve on you with regards to this. I must say this behavior is beneath even the City's usual delay tactics.

Despite your claim, as you objectively are aware, you have not identified the people with the information and/or conduct we have asked for.

You are purposefully attempting to complicate the simple request for the names of 6 or more specifically identified individuals in an effort to stop us from timely completion of depositions by claiming you have already given us the names of 18 individuals. In other words, you want us to guess which individuals you have named match with the individuals we have requested, if they even do.

While the attached "Initial Disclosure" document in your communication of yesterday has 5 individuals identified who you describe as people who may have general information relevant to this matter, none of them are responsively identified to our narrowly tailored request for specific individuals who have taken certain actions and/or who are tasked with specific responsibilities as outlined in our deficiency letters.

You are aware of this, of course, but to recap, what we have asked for are the names of the following people:

1. The person(s)[1] who developed and implemented[2] the promotional process[3] in the EMS Bureau of the FDNY from 1996 to present;

2. The person(s) who participated[4] in the promotional process in the EMS Bureau of the FDNY from 1996 to present;

3. The person(s) responsible for providing notice to eligible candidates of promotional opportunities in the EMS Bureau of the FDNY from 1996 to present;

4. The person(s) who is/was the ultimate decision-maker regarding who would be chosen for promotional opportunities in the EMS Bureau of the FDNY from 1996 to present;

5. The person(s) who developed the new promotional process in the EMS Bureau of the FDNY to comply with Civil Service Law §59-b;

6. The person(s) responsible for:
   o Ensuring that the promotional process in the EMS Bureau of the FDNY from 1996 to present is in compliance with Title VII, the NYS and NYC Human Rights Laws, and other non-discrimination laws, as well as the FDNY and NYC non-discrimination policies, and
   o Making the ultimate determinations regarding complaints submitted to the FDNY EEO office.


What you provided in your Initial Discovery document yesterday is:

1. James Booth, Chief of Emergency Medical Services ("EMS") Operations at the New York City Fire Department ("FDNY"): a. Likely to have discoverable information related to the promotional process for all ranks from the EMS section of the FDNY.

2

---

[1] Since these requests span a period of many years, each response may include more than one individual.

[2] "Development and implementation" of the promotion process includes determining what, if any, efforts were made to publicize promotional opportunities, which members of EMS were eligible for each promotion, the qualifications for each promotion. the application requirements for each promotion, the interview questions and/or scoring rubric(s), if any, for each promotion, including the author of the document Bates Stamped CAP099_000021-CAP099_000022, who would attend and/or ask questions at each interview and who would score applicants, and/or how Defendants decided who would be promoted after interviews.

[3] "Promotional process" and "promotional opportunities" is defined as any recruited or announced, time-bound process by which FDNY EMS personnel could compete for and/or be considered for promotion to the next higher rank (such as announced in EMS Order No. 31 Supplement 1, September 20,2016 "Captains (SEMSS-II) Promotional Opportunities") or be assigned to a specialty unit (such as the Haz-Tac Battalion or the Rescue Battalion).

[4] "Participating" in the promotional process includes evaluating the promotional process, reviewing applications, conducting interviews, scoring applicants, and/or making recommendation regarding who should be promoted.

2. Aurora Perez, Civilian Personnel Manager, FDNY a. Likely to have discoverable information related to the promotional process from the Human Resources section of the FDNY.

3. David Ogula, Civilian Training & Development Manager, FDNY: a. Likely to have discoverable information related to interviewing skills and performance evaluations/workshops/training provided by Human Resources section of the FDNY.

4. Cecilia Loving, Chief Diversity and Inclusion Officer, FDNY:
   a. Likely to have discoverable information related to implicit bias and DNI trainings provided by FDNY.

5. Don Nguyen, Assistant Commissioner, Equal Employment Opportunity, FDNY:
   a. Likely to have discoverable information related to the FDNY's EEO policy and the EEO Office.

Let me state emphatically that if you do not simply provide the names I am requesting by end of day today, I will seek the Court's assistance to compel you to do so, and for other appropriate relief for your purposeful and bad faith delays of discovery in this matter.

Please stop wasting time and resources and simply provide the names and availability of the above requested individuals so that we can set dates for depositions.

Finally, you continue to stonewall our efforts to get appropriate search terms and scope for outstanding production. Since you have failed to provide any meaningful edits to our requested search terms and scope, and assuming you fail to do so by today we will seek to compel you to turn over documents responsive to the search terms we provided.

Sincerely,

_____~//s//~_____
Yetta G. Kurland

85 BROAD STREET
28TH FLOOR
NEW YORK, NY 10004

P: 212 253 6911
F: 212 614 2532

kurland@kurlandgroup.com
KURLANDGROUP.COM

New York | Washington, D.C.

## Yetta G. Kurland

| | |
|---|---|
| **From:** | Yetta G. Kurland <kurland@kurlandgroup.com> on behalf of Yetta G. Kurland |
| **Sent:** | Friday, April 24, 2020 4:24 PM |
| **To:** | Canfield, Donna (Law) |
| **Cc:** | Erica T. Healey-Kagan |
| **Subject:** | RE: Local 3621 et al v. City of New York et al - Meet and Confer |
| **Attachments:** | Local 3621 et al v. City of New York et al - Deficiency Letter to Defendants re Depositions 4.24.20.pdf |

Please see attached.

Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911 || Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

**From:** Canfield, Donna (Law) <dcanfiel@law.nyc.gov>
**Sent:** Thursday, April 23, 2020 5:21 PM
**To:** 'Yetta G. Kurland' <kurland@kurlandgroup.com>
**Cc:** Erica T. Healey-Kagan <kagan@kurlandgroup.com>
**Subject:** RE: Local 3621 et al v. City of New York et al - Meet and Confer

Please see the attached correspondence and supporting documentation.

Donna A. Canfield
Senior Counsel
Labor and Employment Division
New York City Law Department
100 Church Street
New York, New York 10007
Phone: (212) 356-2461
Fax: (212) 356-2438
dcanfiel@law.nyc.gov

**From:** Yetta G. Kurland [mailto:kurland@kurlandgroup.com]
**Sent:** Tuesday, April 21, 2020 8:20 PM
**To:** Canfield, Donna (Law)

**Cc:** Erica T. Healey-Kagan
**Subject:** Local 3621 et al v. City of New York et al - Meet and Confer

Please see attached.

Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
Tel: 212 253-6911 || Fax: 212 614-2532
85 Broad Street, 28ᵗʰ Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

## Yetta G. Kurland

**From:** Yetta G. Kurland <kurland@kurlandgroup.com> on behalf of Yetta G. Kurland
**Sent:** Monday, April 27, 2020 7:18 PM
**To:** Canfield, Donna (Law)
**Subject:** FW: Activity in Case 1:18-cv-04476-LJL-SLC Local 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO et al v. City of New York et al Memorandum & Opinion
**Attachments:** D000991 - (# Legal 10696617).XLSX

Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911 || Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*please note new address*
www.kurlandgroup.com

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

**From:** Canfield, Donna (Law) <dcanfiel@law.nyc.gov>
**Sent:** Friday, March 13, 2020 10:40 AM
**To:** 'Yetta G. Kurland' <kurland@kurlandgroup.com>
**Subject:** FW: Activity in Case 1:18-cv-04476-LJL-SLC Local 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO et al v. City of New York et al Memorandum & Opinion

Do you have time to meet and confer on this today? I am supposed to go out of town next week (but who knows if that will happen), so ideally, I'd like to get this done today.

Also, attached as D000991, is demographic data from 2012-2019. Please note the following: The suffix configuration in the NYCAPS title table.

The descriptions for these suffixes indicate that they were created for modified AL or for tours, however, the NYCAPS configuration is consistent throughout the suffixes.

- The exception is the Supervising EMS Specialist title; this has four suffixes for modified AL or for tours where all are FLSA-exempt, and another four suffixes the same as the first four but FLSA-N (not-exempt AKA covered).

Therefore, suffixes 0,1,2,3, are all FLSA exempt and 4,5,6,7 are all FLSA covered.

In addition to the suffixes, there are two alternate titles for the Supervising EMS Specialist title, each of which have just suffix 00 (non-suffix):

- 5305E - SUPERVISING EMERGENCY MEDICAL SERVICE SPECIALIST-DPTY CHIEFS – this is in a different CBU 135 [EMS SUPERIOR OFFICERS ASSOCIAT], it is FLSA exempt and it is non-managerial.
- 5305F - SUPERVISING EMERGENCY MEDICAL SERVICE SPECIALIST(MGR DETAIL) – this is in a different "CBU" 771 [COMPETITIVE MANAGER], it is FLSA exempt and is it managerial.

Suffix Configuration Details:

1. EMT title 53053 has four suffixes all with the same configured values (other than description).
   a. 00 "non-suffix" is the original title EMERGENCY MEDICAL SPECIALIST-EMT
   b. 01 is EMERGENCY MED SPECIALIST-EMT - AL MODIFIED AS OF 04/01/06.
   c. 02 is EMERGENCY MEDICAL SPECIALIST-PARAMEDIC-12HR TOUR
   d. 03 is EMS PARAMEDIC - AL MODIFIED AS OF 04/01/06-12 HR TOUR

2. EMS Paramedic title 53054 has four suffixes all with the same configured values (other than description).
   a. 00 "non-suffix" is the original title EMERGENCY MEDICAL SPECIALIST-PARAMEDIC
   b. 01 is EMERGENCY MED SPECIALIST-EMT - AL MODIFIED AS OF 04/01/06.
   c. 02 is EMERGENCY MEDICAL SPECIALIST-PARAMEDIC-12HR TOUR
   d. 03 is EMS PARAMEDIC - AL MODIFIED AS OF 04/01/06-12 HR TOUR

3. Supervising EMS Specialist title 53055 has eight suffixes. Only the description and the configured FLSA value differ.
   a. 00 "non-suffix" is the original title SUPERVISING EMERGENCY MEDICAL SERVICE SPECIALIST
   b. 01 is SUPERVISING EMS SPECIALIST - AL MODIFIED AS OF 04/01/06
   c. 02 is SUPRV EMERG MEDICAL SERVICE SPECIALIST-12 HR TOUR
   d. 03 is SUPRV EMS - AL MODIFIED AS OF 04/01/06 - 12 HR TOUR
   e. 04 is SUPERVISING EMERGENCY MEDICAL SERVICE SPECIALIST FLSA-N
   f. 05 is SUPERVISING EMS SPECIALIST - AL MODIFIED 04/01/06 FLSA-N
   g. 06 is SUPRV EMERG MEDICAL SERVICE SPECIALIST-12 HR TOUR FLSA-N
   h. 07 is SUPRV EMS - AL MODIFIED AS OF 04/01/06 - 12 HR TOUR FLSA-N

**From:** NYSD_ECF_Pool@nysd.uscourts.gov [mailto:NYSD_ECF_Pool@nysd.uscourts.gov]
**Sent:** Wednesday, March 11, 2020 10:40 AM
**To:** CourtMail@nysd.uscourts.gov
**Subject:** Activity in Case 1:18-cv-04476-LJL-SLC Local 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO et al v. City of New York et al Memorandum & Opinion

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

U.S. District Court

Southern District of New York

## Notice of Electronic Filing

The following transaction was entered on 3/11/2020 at 10:39 AM EDT and filed on 3/11/2020

**Case Name:** Local 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO et al v. City of New York et al

**Case Number:** 1:18-cv-04476-LJL-SLC

**Filer:**

**Document Number:** 79

**Docket Text:**

**MEMORANDUM AND OPINION. The Court ORDERS as follows: (1) Defendants must produce all formal internal and administrative complaints, substantiated or unsubstantiated, and/or jury verdicts, as well as any settlements, resulting from claims of race, gender, and disability discrimination in the EMS promotional process, and claims of retaliation from the use of FMLA or other medical leave when considering candidates for EMS promotion for the time period of 2012 to present; (2) Defendants' request to bifurcate class certification discovery from merits discovery is DENIED; (3) Merits discovery (a) directed to Plaintiffs' race, gender, and medical leave discrimination claims, and (b) limited to the time period 2012 to the present, will proceed pending briefing and resolution of Plaintiffs' motion for class certification; (4) The parties must complete class certification discovery by March 29, 2020; and, (5) By Monday March 16, the parties must submit for Judge Liman's approval a joint proposed scheduling order including a briefing schedule for class certification and remaining case management deadlines in accordance with Judge Liman's Individual Practices. SO ORDERED., (Discovery due by 3/29/2020.) (Signed by Magistrate Judge Sarah L Cave on 3/11/20) (yv)**

## 1:18-cv-04476-LJL-SLC Notice has been electronically mailed to:

Yetta G. Kurland    kurland@kurlandgroup.com, cullum@kurlandgroup.com, lanter@kurlandgroup.com

Donna Anne Canfield    dcanfiel@law.nyc.gov

Brian A. Jasinski    bjasinski@garfunkelwild.com, jasinski@kurlandgroup.com

## 1:18-cv-04476-LJL-SLC Notice has been delivered by other means to:

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=3/11/2020] [FileNumber=23707492-0] [9230fa6502266eb9e7e1955cc0cffbe27c581e43366a4d8c9b46a06be0e657d758 9f260b0114c725d7c48d2d60671a7e3833d52589249052597cc7f22e530a36]]

## Yetta G. Kurland

| | |
|---|---|
| **From:** | Yetta G. Kurland <kurland@kurlandgroup.com> on behalf of Yetta G. Kurland |
| **Sent:** | Tuesday, April 28, 2020 1:05 PM |
| **To:** | Canfield, Donna (Law); Erica T. Healey-Kagan |
| **Subject:** | RE: Local 3621, et al v. City of New York, et al; 18-cv-4476 - Notice of Depositions. |

Donna,

While I appreciate your response, it is of course impossible to do this until you give me the names of these individuals.

There may be someone who is responsive to more than one of our inquiries, there is obviously other specifics related to each individual that we can only plan for when we know who it is.
You are asking to plan depositions blindfold.  Why are you doing this?
Please just give us the names and then we can confer with you on the order of priority.

Thank you.


Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911 || Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

---

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

**From:** Canfield, Donna (Law) <dcanfiel@law.nyc.gov>
**Sent:** Tuesday, April 28, 2020 9:38 AM
**To:** 'Erica T. Healey-Kagan' <kagan@kurlandgroup.com>
**Cc:** Yetta G. Kurland <kurland@kurlandgroup.com>
**Subject:** RE: Local 3621, et al v. City of New York, et al; 18-cv-4476 - Notice of Depositions.

Please rank the witnesses by importance.  As you know, due to the pandemic, many witnesses may not be available until June at the earliest.

Thank you.

**From:** Erica T. Healey-Kagan [mailto:kagan@kurlandgroup.com]
**Sent:** Monday, April 27, 2020 8:50 PM
**To:** Canfield, Donna (Law)
**Cc:** Yetta G. Kurland
**Subject:** Local 3621, et al v. City of New York, et al; 18-cv-4476 - Notice of Depositions.

Donna,

Please see attached.


**Erica T. Healey-Kagan, Esq.**
THE KURLAND GROUP
85 Broad Street, 28th Floor
New York, New York 10004
Tel: (212) 253-6911 ||| Fax: (212) 614-2532

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed.  This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

## Yetta G. Kurland

**From:**      Yetta G. Kurland <kurland@kurlandgroup.com> on behalf of Yetta G. Kurland
**Sent:**      Wednesday, April 29, 2020 1:35 PM
**To:**        Canfield, Donna (Law)
**Subject:**   FW: Local 3621, et al v. City of New York, et al; 18-cv-4476 - Notice of Depositions.

Donna,
Can you please provide me with the names of the individuals we are seeking to depose?

Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911 || Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

**From:** Yetta G. Kurland <kurland@kurlandgroup.com>
**Sent:** Tuesday, April 28, 2020 1:05 PM
**To:** 'Canfield, Donna (Law)' <dcanfiel@law.nyc.gov>; Erica T. Healey-Kagan <kagan@kurlandgroup.com>
**Subject:** RE: Local 3621, et al v. City of New York, et al; 18-cv-4476 - Notice of Depositions.

Donna,

While I appreciate your response, it is of course impossible to do this until you give me the names of these individuals.

There may be someone who is responsive to more than one of our inquiries, there is obviously other specifics related to each individual that we can only plan for when we know who it is.
You are asking to plan depositions blindfold. Why are you doing this?
Please just give us the names and then we can confer with you on the order of priority.

Thank you.


Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911 || Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

1

## Yetta G. Kurland

| | |
|---|---|
| **From:** | Yetta G. Kurland <kurland@kurlandgroup.com> on behalf of Yetta G. Kurland |
| **Sent:** | Tuesday, May 5, 2020 6:34 PM |
| **To:** | Canfield, Donna (Law) |
| **Subject:** | RE: Local 3621, et al v. City of New York, et al; 18-cv-4476 - Notice of Depositions. |

Donna,

I am following up with the following outstanding issues;

1. Can you please provide me the names of the John and Jane Does that we served notice on you last week to take their depositions?
2. The legend you provided for the excel spreadsheet turned over on March 13, 2020 is incomplete. Here are some questions we have:
   a. About 1,000 of the about 8,000 hires are repeats, that is employees who left the agency or city and were hired again at a later time. That does not seem accurate, can you confirm and explain?
   b. About 55 of the about 8,000 hires were hired 3 times. Again can you explain what that is?
   c. What ranks correspond to the titles you have in the excel spreadsheet. I assume the first is Lieutenant and second Captain? But what is after that?
   53053, EMERGENCY MEDICAL SPECIALIST-EMT
   53054, EMERGENCY MEDICAL SPECIALIST-PARAMEDIC
   53055, SUPERVISING EMERGENCY MEDICAL SERVICE SPECIALIST
   5305E, SUPERVISING EMERGENCY MEDICAL SERVICE SPECIALIST-DPTY CHIEFS
   5305F, SUPERVISING EMERGENCY MEDICAL SERVICE SPECIALIST
   d. The job title 53055, SUPERVISING EMERGENCY MEDICAL SERVICE SPECIALIST has about 700 people who were hired at level 1 and 160 at level 2. What is the difference between levels 1 and 2? Do these levels have names?
   e. The job title 5305F, SUPERVISING EMERGENCY MEDICAL SERVICE SPECIALIST has a few employees at levels M2, M4, M5, M7. What are the differences between these levels? Do these levels have names?
   f. Why are there no employees at levels M1, M3, M6?
   g. There does not seem to be the differentiation of the pay specialty assignments in the excel spreadsheet. Can you send that?

3. Finally you had promised production by the end of March for the following outstanding discovery;
   a. Promotional Materials above rank of Captain for 2012 to present
   b. Additional promotional materials for 2012 and 2013

Can you let me know when that will be produced as we have not yet received this?

Thank you in advance.
Best,
Yetta

Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911** || **Fax: 212 614-2532**
85 Broad Street, 28ᵗʰ Floor | NY, NY 10004
*"please note new address"*

1

## Yetta G. Kurland

**Subject:**                    FW: Local 3621, et al v. City of New York, et al; 18-cv-4476 - Notice of Depositions.

**From:** Yetta G. Kurland <kurland@kurlandgroup.com>
**Sent:** Wednesday, May 6, 2020 12:02 PM
**To:** Canfield, Donna (Law) <dcanfiel@law.nyc.gov>
**Subject:** RE: Local 3621, et al v. City of New York, et al; 18-cv-4476 - Notice of Depositions.

Donna,

First, what is the authority you base your position that you need not produce John and Jane Doe deponents and how do you square that with not providing the names of these deponents? I think this conduct is sanctionable.

Second, I do not need to depose a 30b6 witness for you to provide me with a working legend, which you have already been ordered to be produced by the Court. I think in light of that withholding this information is sanctionable.

Third, you never suggested that you are simply not turning information over. I told you I had no issue with you taking more time, with the Court's approval, due to the pandemic. But the information I am referencing you had said you already had prior to the pandemic. Also are you saying you are simply not turning discovery over because of the pandemic?

Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911 || Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

## Yetta G. Kurland

**Subject:** FW: Local 3621, et al v. City of New York, et al; 18-cv-4476 - Notice of Depositions.

**From:** Yetta G. Kurland <kurland@kurlandgroup.com>
**Sent:** Wednesday, May 6, 2020 12:23 PM
**To:** Canfield, Donna (Law) <dcanfiel@law.nyc.gov>
**Subject:** RE: Local 3621, et al v. City of New York, et al; 18-cv-4476 - Notice of Depositions.

Donna,

I am giving you a chance to mitigate what I view as sanctionable conduct prior to the call tomorrow.
I am not sure how you misstate this as "vexatious."
I need the document production prior to the depositions.
These responses make clear that you are unwilling to provide any information without Court intervention.
Again, I intend to ask for sanctions for your failure to produce witnesses, names of witnesses and the legend ordered by the Court.

Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911 || Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

## Yetta G. Kurland

**Subject:** FW: Local 3621, et al v. City of New York, et al; 18-cv-4476 - Notice of Depositions.

**From:** Yetta G. Kurland <kurland@kurlandgroup.com>
**Sent:** Monday, May 11, 2020 4:03 PM
**To:** Canfield, Donna (Law) <dcanfiel@law.nyc.gov>
**Subject:** RE: Local 3621, et al v. City of New York, et al; 18-cv-4476 - Notice of Depositions.

Donna,

The excel spreadsheets you are providing to answer the questions of the 30b6 only have additional abbreviations that we don't have a legend for. Can you explain to me how this addresses our questions 2a and 2b? Are you saying that people are listed more than once because the data is provided transactionally per year? If that were the case it would be more than duplicates. Can you please explain.

Also please provide the name and time of availability for the week of May 18, 2020 for the 30b6 witness who will be produced to answer the additional questions. I would like to be able to advise the Court of the date and person who will be produced for this by the deadline set by the Court for an update.

To that end please let me know when you have time to meet and confer regarding search terms.

Thank you.

Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911 || Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

# Yetta G. Kurland

| | |
|---|---|
| **From:** | Canfield, Donna (Law) <dcanfiel@law.nyc.gov> on behalf of Canfield, Donna (Law) |
| **Sent:** | Tuesday, May 12, 2020 1:44 PM |
| **To:** | 'Yetta G. Kurland' |
| **Subject:** | RE: Local 3621, et al v. City of New York, et al; 18-cv-4476 - Notice of Depositions. |
| **Attachments:** | E-Discovery Search Terms - Ds_ counter - (# Legal 10803301).DOCX |

Attached are defendants' proposed ESI search terms.

The spreadsheet contains a transactional history of all EMA employees between 2012 and the present. So, individuals are listed more than once where they received a promotion. By way of my last email, Arlene Simmons is listed twice because she was promoted once from her hiring title between 2012 and the present. Peter Roberts is listed three times because he was promoted twice from his hiring title between 2012 and the present. What else don't you understand?

Which 30(b)(6) witness do you want identified for deposition next week? Since the issue hasn't been identified, I seriously doubt we will be going forward next week.

**From:** Yetta G. Kurland [mailto:kurland@kurlandgroup.com]
**Sent:** Monday, May 11, 2020 4:03 PM
**To:** Canfield, Donna (Law)
**Subject:** RE: Local 3621, et al v. City of New York, et al; 18-cv-4476 - Notice of Depositions.

Donna,

The excel spreadsheets you are providing to answer the questions of the 30b6 only have additional abbreviations that we don't have a legend for. Can you explain to me how this addresses our questions 2a and 2b? Are you saying that people are listed more than once because the data is provided transactionally per year? If that were the case it would be more than duplicates. Can you please explain.

Also please provide the name and time of availability for the week of May 18, 2020 for the 30b6 witness who will be produced to answer the additional questions. I would like to be able to advise the Court of the date and person who will be produced for this by the deadline set by the Court for an update.

To that end please let me know when you have time to meet and confer regarding search terms.

Thank you.

Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911** || **Fax: 212 614-2532**
85 Broad Street, 28ᵗʰ Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

1

## Yetta G. Kurland

Subject:                      FW: FW: Local 3621 v. City of New York - Plaintiffs' ESI Counter-Proposal.

**From:** Yetta G. Kurland <kurland@kurlandgroup.com>
**Sent:** Tuesday, May 19, 2020 6:25 PM
**To:** Canfield, Donna (Law) <dcanfiel@law.nyc.gov>
**Cc:** Erica T. Healey-Kagan <kagan@kurlandgroup.com>
**Subject:** Re: FW: Local 3621 v. City of New York - Plaintiffs' ESI Counter-Proposal.

Donna,

You have failed to produce David Ogula today despite two notices.  Please let me know dates in the first week of June for the 4 individuals we noticed for this week.  That should be more than enough time.

As for Chief Nahmod, as I have explained you cannot simply "object" and not produce him.  Please confirm whether you will be representing him for this proceeding as he is retired.  If you do represent him, you must produce him. If you do not represent him please provide me with his last known address so we can serve a subpoena on him to appear.

As far as negotiating terms and custodians for your search, please let me know how you propose doing that.  It feels like the email exchanges are not productive. Do you have a better idea?

Please advise.

## Yetta G. Kurland

**Subject:**                    FW: Local 3621 v. City of New York - Plaintiffs' ESI Counter-Proposal.

**From:** Yetta G. Kurland <kurland@kurlandgroup.com>
**Sent:** Wednesday, May 20, 2020 8:47 AM
**To:** Canfield, Donna (Law) <dcanfiel@law.nyc.gov>
**Subject:** RE: Local 3621 v. City of New York - Plaintiffs' ESI Counter-Proposal.

Donna,
I have reached out to you on more than half a dozen occasions since the voicemail message you left me 4 business days ago.

Also you are ignoring most of the questions I present to you in my email below.

For the third time, what is the proposal you have for "negotiating" regarding the search terms?

As to the depositions, you have simply ignored the two notices served on you to produce witnesses for this week.

While reserving our rights, in an in good faith efforts to attempt to accommodate your requests for additional time, please provide dates in the first week of June for the individuals we noticed for this week. This is providing an additional 2 weeks.

Finally, please confirm if you are representing Chief Nahmod.

Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911 || Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

## Yetta G. Kurland

| | |
|---|---|
| **From:** | Yetta G. Kurland <kurland@kurlandgroup.com> on behalf of Yetta G. Kurland |
| **Sent:** | Friday, May 22, 2020 1:27 PM |
| **To:** | Canfield, Donna (Law) |
| **Cc:** | Erica T. Healey-Kagan |
| **Subject:** | Local 3621 v. City of New York et al - meet and confer re search terms and custodians |
| **Attachments:** | E-Discovery - Plaintiffs Counter 5.22.20.docx |

Dear Donna,

As follow up, we have agreed to integrate the reductions in search terms we discussed on Wednesday as outlined above.
We also removed close to a dozen more search terms and have agreed to limit general search terms to 33 and search terms limited to additional criterial to an additional 49.
This is reduced from the 115 initial search terms and narrowed in as to scope.
I expect this meets your satisfaction and the only dispute we have is some of the custodians, but please let me know.

You can reach me today at 2pm at 917 701 9590.
Best,
Yetta


Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911 || Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

## Yetta G. Kurland

| | |
|---|---|
| **From:** | Canfield, Donna (Law) <dcanfiel@law.nyc.gov> on behalf of Canfield, Donna (Law) |
| **Sent:** | Friday, June 5, 2020 10:14 AM |
| **To:** | 'Yetta G. Kurland' |
| **Cc:** | Erica T. Healey-Kagan |
| **Subject:** | RE: FW: Local 3621 v. City of New York - Plaintiffs' ESI Counter-Proposal. |
| **Attachments:** | Affidavit - Chief Suriel 5.29.20 - (# Legal 10873354).PDF |

Please let me know what platform you will be using for Booth's deposition, so I can make sure he has the proper equipment. We are ready to go forward on Monday.

We cannot agree at this point to reproduce Booth, but we are open to negotiation after a decision on class certification.

The questions you have below can be asked of the witnesses. Please let me who else you would like to depose.

**From:** Yetta G. Kurland [mailto:kurland@kurlandgroup.com]
**Sent:** Thursday, June 04, 2020 5:39 PM
**To:** Canfield, Donna (Law)
**Cc:** Erica T. Healey-Kagan
**Subject:** RE: FW: Local 3621 v. City of New York - Plaintiffs' ESI Counter-Proposal.

Hey Donna,

See below my email from May 20, 2020 and the attached email of the 30b6. There are a number of issues with the affidavit you provide including;

1. Could you please provide one complete pdf document of the affidavit.
2. In answer to question #2, you have already provided us with more than the people listed here, including those who conducted interviews. This list is therefore incomplete.
3. In answer to question #4 there are 14 people. More than the number of people you say are included in the interview process. There is only one "ultimate" decision maker. How do you explain listing 14 people here? Is this based on chronology? If so, please provide date ranges.
4. In answer to question #5 you misconstrue and avoid answer the question. The question is who is the person who developed the new promotional process in the EMS Bureau of the FDNY, meaning who developed the process that is in the EMS Bureau of the FDNY. Please provide an answer to this question.
5. In answer to question #6 we asked both who or is responsible for ensuring the promotional process complies with Title VII and who makes ultimate decision with complaints filed at the EEO. You provided two names, but you have not delineated who did what. Also at least one of these individuals is no longer with the department so again there is no clarification as to the time period.
6. When you provide more than one person in any answer, which is most of the answers, you need to give a specified period of time they are acting, unless you are representing that that person was acting for the entire duration from 2012 to present. Please confirm.

We are prepared to conduct the deposition of James Booth on June 8, 2020 with the provision that parties agree he will be reproduced once we get your discovery production on June 30, 2020 which will include his communications. Please provide me with the remaining individuals' we have noticed for depositions' availability.

Thank you.

## Yetta G. Kurland

| | |
|---|---|
| **From:** | Yetta G. Kurland <kurland@kurlandgroup.com> on behalf of Yetta G. Kurland |
| **Sent:** | Friday, June 5, 2020 9:10 PM |
| **To:** | Canfield, Donna (Law) |
| **Cc:** | Erica T. Healey-Kagan |
| **Subject:** | FW: Local 3621 v. City of New York - meet and confer on Defendants failure to produce witnesses and deficiencies in 30b6 affidavit |

Donna,

It is now too late to have a Court reporter for a deposition on Monday.
I don't understand why you are saying you don't know who someone is, the name of which you provided in your 30b6 witness affidavit.
You are not cooperating in good faith and the 30b6 witness affidavit is not complete.
The Court has denied your request for ESI discovery of our clients.

Please, just let me know when the two witnesses we can depose next week because we don't need to rely on the production of documents can appear.
Please just inquire about this with them and let me know, don't just assume they need 3 weeks notice.
If they are currently employed with your client then your client can allow them leave to attend the deposition.
Please advise asap.
As I stated if I don't hear back with dates by end of day Monday I have no choice but to advise the Court.


Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911 || Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.


**From:** Yetta G. Kurland <kurland@kurlandgroup.com>
**Sent:** Friday, June 5, 2020 6:48 PM
**To:** Donna Canfield <dcanfiel@law.nyc.gov>
**Cc:** Erica T. Healey-Kagan <kagan@kurlandgroup.com>
**Subject:** Fwd: Local 3621 v. City of New York - Plaintiffs' ESI Counter-Proposal.

Donna please confirm. We need to tell the court reporter in the next 15 minutes if we are doing deposition on Monday.

Sent from my iPhone

## Yetta G. Kurland

| | |
|---|---|
| **From:** | Yetta G. Kurland <kurland@kurlandgroup.com> on behalf of Yetta G. Kurland |
| **Sent:** | Friday, June 12, 2020 4:13 PM |
| **To:** | Canfield, Donna (Law) |
| **Cc:** | Erica T. Healey-Kagan |
| **Subject:** | RE: Local 3621 v. City of New York - meet and confer on Defendants failure to produce witnesses and deficiencies in 30b6 affidavit |

Donna,

I don't understand why you can't proceed with either deposition next week. Why would for example Rahimi not still be available on Wednesday or Thursday? I also don't see why your being away this weekend means we can't complete the deposition on Tuesday, but in the interest of trying to accommodate, why don't we reschedule Villani for later next week and proceed with Rahimi either on the 17th or 18th? Please confirm.

Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911** || **Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*please note new address*
www.kurlandgroup.com

---

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

**From:** Canfield, Donna (Law) <dcanfiel@law.nyc.gov>
**Sent:** Friday, June 12, 2020 3:54 PM
**To:** Yetta G. Kurland <kurland@kurlandgroup.com>
**Cc:** Erica T. Healey-Kagan <kagan@kurlandgroup.com>
**Subject:** Re: Local 3621 v. City of New York - meet and confer on Defendants failure to produce witnesses and deficiencies in 30b6 affidavit

I am out town this weekend and Monday, which is why I needed to know by noon today.

I will reschedule, but I need to know the videoconferencing platform so that I have time to prepare the witnesses on the technology.

Donna A. Canfield
Senior Counsel
Labor and Employment Division
New York City Law Department
100 Church Street
New York, New York 10007
Phone: 212-356-2461

## Yetta G. Kurland

| | |
|---|---|
| **From:** | Yetta G. Kurland <kurland@kurlandgroup.com> on behalf of Yetta G. Kurland |
| **Sent:** | Friday, June 12, 2020 4:27 PM |
| **To:** | Canfield, Donna (Law) |
| **Cc:** | Erica T. Healey-Kagan |
| **Subject:** | RE: Local 3621 v. City of New York - meet and confer on Defendants failure to produce witnesses and deficiencies in 30b6 affidavit |

Donna,

If I don't hear from you I am making a letter motion to the Court to compel production of Rahimi for deposition next week. Please confirm at a minimum we are proceeding next week with Rahimi.

Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911** || **Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

**From:** Canfield, Donna (Law) <dcanfiel@law.nyc.gov>
**Sent:** Friday, June 12, 2020 3:54 PM
**To:** Yetta G. Kurland <kurland@kurlandgroup.com>
**Cc:** Erica T. Healey-Kagan <kagan@kurlandgroup.com>
**Subject:** Re: Local 3621 v. City of New York - meet and confer on Defendants failure to produce witnesses and deficiencies in 30b6 affidavit

I am out town this weekend and Monday, which is why I needed to know by noon today.

I will reschedule, but I need to know the videoconferencing platform so that I have time to prepare the witnesses on the technology.

Donna A. Canfield
Senior Counsel
Labor and Employment Division
New York City Law Department
100 Church Street
New York, New York 10007
Phone: 212-356-2461
Fax: 212-356-2438
dcanfiel@law.nyc.gov

**To:** 'Erica T. Healey-Kagan' <kagan@kurlandgroup.com>; 'Canfield, Donna (Law)' <dcanfiel@law.nyc.gov>
**Subject:** RE: Local 3621, et al v. City of New York, et al; 18-cv-4476.

Donna,

Just following up on email from below to see if you could respond before tomorrow's deadline.
Also please let me know when we can schedule the following individuals for depositions next week. I know that you
have already advised the Court you will make them available in furtherance to our April 27, 2020 Notice of Deposition,
but I attach an additional notice here as well.

Chief Edward Kilduff
Chief John Sudnik
Chief Elizabeth Cascio

It would be our preference to have these depositions Tuesday, Wednesday and Thursday of next week.  Let me know if
that would work for you.
Best,
Yetta



Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911 || Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

---

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it
is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this
message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified
that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is
strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original
message to us by email.


**From:** Erica T. Healey-Kagan <kagan@kurlandgroup.com>
**Sent:** Wednesday, June 17, 2020 11:29 PM
**To:** Canfield, Donna (Law) <dcanfiel@law.nyc.gov>
**Cc:** Yetta G. Kurland <kurland@kurlandgroup.com>
**Subject:** Local 3621, et al v. City of New York, et al; 18-cv-4476.

Donna,

I write to follow up regarding a number of deficiencies in Defendants' discovery production in this matter.

First, Defendants' response to Plaintiffs' supplemental discovery demands is incomplete and fails to properly
respond to Plaintiffs' February 11, 2020 demands. By way of example, Defendants fail to provide any response
to Plaintiffs' Supplemental Request for Production of Documents, instead only responding to the
Interrogatories, and Defendants fail to provide the name of a single witness and fail to produce a single
document, notwithstanding the Deficiency Letter served on you with regards to this. Further, Defendants'

objection to all requests regarding specialty unit assignments is improper—the information regarding these assignments is relevant and necessary in this matter.

Second, the legend you provided for the excel spreadsheet produced on March 13, 2020 is incomplete, as is a substantial portion of the data necessary for even a preliminary analysis. Please see attached the letter of Dr. Joel Wiesen, further explaining these deficiencies.

Third, we expected Defendants' ESI production would be completed by June 30, 2020, however you opposed this time frame. What do you propose as Defendants' deadline to complete the outstanding ESI production including any associated privilege log?

And finally, we want to confirm that, even though the ESI production will be completed at a later date, Defendants will be producing all other outstanding production no later than June 30, 2020. This includes but is not limited to the following:

1. Documents and information responsive to Plaintiffs' Supplemental Interrogatories and Request for Production of Documents dated February 11, 2020;
2. Documents and information regarding all promotions and promotional policies in the EMS Bureau from 2012 to present regarding the ranks of Captain and above;
3. Outstanding demographic information regarding all EMS employees as outlined by Dr. Wiesen;
4. All formal internal and administrative complaints—whether or not they were subsequently substantiated—as well as all jury verdicts and settlements resulting from claims of discrimination based on race, gender, or disability and claims of retaliation from the use of Family Medical Leave Act ("FMLA") or other medical leave in the EMS promotional process;
5. An affidavit pursuant to FRCP 30(b)(6) identifying the person(s) who developed the new promotional process in the EMS Bureau of the FDNY to comply with Civil Service Law 59-b; and
6. Defendants' privilege log regarding any documents which have been withheld to date.

Best,
Erica

**Erica T. Healey-Kagan, Esq.**
THE KURLAND GROUP
85 Broad Street, 28th Floor
New York, New York 10004
Tel: (212) 253-6911  |||  Fax: (212) 614-2532

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

## Yetta G. Kurland

| | |
|---|---|
| **From:** | Yetta G. Kurland <kurland@kurlandgroup.com> on behalf of Yetta G. Kurland |
| **Sent:** | Friday, June 19, 2020 11:27 AM |
| **To:** | Canfield, Donna (Law) |
| **Subject:** | FW: Local 3621, et al v. City of New York, et al; 18-cv-4476. |
| **Attachments:** | Notices of Deposition_6.18.20.pdf |

Ms. Canfield,

This is our office's third attempt to meet and confer with you pursuant to Magistrate Judge Cave's June 17, 2020 order. We have not heard back from you on any of the time sensitive issues.
They are as follows;

1. When do you propose if not June 30, 2020 the ESI production. We need this information as soon as possible as it impacts our ability to properly examines witnesses.
2. Please confirm the exact dates for the deponents Edward Kilduff, John Sudnik, and Elizabeth Cascio for next week. Once we receive that we will respond to the best date for Villani.
3. Please confirm you will be producing the information outstanding that the expert needs to perform just his initial analysis, along with other outstanding discovery by the June 30, 2020 date.
4. The response you filed on Friday June 12, 2020 to our Supplemental Demands is wholly deficient. It does not offer any information and is not proper, as outlined for the reasons below. Please let us know if you intend to correct this or if we will need to bring this matter to the Court's attention.

Please let me know when you can speak today. If I do not hear from you by 1pm, our office will draft and submit a letter to the Court individually.

Best,
Yetta


Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911 || Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

**From:** Yetta G. Kurland <kurland@kurlandgroup.com>
**Sent:** Thursday, June 18, 2020 7:02 PM

## Yetta G. Kurland

| | |
|---|---|
| **From:** | Canfield, Donna (Law) <dcanfiel@law.nyc.gov> on behalf of Canfield, Donna (Law) |
| **Sent:** | Monday, June 22, 2020 11:55 AM |
| **To:** | 'Yetta G. Kurland' |
| **Subject:** | RE: Local 3621, et al v. City of New York, et al; 18-cv-4476. |

You do not need ESI to meet the standards of Rule 23.

We will not agree to push back the deadlines. I will assume that you do not consent to the extension request.

**From:** Yetta G. Kurland [mailto:kurland@kurlandgroup.com]
**Sent:** Monday, June 22, 2020 11:30 AM
**To:** Canfield, Donna (Law)
**Subject:** RE: Local 3621, et al v. City of New York, et al; 18-cv-4476.

We would oppose vigorously if our deadline is still July 31, 2020 to complete certification discovery.  We would consent if the deadlines for discovery were extended.


Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911** || **Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

---

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.


**From:** Canfield, Donna (Law) <dcanfiel@law.nyc.gov>
**Sent:** Monday, June 22, 2020 11:28 AM
**To:** 'Yetta G. Kurland' <kurland@kurlandgroup.com>
**Subject:** RE: Local 3621, et al v. City of New York, et al; 18-cv-4476.

None of the 3 witnesses are available this week. I will let you know their availability for next week on Wednesday.

I am writing to the Court requesting until July 8, 2020 for the parties to update the Court on their efforts to reach an ESI production agreement.  While the request to FDNY was made in early June, we do not yet have the data and therefore, still do not know the size of the production to give a reasonable estimate for a timeframe.

Will you consent to the additional time request?

## Yetta G. Kurland

| | |
|---|---|
| **From:** | Yetta G. Kurland <kurland@kurlandgroup.com> on behalf of Yetta G. Kurland |
| **Sent:** | Thursday, June 25, 2020 11:06 AM |
| **To:** | Canfield, Donna (Law) |
| **Cc:** | Erica T. Healey-Kagan |
| **Subject:** | RE: Local 3621 - Cascio deposition |

Hey Donna,

So again, we are not able to depose custodians of the communications that are being turned over until after the communications are turned over.

In addition the dates you are now proposing for depositions are starting to extend beyond the time we had anticipated and into the time I am out for parental leave. I am going to be asking for an extension of time to complete discovery given that Judge Magistrate Cave has agreed to you having additional time to produce the ESI and because I am on parental leave and will be unavailable at the times you are proposing for these individuals.

In specific, I am going to ask that the deadlines in the scheduling order be adjourned by two months.

My understanding is that you do not consent to this request for an adjournment. This is based on your June 22, 2020 email. Please let me know in the immediate if that is not the case, otherwise we will so advise the Court.

Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911** || **Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*please note new address*
www.kurlandgroup.com

---

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

**From:** Canfield, Donna (Law) <dcanfiel@law.nyc.gov>
**Sent:** Thursday, June 25, 2020 10:10 AM
**To:** 'Yetta G. Kurland' <kurland@kurlandgroup.com>
**Cc:** Erica T. Healey-Kagan <kagan@kurlandgroup.com>
**Subject:** RE: Local 3621 - Cascio deposition
**Importance:** High

Hi Yetta,

June 30th no longer works for me. We will have to do July 1 or July 7 for Cascio.

1

Also Chief Sudnick is available July 1, 6, or 7

Chief Kilduff is available July 1, 6, or 7

Chief Bonsignore is available July 1 or July 3

Chief Booth was available June 23, 24, and today, June 25.  He will get back to me after July 4th holiday with additional dates.

Please advise.

**From:** Yetta G. Kurland [mailto:kurland@kurlandgroup.com]
**Sent:** Tuesday, June 23, 2020 3:57 PM
**To:** Canfield, Donna (Law)
**Cc:** Erica T. Healey-Kagan
**Subject:** RE: Local 3621 - Cascio deposition

Donna,
Let's do June 30, 2020.  And when can we do Chief Kilduff and Sudnick?  Can we fit them in that week as well?

Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911** || **Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed.  This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

**From:** Canfield, Donna (Law) <dcanfiel@law.nyc.gov>
**Sent:** Tuesday, June 23, 2020 2:33 PM
**To:** 'Yetta G. Kurland' <kurland@kurlandgroup.com>
**Cc:** Erica T. Healey-Kagan <kagan@kurlandgroup.com>
**Subject:** Local 3621 - Cascio deposition
**Importance:** High

Yetta,

Chief Cascio is available for deposition on the following dates:

June 30
July 1
July 7

Please advise asap.



THE
**KURLAND**
GROUP

ATTORNEYS AT LAW

July 20, 2020

**VIA ELECTRONIC MAIL**
Donna A. Canfield
Corporation Counsel of the City of New York
100 Church Street, Room 2-124
New York, NY 10007

### Re: Local 3621, et al v. City of New York, et al.; Case No. 18-cv-04476 (PGG)(SLC)

Dear Ms. Canfield:

As promised in our conference with the Court last week, I write to follow up regarding outstanding deficiencies in Defendants' discovery production in this matter. We ask that you produce this information prior to our call with the Court scheduled for Friday July 24, 2020 as this information was due on or before June 30, 2020 and needed to move forward with this matter.

First, Defendants' response to Plaintiffs' February 11, 2020 supplemental discovery demands is incomplete. In specific, Defendants failed to produce numerous documents which are necessary for Plaintiff's upcoming certification motion. This includes but is not limited to (1) all job analyses conducted by DCAS regarding EMS Lieutenant, Captain, Deputy Chief, and Division Chief/Commander, including those referenced in Defendants' submission to the EEOC in this matter, (2) documents related to the certification of the SEMSS as a title by the Office of Collective Bargaining including but not limited to OCB's findings and the determination of SEMSS as a title, (3) all training materials used to prepare FDNY employees to conduct interviews in the EMS promotional application process, (4) all forms used in the interviewing and scoring of promotional applicants, as well as (5) any other materials related to the promotional process for Lieutenant to Captain, Deputy Chief, and Division Chief/Commander and any other documents relevant to Plaintiffs' upcoming certification motion. Further, Defendants' objections to all requests regarding specialty unit assignments is improper—the information regarding these assignments is relevant and necessary in this matter and must be produced.

Second, the legend you provided for the excel spreadsheet produced on March 13, 2020 is incomplete, as is a substantial portion of the data necessary for even a preliminary analysis, as explained by our expert on June 17, 2020. On July 7, 2020, the Court directed Defendants to coordinate a conference call with a representative from DCAS to meet and confer regarding this data production. To date, Defendants have failed to do so. Please provide us with a date prior to July 24, 2020 when we can confer with DCAS.

85 BROAD STREET
28TH FLOOR
NEW YORK, NY 10004

P: 212 253 6911
F: 212 614 2532

kagan@kurlandgroup.com
KURLANDGROUP.COM

New York | Washington, D.C.

Third, Defendants have failed to provide in writing any basis for their objection to Plaintiffs' FRCP 30(b)(6) Notice of Deposition, which was served over a month ago on June 19, 2020. Please provide any written objections immediately, and no later than Wednesday, July 22 to enable parties to meet and confer prior to the conference call with the Court on Friday, July 24.

Fourth, pursuant to the Court's July 7, 2020 Order, Defendants were required to complete production of the "five remaining promotional categories" by July 10, 2020. Since then Defendants appear to have produced only four additional sets of promotional materials—based on your prior communication, we believe the documents bates stamped CAP076_000001-CAP076_003099 remain outstanding, if not other documents of which we have not been advised.

Lastly, Defendants represented to the Court on July 7, 2020 that they would be producing an affidavit pursuant to FRCP 30(b)(6) identifying the person(s) who developed the new promotional process in the EMS Bureau of the FDNY to comply with Civil Service Law 59-b no later than July 10, 2020. To date, Defendants have failed to do so.

Please immediately provide the above information by the dates outlined to avoid any further delays in the completion of certification discovery in this matter.

Sincerely,

_____~//s//~_____
Erica T. Healey-Kagan

## Yetta G. Kurland

| | |
|---|---|
| **From:** | Erica T. Healey-Kagan <kagan@kurlandgroup.com> on behalf of Erica T. Healey-Kagan |
| **Sent:** | Monday, July 20, 2020 10:08 PM |
| **To:** | Canfield, Donna (Law) |
| **Cc:** | Yetta G. Kurland |
| **Subject:** | Local 3621, et al v. City of New York, et al. |
| **Attachments:** | Local 3621 et al v. City of New York et al - Deficiency Letter_7.20.20.pdf |

Donna,

Please see attached.

**Erica T. Healey-Kagan, Esq.**
THE KURLAND GROUP
85 Broad Street, 28th Floor
New York, New York 10004
Tel: (212) 253-6911 ||| Fax: (212) 614-2532

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.



July 22, 2020


**VIA ELECTRONIC MAIL**
Donna A. Canfield
Corporation Counsel of the City of New York
100 Church Street, Room 2-124
New York, NY 10007


Re: <u>Local 3621, et al v. City of New York, et al.; Case No. 18-cv-04476 ()(SLC)</u>


Dear Ms. Canfield:

I write as follow up to my letter dated July 20, 2020 in an effort to resolve outstanding discovery issues related to our upcoming motion for certification prior to the upcoming call with the Court scheduled for July 24, 2020. Defendants' July 21, 2020 letter was incomplete and did not offer meaningful resolution for the reasons outlined here.

First, Plaintiffs reject Defendants' conclusory assertion that the following documents are "not relevant to the parties' claims or defenses in this matter:" (1) all job analyses conducted by DCAS regarding EMS Lieutenant, Captain, Deputy Chief, and Division Chief/Commander, including those referenced in Defendants' submission to the EEOC in this matter, (2) documents related to the certification of the SEMSS as a title by the Office of Collective Bargaining including but not limited to OCB's findings and the determination of SEMSS as a title, and (3) documents/information regarding specialty unit assignments is improper. Not only have these documents been cited and referenced <u>by Defendants</u> previously in this matter, but they are relevant and necessary to Plaintiffs' certification motion and must be produced. In fact it is exactly the analysis of the jobs and their similarity and differences that will be at issue in the motion for certification. Defendants' express determination on this issue is not only relevant but critical.

Next, to the extent Defendants claim they have already produced any of the above outstanding documents Plaintiffs assert have not been turned over, or the following that have also not been turned over: (4) all training materials used to prepare FDNY employees to conduct interviews in the EMS promotional application process, (5) all forms used in the interviewing and scoring of promotional applicants, and (6) any other materials related to the promotional process for Lieutenant to Captain, Deputy Chief, and Division Chief/Commander and any other documents relevant to Plaintiffs' upcoming certification motion, please identify the Bates Stamp numbers for these documents.

85 BROAD STREET
28TH FLOOR
NEW YORK, NY 10004

P: 212 253 6911
F: 212 614 2532

kurland@kurlandgroup.com
KURLANDGROUP.COM

New York | Washington, D.C.

Next, you represented to the Court that you have already turned over the below information necessary for our expert witness. However, we are not in possession of this information. In response to our advising that we had not received this information, the Court directed you to confer with us with a representative from DCAS who had first-hand knowledge and could identify where the information was as you did not know. Despite our request you have failed to arrange such a meet and confer. Please immediately produce each of these data sets or provide the Bate Stamps if you still believe you have already turned them over:

1. Dates of all hires and separations of all employees;

2. Dates of promotions of employees to Lieutenant, Captain, Deputy Chief, and Division Commander, for each employee;

3. Names of all employees who were eligible to compete for promotion to Captain, Deputy Chief, or Division Commander, for each promotional process;

4. Name of each employee who was not eligible to compete for promotion to Captain, Deputy Chief, or Division Commander, with the reason(s) for the ineligibility, for each promotional process;

5. Names of all employees who applied for promotion to Captain, Deputy Chief, or Division Commander, for each promotional process;

6. Names of all employees who completed the interview process for promotion to Captain, Deputy Chief, or Division Commander, with their grades and rank order, for each promotional process;

    7. Names of all employees who were promoted to Captain, Deputy Chief, or Division Commander, and dates of promotions, for each promotional process;

    8. All overall annual performance evaluation ratings for all employees with date completed and period of time considered;

    9. Names of all employees assigned to the specialty units Haz-Tac Battalion and Rescue Battalion and the dates of their initial assignment;

    10. Names of all employees who were eligible to compete for assignment or appointment to the specialty units Haz-Tac Battalion and Rescue Battalion, for each recruitment process;

    11. Name of each employee who was not eligible to compete for assignment or appointment to the specialty units Haz-Tac Battalion and Rescue Battalion, with the reason(s) for the ineligibility, for each recruitment process;

12. Names of all employees who applied to compete for assignment or appointment to the specialty units Haz-Tac Battalion and Rescue Battalion, along with determination of who was ultimately assigned or appointed, with their grades and rank order if any, for each recruitment process;

13. Names of all employees who left the specialty units Haz-Tac Battalion and Rescue Battalion and the dates of leaving and reasons for leaving the assignment, for each such employee;

14. Year-end list of employees with employee name, ID number, gender, EEO group, job title at the beginning of the year and job title at the end of the year, and whether the employee was a member of the specialty units Haz-Tec Battalion or Rescue Battalion, for each year;

15. Total salary (including, for example, overtime and special assignment pay) earned by each employee, broken down into component parts (including, for example, overtime and special assignment pay), for each year;

16. Dates of any EEO charges against employees;

17. Dates of any BITS charges against employees;

18. Clarification regarding what the field SAL_BASE_RATE represents, in terms of salary.

Next, Defendants mischaracterize the Court's March 11, 2020 Order in their objection to Plaintiffs' FRCP 30(b)(6) Notice of Deposition, which was served over a month ago on June 19, 2020. The Court did not limit "the scope of pre-certification discovery to 'information relevant to the discrimination Mascol and Rodriguez allege with respect to themselves.'" Instead, this was the temporary limitation the Court imposed "on merits discovery while the class certification motion is pending." As such, Defendants' objection to the scope of Plaintiffs' 30(b)(6) Notice is inapposite. Further, Defendants' remaining objections to the fact that they may be required to produce more than one 30(b)(6) witness is similarly not supported by fact or law—Defendants are obligated under FRCP 30 to produce a witness (or witnesses) to testify on behalf of the Defendants, not merely to provide a list of FRCP 26 witnesses who have personal information regarding this matter.

Lastly, pursuant to the Court's Case Management Plan Defendants were required to complete discovery by June 30, 2020. When Defendants breached this obligation the Court directed that Defendants must produce the "five remaining promotional categories" by July 10, 2020. This also has not happened. While reserving all rights for your failure to properly produce, including asking the Court to draw a negative inference, please immediately provide the documents Bates Stamped CAP076_000001-CAP076_003099 as well as any other outstanding documents.

Please immediately provide the above information by the dates outlined and prior to our scheduled conference with the Court on July 24, 2020 to avoid any further delays in the completion of certification discovery in this matter.

Sincerely,

~//s//~
Yetta G. Kurland

## Yetta G. Kurland

| | |
|---|---|
| **From:** | Yetta G. Kurland <kurland@kurlandgroup.com> on behalf of Yetta G. Kurland |
| **Sent:** | Wednesday, July 22, 2020 5:18 PM |
| **To:** | Canfield, Donna (Law) |
| **Cc:** | Erica T. Healey-Kagan |
| **Subject:** | RE: follow up on ESI information |
| **Attachments:** | Second Deficiency Letter 7.22.20.pdf |

Donna,

You have not responded to three separate emails I sent over the past two days regarding the fact that you have yet to provide any information regarding the scope of ESI which should have been provided on Monday or at least early this week.

Also there are numerous other obligations that you have not complied with regarding discovery necessary for certification that you have been unresponsive to.

Attached please find our now second deficiency letter this week regarding the most pressing issues regarding Defendants' deficiencies with discovery production.

Best,

Yetta


Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911** || **Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

---

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

**From:** Canfield, Donna (Law) <dcanfiel@law.nyc.gov>
**Sent:** Tuesday, July 21, 2020 12:28 PM
**To:** 'Yetta G. Kurland' <kurland@kurlandgroup.com>
**Cc:** Erica Kagan <kagan@kurlandgroup.com>
**Subject:** RE: follow up on ESI information

Yetta,

That's not exactly what was said on the call – we are not contemplating a linear review – that would take too long. We are sampling the review population to determine some next steps. The sampling has been completed. We are now analyzing the data. I will get back to you when I have more information.

## Yetta G. Kurland

| | |
|---|---|
| **From:** | Yetta G. Kurland <kurland@kurlandgroup.com> on behalf of Yetta G. Kurland |
| **Sent:** | Thursday, August 13, 2020 10:05 PM |
| **To:** | Canfield, Donna (Law) |
| **Cc:** | Erica Kagan |
| **Subject:** | RE 3621 Motion to Compel. |
| **Attachments:** | Letter from Dr. Wiesen re outstanding data 6.17.20.pdf |

Donna,

Pursuant to the Court's direction I would like to schedule a call with DCAS re the attached. Please let me know when that can happen prior to the Court's August 24, 2020 deadline.

Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911** || **Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

1

**APPLIED PERSONNEL RESEARCH**
62 CANDLEWOOD ROAD
SCARSDALE, NEW YORK 10583-6040

(617) 244-8859
FAX: (617) 244-8904
E-MAIL: JWIESEN@APPLIEDPERSONNELRESEARCH.COM

June 17, 2020

Yetta G. Kurland, Esq.
Kurland Group
85 Broad Street, 28th Floor
New York, NY 10004

Re: Additional information and data needed to conduct adverse impact analyses

Dear Ms. Kurland:

Pursuant to the matter of EMS Officers Union, Local 3621 v. City of New York, I write to inform you I am unable to complete my statistical analysis with the incomplete data provided in the Excel spreadsheet labeled D000991. Below is a list of the data missing which I need to complete my initial analysis.[1]  Without the below and a translation key for this data set it is not possible to complete a statistical adverse impact analysis. Necessary information for initial analysis is:

1. Dates of all hires and separations of all employees;

2. Dates of promotions of employees to Lieutenant, Captain, Deputy Chief, and Division Commander, for each employee;

3. Names of all employees who were eligible to compete for promotion to Captain, Deputy Chief, or Division Commander, for each promotional process;

4. Name of each employee who was not eligible to compete for promotion to Captain, Deputy Chief, or Division Commander, with the reason(s) for the ineligibility, for each promotional process;

5. Names of all employees who applied for promotion to Captain, Deputy Chief, or Division Commander, for each promotional process;

6. Names of all employees who completed the interview process for promotion to Captain, Deputy Chief, or Division Commander, with their grades and rank order, for each promotional process;

---

[1]This does not include additional information that will be necessary to confirm statistical information after my initial review such as education, training, etc.

7. Names of all employees who were promoted to Captain, Deputy Chief, or Division Commander, and dates of promotions, for each promotional process;

8. All overall annual performance evaluation ratings for all employees with date completed and period of time considered;

9. Names of all employees assigned to the specialty units Haz-Tac Battalion and Rescue Battalion and the dates of their initial assignment;

10. Names of all employees who were eligible to compete for assignment or appointment to the specialty units Haz-Tac Battalion and Rescue Battalion, for each recruitment process;

11. Name of each employee who was not eligible to compete for assignment or appointment to the specialty units Haz-Tac Battalion and Rescue Battalion, with the reason(s) for the ineligibility, for each recruitment process;

12. Names of all employees who applied to compete for assignment or appointment to the specialty units Haz-Tac Battalion and Rescue Battalion, along with determination of who was ultimately assigned or appointed, with their grades and rank order if any, for each recruitment process;

13. Names of all employees who left the specialty units Haz-Tac Battalion and Rescue Battalion and the dates of leaving and reasons for leaving the assignment, for each such employee;

14. Year-end list of employees with employee name, ID number, gender, EEO group, job title at the beginning of the year and job title at the end of the year, and whether the employee was a member of the specialty units Haz-Tec Battalion or Rescue Battalion, for each year;

15. Total salary (including, for example, overtime and special assignment pay) earned by each employee, broken down into component parts (including, for example, overtime and special assignment pay), for each year;

16. Dates of any EEO charges against employees;

17. Dates of any BITS charges against employees;

18. Clarification regarding what the field SAL_BASE_RATE represents, in terms of salary.

Yours truly,

Joel P. Wiesen, Ph.D.

JPW:wp

## Yetta G. Kurland

| | |
|---|---|
| **From:** | Yetta G. Kurland <kurland@kurlandgroup.com> on behalf of Yetta G. Kurland |
| **Sent:** | Tuesday, August 25, 2020 12:01 PM |
| **To:** | Canfield, Donna (Law); Erica Kagan |
| **Subject:** | Additional Request for Date to Conference with DCAS |

Ms. Canfield,

I have still not heard back from you regarding my numerous requests to provide a date to confer with DCAS on the data you claim to have produced necessary for our expert most recently sent August 13, 2020.

As you know, the Court extended your August 24, 2020 deadline to conduct this call to August 28, 2020 per the Court's August 19, 2020 order.  Your new deadline is in 3 days.  Please let me know if you would like to have this conference on Wednesday, Thursday or Friday and will confirm availability here.

Thank you in advance.

Best,

Yetta

## Yetta G. Kurland

| | |
|---|---|
| **From:** | Yetta G. Kurland <kurland@kurlandgroup.com> on behalf of Yetta G. Kurland |
| **Sent:** | Friday, August 28, 2020 1:51 PM |
| **To:** | Canfield, Donna (Law) |
| **Cc:** | Erica T. Healey-Kagan |
| **Subject:** | Local 3621 et al v. City of New York et al - Follow up on call with DCAS |

Donna,

While reserving Plaintiffs' rights, we write as follow up to our phone call today at 12pm with yourself and
Barbara Dannenberg.  You advised us that you did not request information necessary for our expert witness
from any agency other than DCAS and you did not request from DCA information requested in Dr. Wiesen's
letter from numbers 9 through 13.  You further advised us that you would not turn over in a usable excel
spreadsheet the following information:
1. Separation dates for employees;
2. "Appointment dates" (start dates for Captain, Deputy Chief, and Division Chief)
3. Names of employees eligible for promotion to Captain, Deputy Chief, and Division Chief
4. Names of employees found ineligible to apply for promotion to Captain, Deputy Chief, and Division
   Chief with reasons for ineligibility;
5. Annual performance evaluation ratings for all employees with period of time considered;
6. Total salary with breakdown of payment (i.e. overtime and specialty assignment pay, etc.)
7. Dates of any EEO charges and BITS charges against all employees

Furthermore, Ms. Dannenberg confirmed the following:
1. DCAS does not maintain information regarding "appointment dates" for the position of Captain, Deputy
   Chief, or Division Chief;
2. DCAS does not maintain "promotional paperwork" and that she used payroll designations to provide
   this information;
3. Ms. Dannenberg does not know why there is no designation different between Deputy Chief and
   Division Chief (the 5305E designation) and that the database provided does not differentiate the titles of
   Deputy Chief and Division Chief;
4. The data provided is not a complete list of employees who worked during the period of 2012-
   2019.  Instead the database only contains employees who worked continuously without interruption
   through this period continuously ("non cease employees").  This means that any employee who worked
   for a portion of this 7-year period is not included in this data;
5. Sal_Base_Rate is only the base salary and not the full payment to these employees each year.  In other
   words, the information regarding total pay i.e. an itemization of other compensation is not included such
   as overtime, differentials, specialty pay, etc.

Finally, Ms. Dannenberg will confirm (through you) by Monday morning August 31, 2020 whether she will
provide to us annual snapshots from the period 2012 forward that include all employees not just "non-cease"
employees along with ID number, gender, race, job title (including ranks within SEMSS, i.e. Lieutenant,
Captain, Deputy Chief, and Division Chief) (hereinafter referred to as "Annual Snapshots of All Employees").

We will address all issues regarding the data requested regarding specialty units subsequent to the Court's
determination on the pending motion to compel such data.

Please forward this email to Ms. Dannenberg and please advise us in the immediate if anything we have summarized above is incorrect.

We will follow up when we receive confirmation from you Monday morning as to the Annual Snapshots of All Employees.

Thank you in advance.

Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911** || **Fax: 212 614-2532**
85 Broad Street, 28th Floor | NY, NY 10004
*"please note new address"*
www.kurlandgroup.com

---

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

## Yetta G. Kurland

| | |
|---|---|
| **From:** | Canfield, Donna (Law) <dcanfiel@law.nyc.gov> on behalf of Canfield, Donna (Law) |
| **Sent:** | Monday, August 31, 2020 6:55 PM |
| **To:** | 'Yetta G. Kurland' |
| **Cc:** | Erica T. Healey-Kagan |
| **Subject:** | RE: Local 3621 et al v. City of New York et al - Follow up on call with DCAS |

See what's written in blue.

I don't think they know exactly how long at this point.

**From:** Yetta G. Kurland [mailto:kurland@kurlandgroup.com]
**Sent:** Monday, August 31, 2020 5:45 PM
**To:** Canfield, Donna (Law)
**Cc:** Erica T. Healey-Kagan
**Subject:** Re: Local 3621 et al v. City of New York et al - Follow up on call with DCAS

Thank you Donna. I did not see the email below. When you say "some time" when do you estimate this being produced?

On Mon, Aug 31, 2020 at 5:27 PM Canfield, Donna (Law) <dcanfiel@law.nyc.gov> wrote:

Yetta,


Please see my responses below. I've checked with DCAS, and they are able to produce the snap shots you requested, but advised that they would have to manually double-check who has ceased employment, and that effort will take some time.



**From:** Yetta G. Kurland [mailto:kurland@kurlandgroup.com]
**Sent:** Friday, August 28, 2020 1:51 PM
**To:** Canfield, Donna (Law)
**Cc:** Erica T. Healey-Kagan
**Subject:** Local 3621 et al v. City of New York et al - Follow up on call with DCAS


Donna,


While reserving Plaintiffs' rights, we write as follow up to our phone call today at 12pm with yourself and Barbara Dannenberg. You advised us that you did not request information necessary for our expert witness from any agency other than DCAS and you did not request from DCA information requested in Dr. Wiesen's

letter from numbers 9 through 13. You further advised us that you would not turn over in a usable excel spreadsheet the following information:

1. Separation dates for employees; Incorrect. Notwithstanding the lack of relevance, DCAS advised that this could be provided in a separate spreadsheet.

2. "Appointment dates" (start dates for Captain, Deputy Chief, and Division Chief) This information is in the EMS promotional materials, previously produced.

3. Names of employees eligible for promotion to Captain, Deputy Chief, and Division Chief This information is not kept in the normal course of business.

4. Names of employees found ineligible to apply for promotion to Captain, Deputy Chief, and Division Chief with reasons for ineligibility; This information is in the EMS promotional materials, previously produced.

5. Annual performance evaluation ratings for all employees with period of time considered; This information is in the EMS promotional materials, previously produced.

6. Total salary with breakdown of payment (i.e. overtime and specialty assignment pay, etc.) DCAS does not maintain this information.

7. Dates of any EEO charges and BITS charges against all employees This information is in the EMS promotional materials, previously produced.

Furthermore, Ms. Dannenberg confirmed the following:

1. DCAS does not maintain information regarding "appointment dates" for the position of Captain, Deputy Chief, or Division Chief; Incorrect. In addition, this information is in the EMS promotional materials, previously produced.

2. DCAS does not maintain "promotional paperwork" and that she used payroll designations to provide this information; Correct. This information is contained in the collective bargaining agreements.

3. Ms. Dannenberg does not know why there is no designation different between Deputy Chief and Division Chief (the 5305E designation) and that the database provided does not differentiate the titles of Deputy Chief and Division Chief; This information is in the EMS promotional materials, previously produced.

4. The data provided is not a complete list of employees who worked during the period of 2012-2019. Instead the database only contains employees who worked continuously without interruption through this period continuously ("non cease employees"). This means that any employee who worked for a portion of this 7-year period is not included in this data; Correct

5. Sal_Base_Rate is only the base salary and not the full payment to these employees each year. In other words, the information regarding total pay i.e. an itemization of other compensation is not included such as overtime, differentials, specialty pay, etc. Correct.

Finally, Ms. Dannenberg will confirm (through you) by Monday morning August 31, 2020 whether she will provide to us annual snapshots from the period 2012 forward that include all employees not just "non-cease"

employees along with ID number, gender, race, job title (including ranks within SEMSS, i.e. Lieutenant, Captain, Deputy Chief, and Division Chief) (hereinafter referred to as "Annual Snapshots of All Employees").

We will address all issues regarding the data requested regarding specialty units subsequent to the Court's determination on the pending motion to compel such data.

Please forward this email to Ms. Dannenberg and please advise us in the immediate if anything we have summarized above is incorrect.

We will follow up when we receive confirmation from you Monday morning as to the Annual Snapshots of All Employees.

Thank you in advance.

Yetta G. Kurland, Esq.

Senior Partner
The Kurland Group

**Tel: 212 253-6911** || **Fax: 212 614-2532**

85 Broad Street, 28th Floor | NY, NY 10004

*please note new address*

www.kurlandgroup.com

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

## Yetta G. Kurland

| | |
|---|---|
| **From:** | Yetta G. Kurland <kurland@kurlandgroup.com> on behalf of Yetta G. Kurland |
| **Sent:** | Thursday, September 3, 2020 5:35 PM |
| **To:** | Canfield, Donna (Law) |
| **Subject:** | Meet and confer regarding Rule 37 motion for sanctions |

Dear Ms. Canfield,

I write pursuant to Judge Liman's Rules.  As you know Plaintiffs have been engaged for some time in an attempt to help Defendants cure their breach of the Court's June 30, 2020 deadline to produce certification discovery so as to give Defendants the benefit of the doubt but not prejudice Plaintiffs.  We have been unsuccessful.

As depositions will be resuming on September 8, 2020 and it seems certification discovery will still not be completed by this date such that we will not have documents to examine witnesses with, and it seems likely most of Defendants discovery obligations for certification will not be completed by September 30, 2020, we intend to bring a motion for sanctions against Defendants pursuant to Rule 37 to compel production and for other relief.

We will attempt one last time to set reasonable dates for curing Defendnts' breach of its certification discovery obligations with you in our meet and confer scheduled with you tomorrow at 9:00am after which, if Defendants still refuse to cure their default of the Court's order we have no choice but to file a motion with the Court for sanctions.

Best,
Yetta Kurland

**Yetta G. Kurland**

| | |
|---|---|
| **From:** | Canfield, Donna (Law) <dcanfiel@law.nyc.gov> on behalf of Canfield, Donna (Law) |
| **Sent:** | Friday, September 4, 2020 9:35 AM |
| **To:** | 'Yetta G. Kurland' |
| **Subject:** | RE: Meet and confer regarding Rule 37 motion for sanctions |

Please send me a list of all purportedly outstanding document requests.

**From:** Yetta G. Kurland [mailto:kurland@kurlandgroup.com]
**Sent:** Thursday, September 03, 2020 5:35 PM
**To:** Canfield, Donna (Law)
**Subject:** Meet and confer regarding Rule 37 motion for sanctions

Dear Ms. Canfield,

I write pursuant to Judge Liman's Rules. As you know Plaintiffs have been engaged for some time in an attempt to help Defendants cure their breach of the Court's June 30, 2020 deadline to produce certification discovery so as to give Defendants the benefit of the doubt but not prejudice Plaintiffs. We have been unsuccessful.

As depositions will be resuming on September 8, 2020 and it seems certification discovery will still not be completed by this date such that we will not have documents to examine witnesses with, and it seems likely most of Defendants discovery obligations for certification will not be completed by September 30, 2020, we intend to bring a motion for sanctions against Defendants pursuant to Rule 37 to compel production and for other relief.

We will attempt one last time to set reasonable dates for curing Defendnts' breach of its certification discovery obligations with you in our meet and confer scheduled with you tomorrow at 9:00am after which, if Defendants still refuse to cure their default of the Court's order we have no choice but to file a motion with the Court for sanctions.

Best,
Yetta Kurland

## Yetta G. Kurland

| | |
|---|---|
| **From:** | Yetta G. Kurland <kurland@kurlandgroup.com> on behalf of Yetta G. Kurland |
| **Sent:** | Friday, September 4, 2020 11:50 AM |
| **To:** | Canfield, Donna (Law) |
| **Subject:** | Re: Meet and confer regarding Rule 37 motion for sanctions |

Donna,

Respectfully, the below only further exemplifies why the back and forth between us will not resolve this.

It is again not believable that you did not know that the data our expert requested to do an analysis on the putative class would not include the entire putative class. It simply makes no sense. In fact, you would have to go out of your way to exclude individuals and designate the search as "non-cease" as I learned is code for the City for employees who continuously worked from 2012 to present. The fact that we only recently discovered you had excluded a large portion of the putative class and their comparators is because in March when we told you information was missing from your data production you insisted that all information was produced and represented this to the Court. You then ignored at least two Court orders to set up a call with DCAS to review with the person who prepared the data what had been turned over so that you could either point out where the data was or cure deficiencies. That is why we are only now discovering that you withheld certain information, as you are well aware.

You are also aware that the production does not "need" to be a snapshot as opposed to the time series you provided in your partial production. We offered that you cure the deficiency with snapshots because that takes less time to do and is easier for your data people, but we also advised you could turn it over in either format. Your person chose snapshots. As you can see, even our efforts to try to help you comply with your obligations by offering an easier production are misused to blame us for your failure to turn information over. You then claim it is our delay not yours despite the fact that we have been continuously making this demand since 2018, and that we advised you in March when you turned the information over that this information was missing.

And while you have agreed to cure some of the defects with the data production, there is a lot you have still not agreed to turn over. Further with regards to the defects you are agreeing to cure you will not give us a date certain by which this information will be produced making it possible and even probable that we will not get it in time for our certification motion.

At this point we need the Court to determine what to do given that this information should have been provided by June 30, 2020 and that it seems unlikely it will be produced any time soon.

On Fri, Sep 4, 2020 at 10:32 AM Canfield, Donna (Law) <dcanfiel@law.nyc.gov> wrote:

Yetta,

As I indicated during our call and in a previous email, please articulate in writing what you need for class certification. I will not endeavor to guess.

I did not call you names or scream at you. I did, however, express frustration and exhaustion with your failure to identify what you needed with any specificity, that fact Plaintiffs refuse to move this case forward, as well as Plaintiffs' repeated accusations that Defendants are at fault. Now, again, please identify what you believe is outstanding other than ESI and the snapshot spreadsheet of those currently and formerly employed in the EMS Bureau. In terms of the snap shot spreadsheet, as previously noted, Defendants provided Plaintiffs with demographic EMS employee information in March of this year. It was only within the last week that Plaintiffs raised the issue with Defendants that they wanted a "snap shot" and not a "transactional history" of EMS employees, and that this should also include former employees. The fact that Plaintiffs modified what they wanted and needed makes this a new discovery request, so in that regard, the spreadsheet is not outstanding. Moreover, Defendants have already informed Plaintiffs that they are working on the request, but that because it would involve some manual review (and not simply a push of the button) we would need some time for its production.

Finally, ESI production was never contemplated by the parties in the original case management plan, nor in Plaintiffs' letter to the Court requesting an extension of discovery. Defendants are making good faith efforts to review and produce the documents, and Plaintiffs repeated engagement in motion practice only takes time away from that process.

In closing, please provide a list of all documents Plaintiffs believe remain outstanding for purposes of class certification.

**From:** Yetta G. Kurland [mailto:kurland@kurlandgroup.com]
**Sent:** Friday, September 04, 2020 10:06 AM
**To:** Canfield, Donna (Law)
**Subject:** Re: Meet and confer regarding Rule 37 motion for sanctions

Donna,

I hope we can avoid the name calling. I am not playing games. I just need the discovery that was due June 30, 2020. It is not believable that you are simply unaware of the dozen or so orders from the Court regarding Defendants outstanding discovery.

Today when I attempted to help get to a place where you could produce discovery to us you started calling me names and telling me this was all my fault and that I was acting like a first year law student. You hung up on me and you screamed at me. You also made clear when I started providing examples of outstanding discovery, that you have no intention of providing the information. In other words, you aren't keeping track of what is due because you do not intend to produce what is due. You then engage in ad hominem and personal attacks to shift the focus off of this.

You have violated the Court's order and I have spent more than two months trying to get you to cure this breach.  I will be submitting a Rule 37 motion to compel you to turn this information over by September 8, 2020 or as soon thereafter as the Court directs.

Best,

Yetta Kurland

On Fri, Sep 4, 2020 at 9:48 AM Canfield, Donna (Law) <dcanfiel@law.nyc.gov> wrote:

Rather than playing games, please articulate in writing what you need for your class certification motion, and I will endeavor to produce asap.

**From:** Yetta G. Kurland [mailto:kurland@kurlandgroup.com]
**Sent:** Friday, September 04, 2020 9:47 AM
**To:** Canfield, Donna (Law)
**Subject:** Re: Meet and confer regarding Rule 37 motion for sanctions

Donna,

As I stated today, I am concerned that your office is not keeping track of its outstanding discovery obligations in this matter, other than the ESI.

I would refer you to the docket in this matter to start with, and the Court's numerous orders directing various production obligations for Defendants.  You can also review our numerous deficiency letters served on you.

Best,

Yetta

On Fri, Sep 4, 2020 at 9:34 AM Canfield, Donna (Law) <dcanfiel@law.nyc.gov> wrote:

Please send me a list of all purportedly outstanding document requests.


**From:** Yetta G. Kurland [mailto:kurland@kurlandgroup.com]
**Sent:** Thursday, September 03, 2020 5:35 PM
**To:** Canfield, Donna (Law)
**Subject:** Meet and confer regarding Rule 37 motion for sanctions


Dear Ms. Canfield,


I write pursuant to Judge Liman's Rules.  As you know Plaintiffs have been engaged for some time in an attempt to help Defendants cure their breach of the Court's June 30, 2020 deadline to produce certification discovery so as to give Defendants the benefit of the doubt but not prejudice Plaintiffs.  We have been unsuccessful.


As depositions will be resuming on September 8, 2020 and it seems certification discovery will still not be completed by this date such that we will not have documents to examine witnesses with, and it seems likely most of Defendants discovery obligations for certification will not be completed by September 30, 2020, we intend to bring a motion for sanctions against Defendants pursuant to Rule 37 to compel production and for other relief.


We will attempt one last time to set reasonable dates for curing Defendnts' breach of its certification discovery obligations with you in our meet and confer scheduled with you tomorrow at 9:00am after which, if Defendants still refuse to cure their default of the Court's order we have no choice but to file a motion with the Court for sanctions.


Best,

Yetta Kurland

## Yetta G. Kurland

| | |
|---|---|
| **From:** | DiSenso, Anthony (Law) <adisenso@law.nyc.gov> on behalf of DiSenso, Anthony (Law) |
| **Sent:** | Tuesday, August 11, 2020 10:18 AM |
| **To:** | 'Cave NYSD Chambers'; Yetta G. Kurland |
| **Cc:** | Erica T. Healey-Kagan; Canfield, Donna (Law) |
| **Subject:** | RE: Local 3621 et al v. City of New York et al, 18-CV-04476 |

Your Honor,

I write briefly to respond to plaintiffs' correspondence with the Court on Friday.

Defendants concur that the parties have made significant progress in reducing the size of the overall review population. That progress has primarily occurred through further search term narrowing over the last week. Prior to that, reducing the population by 3 custodians and excluding domains only had a marginal effect on the population, reducing it from approximately 1.4 million to approximately 1.29 million. With that being said, defendants disagree with plaintiffs' assessment of the progress made. The 370,000 number identified by Ms. Kurland refers to the number of documents with hits, but does not include family members which also need to be reviewed in some fashion. The number with family members is approximately 600,000 documents.

Defendants have also analyzed the results of the latest hit report provided to plaintiffs and identified additional modification that could further reduce the population substantially. We are hopeful that the parties will be able to continue reducing down the review population early this week before re-processing the documents.

This office has discussed the issue of rolling productions with Ms. Kurland on more than one occasion over the last week and we have never proposed producing one custodian at a time. During those discussions, I explained to Ms. Kurland that plaintiffs' proposal of weekly productions would add significant additional complexity to the managed review process, potentially extending the time needed to complete the review. I nevertheless reiterated to Ms. Kurland in an email on Thursday that I was willing to continue to work with her to come up with a rolling production schedule that would be acceptable to both parties, but noted that I would be out of the office on Friday and further discussions would need to wait until this week.

Finally, with respect to committing to a September 30th completion date, having briefly consulted with Ms. Canfield, I can represent that it is defendants' position that the September 30th deadline that repeatedly is urged by plaintiffs' counsel was set for the parties' to complete depositions, and not for defendants' to complete their full production of all ESI. Moreover, I advised Ms. Kurland that we do not yet know how long the review would take because we have not settled on a final review population and a prevalence sample, which Ms. Canfield will need to complete, has not yet been reviewed.

Respectfully submitted,

**Anthony M. DiSenso**
Senior Counsel/E-Discovery Counsel
E-Discovery Group
New York City Law Department
100 Church Street
New York, New York 10007
Office:  (212) 356-2640
adisenso@law.nyc.gov