

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**DONNA A. CANFIELD**
*Assistant Corporation Counsel*
Phone: (212) 356-2461
Fax: (212) 356-2438
dcanfiel@law.nyc.gov

December 1, 2020

**BY: ECF**
Honorable James L. Cott
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: *Kaye v. NYC Health & Hospitals Corp. et al.*, 18-cv-12137 (JPC) (JLC)

Dear Judge Magistrate Judge Cott:

    As directed by Your Honor, I write to briefly respond to Plaintiff's letter motion for discovery. *See* Dkts. 118, 120-121.

    First, as acknowledged by Your Honor, Defendants confirmed the deposition of non-party witness Catherine Patsos in their November 11, 2020 letter to the Court. *See* Dkts. 108, 119. On November 24, 2020, Ms. Patsos appeared for her deposition and Plaintiff's counsel was afforded the seven hours allowed under the Federal Rules to question Ms. Patsos.

    Next, with respect to Plaintiff's application for a cease and desist order, Defendants are unaware of any investigation by the New York City Department of Investigation ("DOI"), as these investigations are strictly confidential. In fact, Defendants first learned that DOI had contacted Plaintiff only after Plaintiff's counsel copied Defendants in her response to their outreach. *See* Dkt. 120-1. From the email forwarded by Plaintiff's counsel, it appears that DOI contacted Plaintiff regarding correspondence Plaintiff submitted to the Office of the Inspector General for the New York State Unified Court System in January 2020, long after she commenced the current litigation. Defendants have no knowledge of the contents of this correspondence, and, other than Plaintiff's October 29, 2020 filing directed to Judge Cronan (*see* Dkt. 103), Defendants are unaware of any other correspondence or complaints generated by Plaintiff or her counsel.

- 2 -

That being said, Defendants dispute Plaintiff's claim that the parties have met and conferred regarding the production of DOI materials. After a review of Plaintiff's document requests and all correspondence between counsels, I can find no document or communication, other than the email mentioned above, where Plaintiff even seeks materials from DOI, much less request a meet and confer for their production. At this point, it is unclear how any purported DOI investigation is relevant to the claims and defenses in this litigation. And, arguably, materials related to any ongoing investigation by DOI would be protected from disclosure pursuant to the law enforcement privilege. In any event, without a further showing, Defendants object to the production of materials related to any DOI investigation involving Plaintiff and request that the Court deny Plaintiff's application.

Likewise, Defendants object to the production of records from the Board of Correction. Again, it is unclear how any purported complaints by Plaintiff, submitted long after she commenced the current litigation, pertain to the claims and defenses in this action. Consequently, unless Plaintiff can establish how these records are germane to this litigation, Defendants urge the Court to deny Plaintiff's application.

        Respectfully submitted,

        **ECF   /s/**

        Donna A. Canfield
        Assistant Corporation Counsel
        dcanfiel@law.nyc.gov

cc:   Special Hagan (by ECF)