THE LAW OFFICES OF

*Special | Hagan*

196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
FAX: (914) 462-4137

January 3, 2021

**VIA ECF**
Honorable James L. Cott,
United States Courthouse
500 Pearl Street
New York, New York 10007

          RE:    Kaye v. NYC Health & Hospitals Corp. et. al.
                  Index No.: 18-cv-12137(JPC)(JLC)

Dear Honorable Judge Cott:

      Plaintiff submits this letter motion to stay discovery and extension of the deadline until the resolution of Plaintiff's Rule 72 objection and the parties' fully briefed motion to compel**. (ECF. Dkts. 122, 123 and 124)**  The Court has virtually ignored Plaintiff's request that Defendants certify their production of discovery pursuant to Fed. R. Civ. P. 26(g).  Plaintiff first made this request on March 30, 2020, and has raised this request again because it is clear that Defendants have not made a full production of the custodians' emails.

      The Court prescribed the date range of 2015 to 2020 for Dr. Kaye, Dr. Ford and Ms. Yang, however Defendants did not comply with this directive.  Instead, they produced one email from Dr. Kaye from 2015.  They did not produce any emails from Dr. Ford and Ms. Yang from 2015 to 2017.  When queried about the lack of production, Counsel stated that they had produced all of the relevant emails for Ms. Yang.  Based on the allegations in the complaint, clearly there are relevant emails prior to 2018, Plaintiff has repeatedly raised these issues with both Defense Counsel and this Court, to no avail.

      As Your Honor is aware, discovery is set to close in this matter on January 15, 2021.  However, it would greatly prejudice Plaintiff, to allow depositions to proceed this week without certification from Defendants that their production is complete.   In the event that Defendants do certify their complete production of EDiscovery for all of the custodians, Plaintiff anticipates further motion practice, as enumerated in Fed. R. Civ. P. 26(g)(3).

      Instead, of addressing the deficiencies or seeking to engage in good faith discussions of the issues, Defense Counsel has engaged in deflection.  A motion for fraud on the Court contemplates the very issues in a Fed. R. Civ. 26(g)(3) motion, which seems very likely to be filed in the case herein. It does not however, contemplate an alleged misrepresentation about the production of a court reporter and deponent for a duly noticed and served deposition.

THE LAW OFFICES OF

Special | Hagan

196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
FAX: (914) 462-4137

Allegations of fraud on the Court, surely do not contemplate that: an attorney with over 16 years of experience; an ivy league law degree ;and a self-made practice, would seek to defraud this Court for $150.  Defense Counsel's allegations in her motion for reconsideration are patently false and absurd.  Unlike Plaintiff's discussion of Defense Counsel's conduct, the allegations in Defense Counsel's letter are malicious and petty.  Defense Counsel should not be allowed to distract the Court with these allegations to the detriment of Plaintiff's meritorious discovery disputes.  Accordingly, Plaintiff seeks this Court's intervention.

To be clear, Defense Counsel's allegations surrounding Plaintiff's conduct are preposterous and false.  As described in Plaintiff's December 30, 2020 letter motion, the reporter mistakenly believed that Counsel had failed to respond to the Zoom deposition invite.   The reporter and Plaintiff's Counsel attended the meeting under the mistaken premise that Counsel had not responded and may in fact appear.  It was in no one's interest to prepare for and sit in a deposition where it was clear that no one would appear.

As it stands, the parties have depositions scheduled for the 4th, 5th and 6th of this week. On December 30, 2020, Defense Counsel provided notification that Mr. Wangel would not be available for the full day of his duly scheduled deposition on January 4, 2021.   Defense Counsel has since tried to re-schedule his deposition for later in the week.  However, Plaintiff's Counsel and Plaintiff have other obligations during that week.  However, Plaintiff further posits that due to the unresolved discovery issues and objections in this matter, that a stay of discovery and an extension to March 1, 2021 are warranted.

Defendants should not be allowed to muscle through discovery without engaging in good faith transparent production.  Additionally, it should be noted that expert disclosures are due on March 15, 2021, as such the requested extension would not prejudice defendants or the Court. However, if depositions were to proceed without discovery Dr. Kaye would be greatly prejudiced. So far, Plaintiff has had to depose Ms. Yang and Ms. Patsos while Defendants withheld discovery until after their respective depositions. Plaintiff respectfully argues that she should not be at this disadvantage with the other deponents in this matter going forward.

Plaintiff makes the request herein on several grounds.   Pursuant to Fed. R. Civ. P. 26(g), Defendants have not certified the production of discovery for all of the named defendants from all of the servers that hosted emails for the prescribed date ranges. Secondly, Defendants have not provided the full salary information, corporate and functional titles for Barry Winkler or any of Plaintiff's other comparators, including but not limited to the FPECC Center Directors.  The Court ordered Defendants to provide this information on or by December 18th and Counsel provided a partial response.  When queried, Counsel said she would look into it and never responded.  Counsel also failed to address the issue in her submissions to the Court on December 30, 2020.

THE LAW OFFICES OF

*Special | Hagan*

196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
FAX: (914) 462-4137

Plaintiff maintains that she would suffer a manifest injustice if discovery were to proceed while these issues remain unresolved.   She has diligently and timely raised these disputes with the Court, but has repeatedly been ignored to her great prejudice, accordingly Counsel has filed a complaint.   There is no other explanation than bias as to why the Court has repeatedly enforced its orders in a one sided fashion to Plaintiff's detriment.

- **July 24, 2019:**  The Court ordered the parties to collaborate on an ESI protocol and to produce it to the Court for consideration.  When Defendants refused to collaborate, Plaintiff produced a Protocol on her own on November 19, 2019.  The Court ignored this effort and Defendants' failure to collaborate; this matter was then referred to Your Honor for resolution of discovery disputes.  **(ECF. 38, 50 and 51)**

- **December 4, 2019:**  Defendants were ordered to collaborate on search terms in their production of ESI.  Defense Counsel ignored this part of the order and produced what they deemed fit.  Plaintiff repeatedly pointed out this failure, and has been ridiculed or ignored by the Court.  **(ECF. Dkt. 55)**  To date, Plaintiff has had to conduct at least two depositions without certification that discovery has been produced in a reasonable manner and in good faith.

- **December 16, 2019:**  The Court determined that it did not understand the issues raised in Plaintiff's letter.  Plaintiff documented all of the discovery demands that Defendants failed to address in their responses. Plaintiff also documented that Defendants had failed to produce any discovery at that juncture.  Ultimately, the Court denied Plaintiff's request without prejudice. (ECF. Dkt. 59)

- **January 21, 2020:**  The Court denied Plaintiff's request for intervention regarding Defendants' failure to collaborate in the generation of search terms and ESI Production. (ECF. Dkt. 68)

- **January 29, 2020:**  The Court took under advisement Plaintiff's previous letter motions to compel responses to interrogatories and document requests.  At that time, the Court ordered Plaintiff to refrain from filing any further letters between the 29th and February 5, 2020.  Defendants were not issued any directive to that affect.  **(ECF. Dkt. 72)**

- **February 5, 2020:**  The Court denied Plaintiff's Motion to Compel discovery and ESI as premature.  **(ECF. Dkts. 74 and 75)**

- **April 7, 2020:** Plaintiff again filed a Motion for a Local 37.2 Conference for ESI and Sanctions.  Again the Court denied this request.  Instead it ordered the parties to

THE LAW OFFICES OF
Special | Hagan

196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
FAX: (914) 462-4137

discuss the production and validation process, Defendants did not engage in the meet and confer process.  **(ECF. Dkt. 86)**

- **May 4, 2020:**  The Magistrate sua sponte overruled a Rule 72 Objection to his order.  The Assigned District Court Judge ignored the Objection, again to Plaintiff's prejudice.  **(ECF. Dkt. 89)**

- **October 8, 2020:**  The Court denied Plaintiff's request for a Local Rule 37.2 conference.  **(ECF. Dkt. 99)**

- **November 9, 2020:**  When Defendants failed to respond to the Court's ordered briefing schedule for Plaintiff's Motion to Compel ESI again, the Court took Plaintiff's motion under advisement and provided Defendants with two additional days to respond sua sponte.  **(ECF. Dkt. 107)**

- **November 24, 2020:**  The Court again took Plaintiff's motion to compel discovery under advisement. **(ECF. Dkt. 122)**

- **December 9, 2020:**  The Court partially granted Plaintiff's motion for sanctions, ESI and discovery.

    a)  After repeatedly raising issues with ESI and discovery, the Court told Plaintiff that her requests were untimely;
    b)  Defendants were supposed to produce Dr. Katz for his duly noticed deposition on December 29, 2020, they instead filed a protective order without meeting and conferring beforehand.  In clear violation of Fed. R. Civ. 26(c )(1);
    c)  Defendants were supposed to provide Mr. Winkler's salary, title and promotional information on or before December 18, 2020, they have not complied;
    d)  The Court ignored Plaintiff's request that Defendants certify their production of all discovery and ESI, for all of the identified custodians and  for the date ranges specified by this Court pursuant to Fed. R. Civ. P. 26(g). Instead it held that Defendants only needed to certify production for Ms. Yang without addressing the production for the other custodians; and
    e)  Defendants were sanctioned for their failure to produce Catherine G. Patsos for her duly noticed deposition.  Instead of remitting the $150 reporter's fees, Defense Counsel has filed a specious motion for reconsideration on the false premise that Plaintiff's Counsel has engaged in fraud on the Court.

Based on the foregoing, Plaintiff respectfully moves to stay discovery  and to extend the fact discovery deadline until March 1, 2021.  Again, Plaintiff makes this request based on: her



THE LAW OFFICES OF

Special | Hagan

196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
FAX: (914) 462-4137

numerous requests for intervention, the pending Fed. R. Civ. 72 objection Plaintiff filed on December 3, 2020; the pending briefing of the matters addressed in Your Honor's Order on December 9, 2020; and an anticipated motion for sanctions pursuant to Fed. R. Civ. P.. 26(g)(3) **(ECF. Dkt. 121, 124 and 125)**   Dr. Kaye deserves the right to have this case litigated on the merits and to have access to the relevant discovery in this matter.  Proceeding with depositions with a woefully deficient production, or without certification of production for all the custodians and sources would unduly prejudice Plaintiff.   As such, Plaintiff once again seeks this Court's intervention.


Respectfully submitted,

/s/

Special Hagan, Esq.
Attorney for Plaintiff
Melissa Kaye, M.D.

c:      Donna Canfield, Esq.
        Counsel for Defendants