UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
MELISSA KAYE,                                                           :
                                                                        :
                        Plaintiff,                                      :
                                                                        :           18-CV-12137 (JPC) (JLC)
            -v-                                                         :
                                                                        :           ORDER
NEW YORK CITY HEALTH AND HOSPITALS                                      :
CORPORATION, et al.,                                                    :
                                                                        :
                        Defendants.                                     :
                                                                        :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

The Court is in receipt of "Plaintiff's Rule 72 Objections," dated December 23, 2020 (the "Objections"), seeking review of an Order entered by the Honorable James L. Cott on December 9, 2020 ("December 9, 2020 Order"). Dkt. 126. The December 9, 2020 Order granted in part and denied in part Plaintiff's latest motion to compel and for sanctions. The Court overrules Plaintiff's Objections because no part of the December 9, 2020 Order at issue is "clearly erroneous" or "contrary to the law." Fed. R. Civ. P. 72.

As a preliminary matter, Plaintiff's latest letter to this Court cites to her objection made on December 3, 2020. *See* Dkt. 131 at 1 ("I am writing to request the Court's intervention and resolution of Plaintiff's Objection made pursuant to Fed. R. Civ. P. 72, which was filed on December 3, 2020."). The objection made on December 3, however, was filed before any decision was issued by Judge Cott. As Judge Cott noted in the December 9, 2020 Order, "Such 'anticipatory' objections are not cognizable under the Federal Rules, and plaintiff cites no authority for such objections." Dkt. 125 at 7 n.4. This Court therefore reviews in this Order Plaintiff's Objection, which was filed on December 23, 2020, after the December 9, 2020 Order.

Plaintiff objects to the following dispositions in the December 9, 2020 Order: (1) denial of

Plaintiff's request for an order governing electronic discovery, Dkt. 126 at 12-13; (2) denial of Plaintiff's request to order production of Defendant Yang's emails, *id.* at 14; (3) denial of Plaintiff's request to order production of Dr. Katz's emails, *id.* at 14-15; (4) denial of Plaintiff's request that Defendants apply a larger time frame for their search of Andrea Swenson's emails, *id.* at 15-16; (5) denial of Plaintiff's request to compel production of Anansa Brayton's emails, *id.* at 16; (6) denial of Plaintiff's request for production of Ross MacDonald's emails, *id.* at 16-17; (7) denial of Plaintiff's request for production of the lists of salaries and forensic evaluators at the court clinic since 2015, *id.* at 16; (8) denial of Plaintiff's request for court intervention related to alleged ex parte communication and harassment by the New York City Department of Investigation ("DOI"), *id.* at 17-18; and (9) the Court's decision to quash the subpoenas proffered by Plaintiff as to the DOI and the New York City Board of Correction ("BOC"), *id.* at 18-19.

"A magistrate judge's findings may be considered 'clearly erroneous' where 'on the entire evidence, the [district court] is left with the definite and firm conviction that a mistake has been committed.'" *In re Comverse Tech., Inc. Derivative Litig.*, No 6 Civ. 1849 (NGG) (RER), 2006 WL 3511375, at *3 (E.D.N.Y. Dec. 5, 2006) (internal quotation marks omitted) (quoting *Easley v. Cromartie*, 532 U.S. 234, 243 (2001)). "This standard of review is 'highly deferential;' 'magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused.'" *Raymond v. City of New York*, No 15. Civ. 6885 (LTS) (SLC), 2020 WL 3619014, at *2 (S.D.N.Y. July 2, 2020) (quoting *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511-12 (S.D.N.Y. 2013)). After a review of Judge Cott's well-reasoned opinion, this Court finds that no part of the December 9, 2020 Order is "clearly erroneous" or "contrary to law." To the contrary, the December 9, 2020 Order was thoroughly researched and reasoned, properly analyzed the governing legal standards and applied that law to the facts and procedural history of this case, and was entirely appropriate in all

respects.

Lastly, Plaintiff argues that "the Court ignored Plaintiff's request that Defendant certify that all of the relevant emails have been produced from all of the servers that have hosted Dr. Kaye's emails." *Id.* at 14.  The December 9, 2020 Order, however, explicitly stated that "any remaining fact discovery disputes in advance of the January 15, 2021 [discovery deadline] may be presented . . . in a single letter-motion by December 30, 2020."  Dkt. 125 at 26.  Further, "[a]ny issues that arise in the last two weeks of fact discovery, *i.e.*, between December 30 and January 15, 2021, can be raised at a status conference to be held on January 19, 2021, at 11:00 a.m. by telephone."  *Id.* at 26-27.  Plaintiff may raise any unresolved discovery disputes with Judge Cott in the first instance in accordance with the procedures outlined in his December 9, 2020 Order.

Plaintiff's Objections are therefore OVERRULED.

SO ORDERED.

Dated: January 5, 2021
New York, New York

JOHN P. CRONAN
United States District Judge