UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

MELISSA KAYE,

                            Plaintiff ,

               - against -

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION; ELIZABETH FORD; PATRICIA
YANG; ABHISHEK JAIN; and JONATHAN
WANGEL (said names being fictitious, the persons
intended being those who aided and abetted the
unlawful conduct of the names Defendants),

                           Defendants.

-------------------------------------------------------------------------x

**DEFENDANTS' RESPONSES
AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND
REQUEST FOR
PRODUCTION OF
DOCUMENTS**

18 Civ. 12137 (JPO)(JLC)

          Pursuant to Rules 26, 34 and/or 33 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3 of the United States District Courts for the Southern and Eastern Districts of New York (Southern District Only), Defendants New York City Health and Hospitals Corporation ("H+H"), Elizabeth Ford ("Ford"), Patricia Yang ("Yang"), Abhishek Jain ("Jain"), and Jonathan Wangel ("Wangel") (collectively "Defendants") respond and object to Plaintiff's First Set of Interrogatories and Request for Production of Documents as follows:

**GENERAL STATEMENT**

          1.      By responding to any request, Defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.      Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3.      With respect to the request for the production of documents, Defendants will provide, under separate cover, a privilege index, if appropriate.

## **INTERROGATORIES**

## **INTERROGATORY NO. 1**

In the event that you have denied any of the above Requests for Admissions, please set forth the following for each denial:

a)  State the facts on which you base your denial;

b)  Identify all the documents by date, name, and or subject matter that support your denial; and

c)  Identify each person that has information that supports your denial.

## **OBJECTION(S) AND RESPONSE TO INTERROGATORY NO. 1:**

Defendants object to this interrogatory on the grounds that it seeks information that is beyond the scope of Local Civil Rule 33.3.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek the identities of the individuals who possess relevant information to the claims and defenses in this matter, Defendants identify: Elizabeth Ford, Patricia Yang, Abhishek Jain, and Jonathan Wangel.

The individuals listed above are employees of H+H, and should be contacted only through the Office of the Corporation Counsel.   In addition, Defendants also refer to the documents produced by the parties, which may contain information responsive to this request.

**INTERROGATORY NO. 2:**

If you deny and or fail to admit any of the Requests for Admissions set forth above, please state the reasons for such a response, and the facts relied upon in denying and or failing to admit the same.

**OBJECTION(S) AND RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to this interrogatory on the grounds that it seeks information that is beyond the scope of Local Civil Rule 33.3.

**INTERROGATORY NO. 3:**

Identify all persons who may have knowledge of the facts concerning the allegations in the First Amended Complaint or in the Answer.   In response to this interrogatory, state the source(s) of their knowledge.

**OBJECTION(S) AND RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to this interrogatory on the grounds that it seeks information that is beyond the scope of Local Civil Rule 33.3.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek the identities of the individuals who possess relevant information to the claims and defenses in this matter, defendants identify: Elizabeth Ford, Patricia Yang, Abhishek Jain, and Jonathan Wangel.

**INTERROGATORY NO. 4:**

For the past six (6) years, identify all persons who worked or worked for H + H (hereafter "Employer") who have made complaints of employment discrimination or retaliation against Employer, its employees or officers.  In response, set forth in the allegations of each complaint in detail and describe in detail any action taken by Employer in response. "Complaints" shall mean: informal complaints, EEO Complaints, verbal complaints, written complaints, agency filings (i.e. EEOC, State Division of Human Rights, Commission on Human Rights, and or the City Commission on Human Rights), lawsuits and any other means by which employees have attempted to communicate concerning employment discrimination and or retaliation.

**OBJECTION(S) AND RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to this interrogatory on the grounds that it is overbroad with respect to time and scope, not relevant to the parties' claims and defenses, and to the extent it seeks information that is beyond the scope of Local Civil Rule 33.3.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek any substantiated complaints against Elizabeth Ford, Patricia Yang, Abhishek Jain, or Jonathan Wangel alleging whistleblower retaliation, or gender discrimination, or caregiver retaliation, or FMLA interference/retaliation, Defendants have no information responsive to this interrogatory.

**INTERROGATORY NO. 5:**

Set forth the event(s) which made Employer aware of the need to preserve documents and ESI, the date of such events, the persons who made the decision to preserve such document and ESI, the persons responsible for preserving documents and ESI, each specific

action undertaken to preserve documents and ESI (including without limitation, removing computers, from use by employees, imaging or copying media, stopping the routine overwriting, destruction or conversion into inaccessible discovery recovery media, retaining a forensic consultant, searching for files, searching for deleted files, advising employees of the need to preserve documents and/or electronically storied information). Provide the name(s) of each person advised of the need to preserve documents and ESI, the date of such notice, and the efforts undertaken by each individual to preserve documents and ESI.  Identify each attorney who had responsibility for the identification and preservation of documents and ESI, and state the efforts undertaken by each attorney to ensure their clients' compliance with preservation instructions.  Also set forth the location and custodian of all ESI that has been subject to preservation.

## OBJECTION(S) AND RESPONSE TO INTERROGATORY NO. 5:

Defendants object to this interrogatory on the grounds that it seeks information that is beyond the scope of Local Civil Rule 33.3 and on the grounds that it is not relevant to any party's claim or defense and proportional to the needs of the case.

## INTERROGATORY NO. 6:

Identify any and all individuals who participated in any investigations in response to complaints of discrimination, harassment, intimidation retaliation claims since 2013 at H + H and or the New York City Law Department, and describe the actions of each individual in detail.

**OBJECTION(S) AND RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to this interrogatory on the grounds that it is overbroad with respect to time and scope, not relevant to the parties' claims and defenses, and to the extent it seeks information that is beyond the scope of Local Civil Rule 33.3.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek information regarding Plaintiff's charge of discrimination at the Equal Employment Opportunity Commission, Defendants refer Plaintiff to documents bearing Bates stamp numbers D000737-D000767.

**INTERROGATORY NO. 7:**

Identify all individuals with knowledge of actions Employer claims it took to prevent and correct discrimination and or retaliation since 2013.

**OBJECTION(S) AND RESPONSE TO INTERROGATORY NO.7:**

Defendants object to this interrogatory on the grounds that it is overbroad with respect to time and scope, vague and ambiguous, not relevant to the parties' claims and defenses, and to the extent it seeks information that is beyond the scope of Local Civil Rule 33.3.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek information regarding H+H's EEO Policies, Defendants refer Plaintiff to documents bearing Bates stamp numbers D000698-D000736.

**INTERROGATORY NO. 8:**

Identify all individuals with knowledge of Plaintiff's alleged failure to take advantage of preventive or corrective opportunities, describe in detail exactly how Employer exercised reasonable care to prevent the harassment/discrimination/retaliation, including any training or documents distributed to employees.   Describe how Employer corrected any harassment, and specifically how Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Employer to avoid harm.

**OBJECTION(S) AND RESPONSE TO INTERROGATORY NO. 8:**

Defendants object to this interrogatory on the grounds that it is confusing, vague, and ambiguous, overbroad with respect to time and scope, not relevant to the parties' claims and defenses, and to the extent it seeks information that is beyond the scope of Local Civil Rule 33.3.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek information regarding H+H's EEO Policies, Defendants refer Plaintiff to documents bearing Bates stamp numbers D000698-D000736.

**INTERROGATORY NO. 9:**

Identify each individual with knowledge of Plaintiff's:   complaints of discrimination; retaliation; denial of FMLA; denial of reasonable accommodation; and her complaints about the 730 Mobile Team and misuse of medical release forms.  Include their position(s) and describe fully and in detail what steps each took to address Plaintiff's complaints.

**OBJECTION(S) AND RESPONSE TO INTERROGATORY NO. 9:**

Defendants object to this interrogatory on the grounds that the premise of this interrogatory is based on facts not admitted or established, and to the extent it seeks information that is beyond the scope of Local Civil Rule 33.3.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek the identities of the individuals who possess relevant information to the claims and defenses in this matter, defendants identify: Elizabeth Ford, Patricia Yang, Abhishek Jain, and Jonathan Wangel.

**INTERROGATORY NO. 10:**

Identify each individual with knowledge of the reason(s) for Plaintiff's preliminary disciplinary meeting on July 1, 2019. State specifically the reason(s) for the adverse employment actions, including without limitation any alleged performance deficiencies, and identify all persons who have knowledge of Plaintiff's performance.

**OBJECTION(S) AND RESPONSE TO INTERROGATORY NO. 10:**

Defendants object to this interrogatory on the grounds that the premise of the interrogatory is based on facts not admitted or established, and to the extent it seeks information that is beyond the scope of Local Civil Rule 33.3.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek the identity of individuals who may have information regarding the investigation conducted by the Office of Corporate Compliance regarding the allegation that, without consent, Plaintiff had audio-recorded patients while conducting 730 competency evaluations, Defendants refer Plaintiff to documents bearing Bates stamp numbers D000470-D000473.

**INTERROGATORY NO. 11:**

Identify the individual(s) with knowledge of the manner in which the ESI searches requested in Plaintiff's Request for Documents was conducted.  Including without limitation, a detailed explanation for what each person's role was, describe any software or hardware used in the search, explain how the initial search was conducted, and describe how many hits were obtained with respect to each ASCII string.  If the search method was refined explain precisely how it was refined and how many hits were obtained through each refined search. If Defendants are not in possession of any searchable ESI state, whether searchable ESI previously existed; if not why it no longer exists, the date or dates it ceased to exist; and what caused it to cease to exist.

**OBJECTION(S) AND RESPONSE TO INTERROGATORY NO. 11:**

Defendants object to this interrogatory on the grounds that it seeks information that is beyond the scope of Local Civil Rule 33.3 and on the grounds that it is not relevant to any party's claim or defense, or proportional to the needs of the case.

**INTERROGATORY NO. 12:**

Describe in detail the manner in which Employer searched for the ESI demanded in Plaintiff's Document Requests, including without limitation: the identification of the persons who conducted the searches; explain the role of each person; describe any software or hardware used in the search; explain how the initial search was conducted; describe how many hits were obtained with respect to each ASCII string; and if the search method was refined explain precisely how it was refined and how many hits were obtained through each refined search. If Defendants are not in possession of any searchable ESI state: whether searchable ESI previously

existed; if not why it no longer exists; the date it ceased to exist; and what caused it to cease to exist.

**OBJECTION(S) AND RESPONSE TO INTERROGATORY NO. 12:**

Defendants object to this interrogatory on the grounds that it seeks information that is beyond the scope of Local Civil Rule 33.3 and on the grounds that it is not relevant to any party's claim or defense, or proportional to the needs of the case.

**INTERROGATORY NO. 13:**

If no ESI was found, state whether searches for ESI were conducted, and if not explain why no searches were conducted (e.g., no backup tapes exist). If searches were conducted but no responsive ESI is being produced, state whether responsive materials may have been or were deleted, if so when and by whom.

**OBJECTION(S) AND RESPONSE TO INTERROGATORY NO. 13:**

Defendants object to this interrogatory on the grounds that it seeks information that is beyond the scope of Local Civil Rule 33.3 and on the grounds that it is not relevant to any party's claim or defense, or proportional to the needs of the case.

## DOCUMENT REQUESTS

## DOCUMENT REQUEST NO. 1:

Identify and produce all documents concerning the knowledge of the individuals identified in response to Plaintiff's Interrogatory No. 3.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, the request is not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek documents generated by and between Elizabeth Ford, Patricia Yang, Abhishek Jain, and Jonathan Wangel concerning the allegations raised in Plaintiff's First Amended Complaint, within 30 thirty days of this response and following an ESI search, Defendants will produce documents pursuant to a so-ordered protective order.

## DOCUMENT REQUEST NO. 2:

Identify and produce all documents concerning such complaints identified in response to Plaintiff's Interrogatory No. 4. Such production should include the Employer's response (if any), specifically but not limited to: internal EEO investigatory files; memoranda from the EEO Office to the Commissioner or HR staff; and responses/position statements (to internal and external agencies).

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

        Defendants object to this request on the grounds that it is overbroad with respect to time and scope, assumes facts not admitted or established, and to the extent the request is not relevant to the parties' claims and defenses.

        Notwithstanding and without waiving any of these or any other applicable privileges and objections Defendants have no documents responsive to this request.

**DOCUMENT REQUEST NO. 3:**

        Produce all litigation holds that went into effect in this case for all forms of information including ESI, digital information, paper documents, computer information, e-mails and word processing documents.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

        Defendants object to this request on the grounds that it is not relevant to the parties' claims and defenses.

**DOCUMENT REQUEST NO. 4:**

        Produce all documents concerning any investigation made by Employer in response to the occurrence in Interrogatory 4 and identify the author(s) of each such document. Defendants' response should include but not be limited to any notes, summaries, reports, or memoranda pertaining to EEO investigations authored by the EEO Officer and or his/her proxies/staff, HR staff, Labor Relations or administrative agency or operational staff.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, assumes facts not admitted or established, and the request is not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable privileges and objections Defendants have no documents responsive to this request.

**DOCUMENT REQUEST NO. 5:**

Produce all documents in relation to any disciplinary charges filed against Plaintiff since she has been employed at HRA. Such production shall include any notes, summaries, reports or memoranda.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, assumes facts not admitted or established, and not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek the written findings regarding the investigation conducted by the Office of Corporate Compliance regarding the allegation that, without consent, Plaintiff had audio-recorded patients while conducting 730 competency evaluations, Defendants refer Plaintiff to documents bearing Bates stamp numbers D000470-D000473.

**DOCUMENT REQUEST NO. 6:**

Produce all documents concerning Employer's policies on Corporate Compliance, discrimination, harassment and or retaliation.  Also produce Plaintiff's utilization of such policy(ies) (or alleged failure to use such policy(ies)), all documents concerning Plaintiff's awareness of the policy and all documents concerning any training provided by Employer to its employees since 2013, including any proof Plaintiff received a copy of such written policy(ies) or such training(s).  Identify the author of each such document.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, and not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek information regarding H+H's EEO Policies, Defendants refer Plaintiff to documents bearing Bates stamp numbers D000698-D000736.

**DOCUMENT REQUEST NO. 7:**

Produce all policies regarding 730 Examinations since 2013.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, and not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek Policy # INT 50 regarding Unauthorized Recordings, Defendants refer Plaintiff to documents bearing Bates stamp numbers D000474-D000475.

**DOCUMENT REQUEST NO. 8:**

Produce any and all CHS policies authored between 2013 to present.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, and not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek information regarding H+H's EEO, as well as other applicable personnel rules and regulations, Defendants refer Plaintiff to documents bearing Bates stamp numbers D000476-D000736.

**DOCUMENT REQUEST NO. 9:**

Produce any documents that show that the Directors of the Court Clinics in Queens, Brooklyn and Manhattan have received and signed the CHS Confidentiality Statement that was given to Plaintiff on July 1, 2019.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendants object to this request on the grounds that it is vague and ambiguous, and to the extent it is not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek Policy # INT 50 regarding Unauthorized Recordings, Defendants refer Plaintiff to documents bearing Bates stamp numbers D000474-D000475.

**DOCUMENT REQUEST NO. 10:**

Produce all documents, e-mails and or memoranda that refer, relate or reflect Defendants' efforts to prevent retaliation, or harassment against Plaintiff.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendants object to this request on the grounds that it is overbroad with respect to time, and to the extent the request is not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek information regarding H+H's EEO Policies, Defendants refer Plaintiff to documents bearing Bates stamp numbers D000698-D000736.

**DOCUMENT REQUEST NO. 11:**

Produce any and all documents and ESI concerning the reasons for the meeting convened by FORD on or about July 1, 2019.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendants object to this request on the grounds that it is overbroad with respect to scope and assumes facts not admitted or established.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek documents regarding the investigation conducted by the Office of Corporate Compliance regarding the allegation that, without consent, Plaintiff had audio-recorded patients while conducting 730 competency evaluations and any documents related to the Office of Corporate Compliance's investigation and findings, Defendants refer Plaintiff to document bearing Bates stamp numbers D000470-

D000473. Within 30 thirty days of this response and following an ESI search, Defendants will

supplement this request pursuant to a so-ordered protective order.


**DOCUMENT REQUEST NO. 12:**

Produce any ESI that contains Plaintiff's name from 2013 to present received or sent by:

(a) Patricia (Patsy) Yang

(b) Elizabeth Ford

(c) Jonathan Wangel

(d) Abhishek Jain

(e) Ross MacDonald

(f) Andrea Swenson

(g) Clarence Muir

(h) Anansa Brayton

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendants object to this request on the grounds that it is overbroad with respect

to time and scope, the request is not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable

privileges and objections, and construing this request to seek documents concerning the

allegations raised in Plaintiff's First Amended Complaint generated by and between Elizabeth

Ford for the time period January 1, 2015 to present; Patricia Yang, for the time period January 1,

2015 to present; Abhishek Jain, for the time period April 2018 to present;  Jonathan Wangel, for

the time period January 2018 to present; Ross MacDonald, for the time period January 1, 2015 to

present; Melissa Kaye, for the time period January 1, 2015 to present; and Andrea Swenson, for

the time period January 1, 2019 to present, within 30 thirty days of this response and following

an ESI search, Defendants will produce documents pursuant to a so-ordered protective order.

## DOCUMENT REQUEST NO. 13:

Produce any ESI received or sent by any and all supervisors, managers, and
employees in human resources and labor relations, from 2013 to present, who might have
received complaints about the individually named Defendants or who would have been involved
in any investigation(s).  Include attorneys where their work was pre-EEOC or administrative
filings.  Please also include any work that is not protected by the attorney client privilege that
was generated in response to Defendants' answer.  If Defendants claim that any productions are
protected by privilege, Defendants are requested to produce a Privilege Log which lists each
document and explains why it is protected.  Furthermore, any responsive productions should
include all of the following discrete ASCII strings. Do not search a custodian's own name in his
or her own ESI (e.g. omit "SPECIFIC" and "EXAMPLE" when keyword searching "SPECIFIC"
and "EXAMPLE's" ESI).

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 13:

Defendants object to this interrogatory on the grounds that it is overbroad with
respect to time and scope, confusing, and not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable
privileges and objections, and construing this request to seek any substantiated complaints
against Elizabeth Ford, Patricia Yang, Abhishek Jain, or Jonathan Wangel alleging
whistleblower retaliation, or gender discrimination, or caregiver retaliation, or FMLA
interference/retaliation, Defendants have no documents responsive to this request.

## DOCUMENT REQUEST NO. 14:

Produce any and all deposition transcripts for any of the people named below who have either testified in or have been named as Defendants in discrimination lawsuits since 2013 to present:

(a) Patricia (Patsy) Yang

(b) Elizabeth Ford

(c) Abhishek Jain

(d) Jonathan Wangel

(e) Ross MacDonald.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 14:

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, seeks information not relevant to the parties' claims or defenses, and to the extent the premise of this request is based on facts not admitted or established.

Notwithstanding and without waiving any of these or any other applicable privileges and defendants, and construing this request to seek information related to any other litigation involving the above-reference individuals, defendants state the following:

Patricia Yang

- *Nealy v. Department of Health & Mental Hygiene*, 16 CV 02317 (EDNY)

- *Adams-Flores v. City of New York, et al.* 18 CV 12150 (SDNY)

Ross MacDonald

- *Adams-Flores v. City of New York, et al.* 18 CV 12150 (SDNY)

**DOCUMENT REQUEST NO. 15:**

Identify and produce all personnel and disciplinary records, including without limitation: applications for employment; documents concerning performance and discipline (including supporting or related documents); attendance records; criminal records (if any); documents concerning leaves of absence, termination; training; as well as all documents concerning compensation, including Plaintiff's payroll records.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, and to the extent the request is confusing, vague, and ambiguous.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek Plaintiff's employment file, Defendants refer Plaintiffs to documents bearing Bates stamp numbers, D000001-D000161.

**DOCUMENT REQUEST NO. 16:**

Produce any and all Citywide Equal Employment Opportunity Database System Reports (CEEDS) for H + H/HHC from 2010 to 2018.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, and to the extent it seeks information not relevant to the parties' claims and defenses.

**DOCUMENT REQUEST NO. 17:**

Produce any and all EEO Quarterly Reports submitted by H +H/HHC to the Department of Citywide Administrative Services (DCAS) from 2014 to present.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

    Defendants object to this request on the grounds that it is overbroad with respect to time and scope, and to the extent it seeks information not relevant to the parties' claims and defenses.

**DOCUMENT REQUEST NO. 18:**

    Produce any and all H + H/HHC EEO-1, EEO-4 Reports and audit findings.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

    Defendants object to this request on the grounds that it is overbroad with respect to time and scope, and to the extent it seeks information not relevant to the parties' claims and defenses.

**DOCUMENT REQUEST NO. 19:**

    Produce any and all H + H/HHC Affirmative Action Plans since 2010.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

    Defendants object to this request on the grounds that it is overbroad with respect to time and scope and to the extent it seeks information not relevant to the parties' claims and defenses.

**DOCUMENT REQUEST NO. 20:**

    Produce any and all corrective action plans from the United States Department of Labor for H + H/HHC since 2010.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, and to the extent it seeks information not relevant to the parties' claims and defenses.

**DOCUMENT REQUEST NO. 21:**

Produce any and all Equal Employment Practices Commissions (EEPC) Audits written from 2014 to present for H + H/HHC.  Defendants' production should also include any Corrective Action Plans issued to H+H/HHC and reports pertaining to the corrective action plans.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, and to the extent it seeks information not relevant to the parties' claims and defenses.

**DOCUMENT REQUEST NO. 22:**

Identify and produce all documents concerning Employer's awareness that Defendants engaged in discriminatory speech based on gender, FMLA, care giver status and or disability.  The response to this request should include to the aforementioned effect, and should include without limitation any documents that reflect the allegations or Employer's awareness and Employer's response to such allegations or awareness.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendants object to this request on the grounds that it assumes facts not admitted or established.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek ESI concerning Plaintiff's allegations of gender, FMLA, caregiver, or disability discrimination, within 30 thirty days of this response and following an ESI search, Defendants will produce documents pursuant to a so-ordered protective order.

**DOCUMENT REQUEST NO. 23:**

Identify and produce documents reflecting or relating to any complaints or charges filed by Plaintiff against Employer with the Equal Employment Opportunity Commission ("EEOC"), State Division of Human Rights ("SDHR"), grievances, or other state or local agency, relating to allegations by Plaintiff of discrimination, harassment, or retaliation by Defendants.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendants object to this request on the grounds that it assumes facts not admitted or established.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek information regarding Plaintiff's charge of discrimination at the Equal Employment Opportunity Commission, Defendants refer Plaintiff to documents bearing Bates stamp numbers D000737-D000767.

**DOCUMENT REQUEST NO. 24:**

Identify and produce all recordings, transcripts, video or studio, which relate to: Plaintiff's Amended Complaint; EEOC Charge; State Division of Human Rights Charge; and

complaints to Patricia Yang, Elizabeth Ford, Abhishek Jain, Jonathan Wangel, Corporate Compliance, and or the Doctor's Council.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, seeks documents not relevant to the parties' claims and defenses in this matter, and assumes facts not admitted or established.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek information regarding Plaintiff's charge of discrimination at the Equal Employment Opportunity Commission, Defendants refer Plaintiff to documents bearing Bates stamp numbers D000737-D000767.

**DOCUMENT REQUEST NO. 25:**

Identify and produce all recordings, notes, investigatory findings, transcripts, video, audio, memoranda, and e-mails, which relate to the investigation of Plaintiff's complaints of discrimination and or retaliation to H + H/HHC's EEO Office and Corporate Compliance.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, assumes fact not admitted or established, and to the extent it seeks information not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek documents regarding the investigation conducted by the Office of Corporate Compliance regarding the allegation that, without consent, Plaintiff had audio-recorded patients while conducting 730 competency evaluations and any documents related to the Office of Corporate Compliance's investigation

and findings, Defendants refer Plaintiff to document bearing Bates stamp numbers D000470-D000473. Within 30 thirty days of this response and following an ESI search, Defendants will supplement this response pursuant to a so-ordered protective order.

**DOCUMENT REQUEST NO. 26:**

Identify and produce all documents, including but not limited to guidelines and training materials, relating to the manner in which investigations into allegations of discrimination, retaliation, incident reports and or grievances are made.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

Defendants object to this request on the grounds that it is overbroad with respect to time, and to the extent the request is not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek information regarding H+H's EEO Policies, Defendants refer Plaintiff to documents bearing Bates stamp numbers D000698-D000736.

**DOCUMENT REQUEST NO. 27:**

Identify and produce all documents gathered in connection with any investigation conducted with plaintiff's claims.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, and to the extent it seeks information not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek information regarding Plaintiff's charge of discrimination at the Equal Employment Opportunity Commission, Defendants refer Plaintiff to documents bearing Bates stamp numbers D000737-D000767.

**DOCUMENT REQUEST NO. 28:**

Identify and produce all documents concerning schematics showing the structure and functioning of Employer's computer systems, including user computers, and servers; Employer's email system, including Employer's email server; Employer's system for making tape or other backups of the above; and Employer's audio and video recording equipment, location of cameras, smartphones, servers, hard drives, and backup systems. This response should reflect which computers, audio and video recordings are backed up on which devices.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, and to the extent it seeks information not relevant to the parties' claims and defenses.

**DOCUMENT REQUEST NO. 29:**

Identify and produce all documents concerning Employer's document retention policy in effect from January 2013 to date, along with any and all changes to the policy.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, and to the extent it seeks information not relevant to the parties' claims and defenses.

**DOCUMENT REQUEST NO. 30:**

Identify and produce copies of any and all correspondence or any other documents including communications with third parties including but not limited to, any and all police departments and/or other government agencies including the Internal Revenue Service, medical licensing boards, public welfare agencies, courts (except the instant court with regard to this lawsuit), as well as hospitals and/or other health care providers, private persons, and businesses concerning Employer's efforts to obtain documents or information concerning Plaintiff. This is an ongoing request and responses must be supplemented as received from third parties.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, vague and ambiguous, and to the extent it seeks information not relevant to the parties' claims and defenses.

**DOCUMENT REQUEST NO. 31:**

Identify and produce all documents received in response to subpoenas in the instant case. Please note that all Subpoenas Duces Tecum should be served on counsel at least seven (7) days prior to service on third parties to provide Plaintiffs with a meaningful

opportunity to move to quash before such subpoenas are served upon third parties. Please also note that this is an ongoing request, which should continuously.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendants object to this request on the grounds that it assumes facts not admitted or established, and to the extent it seeks information not relevant to the parties' claims and defenses.

**DOCUMENT REQUEST NO. 32:**

Identify and produce any cell phones or cameras provided to Plaintiff and Defendants for their work related use by Employer, for inspection by Plaintiff's counsel at mutually convenient dates and times.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 32:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, and to the extent it seeks information not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek documents generated by and between Elizabeth Ford, Patricia Yang, Abhishek Jain, and Jonathan Wangel concerning the allegations raised in Plaintiff's First Amended Complaint, within 30 thirty days of this response and following an ESI search, Defendants will produce responsive documents pursuant to a so-ordered protective order.

**DOCUMENT REQUEST NO. 33:**

For any expert witness(es) or consultants retained, provide all documents, emails, or other communications that relate to, reflect or identify: (i) compensation for the expert's or consultant's study or testimony; (ii) facts or data that the party's attorney provided and that the expert/consultant considered in forming the opinions to be expressed; or (iii) assumptions that the party's attorney provided that the expert relied on in forming the opinions to be expressed.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 33:**

Defendants object to this request on the grounds that it is premature.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, Defendants state that it has not yet made a determination with respect to expert witnesses it intends to call at any trial of this action.  If and when Defendants decide upon those expert witnesses it intends to call at trial, Defendants will make such disclosures as required by Federal Civil Procedure Rule 26(a)(2) or by any orders issued by the Court in this action.

**DOCUMENT REQUEST NO. 34:**

For any expert witness retained who may testify at trial, to the extent not produced in response to other discovery requests, provide all documents reviewed by such expert(s) as well as all notes created by such expert.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 34:**

Defendants object to this request on the grounds that it is premature.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, Defendants state that it has not yet made a determination with respect to expert witnesses it intends to call at any trial of this action.  If and when Defendants decide

upon those expert witnesses it intends to call at trial, Defendants will make such disclosures as required by Federal Civil Procedure Rule 26(a)(2) or by any orders issued by the Court in this action.

## DOCUMENT REQUEST NO. 35:

With respect to Defendants' affirmative defense(s) produce all documents reflecting or relating to Defendants' good faith efforts to comply with the statutes underlying Plaintiff's claims.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 35:

Defendants object to this request on the grounds that it is vague and ambiguous.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek documents generated by and between Elizabeth Ford, Patricia Yang, Abhishek Jain, and Jonathan Wangel concerning the allegations raised in Plaintiff's First Amended Complaint, within 30 thirty days of this response and following an ESI search, Defendants will produce responsive documents pursuant to a so-ordered protective order.

## DOCUMENT REQUEST NO. 36:

To the extent not already provided, produce all documents identified in Defendants' Initial Disclosures.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 36:

Defendants object to this request on the grounds that it is duplicative of prior requests.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, Defendants refer Plaintiff to documents bearing Bates stamped numbers D000001-D000161, D000457-D000767.  Within 30 thirty days of this response and following an ESI search, Defendants will supplement this production pursuant to a so-ordered protective order.

**DOCUMENT REQUEST NO. 37:**

Produce any documents that relate to the statute of limitations concerning any and all of Plaintiff's claims.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 37:**

Defendants object to this request on the grounds that it is seeks information regarding a legal, rather than factual matter.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, Defendants refer Plaintiff to all documents produced in this action.

**DOCUMENT REQUEST NO. 38:**

If Defendants contend or may contend that Plaintiff failed to exhaust any administrative remedy, produce all documents that refer or relate to such alleged failure.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 38:**

Defendants object to this request on the grounds that it is seeks information regarding a legal, rather than factual matter.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, Defendants refer Plaintiff to all documents produced in this action.

**DOCUMENT REQUEST NO. 39:**

If Defendants assert as an affirmative defense that it exercised reasonable care to prevent and correct promptly any harassing discriminatory or retaliatory behavior, and that Plaintiff unreasonably failed to take advantage of any protective or corrective opportunities provided by the employer or to avoid harm otherwise, produce all documents that relate to or refer to such a defense.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 39:**

Defendants object to this request on the grounds that it is seeks information regarding a legal, rather than factual matter.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, Defendants refer Plaintiff to all documents produced in this action.

**DOCUMENT REQUEST NO. 40:**

List any lawsuits filed that either name the following Defendants and or employees (current or former) as Plaintiffs, witnesses, respondents and or defendants (such list should include the docket or index numbers and legal citations where applicable):

(a) Patricia (Patsy) Yang

(b) Ross MacDonald

(c) Elizabeth Ford

(d) Abhishek Jain

(e) Jonathan Wangel

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 40:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, seeks information not relevant to the parties' claims or defenses, and to the extent the premise of this request is based on facts not admitted or established.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek information related to any other litigation involving the above-reference individuals, defendants state the following:

Patricia Yang

- *Nealy v. Department of Health & Mental Hygiene*, 16 CV 02317 (EDNY)

- *Adams-Flores v. City of New York, et al.* 18 CV 12150 (SDNY)

Ross MacDonald

- *Adams-Flores v. City of New York, et al.* 18 CV 12150 (SDNY)


**DOCUMENT REQUEST NO. 41:**

Identify or produce the following information for each computer network in operation, which maintained the computers used by the custodians indicating the dates of use for each software and hardware identified

    a.  Brand and version number of the network, operating system in use, including the hardware server used for the email system and all word processing documents;

    b.  Quantity and configuration of the network servers and work stations used;

    c.  Identity of the persons responsible for the operation, maintenance, expansion and  upkeep of each network identified;

    d.  The brand name and version number of all applications and software residing on each network identified, including but not limited to electronic and internet applications, e-mail software manufacturer and each version;

    e.   The backup programs used to back up each user's email and the manner of backup for each network identified; and

    f.   The communications capability for terminal to mainframe emulation, data download and data upload capability to mainframe, and computer to computer connections via network for each network identified.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 41:

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, and to the extent it seeks information not relevant to the parties' claims and defenses.

## DOCUMENT REQUEST NO. 42:

Provide any and all documents relating to any EEO Complaints made against Plaintiff.  Such documentation should include: copies of the original EEO Complaint form as completed by the complainants or charging parties; interview notes of all persons contacted during the course of the investigation; any recordings of such interviews; and any memoranda pertaining to the complaint or findings.  If the complaints weren't written, notation should be made as to whether they were verbal, the date of the verbal complaint took place, and to whom they were made.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 42:

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, assumes facts not admitted or established, and to the extent it seeks information not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek documents relating to any EEO Complaints made against Plaintiff, within 30 thirty days of this response and following an ESI

search, Defendants will produce relevant documents, if any, pursuant to a so-ordered protective order.

**DOCUMENT REQUEST NO. 43:**

Provide any written internal H + H/HHC and Citywide EEO protocol as to how EEO investigations should be conducted. If neither exists please state accordingly.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 43:**

Defendants object to this request on the grounds that it is overbroad with respect to time, and to the extent the request is not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek information regarding H+H's EEO Policies, Defendants refer Plaintiff to documents bearing Bates stamp numbers D000698-D000736.

**DOCUMENT REQUEST NO. 44:**

Please produce complete copies of all documents signed by Melissa Kaye while employed at H + H/HHC.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 44:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, and to the extent it seeks information not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek information regarding Plaintiff's

charge of discrimination at the Equal Employment Opportunity Commission, Defendants refer Plaintiff to documents bearing Bates stamp numbers D000737-D000767.

**DOCUMENT REQUEST NO. 45:**

Please produce any and all performance evaluations of Plaintiff since the inception of her employment at H + H/HHC.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 45:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, and to the extent it seeks information not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek documents pertaining to Plaintiff's job responsibilities and performance, within thirty (30) days, Defendants will produce all responsive documents following an ESI search.

**DOCUMENT REQUEST NO. 46:**

Please produce all documents relating to Plaintiff in Defendants' possession without date limitation.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 46:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, and to the extent it seeks information not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek documents pertaining to Plaintiff's job responsibilities and performance, within thirty (30) days, Defendants will produce all responsive documents following an ESI search.

**DOCUMENT REQUEST NO. 47:**

Please produce all documents relating to Plaintiff's damages, including any documents supporting any contention that Plaintiff is not entitled to all or part of the damages claimed (this request relates specifically to damages, not to the merits of the underlying claims)..

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 47:**

Defendants object to this request on the grounds that it assumes facts not admitted or established, and to the extent it seeks information in the possession of Plaintiff.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek documents supporting Defendants' legitimate, non-discriminatory, non-retaliatory employment decisions, Defendants refer Plaintiff to all documents produced in this matter.

**DOCUMENT REQUEST NO. 48:**

Please produce all documents relating to or supporting your denial of any allegation stated in Plaintiff's Amended Complaint.  In Defendants' production, any and all documents relating to or supporting each Affirmative or General Defense asserted by you should also be produced.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 48:**

Defendants object to this request on the grounds that it is seeks information in the possession of Plaintiff.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek documents supporting Defendants' legitimate, non-discriminatory, non-retaliatory employment decisions, Defendants refer Plaintiff to all documents produced in this matter.

**DOCUMENT REQUEST NO. 49:**

Please produce all documents relating to the job descriptions for each position held by Plaintiff. Please be sure to include all documents that pertain to Plaintiff's office title as well as her civil service title.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 49:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, and to the extent it seeks information not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek documents pertaining to Plaintiff's job responsibilities and performance, within thirty (30) days, Defendants will produce all responsive documents following an ESI search.

**DOCUMENT REQUEST NO. 50:**

Please produce the names of any and all trainings given to the Medical Directors or Directors at the FPECC Court Clinics between 2013 to present.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 50:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, and to the extent it seeks information not relevant to the parties' claims and defenses.

**DOCUMENT REQUEST NO. 51:**

Please provide the salaries of all Medical Directors and or Directors of the Court Clinics from 2013 to present.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 51:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, and to the extent it seeks information not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek the current salaries of Directors of the Court Clinics, within thirty (30) days, Defendants will produce all responsive documents following an ESI search.

**DOCUMENT REQUEST NO. 52:**

Please produce copies of all documents prepared by or at the direction of, any employee of H + H/HHC relating to Plaintiff.  If Defendants' response includes documents

protected by any privileges applicable under the Federal Rules of Evidence or Local Rules, please identify each document and state the name of such privilege on a Privilege Log.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 52:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, and to the extent it seeks information not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek documents supporting Defendants' legitimate, non-discriminatory, non-retaliatory employment decisions, Defendants refer Plaintiff to all documents produced in this matter.


**DOCUMENT REQUEST NO. 53:**

Please produce copies of all correspondence between Plaintiff and H & H/HHC, or relating to Plaintiff, by or to any employee of H & H/HHC, or relating to Plaintiff by or to any outside person.  If Defendants' response includes documents protected by any privileges applicable under the Federal Rules of Evidence or Local Rules, please identify each document and state the name of such privilege on a Privilege Log.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 53:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, and to the extent it seeks information not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek documents generated by and

between Elizabeth Ford, Patricia Yang, Abhishek Jain, and Jonathan Wangel concerning the allegations raised in Plaintiff's First Amended Complaint, within 30 thirty days of this response and following an ESI search, Defendants will produce responsive documents pursuant to a so-ordered protective order.

**DOCUMENT REQUEST NO. 54:**

Please provide any disciplinary charges, warnings or memoranda made to H+H/HHC staff at the Court Clinics between 2013 to present.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 54:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, and to the extent it seeks information not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek documents regarding the investigation conducted by the Office of Corporate Compliance regarding the allegation that, without consent, Plaintiff had audio-recorded patients while conducting 730 competency evaluations and any documents related to the Office of Corporate Compliance's investigation and findings, Defendants refer Plaintiff to document bearing Bates stamp numbers D000470-D000473.  Within 30 thirty days of this response and following an ESI search, Defendants will supplement this response with pursuant to a so-ordered protective order.

**DOCUMENT REQUEST NO. 55:**

Please provide any pre-disciplinary, disciplinary charges, warnings or memoranda issued to Abhishek Jain since he has been employed at H+H/HHC.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 55:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, assumes facts not admitted or established, and to the extent it seeks information not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek documents regarding any disciplinary memoranda or warnings issued to Abhishek Jain while employed by H+H, within (30) thirty days of this response and following an ESI search, Defendants will also produce responsive documents, to the extent they exist, pursuant to a so-ordered protective order.

**DOCUMENT REQUEST NO. 56:**

Please provide any and all documentation that was written in response to any of the complaints requested in Document Request 54.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 56:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, assumes facts not admitted or established, and to the extent it seeks information not relevant to the parties' claims and defenses.

Notwithstanding and without waiving any of these or any other applicable privileges and objections, and construing this request to seek documents regarding the investigation conducted by the Office of Corporate Compliance regarding the allegation that,

without consent, Plaintiff had audio-recorded patients while conducting 730 competency evaluations and any documents related to the Office of Corporate Compliance's investigation and findings, Defendants refer Plaintiff to document bearing Bates stamp numbers D000470-D000473. Within 30 thirty days of this response and following an ESI search, Defendants will supplement this response pursuant to a so-ordered protective order.

**DOCUMENT REQUEST NO. 57:**

Please provide the names of all hires and separations from the FPECC Clinics from 2013 to present.  Such production should include the gender demographic information of each person listed. For staff who no longer work at H+H/HHC FPECC Clinics, please provide the reason(s) for the separation.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 57:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, unduly burdensome and not proportional to the issues in litigation, and to the extent it seeks information not relevant to the parties' claims and defenses.

**DOCUMENT REQUEST NO. 58:**

Please provide the names of all staff that received promotions in title or salary from 2013 to present.  Such production should also include the gender demographic information of each person listed.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 58:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, unduly burdensome and not proportional to the issues in litigation, and to the extent it seeks information not relevant to the parties' claims and defenses.

**DOCUMENT REQUEST NO. 59:**

Produce a detailed list of all backup sets, regardless of the magnetic media on which they reside showing:

    a.   The current location, custodian, date of backup, and a description of backup content;

    b.   The procedures and/or devices used to backup the software and/or data including but not limited to: name(s) of backup software and version used, tape rotation schedule;

    c.   The electronic data retention, preservation, archiving and destruction schedules;

    d.   The file naming convention and standards;

    e.   The password encryption and other security protocols;

    f.   The diskette, CD, DVD and other removable media labeling standards, email storage conventions (i.e. storage locations, schedule and logs for storage etc.);

    g.   The electronic media deployment allocation and maintenance procedure for new employees, current employees, and departed employees; and

    h.   The software and hardware upgrades, including patches.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 59:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, unduly burdensome and not proportional to the issues in litigation, and to the extent it seeks information not relevant to the parties' claims and defenses.

**DOCUMENT REQUEST NO. 60:**

Produce the graphical representation of the components of your computer network, and the relationship of those components to each other, including but not limited to schematic diagrams, flow charts or drawings that facilitate the flow of electronic communication.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 60:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, unduly burdensome and not proportional to the issues in litigation, and to the extent it seeks information not relevant to the parties' claims and defenses.

**DOCUMENT REQUEST NO. 61:**

Produce a description of each and every location (including computers, network servers, hard drives, mainframes, storage media, backup tapes, disks and every other type of storage medium used) where the e-mails and attachments sent to or received by each of the Custodians (as defined above) have been stored, maintained backed-up and archived. For each location identified state in detail:

    a. What the records consist of including the type of document, number of documents, dates, addresses, subjects;

    b. Each form of backup;

    c. Each form in which the data exists;

    d. What protocol is in place to preserve the integrity of the data and to prevent the deletion of the data;

    e. What effect if any a litigation hold is protecting against any modifications or deletions to the data; and

f.   If any modifications or deletions have been made to the data, and if so by whom, when why and to what extent.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 58:**

Defendants object to this request on the grounds that it is overbroad with respect to time and scope, unduly burdensome and not proportional to the issues in litigation, and to the extent it seeks information not relevant to the parties' claims and defenses.

Dated:       New York, New York
               December 11, 2019

                                        JAMES E. JOHNSON
                                        Corporation Counsel of the
                                         City of New York
                                        *Attorney for Defendants*
                                        100 Church Street, Room 2-124
                                        New York, New York 10007
                                        (212) 356-2461
                                        dcanfiel@law.nyc.gov

                              By:                    /s/
                                          DONNA A. CANFIELD
                                        *Assistant Corporation Counsel*

TO:      Special Hagan
            *Attorney for Plaintiff*
            Law Offices of Special Hagan
            196-04 Hollis Avenue
            Saint Albans, New York 11412