UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
................................................................................. X
MELISSA KAYE,

                                        PLAINTIFF,

            -against-


NEW YORK CITY HEALTH AND HOSPITALS CORPORATION;            **18-Civ-12137(JPC)(JLC)**
ELIZABETH FORD; PATRICIA YANG; ABHISHEK JAIN and JONATHAN
WANGEL, in their official and individual capacities and as aiders
and abettors),

                                        Defendants.
................................................................................. X

**PLAINTIFF'S ANSWERS AND OBJECTIONS**
**TO DEFENDANTS' SECOND SET OF DOCUMENT REQUESTS**

        Plaintiff pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and

the Rules of the United States District Court for the Southern and Eastern Districts of New York,

hereby answers and objects to Defendants' First Set of Documents served on October 19, 2019

("Defendants' Document Requests").

**GENERAL OBJECTIONS**

        1.      Plaintiff objects to Defendants' Discovery Requests to the extent they may call for

information that is protected from disclosure by either the attorney-client privilege,

attorney work product doctrine or other privilege.

        2.      Plaintiff objects to Defendants' Discovery Requests under "Definitions" as

expressed in ¶ 2.  Specifically, to the extent they define Plaintiff's obligations to produce

documents more expansively than are required under the Local Rules of the United States

District Courts for the Southern and Eastern Districts of New York, specifically Local Civil

Rule 26.4(b) which requires cooperation among counsel to the extent that counsel should

1

not seek information they already have.

3.      Plaintiff objects to Defendants' Form Discovery Requests pursuant to Local Civil

Rule 26.5 and Federal Rule of Civil Procedure 26(g)(1)(B).  Plaintiff objects to the extent that

Defendants' discovery requests are not relevant to the subject matter involved in the

matter at hand.

4.      Plaintiff objects to Defendants' Document Requests, to the extent that they are

vague, ambiguous, cumulative, duplicative,  overbroad,  unduly burdensome, based upon

incorrect factual assumptions or otherwise unclear as to the precise information sought,

and to the extent that they seek information neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence.

5.      Plaintiff objects to Defendants' Discovery Requests to the extent that information

is requested after this litigation was commenced on December 21, 2018.

6.      Plaintiff objects to Defendants' Document Requests to the extent that they seek

information in the possession or custody of entities parties or persons other than Plaintiff.

7.      Plaintiff objects to Defendants' Requests  to the extent they are based upon

information currently known or available to Defendants through reasonable and diligent

inquiry.

8.      To each of her specific answers and responses and objections, Plaintiff

incorporates these general objections.  Plaintiff reserves her right to amend, modify or

supplement her answers and responses or objections or to move for a protective order, if

necessary.  Plaintiff also reserves all objections as to the competence, relevance, materiality

or admissibility of any documents produced to Defendants.

9.      Plaintiff's decision to produce documents pursuant to Defendants' Document

Requests, notwithstanding the objectionable nature should not be construed as: (a) as a

stipulation that the material is relevant; or (b) a waiver of the general or specific objections

asserted hereto.

**SPECIFIC RESPONSES**

**DOCUMENT REQUEST 1:** To the extent not previously produced in response to Defendants'
First Set of Document Requests, any and all documents sent by, or received by, plaintiff from
any governmental or quasi-governmental entity, including defendants, that was asked to, or did
investigate any of the allegations set forth in the amended Complaint.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 1:**  Plaintiff objects to this request to the extent
that it is vague and overbroad.  Plaintiff objects to this document request to the extent that it
seeks information that may be protected under the attorney client and work product privileges.
Plaintiff objects to this request to the extent that the requested documents have previously
been produced and or to the extent that they are already in Defendants' custody, control and
possession.  Plaintiff objects to this request to the extent that the requested documents were
previously produced, see KAYE000076 to KAYE00086.  Without waiving the objections raised
herein, Plaintiff reserves the right to supplement her production at a later date.

**DOCUMENT REQUEST 2:**  To the extent not previously produced in response to Defendants'
First Set of Document Requests, any and all documents concerning allegations contained in
plaintiff's amended Complaint in this action.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 2:**  Plaintiff objects to this document request to
the extent that it is vague and overbroad. Plaintiff objects to this request to the extent that it
seeks information protected by the attorney client and or work product privileges.   Without
waiving the objections stated herein, Plaintiff provides the following documents in response to
this request: KAYE000001 through KAYE000323.  Plaintiff reserves the right to supplement her
response.

**DOCUMENT REQUEST 3:**  Any and all documents concerning any employment, full time, part-
time, per diem or other, plaintiff  has engaged in since January 2020.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 3**:  Plaintiff objects to this document request
to the extent that it is vague and overbroad. Plaintiff objects to this request to the extent that it
seeks information protected by the attorney client and or work product privileges.   Without

3

waiving the objections stated herein, Plaintiff reserves the right to supplement her response.

**DOCUMENT REQUEST 4:**  Any and all documents concerning each and every federal, state, or local government entity, media outlet, other organization or individual(s), plaintiff notified concerning alleged ethical violations in the CPL 390 and CPL 730 examination process.


**RESPONSES AND OBJECTIONS TO REQUEST NO. 4**:  Plaintiff objects to this document request to the extent that it is vague and overbroad. Plaintiff objects to this request to the extent that it seeks information protected by the attorney client and or work product privileges.   Plaintiff objects to this document request to the extent that Defendants already have the requested documentation in their custody, possession and or control.  Plaintiff further objects to this document request to the extent that she has already produced the requested documents.  Without waiving the objections stated herein, Plaintiff reserves the right to supplement her response.


**DOCUMENT REQUEST 5:**  Produce the February 2019 private/confidential email about plaintiff circulated by JAIN as alleged in paragraph "68" of the amended Complaint.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 5**:  Plaintiff objects to this document request to the extent that it is vague and overbroad. Plaintiff objects to this request to the extent that it seeks information protected by the attorney client and or work product privileges.   Plaintiff objects to this document request to the extent that Defendants already have the requested documentation in their custody, possession and or control.  Plaintiff further objects to this document request to the extent that she has already produced the requested documents.  Without waiving the objections stated herein, Plaintiff reserves the right to supplement her response.

**DOCUMENT REQUEST 6:**  Any and all documents supporting the allegations that "[u]nder the DeBlasio Mayoral Administration [Articles 390 and 730] examinations have become politicized," as alleged in paragraph "84" of the amended Complaint.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 6**:  Plaintiff objects to this document request to the extent that it is vague and overbroad. Plaintiff objects to this request to the extent that it seeks information protected by the attorney client and or work product privileges.   Plaintiff objects to this document request to the extent that Defendants already have the requested documentation in their custody, possession and or control.  Plaintiff further objects to this document request to the extent that she has already produced the requested documents.  Plaintiff further objects to this document request to the extent that it is vexatious and argumentative.  Without waiving the objections stated herein, Plaintiff reserves the right to supplement her response.

**DOCUMENT REQUEST 7:** Any and all documents supporting the allegations that defense attorneys have "reported concerns about the ongoing improper use of HIPAA consent release forms on Riker's Island" as alleged in "91" of the Amended Complaint.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 7**: Plaintiff objects to this document request to the extent that it is vague and overbroad. Plaintiff objects to this request to the extent that it seeks information protected by the attorney client and or work product privileges.   Plaintiff objects to this document request to the extent that Defendants already have the requested documentation in their custody, possession and or control.  Plaintiff further objects to this document request to the extent that it is vexatious and argumentative.   Without waiving the objections stated herein, Plaintiff reserves the right to supplement her response.

**DOCUMENT REQUEST 8:**  Any and all documents supporting the allegation that "other key stakeholders have expressed concern that inmates' medical records were released with incorrectly or incompletely filled out HIPAA forms or even prior to obtaining the signed HIPAA consent form" as alleged in paragraph "92" of the amended Complaint.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 8**:  Plaintiff objects to this document request to the extent that it is vague and overbroad. Plaintiff objects to this request to the extent that it seeks information protected by the attorney client and or work product privileges.   Plaintiff objects to this document request to the extent that Defendants already have the requested documentation in their custody, possession and or control.  Plaintiff further objects to this document request to the extent that the request is vexatious and argumentative.  Without waiving the objections raised herein, Plaintiff reserves the right to supplement her response.

**DOCUMENT REQUEST 9:**  Any and all documents supporting the allegation that "several lawyers had complained" (sic) plaintiff about JAIN as alleged in paragraph "98" of the amended Complaint.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 9**:  Plaintiff objects to this document request to the extent that it is vague and overbroad. Plaintiff objects to this request to the extent that it seeks information protected by the attorney client and or work product privileges.   Plaintiff objects to this document request to the extent that Defendants already have the requested documentation in their custody, possession and or control.  Plaintiff further objects to this document request to the extent that she has already produced the requested documents. Without waiving the objections stated herein, Plaintiff reserves the right to supplement her response.

**DOCUMENT REQUEST 10:**  All emails between plaintiff and Jerry (sic) Bloom concerning the allegations contained in the amended Complaint.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 10**:    Plaintiff does not have any documents in her custody, possession and or control exchanged between she and a "Jerry Bloom."

**DOCUMENT REQUEST 11:**  Any and all documents, communications, notes, diaries, journals, web-pages, social media sites, applications or  blogs, Plaintiff has maintained or created concerning her employment with the New York City Health and Hospitals Corporation or any of the allegations in the Complaint.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 11:** Plaintiff objects to this request to the extent that it is overbroad, vexatious and argumentative. Without waiving the objections stated herein, Plaintiff represents that she has not maintained any web-pages, social media sites, applications or blogs that concern her employment with the New York City Health and Hospitals Corporation or about any of the allegations in her complaints. Further, without waiving the objections raised herein, Plaintiff reserves the right to supplement her response.

**DOCUMENT REQUEST 12:**  Produce copies of Plaintiff's W-2 forms from 2020.

**RESPONSE AND OBJECTIONS TO REQUEST NO. 12:**  Plaintiff is in the process of acquiring the requested information.  Upon receipt, Plaintiff will supplement her response to the extent such documentation is relevant to the matter at hand.

6