

**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**DONNA A. CANFIELD**
*Assistant Corporation Counsel*
Phone: (212) 356-2461
Fax: (212) 356-2438
dcanfiel@law.nyc.gov

September 29, 2021

**BY:  ECF**
Honorable James L. Cott
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  *Kaye v. NYC Health & Hospitals Corp. et al.*, 18-cv-12137 (JPC)(JLC)

Dear Judge Magistrate Judge Cott:

      I write respectfully request the Court's intervention.  Monday, counsel for Plaintiff took the depositions of Dr. Ford, a defendant in this action.  Tuesday, counsel for Plaintiff took the deposition of non-party witness, Andrea Swenson.  In both depositions, counsel introduced and questioned the witnesses on dozens of documents[1], which she briefly, and sometimes partially, shared on-screen via the Zoom platform.  Each time the exhibits were introduced to the witness, I requested copies of the documents.  Each time, Plaintiff's counsel refused to provide a copy of the document and stated on the record that she was not required to do so.  Following each deposition, I again requested copies of these exhibits.  In response, Plaintiff's counsel stated that she would email them "when she had time."  After receiving this response, I requested an expedited transcript and exhibits from the Court Reporter.  She indicated that she also did not have copies of the exhibits used in the depositions.  At the time of this writing, I do not have copies of any of the documents introduced and marked in the two above-referenced depositions, nor do I have any assurances from opposing counsel that copies of the documents introduced at deposition will be timely produced to Defendants or to the Court Reporter for expedited transcripts of those depositions.

      Opposing counsel is required to allow defending counsel the opportunity to review documents shown to a witness.  FRCP 30(f)(2)(a)(ii) ("Documents and tangible things produced

---

[1] Notably, some of these documents were not previously produced in discovery.

- 2 -

for inspection during a deposition must, on a party's request, be marked for identification… [a]ny party may inspect and copy them"); *see also Fisher v. Goord*, 184 F.R.D. 45, 49 (W.D.N.Y. 1999) ("Deposing counsel shall provide to witness' counsel a copy of all documents shown to the witness during the deposition. The copies shall be provided before the deposition begins or contemporaneously with the showing of each document"); *Neroni v. Grannis*, 2015 U.S. Dist. LEXIS 162079, at *10 (N.D.N.Y. Dec. 3, 2015).

        As per the Federal Rules, Defendants are entitled to copies of deposition exhibits at the time the document is marked for identification and shown to the witness. Depositions in this matter resume tomorrow, September 30, 2021. Defendants respectfully request an order from this Court (1) directing Plaintiff to provide copies of all deposition exhibits to Defendants at the time the document is being marked for identification and shown to the witness at deposition, and (2) to provide the deposition exhibits of Dr. Ford and Andrea Swenson to Defendants by tomorrow, September 30, 2021.

        I thank the Court for consideration of this request.

Respectfully submitted,

**ECF**   /s/

Donna A. Canfield
Assistant Corporation Counsel
dcanfiel@law.nyc.gov

cc:   Special Hagan (by ECF)

- 2 -