— THE LAW OFFICES OF —

**Special | Hagan**

196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
FAX: (914) 462-4137

September 29, 2021

**VIA ECF**
Honorable James L. Cott
United States Courthouse
500 Pearl Street
New York, New York 10007

          RE:    Kaye v. NYC Health & Hospitals Corp. et. al.
                  Index No.: 18-cv-12137(JPC)(JLC)

Dear Honorable Judge Cott:

I respectfully write in opposition of Defense Counsel's letter motion to compel. (ECF Dkt. 173) I also approach the Court in anticipation of Plaintiff's motion for spoliation. Recently, during the course of Dr. Kaye's move to New Mexico, she came across several performance evaluations she had while she was at Bellevue. These performance evaluations were a part of her personnel file. Defendants were requested to produce Dr. Kaye's personnel file in its entirety. However, their production omitted all of her performance evaluations.

During the course of Defendant Dr. Ford's deposition, it was established that in fact she had been evaluated positively by the Defendant three years in a row. Accordingly, Plaintiff seeks the Court's permission to file a motion for spoliation as it pertains to the contents of Plaintiff's personnel file. Plaintiff's performance is relevant to the claims, since Defendant Ford specifically stated that Plaintiff had been a problem for a long time and that she needed to be managed out.

As it pertains to Defendants' motion, Plaintiff respectfully contends that Counsel's letter does not accurately depict what transpired. Approximately 60 exhibits were read onto the record between the two depositions, which took place two days in a row each for seven hours. Each time an exhibit was entered onto the record the contents were read onto the record; and the bates stamps of the documents were read onto the record. Of the approximately 60 exhibits, only 2 were not part of Defendants' production. Further, since the depositions took place via zoom, counsel and the deponent were afforded time to review the subject exhibits before they were questioned on them. Defense Counsel made a number of statements on the record in order to falsely claim otherwise. However, Dr. Kaye attended both depositions and can attest that the deponents were given ample opportunity to review the exhibits, in addition to the contents of the exhibits being read to them on the record.

Additionally, prior to the depositions that took place this week, the parties had two prior depositions. One of those depositions took place via zoom, Plaintiff used the same methodology during that deposition. The exhibits were shown via zoom's shared document module. As was the case in two depositions that took place this week: the contents of the exhibits were read onto the record by counsel; and the bates stamps of the documents were also read onto the record.

THE LAW OFFICES OF

*Special | Hagan*

196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
FAX: (914) 462-4137

To date, Defense Counsel has not raised any issues as to how the exhibits were used or shared. Therefore, at this time, I respectfully request that the Court consider these facts when it makes its determination on this dispute.

Lastly, I conveyed to Counsel that I am still recovering from long term COVID.  Each deposition lasted the full 7 hours.  As such, I disclosed to Counsel that I was exhausted at the end of those depositions and that I would endeavor to get her the exhibits as soon as possible.  I also reiterated that all but two of the exhibits were Defendants' production, and that she had the bates stamps series for each exhibit as they were all read onto the record.  To be clear, at no time did I say to Counsel that I would not produce the exhibits.  At no time did I refuse to allow her to review the exhibits when they were shown, and as Dr. Kaye can attest since she was at the depositions this week, both deponents and Defense Counsel had ample opportunity to read the exhibits before questioning took place.  They had this opportunity despite the fact that I read the content of each exhibit onto the record before I questioned them.

Based on the foregoing, I respectfully request that Defendants' motion to compel be denied in its entirety.


Respectfully submitted,

/s/

Special Hagan, Esq.
Attorney for Plaintiff
Melissa Kaye, M.D.

c:      Donna Canfield, Esq.
        Counsel for Defendants