

**GEORGIA M. PESTANA**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**DONNA A. CANFIELD**
*Assistant Corporation Counse*l
Phone: (212) 356-2461
Fax: (212) 356-2438
dcanfiel@law.nyc.gov

October 18, 2021

**BY:  ECF**
Honorable James L. Cott
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *Kaye v. NYC Health & Hospitals Corp. et al.*, 18-cv-12137 (JPC)(JLC)

Dear Judge Magistrate Judge Cott:

I write briefly to respond to Plaintiff's October 14th and October 15th letters to the Court.  [ECF Dkt Nos. 176 and 177].

Due to personal illness, it was necessary that I cancel the depositions of non-party witness Dr. MacDonald, and plaintiff, Dr. Kaye, previously scheduled for October 14, 2021, and October 15, 2021, respectfully.  With the permission of the Court and the cooperation of Plaintiff's counsel, it is anticipated that both depositions can be rescheduled and taken within the next two weeks.  Relatedly, on October 14, 2021, I received from Correctional Health Services ("CHS") statistical evidence reflecting the workload of the various court clinics from 2018 and 2019 that Defendants plan to use in defense of Plaintiff's Equal Pay Act claim.  This production supplements a previous statistical production concerning the court clinics.  Due to the fact that I was out of the office due to illness, the information was not produced to Plaintiff until today.  Defendants, therefore, respectfully request permission that the Court consider the evidence produced today, October 18, 2021, *nunc pro tunc* to October 15, 2021.

With respect to the cancellation fee, until reading Ms. Hagan's October 14, 2021 letter, I was unaware that Defendants' portion of Ms. Patsos's cancellation fee had not been received by the reporting company.  I will follow up with our fiscal office to determine payment status.

- 2 -

Next, concerning Plaintiff's anticipated motion to preclude, Defendants are unaware of any such motion. While it is correct that the parties participated in a meet and confer regarding performance or employment evaluations Plaintiff believed to be missing from her personnel file, the documents identified by Plaintiff were not performance evaluations, but on-going professional practice evaluations or OPPEs, which are completed for all medical providers as set forth in the hospital's, in this case Bellevue's, medical staff by-laws. These documents do not reside in the personnel file, but in a medical staff file. Defendants communicated to Plaintiff that they would conduct a search of Plaintiff's medical file at Bellevue for any additional OPPEs from 2018 to 2015 as soon as possible.[1]

Finally, to the extent Plaintiff's anticipated motion to compel is grounded in what Plaintiff claims are deficiencies in Defendants' ESI production, the documents Plaintiff appears to rely upon—those produced by non-party witness Jeffrey Bloom— are at best, only tangentially related to the litigation. As a result, they fail to support Plaintiff's repeated claim that Defendants' production is in any way deficient.

    Respectfully submitted,

    ECF   /s/

    Donna A. Canfield
    Assistant Corporation Counsel
    dcanfiel@law.nyc.gov

cc:    Special Hagan (by ECF)

---

[1] It is important to note that since Correctional Health Services ("CHS") is not a hospital, Plaintiff would not have received an OPPE while employed at CHS from 2018 to her retirement in 2020.