—— THE LAW OFFICES OF ——

*Special | Hagan*

196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
FAX: (914) 462-4137

November 16, 2021

**VIA ECF**
Honorable James L. Cott
United States Courthouse
500 Pearl Street
New York, New York 10007

RE:  Kaye v. NYC Health & Hospitals Corp. et. al.
<u>Index No.: 18-cv-12137(JPC)(JLC)</u>

Dear Honorable Judge Cott:

I respectfully write in opposition to Counsel's application for additional time to depose Plaintiff, Dr. Melissa Kaye. Plaintiff respectfully asserts that Defendants' application misrepresents what transpired during the course of yesterday's deposition. Additionally, Defendants have failed to articulate good cause for the additional time.

Rule 30(d)(2) of the Federal Rules of Civil Procedure limits depositions to seven (7) hours. Consistent with the Rule, Dr. Kaye arrived punctually yesterday and sat 7 hours and 24 minutes for her deposition. During the course of her deposition Counsel posed questions and presented Plaintiff with four exhibits. Dr. Kaye thoroughly addressed Counsel's questions.

Plaintiff notes that at no time did Dr. Kaye engage in any obstructionist behavior, nor did she do anything to interfere with Counsel's deposition. Contrary to the representations in Counsel's letter, the stenographer's computer did not stop working until after 7 hours and 24 minutes had already elapsed. Plaintiff respectfully argues that any additional time would pose a great inconvenience to Dr. Kaye and myself. Both Dr. Kaye and I have rescheduled medical treatment and appointments on several occasions to accommodate Defense Counsel. Further, Defense Counsel has not articulated any viable justification that would warrant an extension. Defendants have not cited an absence of discovery or any other impediments to their ability to conduct a fair examination.

Precedent is clear, the party seeking a court order to extend the time for examination or to otherwise alter the limitation is expected to show cause to justify such an order. <u>Condit v. Dunne</u>, 225 FRD 100, 112, 13 (S.D.N.Y 2004) (citation omitted) The determination of whether additional time is needed is fact based, and at best should be made after a review of the transcript. Accordingly, Plaintiff respectfully requests that the Court review Plaintiff's deposition transcript before it renders any decision on Defendants' application. Pursuant to Fed. R. Civ. P. 26(b)(2), it is Plaintiff's position that only after a review of the transcript can the Court make a reasoned determination as to whether circumstances necessitate the additional time.



THE LAW OFFICES OF

**Special | Hagan**

196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
FAX: (914) 462-4137

As the Court is aware, discovery in this matter will be closed on November 19, 2021.  Again, since Dr. Kaye and I both have medical treatment obligations and appointments, neither one of us is available for the remainder of the month or in December.  Additionally, Dr. Kaye has child care obligations which would again need to be made in order to accommodate Defense Counsel, who again has not provided any reasonable basis for the additional time.

In closing, prior to Defense Counsel's current application, based on Defense Counsel's previous application, the Court gave the parties an additional six weeks to complete discovery. Plaintiff and her Counsel have made every good faith effort to comply with this Court's orders, as such we respectfully request that Defense Counsel be required to do the same.  Plaintiff thanks the Court for its time and consideration, and apologizes for taking the Court's time to address the parties' current dispute.

Respectfully submitted,

/s/

Special Hagan, Esq.
Attorney for Plaintiff
Melissa Kaye, M.D.

c:      Donna Canfield, Esq.
        Counsel for Defendants