

**GEORGIA M. PESTANA**
*Corporation Counsel*

# THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**DONNA A. CANFIELD**
phone: (212) 356-2461
mobile: (917) 902-6212
email: dcanfiel@law.nyc.gov

December 5, 2021

**BY ECF**
Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

      Re: Kaye v. Health and Hospitals Corporation, et al.
         Civil Action No. 18 CV 12137
         Law Manager No. 2010-001556

Dear Judge Cronan:

  I am an Assistant Corporation Counsel in the office of Georgia M. Pestana, Corporation Counsel of the City of New York, attorney for defendants the New York City Health and Hospitals Corporation ("H+H"), Elizabeth Ford, Patricia Yang, Abhishek Jain, and Jonathan Wangel, in the above-referenced matter. Consistent with Section 6.A. of Your Honor's Individual Rules and Practices in Civil Cases, I write to set forth defendants' basis for its anticipated motion for summary judgment, as well as a proposed briefing schedule.

 A. Background

  Plaintiff, former Medical Director of the Bronx Forensic Psychiatry Evaluation Center, brings this action alleging discrimination (gender and caregiver) and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), 42 U.S.C. § 1983 ("§1983"), the Equal Pay Act of 1963 ("EPA"), as amended 42 U.S.C. § 206, *et seq*., the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. 2601, *et seq*., New York State Human Rights Law, as contained in Executive Law § 296 *et seq*., ("NYSHRL"), New York City Human Rights Law, as contained in the Administrative Code of the City of New York § 8-107 *et seq*., ("NYCHRL"), and New York Labor Law § 740.

 B. Plaintiff Cannot Establish Her Equal Pay Act Claim

  Plaintiff claims that she was paid less than three male forensic evaluation directors: Barry Winkler ("Winkler"), Daniel Mundy ("Mundy"), and Stephen Ciric ("Ciric"). The evidentiary record, however, does not support plaintiff's claims, as plaintiff was

compensated at a higher rate in the case of Winkler, and factors other than sex support the higher compensation received by Mundy and Ciric.

C. Plaintiff Cannot Establish Her Title VII, §1983, the New York State and New York City Human Rights Law Claims Based on Gender/Caregiver Status

First, there is no evidence to suggest that discriminatory animus played any role in plaintiff's compensation. To the extent plaintiff claims that due to her gender/caregiver status she received less favorable terms and conditions of her employment when (1) she was required to change her work schedule from 9 a.m. to 5 p.m., to 8 a.m. to 5 p.m., and when (2) she was required to take a one-hour lunch as a CHS employee, compared to the half-hour lunch she was allowed at Bellevue, the evidence does not support her claims as individuals not in Plaintiff's protected class were required to work the same schedule.

D. Plaintiff Cannot Establish Her Title VII, §1983 Equal Protection, the New York State and New York City Human Rights Law Retaliation Claims

Here, the acts alleged cannot be shown to be connected to any of her complaints, nor are they adverse as a matter of law. First, plaintiff claims that her title change from "Medical Director" to "Director" of the Bronx Forensic Psychiatric Evaluation Center was made in retaliation for her complaints. But the evidence establishes that all Directors, whether or not they held a medical degree or complained, were given the same title. Plaintiff also complains that she was "locked" out of KRONOS, the timekeeping system utilized by CHS. The evidence, however, establishes that plaintiff was locked out because of her transition to CHS, that this was immediately corrected, and that it occurred to other CHS employees who had not complained.

Plaintiff also claims that she was docked pay and leave, and that "personal and confidential" information was improperly shared. As to the docked pay and leave, this was due to plaintiff's insistence that she was not required to take a full-hour lunch, and when she failed to work the required hours, she was docked. As to the disclosure of confidential information, the shared information was neither personal nor confidential, and moreover, it was the result of a system glitch, and not retaliatory animus.

As to plaintiff's claim that she received a warning letter on May 9, 2019, four days after plaintiff filed her amended complaint, the misconduct report was made on March 20, 2019. Plaintiff cannot establish an inference of retaliation where an employer is considering the employment action in question before the protected activity occurred.

E. Plaintiff Cannot Establish Her FMLA Claims

Next there is no evidence that plaintiff was denied FMLA leave, that she was subject to retaliation for utilizing her FMLA leave rights, or that CHS discouraged plaintiff's ability to take FMLA leave. Plaintiff applied for and was granted FMLA leave, she was never denied the ability to take FMLA leave to care for her son, and once the leave was authorized it was retroactively applied to the first date she sought to take the leave.

F. Plaintiff Cannot Establish Her First Amendment Claim

Speech made pursuant to an employee's official job duties is not protected speech. Here, the record conclusively demonstrates that plaintiff was acting pursuant to her official duties when she complained about what she characterizes as "compliance and malfeasance issues."

G. Plaintiff Cannot Establish Her Section 1983 *Monell* Claims

In order to establish municipal liability, Plaintiff must establish that an identified municipal policy or practice was the "moving force [behind] the constitutional violation." *Monell*, 436 U.S. at 694. Here, without any underlying constitutional violation, plaintiff will be unable to prove her *Monell* claim.

H. Plaintiff is Unable to Establish Her New York Labor Law §740 Claim

Section 740 prohibits an employer from taking retaliatory employment action against an employee who, can show both: (1) disclosure of unlawful activity, and (2) that such activity presents a danger to the public health or safety. N.Y. Labor L. §740(2)(a). In this matter, none of plaintiff's purported complaints constitute a "disclosure of unlawful activity," or "present[ ] a danger to the public health or safety." Even if they do, the record lacks evidence of a nexus between her complaints and any alleged adverse action. Accordingly, plaintiff is unable to establish her New York Labor Law §740 claim.

I. Defendants' Proposed Briefing Schedule

Due to prior commitments, which includes two-weeks of holiday travel with my family from December 20, 2021 to January 2, 2022, as well as the numerous claims and depositions in this matter, including the possibility of briefly re-deposing plaintiff, defendants propose the following briefing schedule:

- Defendants' Motion for Summary Judgment due **January 28, 2022**;

- Plaintiff's Opposition due **February 18, 2022**;

- Defendants' Reply due **March 4, 2022**.

Defendants thank the Court in advance for its consideration of this request.

Respectfully submitted,

By: **ECF**: /s/
Donna A. Canfield
Assistant Corporation Counsel

cc: Special Hagan [by ECF]