THE LAW OFFICES OF
*Special | Hagan*

196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
SPECIAL@HAGANLAWOFFICES.NET

Thursday, December 9, 2021

**VIA EMAIL and ECF**

Honorable District Judge John P. Cronan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 20C
New York, New York 10007-1312

Re:  Kaye v. Health and Hospitals Corporation et. al.
18-CV-12137(JPC)(JLC)

Dear Honorable District Judge Cronan:

Plaintiff respectfully submits this letter in opposition to Defendants' application to the Court for Summary Judgment.  Based on the record and the discussion herein, Plaintiff respectfully asserts that Defendants' application to file for summary judgment should be denied in its entirety.

**I)    Dr. Kaye Experienced Gender Discrimination Under Title VII,1983, the Equal Protection Clause, the Equal Pay Act, NYSHRL and NYCHRL**

Dr. Melissa Kaye is a triple board certified psychiatrist.  She contends that as the most senior and credentialed forensic evaluator at Correctional Health Services (CHS), that she experienced gender based discrimination in the contexts of her base salary, staffing, job title, working conditions and resources.  The record is indisputable: Dr. Kaye was paid at least $35,000 less than her comparator Steve Ciric, M.D.  The record is also clear that the Center Director position warranted compensation up to $234K per annum.

Defendants have not adduced any admissible evidence to justify the pay disparity when Dr. Ciric worked at the clinic.  They have not adduced any admissible evidence to justify why Dr. Kaye could not be promoted to the unionized Physician Specialist title as Center Director.  Further, Defendants have not adduced any admissible evidence to justify why Dr. Kaye could not be compensated at the rate of $234K as was proposed by Dr. Ford when she sought to fill the Director of the Brooklyn Court Clinic position with another psychiatrist.  Additionally, there are triable issues of fact that pertain to the workload and staffing needs of the respective Court Clinics.

**II)   Dr. Kaye Experienced a Hostile Work Environment, Retaliation Under the FMLA and Care Giver Acts**

Dr. Kaye experienced discrimination based on her gender and caregiver status. Defendant Ford described in her autobiography that she struggled with motherhood and her work hours. Dr. Ford also stated that she felt compelled to resign from at least two positions because of her familial obligations.  After Plaintiff engaged in protected activities, Defendants Ford and Yang

1

THE LAW OFFICES OF

Special | Hagan

196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
SPECIAL@HAGANLAWOFFICES.NET

resolved to force Dr. Kaye out of employment.  Two days after Dr. Kaye questioned the constitutionality of HIPAA waivers under the due process clause and 6th Amendment, Dr. Ford wrote that Dr. Kaye was a problem and that she needed to be managed out.  Three days after she filed a charge with the EEOC, Dr. Kaye's title was changed from Medical Director to Director.  Three months after her EEOC charge Dr. Kaye would learn that Defendant Yang was "miffed" that she had filed a charge with the agency.

To effectuate their plan, Defendants imposed an arbitrary shift change. Unlike the other Center Directors, Dr. Kaye was required to work a 9 hour work day.  Defendants have failed to adduce any justification for the shift change.  However, almost identical to the struggles Dr. Ford described in her book, Dr. Kaye struggled with her children.  When Dr. Kaye  sought accommodations under the FMLA and ADA, she was arbitrarily denied without an interactive process.  When she complained to Defendant Jain about the arbitrary shift change, he made the callous remark: "childcare issues aren't a concern for CHS."  When viewed in the totality, a reasonable fact finder could reach the determination that Dr. Kaye worked in a discriminatory hostile work environment and that Dr. Kaye was constructively discharged from CHS.

### III)     Plaintiff Experienced Retaliation Under the First Amendment, 1983, Title VII, NYSHRL, New York Labor Law 740, and NYCHRL

Dr. Kaye engaged in protected activities: in 2014; on May 3, 2018; on May 22, 2018; in September 2018;  and from April through May of 2019.  Even though there were earlier complaints, the named Defendants retaliated against Dr. Kaye when they officially took over the Court Clinics.  The record is replete with evidence that Dr. Kaye  complained about the constitutional violations inmates on Rikers Island experienced.  Unfortunately, Counsel during the course of Plaintiff's deposition would not allow Dr. Kaye to discuss these violations adequately.  Between 2015 and 2020, Dr. Kaye complained to: the individually named Defendants; Correctional Health Services (CHS) and H + H management;  Judges; the legal defense community; the District Attorney's Office; the Inspector General; the Board of Correction; the City Council; and any number of other stakeholders.

Dr. Kaye complained about: having inmates with cognitive and potentially psychiatric ailments sign HIPAA waivers; Defendant Yang and City Hall's interference with the force order process for defendant Miguel Figueroa and other inmates in the Bronx; CHS's private practice policy; dual agency violations where evaluators engaged in both treatment and forensic evaluation; rigging of 730 competency examinations; the practice of medicine by unlicensed non-medical staff; Dr. Jain's destruction of his notes, a Class E Felony; and CHS's Psychological Testing Policy. Defendants' policies and interference violated inmates' constitutional rights under the due process clause and 6th Amendment.  Dr. Kaye repeatedly brought these violations to the attention of various stakeholders and was subjected to a retaliatory campaign in kind.

Each instance that Dr. Kaye complained, within days or weeks of her protected activities, Defendants: removed staff and resources from the Bronx Court Clinic; demoted her base salary and job title from an Attending Physician Level III to II; docked her pay; disclosed her personal and medical information to unnecessary staff; and removed her staff.  When Dr. Kaye refused to find Inmate Jose Gonzalez fit Defendants brought her up on baseless disciplinary charges,



196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
SPECIAL@HAGANLAWOFFICES.NET

which have prevented her from applying for medical licenses and jobs in New Mexico, where she now lives. Defendants' actions culminated in a 2 month work stoppage at the Bronx Court Clinic. Due to Defendants' work stoppage, during this time period and thereafter, inmates unnecessarily languished indefinitely on Rikers Island until their 730 Competency Examinations were finally conducted.  Defendants used inmates with potential mental health issues as pawns for their retaliatory campaign against Dr. Kaye.  Faced with this reality and inmates' constitutional violations, Dr. Kaye felt compelled to resign.

**IV)     Defendants Aided and Abetted in the Violation of Plaintiff's Rights; Defendants Are Also Individually Liable under <u>Monell</u>, 1983, NYSHRL and NYCHRL**

Plaintiff has established that she engaged in protected activity under the First Amendment.  She specifically complained that Defendants' interference with the administration of the 730 Competency Examination process and the Court clinics, violated the due process and 6th Amendment rights of inmates with potential mental health issues on Rikers Island.  Defendants had final policy making authority, as was evidenced by the numerous policies they each authored.  Each of the Defendants also had the ability to and did affect the terms and conditions of Dr. Kaye's employment.  The record is clear, that each of the individually named Defendants also directly participated in the violation of Dr. Kaye's rights under the law.

In closing, Plaintiff thanks the Court for its time and consideration.  If however, the Court deems it necessary for the parties to brief Defendants' motion, Plaintiff alternatively proposes the following briefing schedule:

- Defendants' motion for summary judgment and accompanying filings due:  January 28, 2022;
- Plaintiff's opposition to Defendants' motion due: March 11, 2022; and
- Defendants' response in support due:  April 4, 2022

Respectfully submitted,

/s/

Special Hagan, Esq.
Attorney for Plaintiff, Melissa Kaye, M.D.

Cc:     Donna Canfield,
        Attorney for Defendants

3