EEOC FORM 131 (11/09)

## U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| Ms. Blanche Greenfield<br>Senior Counsel<br>NYC HHC<br>125 Worth St., Suite 527<br>New York, NY 10013 | **PERSON FILING CHARGE**<br><br>**Melissa Kaye**<br><br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>EEOC CHARGE NO.<br>**520-2018-01534** |

### NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII)    [ ] The Equal Pay Act (EPA)    [ ] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)    [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by to

If you **DO NOT** wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| | |
|---|---|
| **Charles K. Diamond,**<br>**Investigator**<br>*EEOC Representative*<br>*Telephone* **(212) 336-3771** | **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004**<br>**Fax: (212) 336-3625** |

Enclosure(s): [X] Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**

[ ] Race    [ ] Color    [X] Sex    [ ] Religion    [ ] National Origin    [ ] Age    [ ] Disability    [X] Retaliation    [ ] Genetic Information    [ ] Other

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| September 13, 2018 | **Kevin J. Berry,**<br>**District Director** | *[signed] Kevin J. Berry* |

*Enclosure with EEOC*
*Form 131 (11/09)*

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14  Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2018-01534 |

**New York State Division Of Human Rights** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Dr. Melissa Kaye | (212) 794-1157 | 1962 |

Street Address: 500 E. 77th St, Apt 239
City, State and ZIP Code: MANHATTAN, NY 10162

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| BELLEVUE HOSPITAL | 501+ | |

Street Address: 1st Avenue & 27th Street
City, State and ZIP Code: New York, NY 10016

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address:
City, State and ZIP Code:

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-01-2000    Latest: 05-22-2018
☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I am a 55 year old Caucasian female who has worked for Bellevue Hospital and HHC since 1999, most recently as the Bronx Court Clinic Medical Director. I believe I have been discriminated against because of my sex, in violation of the Equal Pay Act of 1963, as amended, and Title VII of the Civil Rights Act of 1964, as amended. Specifically, I have been paid less than the male Manhattan Court Clinic Medical Directors, despite having the same title and job duties. I have been paid under an Attending III title since 1999, while the men who have worked as the Manhattan Court Clinic Medical Director have been paid as a Physician Specialist title. The Physician Specialist title carries a significant pay increase, and the male Manhattan Court Clinic Medical Directors have made significantly more money than I over the almost 20 years I have worked here. I believe I was given an Attending III title and underpaid compared to my male counterparts because of my sex. Based on the above, I believe I have been discriminated against because of my sex, in violation of the Equal Pay Act of 1963, as amended, and Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Melissa Kaye on 05-22-2018 02:42 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form | [ ] FEPA<br>[X] EEOC | 520-2018-01534 |

and EEOC

*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Dr. Melissa Kaye | (212) 794-1157 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | YEAR OF BIRTH |
|---|---|---|
| 500 E. 77th St., Apt 239 | New York, New York 10162 | 1962 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Bellevue Hospital, **NYC Health and Hospitals Corporation** | 500+ | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1st Avenue and 27th Street | New York, NY 10016 | New York |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] AGE

[X] RETALIATION  [ ] NATIONAL ORIGIN  [ ] DISABILITY  [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA): 01-01-2000    LATEST (ALL): 8-27-2018

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

See **Supplemental** Charge of Discrimination attached as Exhibit A. In addition, changes to this EEOC cover sheet have been marked in bold text.

I want this supplemental charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Melissa Kaye*
Date 9/7/18   Charging Party (Signature)

NOTARY – (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
*/s/ Melissa Kaye*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)   Julie Cleary
Notary Public, State of New York
Qualified in Westchester County
Registration No. 01CL5054864
Commission Expires 1/29/22
*/s/ Julie Cleary*

EEOC FORM 5 (Test 10/94)

## ATTACHMENT A

## SUPPLEMENTAL CHARGE OF DISCRIMINATION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE
SEP 11 2018
DATE RECEIVED

I filed a Charge of Discrimination with the EEOC on May 22, 2018 based on sex discrimination against me in the form of unequal pay. Specifically, I alleged that HHC has paid me less than other Court Clinic Medical Directors, despite having the same title and job duties, and superior training and credentials. (I have an additional two years of training in Child and Adolescent Psychiatry above the equivalent training in General and Forensic Psychiatry of my male colleagues). I now believe that my employer, NYC Health and Hospitals Corporation ("HHC"), is retaliating against me because I opposed discriminatory practices in the workplace.

I have been Medical Director of the Bronx Court Clinic since 2004. On July 1, 2018, oversight of the Bronx Court Clinic was transferred from Bellevue Hospital ("BHC") to Correctional Health Services ("CHS"), both of which are under the auspices of HHC.

Following this transfer, I informed my direct supervisor, Dr. Abhishek Jain, that I am seeking pay parity with my male colleagues, and that I have filed an EEOC complaint regarding this matter. Dr. Jain called me the next day to inform me that he had reported my actions to Jonathan Wangel, Senior Director of CHS Labor Relations.

In July 2018, Dr. Jain and Ms. Andrea Swenson, CHS Administrative Director of the Forensic Psychiatry Court Clinics, demoted me in title from my established and longstanding title of "Medical Director" to the lesser title of "Director." This was done without legitimate cause and over my objection. This lower title is not commensurate with my training, credentials or expertise, and this demotion in title has a foreseeable negative impact on me professionally. Additionally, it violates the explicit promise made by Mr. Wangel to me and my union representative prior to the BHC/CHS transition that "nothing would change" regarding my employment status in the transfer from BHC to CHS oversight.

On August 6, 2018 when I returned from scheduled annual leave, I was informed by Dr. Jain that he and Mr. Wangel had discussed that I would no longer be "allowed" to take my long established, formally agreed upon 30 minute unpaid lunch break, and that instead I would be required to take a 1 hour unpaid lunch break, thereby increasing the length of my work shift from 8.5 hours a day to 9 hours a day. In addition, Dr. Jain and Mr. Wangel have also changed the start time of my shift from 9:00am to 8:00am, without explanation or justification. Both the increase in the length of my shift and the change in start time conflict with my childcare responsibilities and cause me excessive hardship, as a single mother of two school-aged children.

When Dr. Jain informed me of the intent to extend my workday to 9 hours, I told him that I strongly opposed this change, and that this would cause me significant difficulty regarding childcare. I also pointed out that I have worked an HHC sanctioned shift of 8.5 hours per day for over a decade, and that other physicians at HHC have as well. In addition, I reminded him that Mr. Wangel, on behalf of CHS, had guaranteed my union and me that my working conditions would remain "exactly the same" upon switching me from BHC to CHS. Dr. Jain was indifferent and unresponsive to my concerns. Subsequently, on August 15, 2018, I received an

email from Dr. Jain and Mr. Wangel informing me that my work schedule was being changed and the duration of my shift was extended. Shortly thereafter I discovered that CHS had retroactively altered my timesheets to reflect this change backdated to August 6, 2018. It is my understanding that Mr. Wangel and Dr. Jain took these adverse employment actions against me in conjunction with Patricia Yang, Director of CHS.

Upon transfer from BHC to CHS on July 1, 2018, my timesheets were converted from paper timesheets to an electronic timekeeping system. However, CHS failed to give me any access to this electronic timekeeping system until August 7, 2018. As a result, Dr. Jain was entering in my time, and I had no ability to check the accuracy of my timesheets. Although I informed Dr. Jain that I work an 8 hour day with a 30 minute unpaid lunch, he disagreed with me and insisted that I have been working a 7 hour day with a one hour unpaid lunch, effectively docking me for time that I worked. Based on Dr. Jain's insistence on a one hour unpaid lunch, I will now need to work a longer work day in order to get credit for the same 8 hour work shift I have been working for years. I provided Dr. Jain with copies of my past BHC timesheets that clearly showed that what I was saying about my shift was accurate. After I was granted access to the electronic timekeeping system, I discovered numerous discrepancies, errors and inconsistencies in how my time had been entered. I informed Dr. Jain that my time was entered incorrectly but he did not respond. My union representatives have been involved in looking into this serious matter, but the actions of HHC strongly suggest that I am being subjected to retaliation following my EEOC pay discrimination complaint.

HHC has long been aware of and accommodated my family responsibilities and this change in my work schedule unjustifiably replaces a longstanding HHC precedent regarding the number of hours in my workday. I was given no legitimate or consistent reason for this adverse change in my work schedule, and I assert that HHC used this transition from BHC to CHS as an opportunity to retaliate against me.

## RELIEF SOUGHT

Based on the above, there is substantial evidence upon which to conclude that HHC has demoted me in title, extended the length of my workday, moved my shift to begin an hour earlier, and miscalculated my time as retaliation against me because I made a complaint about discriminatory pay practice in the workplace. As such, HHC has violated federal, state, and city laws and must be held accountable for its unlawful actions. Accordingly, I respectfully request that the EEOC add a charge of retaliation to my complaint and promptly investigate these claims on my behalf.

As redress for the discriminatory conduct and retaliation to which I have been subjected by HHC, I seek back pay, reinstatement established work conditions, shift and title, and compensatory damages, attorneys' fees, punitive damages and whatever additional relief the Commission deems warranted.

*Melissa Kaye*
Melissa Kaye, M.D.