

Catherine G. Patsos, Esq., CHC
Chief Corporate Compliance Officer
Corporate Privacy and Security Officer
Office of Corporate Compliance
NYC Health + Hospitals
160 Water Street, Suite 1129
New York, NY 10038
(646) 458-5632

**Confidential Investigatory Information**

## MEMORANDUM

**TO:** Patricia Yang
Sr. Vice President, Correctional Health Services

**FROM:** Catherine G. Patsos
Chief Corporate Compliance Officer

**CC:** Jonathan Wangel
Sr. Director, Correctional Health Services

Sofia Khalid
Associate Compliance Officer

**DATE:** May 9, 2019

**RE:** **Summary Investigative Report: Audio-recording of 730 Competency Evaluations**
**NYC Health + Hospitals/Correctional Health Services**
**(OCC File No.: NYCHHC 19-03-0027)**

### I. Summary

This report provides summary information of an investigation conducted by the Office of Corporate Compliance ("OCC") regarding the audio-recording of 730 competency evaluations. On March 20, 2019, the OCC received a report from Correctional Health Services ("CHS"), which claimed that Dr. Melissa Kaye, a psychiatrist in CHS's Forensic Psychiatric Evaluation Court Clinic, electronically recorded on "multiple occasions," evaluations of patients using her personal cell phone. The recordings were claimed to have been created without the consent of the patient or the patient's counsel. It was also reported that Dr. Kaye appeared in a February 7, 2019 New York State Supreme Court proceeding (the "Proceeding"), during which admitted that she recorded a patient's 730 competency evaluation.

The OCC investigation of this report included interviews of Dr. Kaye; interviews of two other forensic evaluators from CHS, Dr. Daniel Mundy, Senior Director, Manhattan Forensic Psychiatry Clinic, and Dr. Elizabeth Owen, Director of Queens Forensic Psychiatry Clinic; a review of the Proceeding transcript; research surrounding the law of audio-recording 730 competency evaluations and the existence of NYC Health + Hospitals Operating Procedures or other policies regarding the same, including CHS policies; and best practice documents from the American Academy of Forensic Psychiatry and the Law, and the American Psychiatric Association.

## II.   OCC Findings

Based on the aforementioned interviews, research, and document reviews, the OCC found the following:

1. Dr. Kaye audio-recorded the 730 competency evaluation of the defendant in the Proceeding.
2. Dr. Kaye claimed to have deleted such audio-recording and did not forward it to anyone or otherwise further use such audio-recording.
3. Although Dr. Kaye used her personal phone to audio-record the 730 competency evaluation, she claimed that her phone was password protected and no one else had access to it.
4. Dr. Kaye claimed that she had performed hundreds of these types of evaluations over the years, and this was an atypical instance in which she recorded a 730 competency evaluation.
5. NYC Health + Hospitals does not have an Operating Procedures or other policy that prohibits the audio-recording of 730 competency evaluations.
6. CHS does not have a policy that prohibits the audio-recording of 730 competency evaluations.
7. New York State law and regulations surrounding audio-recording state that New York is a one-party consent state, meaning that only one party needs to consent to an audio recording of a conversation.
8. A review of case law did not provide any indication of a prohibition against audio-recording during 730 competency evaluations.
9. The American Academy of Forensic Psychiatry and the Law's Task Force Revised document (2013), *Video Recording of Forensic Psychiatric Evaluations* [1] concludes that video-recording is an ethically acceptable

---

[1] *Video Recording of Forensic Psychiatric Evaluations*, AAPL Task Force, Approved by the AAPL Executive Council May 31, 1998 (Revised May 2013), p. 13.

medical practice; however, it did not come to a conclusion on whether consent was necessary to do so.

10. The American Psychiatric Association's *Opinions of the Ethics Committee on The Principles of Medical Ethics* (2019 Edition)[2] states that a psychiatrist should ethically inform a patient and allow a patient to refuse to have a session recorded.

11. Two other forensic evaluators claimed that it was well-known that audio-recording was prohibited during 730 competency evaluations.

    - Dr. Mundy mentioned that he has never audio-recorded an evaluation, and he has not heard of that being done previously; he is not familiar with any NYC Health + Hospitals policies regarding recording of forensic interviews.
    - Dr. Owen stated that she has never audio-recorded an evaluation, and it was her understanding that the Department of Corrections ("DOC") does not permit such recordings; however, OCC research regarding such DOC policies could neither confirm nor deny that claim.

Based on the foregoing, the OCC determined that, although Dr. Kaye did not technically violate any existing law or policy regarding the audio-recording of 730 competency evaluations, her decision to record the defendant in the Proceeding during his 730 competency evaluation was inappropriate, and such recording was inconsistent with the custom and practice of performing 730 competency evaluations.

### III. Recommendations

Based on the findings in this investigation, the OCC recommends that Dr. Kaye be disciplined in the form of counseling, and retrained on the custom and practice of conducting 730 competency evaluations. The OCC also recommends that CHS develop general policies and procedures for conducting 730 competency evaluations, if such policies and procedures do not currently in exist, and more specifically to develop policies regarding any form of recording such evaluations.

### IV. Closing

This summary report is composed by the OCC and is derived from its review of the subject allegation. The OCC has completed its investigation of this matter, and requests that it be provided with evidence of any action (if determined as warranted) when taken. Notwithstanding the

---

[2] *Opinions of the Ethics Committee on the The Principles of Medical Ethics* (With Annotations Especially Applicable to Psychiatry) (2019 Edition), American Psychiatric Association, Confidentiality and Informed Consent, p. 15 (D.3)

recommendations of the OCC, any disciplinary action taken against the subject of this investigation rests within the discretion of CHS. The OCC, however, will serve as a resource and assist in providing the information necessary to ensure ongoing compliance with rules, regulations, quality, and best practices.



Page 4 of 4