

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**DONNA A. CANFIELD**
*Assistant Corporation Counse*l
Phone: (212) 356-2461
Fax: (212) 356-2438
dcanfiel@law.nyc.gov

April 27, 2022

**BY: ECF**
Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007

      Re: *Kaye v. NYC Health & Hospitals Corp. et al.*, 18-cv-12137 (JPC)(JLC)

Dear Judge Cronan:

      I am an Assistant Corporation Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for defendants the New York City Health and Hospitals Corporation ("H+H"), Elizabeth Ford, Patricia Yang, Abhishek Jain, and Jonathan Wangel, in the above-referenced matter. I write in response to Plaintiff's April 25, 2022 letter application, originally filed as ECF Dkt. No. 234, and a subsequent corrected version, filed as ECF Dkt. No. 235.

      In her application, Plaintiff maintains that Defendants have moved for summary judgment on the "wrong complaint." *See* ECF Dkt. No. 235. After reviewing the docket and the exhibits attached to Plaintiff's application, it appears that Defendants have in fact, moved on the operative complaint, found at ECF Dkt. No. 25-1.

    A. **Background**

      Plaintiff filed her original Complaint on December 21, 2018. *See* ECF Dkt. No. 1. On March 29, 2019, after failing to serve the summons and complaint on Defendants within the 90 day period, the Honorable Judge J. Paul Oetken directed Plaintiff to "advise the Court in writing why she has failed to serve the summons and complaint on Defendants," and stated that absent good cause, the Court will dismiss the case. *See* ECF Dkt. No. 3. On April 11, 2019, Plaintiff wrote to the Court, and explained that the delayed service was "due to a number of personal set backs" experienced by both Plaintiff and her counsel, and requested "until April 30, 2019 to file the amended complaint." *See* ECF Dkt. No. 4. By Order, dated April 12, 2019, Judge Oetken

granted Plaintiff's application only to the extent that the deadline to effectuate service on Defendants was extended to April 30, 2019. *See* ECF Dkt. No. 6.

On April 30, 2019, Plaintiff filed her First Amended Complaint. *See* ECF Dkt. No. 22. For a variety of reasons, including the fact that it "was filed incorrectly on the due date," Plaintiff was instructed that the "Court's leave will be required to re-file the pleading." *See* Docket Sheet entry, dated May 1, 2019. On May 2, 2019, Plaintiff wrote to Judge Oetken seeking leave to "re-file Plaintiff's Amended Complaint." *See* ECF Dkt. No. 25. Attached as Exhibit "1" to Plaintiff's application was a First Amended Complaint, dated April 30, 2019, which contained 29 pages and 161 paragraphs—the same document filed at ECF Dkt. No. 22. *Compare* ECF Dkt. Nos. 22 and 25-1. Defendant HHC was served with the First Amended Complaint on April 30, 2019. *See* ECF Dkt. Nos. 24, 235-2. Later that same day, Plaintiff submitted another letter to the Court, stating that "Defendants have all been served the First Amended Complaint," and "respectfully requests that she be allowed to amend pursuant to Fed. R. Civ. P. 15." *See* ECF Dkt. No. 26.

On May 2, 2019, Judge Oetken granted Plaintiff's application [ECF Dkt. No. 25] to "refile the Amended Complaint on ECF." *See* ECF Dkt. No. 28. On May 3, 2019, Plaintiff, rather than re-filing the Amended Complaint previously served on Defendants, filed a Complaint amended a second time, which contained 32 pages and 177 paragraphs. In doing so, Plaintiff listed the caption as the "First Amended Complaint," rather than correcting it to read "Second Amended Complaint." She also amend the Complaint a second time despite not having received leave of Court to do so. *See* ECF Dkt. No. 29.

**B. The April 30, 2012 First Amended Complaint, filed at ECF Dkt. Nos. 22 and 25-1, is the Operative First Amended Complaint**

Based on the facts set forth above, it is Defendants position that they have moved on the operative complaint.

First, the record establishes that Judge Oetken's Order on May 2, 2019, granted permission for Plaintiff to "refile the Amended Complaint on ECF." *See* ECF Dkt. No. 28. There is no record of Plaintiff receiving permission to further amend the First Amended Complaint.

Second, there is no record that any of the Defendants were served with, or even have in their possession, the "Second Amended Complaint" which Plaintiff surreptitiously disguised as the "First Amended Complaint." This explains defense counsel's confusion during Plaintiff's deposition, and the statement from counsel that "[w]e were not served with one dated May 3rd." *See* ECF Dkt. No. 235-5 at 198:2-3. It was only after pulling the document off the docket that Defendants and Defendants' counsel had a copy of what Plaintiff asserts is the operative complaint.

Finally, Defendants served their answer to the First Amended Complaint on July 19, 2010. *See* ECF Dkt. No. 34. Assuming Plaintiff reviewed Defendants' answer, she would have known that Defendants responded to the 161 paragraphs contained in the First Amended Complaint, dated April 30, 2019, and not what Plaintiff claims is the First Amended Complaint,

dated May 3, 2019.  Plaintiff was also notified at her deposition, held on November 15, 2021, that Defendants had not been served with the May 3, 2019 First Amended Complaint.  Rather than raise the issue with the Court at either time, Plaintiff instead waited until Defendants completed discovery and moved for summary judgment to point out what she claims is Defendants' use of an inoperative complaint.  Plaintiff's application should therefore be barred by the doctrine of laches.

### C. Relief Sought by Defendants

For the reasons stated above, Plaintiff's April 30, 2019 First Amended Complaint should be deemed the operative complaint by the Court.  If the Court should entertain Plaintiff's application, Defendants respectfully request permission to: 1) amend their answer to respond to the May 3, 2019 First Amended Complaint; and 2) amend their motion for summary judgment to address two additional causes of action listed in the May 3, 2019 First Amended Complaint, but not contained in the April 30, 2019 First Amended Complaint.

Defendants thank the Court in advance for its consideration of this request.

Respectfully submitted,

ECF   /s/

Donna A. Canfield
Assistant Corporation Counsel
dcanfiel@law.nyc.gov

cc:     Special Hagan (by ECF)