UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
MELISSA KAYE,                                                     :
                                                                  :
                                    Plaintiff,                    :
                                                                  :          18 Civ. 12137 (JPC) (JLC)
                 -v-                                              :
                                                                  :                   ORDER
NEW YORK CITY HEALTH AND HOSPITALS                               :
CORPORATION *et al.*,                                             :
                                                                  :
                                                                  :
                                    Defendants.                   :
                                                                  :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Plaintiff filed the initial Complaint in this action on December 21, 2018, Dkt. 1, and the case was assigned to the Honorable J. Paul Oetken.[1]  After Plaintiff failed to serve the Complaint within 90 days as required by Federal Rule of Civil Procedure 4(m), Judge Oetken extended the time to serve the Complaint to April 30, 2019.  Dkt. 6.  On April 30, 2019, Plaintiff instead attempted to file an amended complaint ("First Amended Complaint"), Dkt. 22, and filed an affidavit of service of the First Amended Complaint, Dkt. 24.  On May 1, 2019, however, the Clerk of Court rejected the filing of the First Amended Complaint because the "title of the pleading" did not "correspond with the event being used"; moreover, because Judge Oetken's April 30 deadline had passed, "leave" of the Court was "required to re-file" a corrected version.  On May 2, 2019, Plaintiff sought "leave to re-file Plaintiff's Amended Complaint as of right," Dkt. 25 at 1, and attached as an exhibit the First Amended Complaint, *i.e.*, the pleading Plaintiff sought to file on April 30, Dkt. 25-1, as well as an affidavit of service of the First Amended Complaint from April 30, Dkt. 25-2.  On May 3, 2019, Judge Oetken memo-endorsed Plaintiff's letter, granting "leave to refile the Amended

---

[1] On September 29, 2020, the case was reassigned from Judge Oetken to the undersigned.

Complaint on ECF." Dkt. 28 at 1.

On May 3, 2019, despite Judge Oetken granting Plaintiff leave to file the First Amended Complaint, *i.e.*, the pleading attached to her request, Plaintiff filed a different document ("Second Amended Complaint"). Dkt. 29. Yet Plaintiff captioned this pleading as the "First Amended Complaint." *Id.* And as Plaintiff now explains, the Second Amended Complaint added "3 additional pages of pleaded facts" to the First Amended Complaint that Judge Oetken approved. Dkt. 237 at 1. Thus, while the First Amended Complaint that Judge Oetken approved contained 161 numbered paragraphs, Dkt. 25-1, the Second Amended Complaint that Plaintiff in fact filed contained 177 numbered paragraphs, Dkt. 29.[2]

Plaintiff's filing of Second Amended Complaint was impermissible. Rule 15(a)(1) allows the amendment of a complaint "*once* as a matter of course." Fed. R. Civ. P. 15(a)(1) (emphasis added). "In all other cases," a plaintiff must obtain "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff amended the complaint once. An amended complaint for which service is required is effective when filed and served. *See Intern. Controls Corp. v. Vesco*, 556 F.2d 665, 669 (2d Cir. 1977). The First Amended Complaint was filed on April 30, 2019 notwithstanding its rejection by the Clerk of Court for technical deficiencies. *See Johnson v. Colvin*, No. 15 Civ. 3853 (KBF), 2015 WL 7078648, at *2 (S.D.N.Y. Nov. 13, 2015) ("It is well-settled law that a filing should not be deemed untimely merely because it was rejected by the clerk for failure to comply with some technical rule." (collecting cases)).[3] And as

---

[2] Plaintiff also claims that the Second Amended Complaint added two additional claims, Dkt. 237 at 1, but a comparison of the two Complaints reveals that it included the same ten claims as the First Amended Complaint that Judge Oetken approved, *compare* Dkt. 25-1 ¶¶ 102-161, *with* Dkt. 29 ¶¶ 116-177.

[3] Even if the First Amended Complaint were not filed on April 30, it was filed when Judge Oetken approved it on May 3, as an "amended complaint attached to a motion to amend" becomes operative "when the motion to amend is granted." *Gladstone v. Health Career Acad.*, No. 15 Civ. 517 (CSH), 2016 WL 81789, at *2 (D. Conn. Jan. 7, 2016).

mentioned, the First Amended Complaint was served on April 30, 2019.  Dkt. 24.

Because Plaintiff filed one amended complaint "as of right," Dkt. 25 at 1, any subsequent amendment would have required consent or court approval.  But Plaintiff never obtained Defendants' written consent or Judge Oetken's authorization to amend the Complaint a second time.  Because the Second Amended Complaint was filed without leave, it was never the operative Complaint.  Accordingly, the Clerk of the Court is respectfully directed to strike the document at Docket Number 29.  The pleading at Docket Number 25-1, *i.e.*, the First Amended Complaint which was attached to Plaintiff's request to Judge Oetken for leave to amend, is the operative Complaint in this case.

By May 9, 2022, Plaintiff's counsel should submit a letter explaining why she filed a pleading, *i.e.*, the Second Amended Complaint, when Judge Oetken granted her leave to file a different pleading, *i.e.*, the First Amended Complaint.  Plaintiff's counsel should address whether the filing of the Second Amended Complaint—and captioning it as the "First Amended Complaint"—was intended to deceive Judge Oetken and Defendants, and why sanctions should not be imposed.  *See Conway v. Conway*, No. 17 Civ. 8245 (RJS), 2019 WL 1331624, at *10 (S.D.N.Y. Mar. 25, 2019) ("Rule 11 allows a court to sanction a party for 'making false, misleading, improper, or frivolous representations to the court,'" and "[s]eparately, the Court has the inherent power to sanction . . . any litigant . . . on a showing of subjective bad faith." (quoting *Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 51 (2d Cir. 2008)).

The Court concludes with the briefing schedule for Defendants' pending motion for summary judgment.  After Defendants moved for summary judgment on March 4, 2022, Dkt. 224, Plaintiff claimed that "Defendants . . . filed their motion based on the wrong complaint," *i.e.*, that Defendants moved for summary judgment based on the First Amended Complaint, not the Second Amended Complaint, Dkt. 234 at 1; Dkt. 235 at 1.  Because the Second Amended Complaint was

not properly filed, as explained above, Defendants correctly moved with respect to the First Amended Complaint.  Plaintiff also has requested an extension of time to oppose summary judgment in light of Defendants' alleged error.  Dkt. 238.  While not reflected in Plaintiff's request, Defendants advised today, May 2, 2022, that they do not oppose Plaintiff's request for an extension of time to oppose their summary judgment motion.  Dkt. 242 at 1.  Plaintiff is granted another extension until May 6, 2022.  Defendants shall reply by May 20, 2022.  No further extensions will be granted to Plaintiff absent extraordinary circumstances.

The Clerk of Court is respectfully directed to close the motions pending at Docket Numbers 234, 235, and 238 and to strike the document at Docket Number 29.

SO ORDERED.

Dated: May 2, 2022
       New York, New York

_____
JOHN P. CRONAN
United States District Judge