THE LAW OFFICES OF

*Special | Hagan*

196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
SPECIAL@HAGANLAWOFFICES.NET

Tuesday, May 3, 2022

**VIA EMAIL and ECF**

Honorable District Judge John P. Cronan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 20C
New York, New York 10007-1312

                Re:    Kaye v. Health and Hospitals Corporation et. al.
                     18-CV-12137(JPC)(JLC)

Dear Honorable District Judge Cronan:

Plaintiff respectfully submits this letter in response to the Court's order rendered this evening. (ECF Dkt. 244) Consistent with the Court's Order, I am filing my response as an explanation of Plaintiff's filings on or by May 9, 2022. I am disappointed and concerned that the Court has made the erroneous determination that I have engaged in some sort of deception. Accordingly, I write this letter asking the Court to reconsider its ruling as rendered tonight.

I am thereby seeking the Court's latitude in light of the tremendous amount of resources and work that have been expended by Plaintiff and myself in litigating this case. I believe that it would be a manifest injustice to be only afforded 4 days to complete a motion I sincerely believed was improperly filed. Accordingly, pursuant to Fed. R. Civ. 72, this letter also serves as Plaintiff's objection on the record to the Court's order as rendered this evening. (ECF. Dkt. 244) With that said, I am once again asking the Court that Plaintiff be allowed until May 15, 2022 to file her opposition.

In support of Plaintiff's position, I reference Defense Counsel's concession. In correspondence filed earlier today, Defense Counsel has conceded that there are 3 missing exhibits and 3 erroneously labeled exhibits. Additionally, there are substantive differences between the two complaints, differences that have repeatedly been raised on the record and that have the potential to substantively impact Dr. Kaye's rights under the First Amendment and 1983. Dr. Kaye deserves to have all of the claims she has raised briefed and decided on the merits. It is my hope that with the requested modified briefing schedule and properly filed motion, that the parties will truly litigate this matter on the merits.

As per the Court's Order, Plaintiff initiated these proceedings on December 21, 2018. (ECF Dkt. 1) Between December 21, 2018 and March 28, 2019, Plaintiff and I both experienced any number of personal issues and health issues that rendered service of the initial complaint impossible. As such, the Honorable Judge Oetken issued an order on March 28, 2019 that ordered Plaintiff to respond on or by April 12, 2019. (ECF Dkt. 3) I addressed the Court on April 12, 2019, and listed the issues above. Judge

1

THE LAW OFFICES OF

*Special | Hagan*

196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
SPECIAL@HAGANLAWOFFICES.NET

Oetken graciously afforded Plaintiff the opportunity to file an Amended Complaint on or by April 30, 2019. (ECF. Dkt. 6)

Plaintiff complied with the Court's order and attempted to serve Defendants with a Complaint on April 30, 2019. (ECF. Dkts. 7-21) Between April 24, 2019 and April 30, 2019, Plaintiff made several attempts to serve Defendants. At that time, Defendants would not accept service for the individually named Defendants. On April 30, 2019, I notified the Court and informed Judge Oetken that H + H's designee would not accept service of the Complaint. (ECF. Dkt. 23) At that time, I sought an extension until April 30, 2019 to serve Defendants. At that time, I attached a proposed/draft Amended Complaint to show that Plaintiff had in fact made substantive changes to the complaint. (ECF Dkt. 25) To be clear, the Complaint attached to the letter motion was a proposed draft complaint. As stated by Defense Counsel at Plaintiff's Deposition on November 15, 2021.

On May 1, 2019, I was contacted by ECF Dkt. Management. Via an electronic entry, I was notified that I needed to seek leave of the Court to re-file Plaintiff's Amended Complaint. On May 2, 2019, I wrote the Court twice both times I sought leave to file an Amended Complaint, since the Complaint that I attempted to continue to try and serve had been rejected. (ECF. Dkts. 25 and 26) As such, I continue to maintain that I did not seek to deceive the Court. In fact, I made it a point to tell the Court that I sought to amend the Complaint and worked with Dr. Kaye based on that understanding. (See Exhibit 1)

Consistent with this line of reasoning are the following: on April 30, 2019, I wrote Ms. Greenfield to inquire whether she would accept service of the Amended Complaint (Exhibit 1); on May 2, 2019, at 1:28PM, I wrote Judge Oetken seeking leave to re-file Plaintiff's Amended Complaint (Exhibit 2: ECF Dkt. Receipt for Docket Entry 25) ; on May 2, 2019 at 3:56PM I sent Ms. Greenfield's Judge Oetken's Order as it was rendered on May 2, 2019 (Exhibit 1); at 6:25pm on May 2, 2019, Ms. Greenfield accepted service of Plaintiff's Complaint; on May 2, 2019; at 6:49PM on May 2, 2019, I filed another letter with Judge Oetken seeking leave to amend the Amended Complaint, I stated that the Amended Complaint was substantially longer and that it had a complete recitation of facts.

Again, the Court graciously rendered two Memo Endorsements on May 3, 2019. (ECF Dkts. 27 and 28). The First Memo Endorsement was issued at 11:04AM and the second was issued at 11:46AM (Exhibits 3 and 4 respectively) It was my understanding that based on the Court's rulings that I could amend and re-file Plaintiff's Amended Complaint. Consistent with this understanding are my email exchanges with Dr. Kaye. (Exhibits 1 and 5)

On May 3, 2019, Dr. Kaye and I exchanged 3 emails that further amended the complaint. The first was sent at 9:34AM, I responded to Dr. Kaye at 12:21PM and then Dr. Kaye sent additional revisions at 6:39PM (Exhibit 5: Email from Dr. Kaye with the Subject Proofed) Again, based on the Court's rulings earlier that day, I believed that I was granted leave to amend and re-file Plaintiff's Complaint, and therefore uploaded another version on May 3, 2019 at 10:36PM. Due to the tremendous resources expended on this case by all involved, I respectfully request that the Court allow Dr. Kaye to proceed with the Complaint as Amended on ECF Dkt. 29. (Exhibit 6: May 3, 2022 Complaint ECF Dkt 29) It should be clear from the exhibits herein that I did not harbor any intention of misleading or deceiving the

2



THE LAW OFFICES OF

196-04 HOLLIS AVENUE
SAINT ALBANS, NEW YORK 11412
P: (917) 337-2439
SPECIAL@HAGANLAWOFFICES.NET

Court.  Again, there are  significant differences between the Complaints filed on April 30, 2019 and May 3, 2019.

The following dispositive differences are present in the two complaints:

- The April 25, 2019 Complaint was filed as a "Summons and Complaint" and the May 3rd Complaint was filed as the "First Amended Complaint" (See Exhibits 6 and 7);
- There are amendments to Paragraphs 19 and 23;
- The significance of the Physician Specialist title is fully explained in the May 3, 2022 Complaint where it is not in the April 30, 2019 Complaint (Paragraphs 36);
- The distinction between how Dr. Kaye was treated versus her male comparators was modified to articulate the differences in workload and responsibilities (Paragraph 39);
- The May 3 Complaint modified the time frames for the filing of Plaintiff's protected activities and the adverse employment actions she experienced.  (p. 12);
- The Shift change was accurately reflected in the May 3, 2019 Complaint;
- The May 3 Complaint detailed the changes in Dr. Kaye's time sheets in KRONOS that ultimately led to her pay being docked by Defendants.  p. 13.  The proposed Complaint at Docket Entry 25-1 does not have this information;
- The May 3rd Complaint further elaborated on the reasons that Defendants' imposed shift change was retaliatory and arbitrary, the ECF 25-1 Complaint does not;
- The May 3rd Complaint established that Dr. Kaye initially disclosed her condition to Defendant Ford years ago, the proposed complaint did not contain that additional detail; and
- The May 3rd Complaint elaborated on Plaintiff's Claims under the First Amendment and clearly explained the significance that Defendants' alleged misconduct has had on criminal defendants throughout the City.   Therefore, if Defendants' motion is allowed to proceed based on the 25-1 proposed draft complaint, Plaintiff will be denied the ability to litigate her claims under the First Amendment.

Both sides have made a number of errors in their filings. Plaintiff sought leave of the Court to address her errors.  She also notified Defendants at every reasonable turn of their errors: first at the 10 depositions taken; secondly at Plaintiff's deposition; and lastly in the motion herein.    Plaintiff has consistently requested that both sides have the ability to correct their errors and litigate this case on the merits.  As it stands, if Defendants' motion is allowed to proceed uncorrected, the opposition will have to be filed in response to a briefing with missing exhibits and other filings.  Respectfully, this is an injustice to Dr. Kaye who has expended tremendous resources, and who has sought to litigate this matter not only to redress her rights, but to protect the rights of defendants and the City writ large.

Respectfully submitted,

/s/

Special Hagan
Counsel for Plaintiff, Melissa Kaye, M.D.
Cc:     Donna Canfield,
        Counsel for Defendants

3