UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
MELISSA KAYE,                                                           :
                                                                        :
                        Plaintiff,                                      :
                                                                        :        18 Civ. 12137 (JPC) (JLC)
        -v-                                                             :
                                                                        :        ORDER
NEW YORK CITY HEALTH AND HOSPITALS                                      :
CORPORATION *et al.*,                                                   :
                                                                        :
                                                                        :
                        Defendants.                                     :
                                                                        :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On April 25, 2022, Plaintiff filed a letter contending that Defendants filed the pending motion for summary judgment in this case "based on the wrong complaint." Dkts. 234, 235. Plaintiff later requested an extension of time due to oppose the motion for summary judgment due to this supposed issue. Dkt. 238. On May 2, 2022, the Court determined that Defendants had, in fact, moved with respect to the operative complaint, and directed the Clerk of Court to strike Plaintiff's subsequent amended complaint because Plaintiff had failed to obtain leave to file it. Dkt. 244. The Court directed Plaintiff's counsel to explain the circumstances of the defective amendment and why sanctions should not be imposed. *Id.* at 3. The Court also granted a further one-week extension to the briefing schedule for the motion for summary judgment. *Id.* at 4.[1]

Later in the night of May 2, 2022, Plaintiff's counsel filed the requested letter. Dkt. 245 ("Motion"). In addition to explaining the circumstances of the amendment, Plaintiff seeks reconsideration and an additional extension. *See id.* Plaintiff's counsel's explanation of the filing

---

[1] Further factual background is provided in the Court's prior Order of May 2, 2022. *See generally id.*

discrepancy is that the First Amendment Complaint attached as an exhibit to the motion at Docket Number 25 was a mere "proposed draft complaint" "to show that Plaintiff had in fact made substantive changes," not a document that she intended to file. *Id.* at 2. The explanation is not credible. Plaintiff's counsel had previously filed the same document, Dkt. 21, only for it to be rejected by the Clerk of Court for a technical deficiency, and Plaintiff's counsel accordingly requested Judge Oetken's leave to "re-file" the same document due to the issue with "ECF quality control." Dkts. 25, 26. Plaintiff did not indicate that she intended to make any further changes to the document. *See* Dkts. 25, 26. And indeed, the emails Plaintiff's counsel proffers indicate that Plaintiff's counsel planned to simply re-file the document until May 3, 2019, when her client pointed out certain errors in the First Amended Complaint. Motion, Exh. 1.

"Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Levitant v. Workers Comp. Bd. of N.Y.*, No. 16 Civ. 6990 (ER), 2019 WL 5853438, at *1 (S.D.N.Y. Nov. 8, 2019) (internal quotation marks omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Since Plaintiff has not met this high standard, the motion for reconsideration is denied.

Plaintiff expresses concern that she will not have the "substantive differences between the two complaints" decided "on the merits." Motion at 1. But to be clear, the improperly filed complaint contained no additional causes of action, but instead asserted further factual allegations in support of the same causes of action pled in the First Amended Complaint. At "the summary judgment stage, the allegations of the complaint are immaterial," as "[t]he issue . . . is whether there is sufficient evidence." *May v. Venture Data, LLC*, 245 F. Supp. 3d 771, 775 (N.D.W. Va. 2017).

And the Federal Rules of Civil Procedure explicitly allow amendments during and after trial to conform the pleadings to the evidence in appropriate circumstances.  *See* Fed. R. Civ. P. 15(b); *see also* 6A Fed. Prac. & Proc. § 1491 (3d ed.) (noting the purposes of Rule 15(b) "to avoid the tyranny of formalism" and "to promote the objective of deciding cases on their merits rather than . . . on the basis of a statement of the claim . . . at a preliminary point in the action").  Plaintiff accordingly will suffer no prejudice.[2]

The request for an additional extension is also denied.  While Plaintiff's counsel claims that the Court subjected her to a "manifest injustice" by "only afford[ing her] 4 days to complete [an opposition that she] sincerely believed [to be] improperly filed," Motion at 1, the Court has provided Plaintiff *nine weeks* to oppose—significantly longer than the typical briefing schedule.  *See* Dkts. 223, 233, 244.  And as Plaintiff did not raise the alleged filing issue until the week before her opposition was due, Dkt. 234, and different factual allegations in the complaints have limited relevance to summary judgment briefing (as discussed above), Plaintiff's purported confusion should not have derailed her efforts to oppose summary judgment.

    SO ORDERED.

Dated: May 4, 2022
       New York, New York

                                       JOHN P. CRONAN
                                United States District Judge

---

[2] Even if the pleadings were more material to the litigation, Plaintiff's proffered "dispositive differences" between the documents, Motion at 3, are minor points of clarification or elaboration, and thus are exceedingly unlikely to be "dispositive."