Index No. 18 Civ. 12137 (JPC)(JCC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELISSA KAYE,

                                  Plaintiff,

-against-

NEW YORK CITY HEALTH AND HOSPITALS CORPORATION; ELIZABETH FORD; PATRICIA YANG; ABHISHEK JAIN; and JONATHAN WANGEL (said names being fictitious, the persons intended being those who aided and abetted the unlawful conduct of the names Defendants),

                                  Defendants.

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

*SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*

*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Donna A. Canfield*
*Tel: (212) 356-2461*
*Matter No. 2018-*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT...................................................................................................................................1

    POINT I ................................................................................................................1

        **NO GENUINE ISSUE OF MATERIAL FACT EXISTS AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED** ..................................................................1

CONCLUSION..................................................................................................................4

ii

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Vermont Teddy Bear Co. v. 1-800BEARGRAM Co.*,
373 F.3rd 241, 244 (2d Cir. 2004) ...............................................................................................1

**Statutes**

EPA ...............................................................................................................................................2

FMLA ............................................................................................................................................3

Fed. R Civ. P. 56 ...........................................................................................................................1

Local Rule 56.1 .............................................................................................................................1

New York Labor Law § 740 .........................................................................................................3

## PRELIMINARY STATEMENT

Plaintiff has filed (1) a one-page Memorandum of Law in Opposition, consisting only of the case caption, and containing no argument or analysis [*see* ECF Dkt. No. 250]; and (2) a one-page counterstatement of disputed facts containing only one, unsupported statement of fact [*see* ECF Dkt. Nos. 251 and 252] in opposition to Defendants' motion for summary judgment. Despite having nine weeks to do so, Plaintiff's scanty submission does nothing to oppose Defendants summary judgment motion. Thus, for the reasons set forth below and in Defendants' opening papers, Defendants' motion for summary judgment should be granted and Plaintiff's claims dismissed with prejudice.

## ARGUMENT

### POINT I

**NO GENUINE ISSUE OF MATERIAL FACT EXISTS AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED**

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Here, Plaintiff has not submitted an opposing statement of facts. Consequently, Defendants' Local Rule 56.1 Statement of Undisputed Material Facts are deemed admitted, since "unless specifically controverted," a statement of material facts "will be deemed to be admitted for the purposes of the motion." and "summary judgment, if appropriate, shall be entered against" Plaintiff. Local Rule 56.1(c); *see also* Fed. R. Civ. P 56(a)(2) and 56(e); *Vermont Teddy Bear Co. v. 1-800BEARGRAM Co.*, 373 F.3rd 241, 246 (2d Cir. 2004).

As demonstrated by business records, contemporaneous emails, and deposition testimony, Plaintiff is unable to establish any of her claims and Defendants are entitled to summary judgment as a matter of law. Plaintiff's EPA claim fails given that no evidence exists that she was paid less than male employees performing substantially equal work. The uncontroverted evidence establishes that the Manhattan court clinic, overseen by Dr. Ciric, was substantially busier, seeing approximately 1,200 to 1,400 criminal defendants annually. *See* Defs. 56.1. at ¶¶15-16. By comparison, the Bronx Criminal Court clinic, saw the least number of criminal defendants, with an average of only 300 criminal defendants annually. *Id*. The evidentiary record also demonstrates that a "factor other than sex"—plaintiff's refusal to accept a managerial position, choosing instead to remain a member of Doctors Council, her collective bargaining unit—justifies any conceivable wage differential between plaintiff and her male comparators. Defs. 56.1 at ¶¶ 13, 73.

Plaintiff's discrimination claims likewise are baseless. There is no evidence of discriminatory animus regarding her pay inequity claims, as there is no evidence that she was paid less than similarly situated men, or that defendants acted with discriminatory animus. *Id.* at ¶¶ 13, 15-16, 57, 73. Her remaining claims of discrimination are trivial, like grousing that she was not selected to participate in a workgroup, or perturbed by restrictions under her mandated working hours as required by her union's collective bargaining agreement. *Id.* at ¶¶ 96, 99, 100.

Plaintiff's retaliation claims are deficient. There is no causal connection between her complaints and any subsequent action, nor has plaintiff presented any other evidence sufficiently demonstrating retaliation. *Id*. at ¶¶ 81, 96, 99-100, 107-115, 123, 128-131, 149, 150-153. Nor can she demonstrate that her First Amendment rights were violated, since (1) her complaints were pursuant to her official job duties and not matters of public concern [*see id*. at

2

¶¶ 40, 82-83, 85-86] and (2) even if Plaintiff's speech received First Amendment protection, there is no causal connection between her speech, and the adverse employment actions about which she complains would have occurred in the absence of speech. *Id*. at ¶¶ 40, 173-174.

Plaintiff's FMLA claims lack merit. There is no evidence that she was denied FMLA leave or that she suffered any adverse employment action as a result of exercising her rights under the FMLA. *Id*. at ¶¶ 136, 138-140.

Finally, Plaintiff's constructive discharge and N.Y. Labor Law 740 claims fail, for all the reasons set forth above and in Defendants' opening papers.

In sum, plaintiff's litany of workplace complaints, do not, as a matter of law, violate any law. The record amply supports that her claims are entirely without merit.

Accordingly, the Court should grant Defendants' motion, and dismiss the Amended Complaint.

## CONCLUSION

For the foregoing reasons and the reasons set forth in Defendants' moving papers, the Court should grant summary judgment to Defendants on all of Plaintiff's claims, dismiss this action in its entirety, and grant such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        May 16, 2022

>                   Hon. Sylvia O. Hinds-Radix
>                   Corporation Counsel of the
>                   City of New York
>                   Attorney for Defendants
>                   100 Church Street, Room 2-124
>                   New York, New York 10007
>                   (212) 356-2461
>                   dcanfiel@law.nyc.gov
>
>
>           By:     ECF       /s/
>                   DONNA A. CANFIELD
>                   Assistant Corporation Counsel