THE LAW OFFICES OF

*Special | Hagan*

88-08 Justice Avenue Apt. 16i
ELMHURST, NEW YORK 11373
P: (917) 337-2439
SPECIAL@HAGANLAWOFFICES.NET

Tuesday, June 7, 2022

**VIA ECF**

Honorable District Judge John P. Cronan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 20C
New York, New York 10007-1312

Re:   Kaye v. Health and Hospitals Corporation et. al.
      18-CV-12137(JPC)(JLC)

Dear Honorable District Judge Cronan:

I am writing to request the mercy of the Court in accepting Plaintiff's Rule 56.1 Statement of Material Facts to be Tried nunc pro tunc.  The Court graciously granted leave based on an ex parte sealed letter I submitted several weeks ago for Plaintiff to submit her filings on or by May 27, 2022.  The same items identified in that letter along with fires in New Mexico have further delayed Plaintiff's submission. Accordingly, I ask that the Court allow Plaintiff to submit her Rule 56.1 Statement of Material Facts today, and request that she be allowed to submit her Memorandum of Law in Opposition to Defendants' Motion by June 9, 2022.

Plaintiff respectfully and apologetically makes this application to the Court because the case surely has merit and substantive issues to be tried.  From the submissions to date, Plaintiff respectfully believes that her case will survive summary judgment.

The record is replete with material issues of disputed fact, which should be tried by a jury of Dr. Kaye's peers:

- Between 2016 and 2021, on at least 34 separate occasions Dr. Kaye filed whistleblowing complaints with the following agencies: the Department of Investigation; the Inspector General's Office and the Department of Justice.  The subjects of the complaints varied from Medicaid Fraud to City Forensic Examiners billing as private practitioners for work that was part of their salaried employment.  Dr. Kaye also raised issues about her colleagues' rigging of exams and socializing with the legal community  in order to procure additional business.

- There are questions as to whether Defendants intentionally engaged in wage theft when they either deliberately incorrectly entered Dr. Kaye's time into the system and or when

THE LAW OFFICES OF

*Special | Hagan*

88-08 Justice Avenue Apt. 16i
ELMHURST, NEW YORK 11373
P: (917) 337-2439
SPECIAL@HAGANLAWOFFICES.NET

they refused to enter the correct date range to calculate Dr. Kaye's Leave balances. These deductions coincided with demotions in Dr. Kaye's office title of Medical Director and corporate title of Attending Physician.  In the latter instance, Dr. Kaye went from an Attending Physician III to an Attending Physician II.

Defendants' errors were significant and were made despite the advice from colleagues. Emails from Colleen Barrow, Rosalind Barrow, Wayne Myrie and April Alexander all instructed the named Defendants and their staff that they were wrong in the imposition of any number of policies directed at Dr. Kaye.  However Defendants persisted and their errors led to Dr. Kaye's salary being docked by 31K in 2018 and 36K in 2019.  These errors also led to Dr. Kaye's FMLA leave being denied and her retention bonus being unjustifiably denied and reduced.

Even the payment of the retention bonus was contrary to the Memorandum of Agreement made with Defendants and Dr. Kaye's union.  The payment was supposed to be in one lump sum; Dr. Kaye had to get two payments over the course of 3 months because of Defendants' resistance. Further, the retention  bonus was not supposed to be included in Dr. Kaye's annualized salary.  Defendants honored that separation for Dr. Mundy but did not do so for Dr. Kaye.

- Dr. Kaye has raised parity issues since 2004, and at every opportunity with each set of managers she had thereafter.  At no time, has any justification been given as to why she was not promoted into the Physician Specialist title in 2004; 2011; 2013 and or in 2018. She met the qualifications in 2004, 2011, and 2013 as a double board certified psychiatrist; and she met the qualifications in 2018 as a triple board certified psychiatrist.  Furthermore, between the time span that she and her comparator worked together, she was also more qualified than him as well.  The record also presents questions as to whether the group number or the budget line dictated whether an employee could move from one corporate title within their union to another.

  Dr. Kaye contends that she, Dr. Ciric and Dr. Weiss were all Group 11 employees with corporate titles that were covered under the Doctors Council collective bargaining agreement.  Therefore, as was done readily done for Dr. Ciric, she could have been promoted from the lesser Attending Physician corporate title to Physician Specialist corporate title.

- Defendants' intent is also at issue clearly on the record.  Firstly Defendant Patricia Yang, threatened to fire Dr. Kaye at a meeting where she complained about the impact of HIPAA releases and her colleagues' private practice activities.  When Dr. Kaye raised

THE LAW OFFICES OF

*Special | Hagan*

88-08 Justice Avenue Apt. 16i
ELMHURST, NEW YORK 11373
P: (917) 337-2439
SPECIAL@HAGANLAWOFFICES.NET

issue about criminal defendants with mental health issues waiving their HIPAA rights and potentially exposing self-incriminating statements in their medical records, Defendant Yang responded:  If you don't like the way we do things around here, there's the door!  The next day Defendant Yang sought other job opportunities for Dr. Kaye.

Also on the next day, Defendant Ford stated that Dr. Kaye had been a problem for a long time and that she needed to be managed out.  Dr. Ford's statement is of import because of her own employment history and how she described her issues with child care in her memoir, "Sometimes Amazing Things Happen." In April 2017, Defendant Ford, described two instances where because of the difficulty she encountered in getting her children to school, that she felt compelled to resign from at least two positions.

Defendant Ford took a leave of absence during the time relevant in this matter as well. When asked why, again she said it was to take care of herself and her family.  A reasonable fact finder could determine that Defendants' arbitrary shift change imposed by one of the same individuals who experienced these very issues herself may be indicative of discriminatory and retaliatory animus. Dr. Kaye contends that Defendant Ford has known of her son's condition since 2012, while Defendant Ford stated that she learned of it after Dr. Kaye engaged in protected activities.

- Defendants have justified the imposed shift change and lower salary for Dr. Kaye based on the Clinic's alleged lighter workload.  However, instead of reducing Dr. Kaye's hours they insisted that she work even more hours than the alleged busier Court Clinics.  To be clear, Dr. Kaye worked the most hours yet according to Defendants had the least busy Court Clinic.  Defendants justified their position by referencing the collective bargaining agreement.  However, Defendant Wangel testified that he did not see any language in the collective bargaining agreement or anywhere else for that matter to support a 9 hour work day or a mandatory 1-hour lunch.

- The parties also disagree as to whether a work stoppage was put in place between the months of November 2019 and January 2020.  Dr. Kaye and her corroborating witness Jeffrey Bloom contend it was and that a 40 case backlog of criminal defendants to be examined developed.  While Defendant Jain contended that this backlog did not exist and that if there were delays it was because the criminal defendants refused production.  Ultimately, Dr. Kaye stated that it was the accumulation of backlogged exams and criminal defendants going indefinitely without hearing dates that led to her constructive discharge.  Besides the conflicting deposition testimony, there are email exchanges between Mr. Bloom and Defendant Jain that are also contradictory.  However, in further support of Plaintiff's position, is Mr. Bloom's testimony that



THE LAW OFFICES OF

88-08 Justice Avenue Apt. 16i
ELMHURST, NEW YORK 11373
P: (917) 337-2439
SPECIAL@HAGANLAWOFFICES.NET

operations resumed at the Bronx Court Clinic on the next business day after Dr. Kaye resigned; Defendants sent evaluators from other boroughs to exams in the Bronx.

In closing, Plaintiff's brief will provide a more in-depth discussion of the issues she believes are materially in dispute.  Again, I humbly, apologetically and respectfully submit to the Court's mercy to accept these late submissions nunc pro tunc.  I also sincerely, apologize for any inconvenience that these adjournments may have caused my adversary and Dr. Kaye as well.  My intentions have only been in good faith: to litigate these issues on the merits despite my limitations to date.

Respectfully submitted,

/s/

Special Hagan, Esq.
Attorney for Melissa Kaye, MD

Cc:    Donna Canfield,
       Counsel for Defendants

Per the Court's Individual Rule 3(B), extension requests must be made 48 hours before the deadline for Plaintiff's opposition, which was May 27, 2022.  *See* Dkt. 257.  That May 27, 2022 deadline was the result of three prior extensions granted to Plaintiff.  *See* Dkts. 233, 244, 257.  The request to file a late supplemental Rule 56.1 Statement is denied.

Plaintiff already has filed an extensive response to Defendants' Rule 56.1 Statement, Dkt. 258, and statements of additional facts in opposition to summary judgment are optional, *see* Local Rule 56.1(b).  The Clerk of Court therefore is respectfully directed to strike the filings at Docket Numbers 264, 266, and 267.

However, in the interests of judicial economy, as well as to permit Plaintiff to present arguments in opposition to summary judgment and to ensure review of the motion on the merits, the Court will extend the time for Plaintiff to file a memorandum in opposition to summary judgment to June 9, 2022.  As noted, this will be the fourth extension granted to Plaintiff and no further extensions will be granted.  Any memorandum in opposition filed after June 9, 2022 will be struck.  Plaintiff also is reminded that the memorandum may not exceed 30 pages.  *See* Dkt. 233. Defendant's time to file a supplemental reply, *see* Dkt. 257, is correspondingly extended to June 24, 2022.

The Clerk of Court is respectfully directed to close the motion pending at Docket Number 265.

SO ORDERED.
Date: June 8, 2022

New York, New York

JOHN P. CRONAN
United States District Judge