THE LAW OFFICES OF

*Special | Hagan*

88-08 Justice Avenue Apt. 16i
ELMHURST, NEW YORK 11373
P: (917) 337-2439
SPECIAL@HAGANLAWOFFICES.NET

Thursday, June 30, 2022

**VIA ECF**

Honorable District Judge John P. Cronan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 20C
New York, New York 10007-1312

          Re:    Kaye v. Health and Hospitals Corporation et. al.
                 18-CV-12137(JPC)(JLC)

Dear Honorable District Judge Cronan:

I humbly write the Court to clarify the Court's Order as entered at ECF Dkt. 285. As per the parties' conference on June 29, 2022, the Court accepted Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment as submitted on June 29, 2022 at ECF Dkt. 284. ECF Dkt. 284 is a 32 page document that contains Plaintiff's narrative opposition to Defendants' Motion for Summary Judgment. Further, as discussed at the parties' Conference, the Court accepted Plaintiff's Declaration in Support of her opposition to Defendants' Motion for Summary Judgment as entered at ECF Dkt. 273. The declaration in support contained 46 exhibits and was filed on June 11, 2022.

To ensure that there is no confusion, to date, the Court does not have a courtesy copy of Plaintiff's opposition. However, in light of the dispute between myself and Dr. Kaye, and the Court's order as rendered today, it is not clear whether the Court still requires: submissions of Plaintiff's Counterstatement of fact as submitted on May 27, 2022; and or her Memorandum of Law and Declaration in Support as they were submitted on June 29th and on June 11, 2022 respectively. In light of the fee dispute, and the Court's ruling I am seeking clarity as well about the submission of courtesy copies of the aforementioned documents.

I also seek to clarify that as Counsel, I never officially filed a motion to withdraw. Dr. Kaye initially notified the Court that she sought new counsel; I subsequently sought leave of the Court to file an application and then withdrew that application without prejudice. Today, I was notified by the Court that I was terminated based on Dr. Kaye's request, which did not specify her reason. I should also add that Dr. Kaye was represented by Mr. Riccotta although he did not enter a notice of appearance on the docket.

Lastly, pursuant to Local Civil Rule 1.4, on June 14, 2022, I notified the Court of my intent to file a charging lien and to pursue a cause of action in quantum meruit for attorney's fees. (ECF Dkt. 277) I submitted this application consistent with Your Honor's ruling in <u>Fellah v. City University of</u>

1

<005E>
<005E>
<005E>



**88-08 Justice Avenue Apt. 16i**
**ELMHURST, NEW YORK 11373**
**P: (917) 337-2439**
**SPECIAL@HAGANLAWOFFICES.NET**

20-cv-6423, 2020 U.S. Dist. LEXIS 263411; see also Villar v. City of New York, 546 F. Supp. 3d 280 (S.D.N.Y. July 1, 2021).  As such, in light of the Court's ruling in this case and in Fellah, I would like the opportunity to brief my position as to why the Court's intervention has been sought.  Accordingly, I am seeking to file my application on or by July 8, 2022.


Respectfully submitted,

       /s/

Special Hagan
Counsel for Plaintiff, Melissa Kaye, M.D.
Cc:     Donna Canfield,
        Counsel for Defendants