# RETAINER AGREEMENT

## I. IDENTIFICATION OF PARTIES

This retainer agreement (hereinafter referred to as the "Agreement") is entered into this 12th day of December 2018, in the county of Queens, New York by and between the Special Hagan, Esq. (hereinafter "Attorney"), and **Melissa Kaye** (hereinafter "Client"). The term "Parties" may be used to refer to all participants collectively.

## II. SCOPE OF SERVICE

(A) REPRESENTATION: Attorney shall represent Client in filing a federal lawsuit against her employers the New York City Health Hospitals Corporation ("HHC") and or any individually named employees who work for the aforementioned entities.

(B) EXISTING OR FUTURE MATTERS: Any other existing or future matters in which Attorney may, in her discretion, represent Client will be reflected by retainer agreements separate from this one. Attorney understands that Client may rely upon other lawyers for legal advice concerning matters other than the matter for which Attorney is engaged and that Client does not expect Attorney to provide advice regarding any other matter.

(Client Initials II(A) and II(B): MK)

## III. ATTORNEY FEES

(A) RETAINER: Client agrees to pay **$25,000** for Attorney to represent her in the above referenced matter. Such payments shall be made in two installments: the first payment of **$10,000** upon the receipt of this agreement; and 2) the second payment of **$15,000** if the case does not settle before the commencement of discovery proceedings. Any and all expenses associated with litigating this case excluding any appeals shall be capped at **$25,000**.

(B) SETTLEMENT OR LEGAL FEES: Attorney will receive one-fourth (25%) of any gross settlement/severance amount, award or judgment that Client receives from Employer regarding her employment dispute less the amount Client paid for out-of-pocket for attorney fees once Attorney has filed the lawsuit.

(C) COURT OR STATUTORY AWARDED LEGAL FEES: All statutory, legal fees, or sanctions that may be awarded shall belong solely to Attorney.

(Client initials III(A), III(B), and III(C): MK)

## IV. CLIENT'S RESPONSIBILITIES

Client shall at all times be cooperative and truthful in regard to this legal matter. Client's failure to comply with this term can and may result in termination of this agreement at Attorney's sole discretion.

(Client Initials MK)

1

## V. ARBITRATION & LITIGATION CLAUSE

The laws of the State and County of New York shall govern the interpretation of this Agreement, including all rules or codes of ethics that apply to the provision of legal services in New York. If any fee dispute should arise between Client and Attorney that cannot be resolved informally, it shall be settled by final and binding arbitration in New York City pursuant to Part 137 of the Rules of the Client Administrator – Attorney Fee Dispute Resolution Program. All other types of disputes that should arise between us that cannot be resolved informally shall be settled by final and binding arbitration in New York City before a single arbitrator of JAMS in accordance with the Rules of the American Arbitration Association then in effect in New York City unless otherwise provided for in JAMS Arbitration Rules. JAMS is considered the largest alternative dispute resolution ("ADR") provider in the world and its website link is www.jamsadr.com.

The party (Attorney or Client) that seeks arbitration must contact the other party in writing by Certified Mail. The aforementioned arbitration notice that has been sent by Certified Mail must also be scanned and emailed to the party on the same day it was mailed. Attorney and Client will have thirty (30) days from receipt of the notice to arbitrate to select that one arbitrator by mutual agreement. If Attorney and Client are unable to mutually agree on an arbitrator within thirty (30) business days, then Attorney and Client mutually agree to allow JAMS to select an arbitrator to resolve any and all disputes, which includes without limitation to, the validity and enforcement of this Agreement. Arbitration is binding with no right to a trial or an appeal.

The cost (e.g. retaining the arbitrator) of any arbitrator and proceedings shall be shared equally by Attorney and Client. However, each party shall be responsible for payment of its own attorneys' fees, costs and expenses incurred because of its participation in arbitration.

(Client Initials MK)

## VI. DISCLAIMER OF GUARANTEE

(A) NATURE OF AGREEMENT: Client understands and agrees that any and all costs and expenses incurred will be deducted solely from Client's portion of the severance/settlement, award or judgment and not from Attorney's attorney fees.

(B) DISCLAIMER OF GUARANTEES

Client also understands and agrees that:

1. Attorney cannot guarantee a financial outcome from Employer and Firm is not required to return any portion of any of the Client's out-of-pocket attorney fees agreed to as set forth in Section III of this Agreement;

2. Attorney can put a lien on any settlement/severance amounts, awards and judgments for payment of attorney fees as set forth in Section V of this Agreement, as well as costs and expenses based on the terms of this Agreement; and

3. Attorney will be entitled to the maximum retainer fee and contingency percentages as set forth in Section III of this Agreement of the total settlement/severance, awards and judgments that Firm negotiates on Client's behalf at all times regardless if their attorney-client relationship is terminated with or without cause.

(Client Initials VI(A) and VI(B): MK )

## VII. TERMINATION AND WITHDRAWAL

Both Client and Attorney have the right to terminate this attorney-client relationship for any reason. In the event of termination or withdrawal, Attorney will comply with its professional responsibilities to take reasonable steps to protect Client's interests at the point of termination/withdrawal, and Client will cooperate with all reasonable steps to facilitate the transition. If Client or Attorney decides to terminate this attorney-client relationship for or not for cause, Attorney will be entitled to her one-fourth of the total settlement/severance, awards and/or judgment amount based on the amount Attorney negotiated on Client's behalf at the time of termination; and any other attorney's fees that may have accrued.

## VIII. ASSOCIATION OF OTHER COUNSEL

Client agrees that Attorney may freely associate with other legal counsel or adivsers in any and all aspects involving this matter.

(Client Initials MK )

## IX. BINDING ON SUCCESSORS

This Agreement shall have binding effect upon the Parties, their heirs, and or any and all successors in interest.

(Client Initials MK )

3

## X. AMENDMENT

This Agreement may be amended, but only by a written and signed document by the Parties.

(Client Initials MK)

## XI. SEVERABLE

This Agreement is severable, if any court of competent jurisidiction should find any term to be invalid, the remaining terms shall remain in full force and effect.

(Client Initials MK)

## XII. GOVERNING LAW AND JURISDICTION

Should this Agreement become subject to dispute, the appropriate jurisidiction shall be New York City, purusant to the laws of New York State.

## XIII. NOTICES

All notices may be sent to Client's current address by parcel post.

(Client Initials MK)

## XIV. ENTIRE AGREEMENT

This Agreement consisting of five (5) pages and fifteen (15) provisions shall constitute the entire understanding of the parties.

(Client Initials MK)

4

## XV. AGREEMENT READ AND UNDERSTOOD

Client acknowledges, understands and voluntarily enters into this Agreement.

_____        12/12/18
Signature of Client                                              Date

_____        12/12/18
Signature of Attorney                                         Date

5