# Notice of Charging Lien: Kaye v. H + H et. al. 18-12137

**SPECIAL HAGAN**

Thu 6/30/2022 10:49 AM

To: Canfield, Donna (Law) <dcanfiel@law.nyc.gov>;

Cc: Melissa Kaye <melissakaymd@gmail.com>; tricotta@ricottaandmarks.com <tricotta@ricottaandmarks.com>;

Importance: High

📎 1 attachments (126 KB)
Canfield_Kaye_063022.pdf;

Dear Ms. Canfield,

Attached please find the attached Charging Lien notice.

Special Hagan (her/she/Ms.)
**Law Offices of Special Hagan, Esq.**
88-08 Justice Avenue Apt. 16i
Elmhurst, New York 11373
p: (917) 337-2439
fax: (914) 462-4137
*Note new address

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

# THE LAW OFFICES OF
## Special | Hagan

88-08 JUSTICE AVENUE APT. 16I
ELMHURST, NEW YORK 11373
P: (917) 337-2439
FAX: (914) 462-4137

June 30, 2022

**VIA EMAIL**
Donna A. Canfield, Esq.
The City of New York Law Department
100 Church Street
New York, New York 10007

           RE: Kaye v. NYC Health & Hospital Corp. et. al.
              Index No.: 18-cv-12137

Dear Ms. Canfield:

I represented Plaintiff, Melissa Kaye in the above captioned matter. Accordingly, I am writing to advise you and your client that, pursuant to Judiciary Law § 475, that I possess a charging lien against any proceeds, whether through settlement or judgment, due Plaintiff -I also possess a retaining lien. As such, if the parties reach a settlement, I request that you provide me any such Settlement Agreement as you and Plaintiff's current counsel, reach to insure that my liens are protected.

I hope that Plaintiff's current client and I will be able to agree on the amount of the Firm's lien. If not, I will move the Court for an Order that determines the amount. Regardless, if your client owes any money due to Plaintiff, neither you nor your client are to disburse the settlement proceeds without regard to the monies due that remain outstanding to me. See, e.g. Schneider, Kleinick, Weitz, Damashek & Shoot v. City of New York, 302 A.D. 2d 183, 190 (1st Dep't. 2002) ("a defendant who has knowledge of a plaintiff's attorney's lien is under an affirmative duty to protect the lien, and if [she] fails to do so, she is liable for the reasonable value of that attorney's services to [her] client.")

Thank you for your attention to these matters. If you wish to discuss these or any other matters, please contact me.

Respectfully,

  /s/
Special Hagan, Esq.
Attorney for Plaintiff

Cc: Thomas A. Ricotta, Esq.

THE LAW OFFICES OF

*Special | Hagan*

88-08 JUSTICE AVENUE APT. 16I
ELMHURST, NEW YORK 11373
P: (917) 337-2439
FAX: (914) 462-4137

Melissa Kaye