# Ricotta & Marks, P.C.

*Attorneys at Law*
24-11 41st Avenue, Second Floor
Long Island City, New York 11101
Telephone: (347) 464-8694; Facsimile: (800) 483-4508
www.QueensEmploymentAttorney.com

---

July 25, 2022

<u>Via ECF</u>
Judge John P. Cronan
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

   Re: <u>Kaye v. New York City Health and Hospital Corporation</u>
     Docket No.: 18-CV-12137 (JPC)(JLC)

Dear Judge Cronan:

  This Firm represents the Plaintiff, Melissa Kaye, in the above reference matter. While there was notice that prior counsel's motion was filed in error and needs to be refiled, and, to date, this has not been done, we write in response to the motion for a charging lien filed by Plaintiff's former counsel, Special Hagan. Plaintiff does not dispute that Ms. Hagan has the right to assert a charging lien. Whether the Court decides to retain jurisdiction over a charging lien is within the discretion of the Court. "The decision to hear an ancillary claim is discretionary, however, and turns upon whether the policies of judicial economy, convenience, and fairness to litigants are furthered by the assumption of jurisdiction." *Chesley v. Union Carbide Corp.*, 927 F.2d 60, 64 (2d Cir. 1991) (internal citations and quotation marks omitted).

  If the Court determines that it will retain jurisdiction and decide any claims with respect to the charging lien, Plaintiff respectfully requests that any briefing and determination with respect to said lien be conducted after resolution of the underlying matter, in order to avoid Plaintiff's current and former counsel from submitting briefs that may prejudice Plaintiff's present claims.

  Should the Court retain jurisdiction and decide to address the matter of the charging lien prior to resolution of the underlying matter, Plaintiff requests a conference to set forth a briefing schedule as the amount of the lien will be in dispute. As an initial matter, Ms. Hagan is seeking additional fees that she is not entitled to under New York law. "When a client discharges an attorney without cause, the attorney is entitled to recover compensation from the client measured by the fair and reasonable value of the services rendered whether that be more or less than the amount provided in the contract or retainer agreement." *Lai Ling Cheng v. Modansky Leasing Co.*,

73 N.Y.2d 454, 457-58, 541 N.Y.S.2d 742, 744 (1989).  Either the client or their former attorney can "require that the compensation be a fixed dollar amount determined at the time of discharge on the basis of quantum meruit or, in the alternative, they may agree that the attorney, in lieu of a presently fixed dollar amount, will receive a contingent percentage fee determined either at the time of substitution or at the conclusion of the case." *(Id.)*(Internal citations omitted).  Here, by contrast, Ms. Hagan appears to be seeking compensation both in the form of quantum meruit and a contingency fee.  That is contrary to New York law, which allows for one form of recovery.  Moreover, to date, Plaintiff has not agreed for Ms. Hagan to receive a contingent percentage as required.

For the foregoing reasons, Plaintiff respectfully requests that, should the Court retain jurisdiction over Ms. Hagan's charging lien, that any briefs and, if necessary, hearing, with respect to said lien be due following the resolution of the underlying action, or in the alternative, that a briefing schedule be established with respect to Ms. Hagan's lien.

We thank you for Your Honor's time and consideration of this request.

Respectfully submitted,

RICOTTA & MARKS, P.C.

_____/s_____
Thomas Ricotta

cc: all counsel of record, Esq. (via ECF)

The request is granted.  To avoid prejudice to Plaintiff on the merits, the Court will reserve the resolution of the charging lien dispute, including whether the Court will exercise jurisdiction over such a dispute, until after the conclusion of the case on the merits.  *See, e.g., Rodriguez v. Veneca Packing Corp.*, No. 19 Civ. 1072 (KMW), 2021 WL 242636, at *2 (S.D.N.Y. Jan. 25, 2021) (reserving decision on the propriety of a charging lien); *Vitalone v. City of New York,* 395 F. Supp. 3d 316, 320 (S.D.N.Y. 2019) (resolving a charging lien dispute after the end of the case on the merits); *Mason v. City of New York*, No. 13 Civ. 7139 (PKC), 2016 WL 2766652, at *2 (S.D.N.Y. May 12, 2016) (same).

SO ORDERED
Date: July 26, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge