Index No. 18 Civ. 12137 (JPC)(JCC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELISSA KAYE,

Plaintiff,

-against-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION; ELIZABETH FORD; PATRICIA
YANG; ABHISHEK JAIN; and JONATHAN WANGEL
(said names being fictitious, the persons intended being
those who aided and abetted the unlawful conduct of the
names Defendants),

Defendants.

**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR SUMMARY
JUDGMENT**

*SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*

*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Donna A. Canfield*
*Tel: (212) 356-2461*
*Matter No. 2019-032851*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................ii

PRELIMINARY STATEMENT ..........................................................................................1

STATEMENT OF FACT .....................................................................................................2

ARGUMENT .......................................................................................................................2

    A.  Plaintiff's Self-Serving Declaration and 730 Statistics Should be Struck............ 2

    B.  Plaintiff Has Failed to Establish an Equal Pay Act Claim .................................... 5

    C.  Plaintiff Has Failed to Establish a Disparate Treatment Claim ............................ 8

    D.  Plaintiff Has Failed to Establish a Retaliation Claim........................................... 8

    E.  Plaintiff Has Failed to Establish a First Amendment Claim ................................ 9

    F.  Plaintiff's Claims Against H+H  Under 42 U.S.C. § 1983 Must Be Dismissed ..10

    G.  Plaintiff's Claims Against the Individual Defendants Should be Dismissed .......11

    H.  The Aiding and Abetting Claim Should be Dismissed ........................................11

    I.  Plaintiff Has Failed to Establish a Violation Under the Family Medical Leave Act ("FMLA") ....................................................................................................12

    J.  Plaintiff Has Failed to Establish a Violation of the Americans With Disability Act Claim ............................................................................................................12

    K.  Plaintiff Has Failed to Establish a Hostile Work Environment and/ or Constructive Discharge Claim ...........................................................................13

    L.  Plaintiff Has Failed to Establish a N.Y. Labor Law § 740 Claim........................14

CONCLUSION...................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bannon v. City of New York*,
  2016 U.S. Dist. LEXIS 7137 (S.D.N.Y. Jan. 21, 2016) .........................................12

*Benvenisti v City of New York*,
  2006 U.S. Dist. LEXIS 73373 (S.D.N.Y. 2006) ....................................................10

*Brown v. Henderson*,
  257 F.3d 246 (2d Cir. 2001) ......................................................................................9

*Burlington Coat Factory Warehouse Corp. v. Esprit de Corp.*,
  769 F.2d 919 (2d Cir. 1985) ......................................................................................4

*Byrne v. Telesector Res. Grp., Inc.*,
  339 F. App'x 13 (2d Cir. 2009) .................................................................................7

*Carter v. Inc. Vill of Ocean Beach*,
  415 F. App'x 290 (2d Cir. 2011) .............................................................................10

*Chiaramonte v. Animal Med. Ctr.*,
  677 Fed. Appx. 689 (2d Cir. 2017) ...........................................................................6

*City of Los Angeles v. Heller*,
  475 U.S. 796 (1986) .................................................................................................11

*Delgado v. Puerto Rican Family Inst., Inc.*,
  2001 U.S. Dist. LEXIS 12699 (S.D.N.Y. August 22, 2001) ....................................5

*DiNolfo v. Rochester Tel. Corp.*,
  972 F. Supp. 718 (W.D.N.Y. 1997) ...........................................................................6

*Doria v. Cramer Rosenthal McGlynn, Inc.*,
  942 F. Supp. 937 (S.D.N.Y. 1996) ............................................................................5

*Epstein v. Kemper Ins. Cos.*,
  210 F. Supp. 2d 308 (S.D.N.Y. 2002) .......................................................................2

*Equal Employment Opportunity Comm'n v. Port Authority of New York & New
  Jersey*,
  768 F.3d 247 (2d. Cir. 2014) .....................................................................................7

*Fisher v. Vassar College*,
   70 F.3d 1420 (2d Cir. 1995), *abrogated on other grounds by Reeves v.
   Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed.
   2d 105 (2000)..................................................................................................7

*Fleming v. Verizon New York, Inc.*,
   2006 U.S. Dist. LEXIS 68632 (S.D.N.Y. Sept. 22, 2006).....................................4

*Hayes v. New York City Dept. of Corrections*,
   84 F.3d 614 (2d Cir. 1996)........................................................................2, 3

*Holtz v. Rockefeller & Co., Inc.*,
   258 F.3d 62 (2d Cir. 2001).............................................................................2

*Jackler v. Byrne*,
   658 F.3d 225 (2d Cir. 2011)..........................................................................10

*Jamilik v. Yale Univ.*,
   362 Fed. Appx. 148 (2d Cir. 2009)..................................................................7

*Littlejohn v. City of N.Y.*,
   795 F.3d 297 (2d Cir. 2015)..........................................................................13

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
   715 F.3d 102 (2d Cir. 2013)..........................................................................14

*Monell v. Dep't of Social Services*,
   436 U.S. 658 (1978)......................................................................................11

*Noll v. I.B.M. Corp.*,
   787 F.3d 89 (2d Cir. 2015)............................................................................13

*Sarno v. Douglas Elliman-Gibbons & Ives*,
   183 F.3d 155 (2d Cir. 1999)............................................................................2

*Simms v. City of New York*,
   480 F. App'x 627 (2d Cir. 2012) ...................................................................11

*Tolbert v. Rochester City Sch. Dist.*,
   No. 6:19-cv-06433-FPG, 2020 U.S. Dist. LEXIS 53259 (W.D.N.Y. Mar. 26,
   2020) ..........................................................................................................9

**Statutes**

42 U.S.C. § 1983..............................................................................................10

Americans With Disability Act....................................................................12, 13

City Human Rights Laws...................................................................................12

FMLA......................................................................................................................12

HIPAA ....................................................................................................................3

N.Y. Labor Law § 740............................................................................................14

**Other Authorities**

Fed. R. Civ. P. 37(c)(1) .......................................................................................4, 6

Fed. R. Evid. 802 ....................................................................................................4

Federal Rule of Civil Procedure 26(a)(3) ...............................................................4

Local Rule 56.1 ....................................................................................................1, 2

Rule 26(a)................................................................................................................4

## PRELIMINARY STATEMENT

In opposition to summary judgment, plaintiff has submitted a chaotic jumble, replete with hearsay, speculations and mischaracterizations, in a desperate attempt to muddle the entire evidentiary record in order to convince the Court that issues of material fact predominate, and now require trial. They do not. Plaintiff's submission, awash with sudden recalls and newly recovered memories, does not provide sufficient basis to deny summary judgment. In contrast, defendant illustrates—concisely, and with support from the record—that sufficient, legitimate grounds justify dismissal of plaintiff's claims. The decisions concerning plaintiff's pay, job title, work hours, and any other terms and conditions of employment were not motivated by discrimination, retaliation, or anything even remotely bearing on plaintiff's gender, care giver status, her complaints, or the current litigation. As the record demonstrates, there is no evidence that plaintiff was paid less than male employees performing substantially equal work. There is also no evidence that plaintiff was demoted to a lesser job title, that she worked longer hours than any other unionized employee, that she suffered from a retaliatory work environment, or that she treated any differently than similarly situated forensic court directors.

## STATEMENT OF FACTS

For a full statement of the material facts to which there is no genuine issue to be tried, the Court is respectfully referred to Defendants' Local Rule 56.1 Statement of Material Undisputed Facts, dated March 4, 2022 ("Defs. 56.1"), the supporting evidence cited to in Defendants' 56.1 as outlined in the Declaration of Donna A. Canfield, dated March 4, 2022 ("Canfield Decl."), and the Supplemental Declaration of Donna A. Canfield, dated May 4, 2022 ("Suppl. Canfield Decl."), and Defendants' Supplemental Local Rule 56.1 Statement of Material Undisputed Facts, dated September 9, 2022 ("Defs. Supp. 56.1"), the supporting evidence cited

to in Defendants' Supplemental 56.1 as outlined in the Second Supplemental Declaration of Donna A. Canfield, dated September 9, 2022 ("Second Supp. Canfield Decl."). Plaintiff's Response to Defendants' Statement of Undisputed Facts Pursuant to Local Rule 56.1 should be disregarded. ECF Dkt. No. 258. Plaintiff's Response to Defendants' Statement of Undisputed Facts Pursuant to Local Rule 56.1 is not limited to a "short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." *See* Local Rule 56.1. Similarly, Exhibit "2," to the Declaration of Special Hagan in Support of Plaintiff's Responses Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment ("Hagan Decl."), entitled "Plaintiff's 56.1 Statement," [ECF Dkt. No. 273-2] should be disregarded, as this same document was filed as ECF Dkt. No. 264 on June 7, 2022 and stricken from this case on June 8, 2022, pursuant to the Court's Order. *See* ECF Dkt. No. 270. Further, many of the statements are not supported by the materials plaintiff relies upon, are based upon inadmissible hearsay, or are immaterial. *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001); *Sarno v. Douglas Elliman-Gibbons & Ives*, 183 F.3d 155, 160 (2d Cir. 1999); *Epstein v. Kemper Ins. Cos.*, 210 F. Supp. 2d 308, 314 (S.D.N.Y. 2002).

## ARGUMENT

### A. Plaintiff's Self-Serving Declaration and 730 Statistics Should be Struck

Plaintiff's 38-page declaration wherein she both reiterates, and also contradicts, her deposition testimony should be disregarded by this Court. It is well settled that "a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City Dept. of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996). For example, plaintiff states in her declaration that she registered over thirty (30) complaints "on numerous

occasions to an assortment of agencies, entities and people" including the New York City Department of Investigation, a Bronx Court Criminal Justice, Bronx District Attorney's Office, the New York City Conflicts of Interest Board, NYC Fraud Hotline, Office of Court Administration, various politicians, the National Labor Relations Board, New York State Comptroller and Inspector, and New York State Attorney General's Office, among others, regarding fraud, HIPAA violations, political bias, public corruption and malfeasance, including that fact that she believed that CHS was a "straw organization[]," that was "funded by dark money." Kaye Decl. at ¶ 191, ECF Dkt. No. 273-12. Yet, despite testifying on three different occasions, plaintiff testified at her depositions to only four complaints: (1) a 2015 complaint concerning what she believed to be CHS's interference with the 730 examination process; (2) an early 2018 complaint about the need to use unredacted records when performing 730 examinations; (3) a January 2019 complaint regarding the proposed psychological testing policy, since it "places restrictions upon the MD clinic directors;" (3) a March 2019 complaint regarding CHS's proposed private practice policy, on the grounds that it would allow forensic evaluators to perform private work for the same stakeholders and cause them to "develop[ ] overly friendly relationships with lawyers" and would influence "the findings of their 730 exams in order to establish a business relationship that would get them private referrals." *See* Defs. 56.1 at ¶¶ 82-83, 40, 85, 86; Canfield Decl. at Exs. "B," and "ZZZZZ;" Supp. Canfield Decl. at Ex. "XX." It is well-settled that "'[i]f a party who has been examined at length at deposition could raise an issue of fact simply by submitting an affidavit contradicting [her] own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.' Thus factual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial.'" *Hayes*, 84 F.3d at 619.

Plaintiff's declaration should also be disregarded because it is rife with hearsay and speculation and also fails to demonstrate that plaintiff has personal knowledge regarding certain representations. Some examples of plaintiff's hearsay statements are contained in paragraphs 19-21, 42, 44, 76-77, 80, 91, 154-156, 188-189. *See* ECF Dkt. No. 273-12; *Burlington Coat Factory Warehouse Corp. v. Esprit de Corp.*, 769 F.2d 919, 924 (2d Cir. 1985) (party "cannot rely on inadmissible hearsay in opposing a motion for summary judgment."); Fed. R. Evid. 802 (rule against hearsay). Furthermore, the declaration is replete with speculation. *See e.g.*, paragraphs 22-23, 25-29, 31, 33-34, 57, 67-69, 71, 74,79, 81-84, 86, 88, 92-94, 97-100, 102-107, 111-113, 116, 122, 128-129, 131-132, 159-160, 173-174, 182-186, 190. ECF Dkt. No. 273-12.

Likewise, plaintiff's curated submission of data, purportedly reflecting the number of 730 examinations she conducted in the years 2018 and 2019 should be struck. This data was not produced in discovery, and represents an obvious attempt by plaintiff to create an issue of fact where none exists. Under Federal Rule of Civil Procedure 26(a)(3), plaintiff was required to disclose these statistics in discovery, but failed to do so. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness *to supply evidence on a motion*, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added). "This preclusionary rule applies on motions for summary judgment. Its purpose is to prevent the practice of 'sandbagging' an opposing party with new evidence." *Fleming v. Verizon New York, Inc.*, 2006 U.S. Dist. LEXIS 68632, at * 22 (S.D.N.Y. Sept. 22, 2006) (citations omitted). Plaintiff's failure to disclose this information amounts to sandbagging, and allowing the use of these statistics at this late date will clearly result in prejudice to defendants, as defendants have

been denied the opportunity to question plaintiff regarding the compilation of these statistics. Thus, there was no justification—let alone a substantial one—for plaintiff's failure to disclose this information during discovery.

Accordingly, plaintiff's declaration and 730 statistics fail to create a triable issue of fact and plaintiff's claims must be dismissed.

## B. Plaintiff Has Failed to Establish an Equal Pay Act Claim

To the extent the Court considers plaintiff's submissions in opposition to defendants' motion, it is axiomatic that plaintiff must provide the trial court with more than her own conclusory allegations to survive a motion for summary judgment. *Delgado v. Puerto Rican Family Inst., Inc.,* 2001 U.S. Dist. LEXIS 12699 * 9 (S.D.N.Y. August 22, 2001) citing *Cronin v. Aetna Life Ins., Co.,* 46 F.3d 196, 204 (2d Cir. 1995) (unsupported assertions and conclusory statements are not considered on motion for summary judgment). Even if the Court were to consider plaintiff's submissions in opposition to defendants' moving papers, plaintiff's evidence, consists entirely of self-serving, conclusory allegations. Plaintiff's allegations alone are insufficient to defeat summary judgment in this case, and therefore summary judgment must be granted.

As demonstrated in Defendants' opening papers, the evidence in the record establishes that plaintiff and Drs. Ciric and Mundy did not perform "equal work." Though each was the director of their respective court clinic, the overwhelming evidence is that the Manhattan Court Clinic, overseen by Dr. Ciric, and succeeded by Dr. Mundy, was substantially busier, seeing approximately 1,200 to 1,400 criminal defendants annually. *See* Defs. 56.1. at ¶15. The Bronx Criminal Court clinic, by comparison, saw the least number of criminal defendants, with an average of approximately 300 criminal defendants annually. *Id.*; *see Doria v. Cramer*

*Rosenthal McGlynn, Inc.*, 942 F. Supp. 937, 942 (S.D.N.Y. 1996) ("When the additional tasks of one job in comparison to another job are substantial, then jobs are not congruent and the work is not equal").

Preferring her own narrative over admissible evidence, plaintiff disputes the substantial differences in the number of criminal defendants seen in the Manhattan Court Clinic as compared to the Bronx Court Clinic. In doing so, she relies on "statistics," purportedly compiled and maintained by her since 2012. Hagan Decl., at ECF Dkt. No. 259-21. As an initial matter, and as argued in above in Section A., the Court should strike the undisclosed statistics pursuant to Rule 37 (c)(1)(C).

Yet even if the Court does not strike, and considers the statistics provided by plaintiff, the numbers provided by plaintiff do not contradict or challenge those compiled by defendants—plaintiff and the Bronx Court Clinic saw significantly less cases compared to the Manhattan Court Clinic. Moreover, plaintiff's submission does not dispute the fact that during the relevant time period, plaintiff supervised only one full-time employee, Dr. Winker/Dr. Brayton, both psychologists, whereas, at the Manhattan Court Clinic, Dr. Ciric/Dr. Mundy supervised two part-time psychiatrists, two part-time psychologists, one full-time social worker, and a forensic fellow. Defs. 56.1 at ¶¶16, 70; *see DiNolfo v. Rochester Tel. Corp.*, 972 F. Supp. 718, 723 (W.D.N.Y. 1997) (court held that one of the factors which made jobs not substantially equal was fact that lower paid female supervised no employees while higher paid males each had "reportables"). *See Chiaramonte v. Animal Med. Ctr.,* 677 Fed. Appx. 689, 691-92 (2d Cir. 2017) ("The fact that [plaintiff] and the alleged comparators are department head whose positions share some common responsibilities is insufficient to demonstrate substantially equal work in light of the drastic differences in job content . . ."). It is well established that the focus

of the equal work inquiry is "on the congruity and equality of actual job content between the plaintiff and comparator." *Equal Employment Opportunity Comm'n v. Port Authority of New York & New Jersey,* 768 F.3d 247, 255 (2d. Cir. 2014). The fact that plaintiff and Dr. Ciric/Dr. Mundy are clinic heads whose positions share some common responsibilities is insufficient to demonstrate substantially equal work in light of the drastic differences in job content—that is, differences in case load and supervisory responsibilities. *See, e.g., Fisher v. Vassar College*, 70 F.3d 1420, 1452 (2d Cir. 1995) (reversing judgment in favor of plaintiff asserting an EPA claim because—although she and her better-paid male co-worker were both college professors—the plaintiff "never introduced evidence establishing that she and [her coworker] performed equivalent work"), *abrogated on other grounds by Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000); *see also Byrne v. Telesector Res. Grp., Inc.*, 339 F. App'x 13, 16 (2d Cir. 2009) (summary order) (affirming summary judgment in favor of defendant, notwithstanding that plaintiff and higher-paid male co-workers had same job title, because "[f]or purposes of an equal pay claim . . . a finding of substantial equality must be based on actual job content").

Seemingly conceding the above, plaintiff also makes the argument that, even if the Court finds that the pay differential between plaintiff and Dr. Ciric is justified by the differences in job content, relying on *Jamilik v. Yale Univ.*, 362 Fed. Appx. 148 (2d Cir. 2009), plaintiff claims that this "explanation does not justify the initial differences in salaries that took place in 2008, when Dr. Ciric was promoted from Attending Physician III to Physician Specialist III and [plaintiff] was not." Plaintiff's Memorandum of Law, p. 12. However, prior to Dr. Ciric's promotion to lead the busier Manhattan Court Clinic in 2011, there is no evidence that Dr. Ciric was compensated at a higher rate. For instance, in 2007, plaintiff received a salary of

$159,000; in July 2008, Dr. Ciric went from \$144,413 to \$160,413; and in March 2008, plaintiff's salary increased from \$159,299 to \$172,573.  *See* Second Supp. Canfield Decl. at Exs. AAAAAA, BBBBBB, and CCCCCC.  The evidentiary record demonstrates that it was plaintiff, and not Dr. Ciric, who was compensated at the higher rate.  *Id*.

Finally, plaintiff argues that there is a triable issue of fact concerning whether or not she was considered a Group 11 or Group 12 employee.  Plaintiff's Memorandum of Law, pp. 12-13.  Regardless of her "Group" designation, there is no dispute that plaintiff wished to remain a unionized employee, and was compensated in accordance with the rate of pay established through negotiations between her union, Doctors Council, and H+H.  Defs. 56.1 at ¶¶ 13, 64,73.

## C. Plaintiff Has Failed to Establish a Disparate Treatment Claim

In their opening memorandum of law, defendants explained that plaintiff has failed on this record to make out any of the required elements of a *prima facie* claim for disparate treatment.  Defs' Memo. at 8-11.  In her opposition, plaintiff presents no evidence to rebut defendants' contention that plaintiff cannot establish that she was paid less or treated less well because of her gender or caregiver status.  As such, plaintiff's disparate treatment claims must be dismissed.

## D. Plaintiff Has Failed to Establish a Retaliation Claim

In their opening memorandum of law, defendants explained that plaintiff has failed on this record to make out any of the required elements of a *prima facie* claim for retaliation.  Defs' Memo. at 11-14.  In her opposition, plaintiff presents no evidence to rebut defendants' contention that there is no causal connection between plaintiff's complaints and any adverse employment action sufficient to establish her claims of retaliation.  As such, plaintiff's retaliation claims must be dismissed.

### E. Plaintiff Has Failed to Establish a First Amendment Claim

In her opposition, plaintiff contends that her speech is protected because she reported "corruption and double-dipping," "fraud, waste and abuse; and Medicaid fraud." There is no evidence, however, that plaintiff actually engaged in this speech, beyond plaintiff's self-serving affidavit contradicting her prior sworn testimony. As argued above, plaintiff's new and contrived assertions are nothing more than transparent attempts to defeat defendants' summary judgment motion. *See Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001) (a litigant cannot defeat summary judgment by advancing "factual allegations . . . for the first time in the plaintiff's affidavit opposing summary judgment [where] that affidavit contradicts her own prior deposition testimony").

Rather, the evidence establishes that plaintiff registered opinions and complaints regarding proposed CHS policies that were being drafted after CHS took over management of the forensic court clinics from Corizon. *See* Defs. 56.1 at ¶ 82-83, 40, 85, 86. "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes…" *Garcetti*, 547 U.S. at 421. The "general principle running through" circuit court cases applying *Garcetti* "is that, when a public employee airs a complaint or grievance, or expresses concern about misconduct, to his or her immediate supervisor or pursuant to a clear duty to report imposed by law or employer policy, he or she is speaking as an employee and not as a citizen; in such cases, the First Amendment does not protect the employee's speech." *Tolbert v. Rochester City Sch. Dist.*, No. 6:19-cv-06433-FPG, 2020 U.S. Dist. LEXIS 53259, at *21 (W.D.N.Y. Mar. 26, 2020).

As the Director of the Bronx Forensic Court Clinic, plaintiff was responsible for conducting and overseeing all court-ordered forensic examinations in Bronx County. As one of

four Directors in the reorganized and consolidated Forensic Psychiatric Evaluation Court Clinics or "FPECC" plaintiff was included in the effort to unify the forensic service, and to standardize the clinics. As such, Plaintiff's statements concerning the 730 examination process, CHS's proposed psychological testing policy and CHS's private practice policy fell squarely within her job responsibilities.

Furthermore, Plaintiff did not communicate her concerns as to these particulars through "channels available to citizens generally," and her speech did not have a "relevant civilian analogue." *Jackler v. Byrne*, 658 F.3d 225, 238 (2d Cir. 2011). Instead, plaintiff communicated her concerns to Drs. Colley, Yang, Jain, and Ford in the normal course of her job. *See Carter v. Inc. Vill of Ocean Beach*, 415 F. App'x 290, 293 (2d Cir. 2011) (summary order) ("Plaintiffs' allegations establish no more than that they reported what they believed to be misconduct by a supervisor up the chain of command — misconduct they knew of only by virtue of their jobs as [public employees] and which they reported as part-and-parcel of their concerns about their ability to properly execute their duties" (alterations and internal quotation marks omitted)); *see also Benvenisti v City of New York*, 2006 U.S. Dist. LEXIS 73373 at *39 (S.D.N.Y. 2006) ("where the speech is buried in a context that overwhelmingly suggests that the plaintiff was merely speaking as an employee on matters of internal office affairs, such speech is not entitled to First Amendment protection").

Further, even if the Court considers plaintiff's self-serving affidavit, there is no evidence that any of the defendants knew of plaintiff's complaints to any outside agency. Thus, for the reasons set forth herein and in defendants' opening papers, plaintiff has failed to establish a First Amendment retaliation claim.

## F. Plaintiff's Claims Against H+H Under 42 U.S.C. § 1983 Must Be Dismissed

To make out a claim for municipal liability pursuant to *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978), a plaintiff must plead three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional rights." *Simms v. City of New York*, 480 F. App'x 627, 629 (2d Cir. 2012) (citation and internal quotation marks omitted). Here, Plaintiff has failed to allege, let alone demonstrate, that H+H has a policy, practice, or custom that caused the alleged violations of plaintiff's First Amendment rights. *See generally* First Amended Compl. Moreover, for the reasons set forth above and in defendants' moving papers, plaintiff has not demonstrated either that she engaged in speech protected by the First Amendment or that any of the actions about which she complains in this lawsuit were taken in retaliation for her complaints. Thus, she has not made out a *Monell* claim against H+H. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

### G. Plaintiff's Claims Against the Individual Defendants Should be Dismissed

In their opening memorandum of law, defendants explained that plaintiff has failed on this record to establish individual liability on the part of any of the individually named defendants. Defs' Memo. at 22. In her opposition, plaintiff presents no evidence to rebut defendants' contention that plaintiff cannot establish that individual defendants engaged in any discriminatory or retaliatory conduct or created a hostile work environment. As such, plaintiff's claims against the individually named defendants must be dismissed.

### H. The Aiding and Abetting Claim Should be Dismissed

Since plaintiff has failed to establish liability against the defendants, plaintiff's aiding and abetting claims must also be dismissed. There is no evidence in the record that the individual defendants engaged in any discriminatory or retaliatory conduct or created a hostile work environment, much less aided and abetted any such conduct. Therefore, the Court should

grant summary judgment to the defendants on plaintiff's aiding and abetting claims under the New York State and City Human Rights Laws.

**I. Plaintiff Has Failed to Establish a Violation Under the Family Medical Leave Act ("FMLA")**

In their opening memorandum of law, defendants explained that plaintiff has failed on this record to make out a claims of FMLA interference or retaliation. Defs' Memo. at 23-25. In her opposition, plaintiff presents no evidence to rebut defendants' contention that plaintiff cannot establish the defendants interfere with her ability to take FMLA leave, or that they retaliated against her for exercising her rights under the FMLA. As such, plaintiff's FMLA interference/retaliation claims must be dismissed.

**J. Plaintiff Has Failed to Establish a Violation of the Americans With Disability Act Claim**

Plaintiff claims for the first time that (1) she was subject to retaliation when her reasonable accommodation was denied; and (2) that the accommodation request that was eventually granted—a flexible work schedule—was not reasonable, since plaintiff preferred to work from home. *See* ECF Dkt. No. 284 at pp. 28-29. But the First Amended Complaint does not make these allegations. *See generally* First Amended Complaint, Canfield Decl., Ex. "A." "It is well settled that a Court should not on summary judgment consider factual allegations and legal theories not raised in the complaint." *Bannon v. City of New York*, 2016 U.S. Dist. LEXIS 7137, n.1 (S.D.N.Y. Jan. 21, 2016) (citing *Brown v. Magistro*, 2011 U.S. Dist. LEXIS 146104 (S.D.N.Y. Dec. 20, 2011)).

In any event, plaintiff has failed to establish a violation under the ADA. The record establishes that plaintiff's October 2018 and January 2019 reasonable accommodation requests were denied, not because of any protected activity, but because neither request

12

concerned plaintiff's alleged disability. Instead the requests were made "to accommodate her son's disability," (October 2018) and to readjust her family to her brother's untimely death, since her "children were extremely close to their uncle" (January 2019). *See* Defs. 56.1 at ¶¶ 142, 144-145.

The record also establishes that plaintiff's July 12, 2019 reasonable accommodation request was granted. *Id*. at ¶¶ 146-148. Plaintiff's grouse in this litigation, it seems, is that it she was not granted the accommodation she wanted, which was the ability work remotely. Although plaintiff may have preferred to work from home, "employers are not required to provide a perfect accommodation or the very accommodation most strongly preferred by the employee, as long as the chosen accommodation is effective." *Noll v. I.B.M. Corp.*, 787 F.3d 89, 95 (2d Cir. 2015). To the extent plaintiff now challenges her accommodation, she has not met her burden to establish that the granted accommodation was not an effective accommodation.

Accordingly, plaintiff's ADA claims should be dismissed.

### K. Plaintiff Has Failed to Establish a Hostile Work Environment and/or Constructive Discharge Claim

In their opening memorandum of law, defendants explained that plaintiff has failed on this record to make out a constructive discharge claim. In her opposition, plaintiff presents no evidence to rebut defendants' contention that plaintiff cannot establish a constructive discharge claim. Defs' Memo. at 23-25. For the same reasons, plaintiff has failed to make out a hostile work environment claim, which as in her ADA claim, she has first raised in opposition to defendants' motion for summary judgment. As stated in defendants' moving papers, plaintiff has failed to establish that her workplace was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive environment. *See Littlejohn v. City of N.Y.*, 795 F.3d 297,

320-21 (2d Cir. 2015). Nor has she established that she was treated less well on the basis of any protected characteristic. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 133 (2d Cir. 2013). These deficiencies are sufficient to defeat Plaintiff's Title VII, NYSHRL, and NYCHRL claims of gender and/or caregiver discrimination/hostile work environment.

**L.  Plaintiff Has Failed to Establish a N.Y. Labor Law § 740 Claim**

In their opening memorandum of law, defendants explained that plaintiff has failed on this record to make out a N.Y. Labor Law § 740 violation. Defs' Memo. at 25. In her opposition, plaintiff presents no evidence to rebut defendants' contention that she cannot establish a causal connection between her reported complaints and any alleged adverse employment action. As such, plaintiff's N.Y. Labor Law § 740 claim must be dismissed.

## CONCLUSION

For the foregoing reasons and the reasons set forth in Defendants' moving papers, the

Court should grant summary judgment to Defendants on all of Plaintiff's claims, dismiss this

action in its entirety, and grant such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           September 9, 2022

                                              **Hon. Sylvia O. Hinds-Radix**
                                              Corporation Counsel of the
                                              City of New York
                                              Attorney for Defendants
                                              100 Church Street, Room 2-124
                                              New York, New York 10007
                                              (212) 356-2461
                                              dcanfiel@law.nyc.gov

                              By:     ECF     /s/
                                                DONNA A. CANFIELD
                                              Assistant Corporation Counsel