18 Civ. 12137 (JPC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELISSA KAYE,

Plaintiff,

-against-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, ELIZABETH FORD, ABHISHEK
JAIN, JONATHAN WANGEL, and PATRICIA
YANG (in their official and individual capacities as
aiders and abettors)

Defendants.

## DEFENDANTS' MEMORANDUM
## OF LAW IN OPPOSITION
## TO PLAINTIFF'S MOTION TO VACATE

***Hon. Sylvia O. Hinds-Radix***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Rm. 2-118*
*New York, N.Y. 10007*

*Of Counsel:  Hyatt M. Howard*
*Tel: (212)356-2450*
*Matter No. 2019-032851*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................... ii

PRELIMINARY STATEMENT ................................................................. 1

STATEMENT OF FACTS ........................................................................ 2

LEGAL STANDARD ............................................................................... 4

ARGUMENT ............................................................................................ 5

    **POINT I: PLAINTIFF HAS NO "HIGHLY CONVINCING" EVIDENCE
    TO SUPPORT HER MOTION TO VACATE BECAUSE SHE HAS NOT
    SHOWN THAT HAGAN ABANDONED HER CASE.** .................................. 5

        A.   For Plaintiff to show Hagan abandoned her
            case, Plaintiff must show Hagan either
            physically disappeared or constructively
            disappeared. ............................................................... 5

        B.   Plaintiff concedes that Hagan did not
            physically disappear ................................................... 6

        C.   Plaintiff fails to show Hagan constructively
            disappeared because she presents no evidence
            that Hagan suffered from a mental illness so
            severe that it compromised Hagan's
            representation of Plaintiff. ........................................ 6

    **POINT II: PLAINTIFF HAS NOT SHOWN GOOD CAUSE FOR FAILING
    TO ACT SOONER BECAUSE SHE TOOK MORE THAN A YEAR TO
    FILE THIS MOTION ALTHOUGH SHE HAD RETAINED A LAWYER
    TO VACATE THE JUDGMENT NINE MONTHS BEFORE HER CASE
    WAS EVEN DISMISSED** ........................................................................ 12

    **POINT III: VACATING THE JUDGMENT WOULD IMPOSE AN UNDUE
    HARDSHIP ON DEFENDANTS BECAUSE THIS CASE WAS ALREADY
    FULLY LITIGATED ON THE MERITS AND DEFENDANTS HAVE
    ALREADY INCURRED SIGNFICANT DEFENSE EXPENSES** ................. 14

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Pages**

*Abu-Rub v. Jordanian Airlines, Inc.*,
   No. 07-cv-7888 (JGK) (KNF),
   2009 U.S. Dist. LEXIS 91195 (S.D.N.Y. Sept. 28, 2009).......................................................11

*Alvarado v. Manhattan Worker Career Ctr.*,
   No. 01-cv-9288 (CBM),
   2003 U.S. Dist. LEXIS 19339 (S.D.N.Y. Oct. 30, 2003) .......................................................7

*Amorosi v. Comp USA*,
   No. 01-cv-4242 (KMK),
   2005 U.S. Dist. LEXIS 462 (S.D.N.Y. Jan. 12, 2005)........................................................7, 8

*Barry v. Atkinson*,
   No. 96-cv-8436,
   193 F.R.D. 197 (S.D.N.Y. 2000) ........................................................................................12

*Blanco v. City of New York*,
   No. 15-cv-8509 (RMB),
   2018 U.S. Dist. LEXIS 104665 (S.D.N.Y. May 14, 2018)..................................................7, 8

*Brooks v. Doe Fund, Inc.*,
   No. 17-cv-3626 (PKC) (LB)
   2020 U.S. Dist. LEXIS 175474 (S.D.N.Y. Sept. 24, 2020)...............................................6, 10

*Canouse v. Protext Mobility, Inc.*,
   2021 U.S. App. LEXIS 12080 (2d Cir. May 17, 2023) .........................................................7

*Church & Dwight Co. v. Kaloti Enters. of Mich., L.L.C.*,
   No. 07 Civ 0612 (BMC),
   2011 U.S. Dist. LEXIS 110955 (E.D.N.Y. Sept. 28, 2011)...............................................10, 11

*Cobos v. Adelphi Univ.*,
   No. 95-cv-1840 (FB) (VVP),
   179 F.R.D. 381 (E.D.N.Y. 1998) ........................................................................................8

*Cliff v. PPX Publishing Co.*,
   84 F.R.D. 369 (2d Cir. 1979) .............................................................................................12

*Coclin Tobacco Co. v. Brown & Williamson Tobacco Corp.*,
   353 F.2d 727 (2d Cir. 1965)................................................................................................12

**Cases**                                                                                          **Pages**

*Conception v. City of New York,*
   No. 15-cv-4844,
   2019 U.S. Dist. LEXIS 120273 (E.D.N.Y. July 18, 2019).......................................8

*D'Angelo v. State Farm Fire & Cas. Co.,*
   32 Fed. Appx. 604 (2d Cir. 2002).....................................................................7, 9

*DeWeerth v. Baldinger,*
   38 F.3d 1266 (2d Ci. 1994)................................................................................14

*Fantasyland Video, Inc. v. County of San Diego,*
   No. 02cv-cv-1909 (LAB) (RBB),
   2006 U.S. Dist. LEXIS 106052 (S.D. Cal. Dec. 6, 2006)...................................6

*Firstorm Storm Partners 2, LLC v. Vassel,*
   No. 10-cv-2356,
   2013 U.S. Dist. LEXIS 24629 (E.D.N.Y. Feb. 21, 2013)...................................8

*Grace v. Bank Leumi Trust Co. of N.Y.,*
   443 F.3d 180 (2d Cir. 2006)..............................................................................12

*Green v. Phillips,*
   374 Fed. Appx. 86 (2d Cir. 2010)......................................................................14

*Harris v. United States,*
   367 F.3d 74 (2d Cir. 2004)......................................................................... *passim*

*Hom v. Brennan,*
   No. 03-cv-2198 (ADS) (ETB),
   840 F.Supp.2d 576 (E.D.N.Y. 2011) .................................................................13

*Humbles v. Reuters Am., Inc.,*
   Nos. 05-cv-4895 (TCP) (MLO), 02-cv-60 (TCP) (MLO),
   2006 U.S. Dist. LEXIS 65753 (E.D.N.Y. Aug. 31, 2006).................................15

*In re Britannia Bulk Holdings Inc. Sec. Litig.,*
   No. 08-CV-9554,
   2010 U.S. Dist. LEXIS 11254 (S.D.N.Y. Feb. 9, 2010)....................................13

*Johnson v. City of Mount Vernon,*
   No. 15-cv-5832 (CS),
   2017 U.S. Dist. LEXIS 101547 (S.D.N.Y. June 28, 2017).................................13

**Cases**                                                                                                    **Pages**

*Josefsek v. Sedgwick, Inc.*,
    No. 99 Civ. 4790 (RMB) (JCF),
    2005 U.S. Dist. LEXIS 19286 (S.D.N.Y. Aug. 17, 2005) ......................................................13

*King v. Habib Bank Ltd.*,
    Nos. 20-cv-4322 (LGS); 21-cv-2351 (LGS), 21-CV-6044 (LGS),
    2023 U.S. Dist. LEXIS 214283 (S.D.N.Y. Dec. 1, 2023) ......................................................7

*McCaffrey v. Gatekeeper USA, Inc.*,
    No. 14-cv-493 (VSB)
    2022 U.S. Dist. LEXIS 82577 (S.D.N.Y. May 6, 2022)...................................................4, 14

*Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*,
    970 F.3d 133 (2d Cir. 2020)...........................................................................................4

*Moore v. Peters*,
    No. 13-cv-06271 (EAW)
    341 F.R.D. 463 (W.D.N.Y. 2022).................................................................................10

*Nemaizer v. Baker*,
    793 F.2d 58 (2d Cir. 1986)........................................................................................4, 5

*P.T. Busana Idaman Nurani v Marissa by GHR Indus. Trading Corp.*,
    No. 88-CV-7370 (DNE),
    151 F.R.D 32 (S.D.N.Y. 1993) ..................................................................................8, 12

*Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd.*,
    507 U.S. 380 (1993).................................................................................................15

*PRC Harris, Inc. v. Boeing Co.*,
    700 F.2d 894 (2d Cir. 1983),
    *cert. denied*, 464 U.S. 936 (1983) .........................................................................12, 13

*Prince of Peace Enters. v. Top Quality Food Mkt., LLC*,
    No. 07-CV-0349 (LAP)(FM)
    2012 U.S. Dist. LEXIS 141794 (S.D.N.Y. Sept. 21, 2012)...............................................7, 9

*Rapillo v. Fingerhut*,
    No. 09-cv-10429 (VSB),
    2020 U.S. Dist. LEXIS 96780 (S.D.N.Y. Jan. 1, 2020)...............................................10, 11

*Rem v. Caldrello*,
    No. 89-cv-8609 (PNL),
    1991 U.S. Dist. LEXIS 8645 (S.D.N.Y. June 27, 1991).....................................................14

**Cases**                                                                                               **Pages**

*Romeo* v. *Aid to the Developmentally Disabled, Inc.*,
   No. 17-cv-6340 (JS) (GRB),
   2015 U.S. Dist. LEXIS 2193 (S.D.N.Y. Jan. 7, 2015)............................................................12

*Shukla v. Sharma*,
   No. 07-CV-2972,
   2014 U.S. Dist. LEXIS 126321 (E.D.N.Y. Sept. 9, 2014)....................................................14

*Sidotti v. Peralta*,
   No. 20-cv-1340 (VLB)
   2021 U.S. Dist. LEXIS 182960 (D. Conn. Sept. 24, 2021) ...................................................10

*Stefanopoulous v. City of New York*,
   299 Fed. Appx. 49 (2d Cir. 2008) ........................................................................................7

*United States v. Cirami*,
   563 F.2d 26 (2d Cir. 1976).........................................................................................6, 7, 8, 10

*United States v. Hill*,
   462 F. App'x 125(2d Cir. 2012) ...........................................................................................6

*United States v. Int'l Bhd. of Teamsters*,
   247 F.3d 370 (2d Cir. 2001)..................................................................................................4

*United States v. 7108 West Grand Avenue*,
   15 F.3d 632 (7th Cir. 1994) .................................................................................................15

*Vindigni v. Meyer*,
   441 F.2d 376 (2d Cir. 1971)..................................................................................................6

*Webb v. City of N.Y.*,
   No. 08-cv-5145 (CBA)(JO),
   2010 U.S. Dist. LEXIS 86234 (E.D.N.Y. Aug. 23, 2010) ...................................................10

**Federal Rules**

Fed. R. Civ. P. 60(b)(6)......................................................................................... *passim*

Fed. R. Civ. P. 60(c)(1)...............................................................................................12

## PRELIMINARY STATEMENT

This case was over. More than a year ago, on March 31, 2023, this Court granted defendants' motion for summary judgment in full. Represented by new counsel, plaintiff Melissa Kaye now argues that she is entitled to a redo on summary judgment because her prior counsel, Special Hagan, "abandoned" her case, allegedly by failing to "properly" oppose Defendants' motion for summary judgment. To get her mulligan, she asks this Court to grant what the Second Circuit has held is "extraordinary" relief reserved for "extraordinary circumstances": vacatur of the final judgment under Fed. Rule of Civil Procedure 60(b)(6). Her motion should be denied for three reasons.

First, the circumstances here are not extraordinary. Kaye lost and blames her attorney. Dissatisfied with her loss, she now claims that Hagan abandoned her in an attempt to shoehorn her case into a very narrow precedent within this circuit where courts have held that an attorney's abandonment of their clients is an extraordinary circumstance to warrant vacatur. But to do that, Kaye needed to show that Hagan either physically disappeared or constructively disappeared. The former she concedes did not happen here; the latter requires evidence that Kaye does not have -- that Hagan was so mentally ill that it caused her to completely neglect this case. Her failure to identify an extraordinary circumstance is sufficient to deny her motion.

Second, Kaye's motion was not filed within a "reasonable time." After the case had been dismissed, she dallied for more than a year to file this motion. Courts have held that even waiting six months between a dismissal and a motion to vacate is not a reasonable time in which to file a motion, much less an entire year. What's more, Kaye tries to blame Hagan for her delay, but Hagan was not even her lawyer when the Court dismissed her case. In June 2022, nine months before the case dismissal, Hagan had withdrawn and been replaced as counsel by Thomas Ricotta,

the very same attorney who submitted this motion to vacate. Her failure to timely file this motion without good cause is another reason to deny it.

Third, vacating the judgment at this late hour would impose undue hardships on Defendants because Defendants would have to defend a case that had already been fully litigated on the merits and dismissed. That means spending more resources on another round of summary judgment motion practice, on top of the substantial expenses they've already incurred. These undue hardships, as Courts within this Circuit have held, are yet another reason to deny this motion.

## STATEMENT OF FACTS

### A. In June 2022, after four years of litigating this case for Plaintiff, Hagan opposes Defendants' summary judgment motion and then withdraws from this case.

In 2018, Plaintiff retained Special Hagan to represent her in this litigation. *See* Declaration of Hyatt M. Howard, dated May 15, 2023 ("Howard Decl.") ¶ 2. Hagan filed the complaint on December 21, 2018 and, with the Court's leave, amended the complaint on May 2, 2019. *Id*. ¶ 3. In her amended complaint, Plaintiff asserted an array of federal, state, and local discrimination and retaliation claims against Defendants. Defendants answered the amended complaint on July 19, 2019. *Id*. ¶ 4.

Discovery ensued. During discovery, Hagan deposed 10 witnesses, served dozens of documents requests and interrogatories, filed numerous letters concerning discovery, motions to compel, and appeared in conferences before this Court. After nearly two and half years, and more than 10,000 documents having been produced, discovery closed in early 2022. *Id*. ¶ 5.

On March 4, 2022, Defendants moved for summary judgment on all claims in the amended complaint. *Id*. ¶ 6. Plaintiff's opposition papers were originally due April 18, 2022. *Id*. ¶ 7. After several extensions of time to oppose Defendants' summary judgment motion, the

opposition papers were fully submitted with the Court on June 29, 2022.[1] *Id*. ¶ 8. Those papers consisted of a 32-page memorandum of law, a six-page declaration in support of the memorandum of law from Hagan annexing exhibits, and a 171-paragraph counter-statement to Defendants' Rule 56.1 statement of undisputed facts with 176 exhibits. After submitting those papers, Hagan withdrew as counsel for Plaintiff. *Id*. ¶ 10. Just over a week later, on July 7, 2022, Thomas Ricotta noticed his appearance as counsel for Plaintiff. *Id*. ¶ 11. Defendants replied to Plaintiff's opposition on September 9, 2022, at which point, Defendants' motion for summary judgment was fully submitted. *Id*. ¶ 12.

**B.  In March 2023, this Court grants Defendants' motion for summary judgment in full and dismisses this case.**

On March 31, 2023, in an 82-page opinion and order, this Court granted Defendants' motion for summary judgment in full. *Id*. ¶ 13. In its opinion and order, the Court concluded that Defendants showed that there was no genuine dispute as to any material fact as to any of Plaintiff's claims and that Defendants were entitled to judgment as a matter of law. *Id*. The Court directed the clerk to enter judgment in Defendants' favor and to close the case. *Id*. ¶ 14. Ricotta filed an appeal on April 28, 2023, but withdrew it a few months later on August 10, 2023. *Id*. ¶ 15.

**C.  In April 2024, Plaintiff moves to vacate the final judgment claiming that Hagan failed to "properly oppose" Defendants' summary judgment motion.**

On April 1, 2024, Plaintiff filed a Rule 60(b)(6) motion to vacate the Court's March 31, 2023 final judgment. *Id*. ¶ 16. Plaintiff argues that the judgment should be vacated because Hagan "constructively abandoned" her case by failing to "properly respond" to Defendants'

---

[1] Before Plaintiff filed her "completed" opposition papers, this Court concluded that Hagan's May 6 and 27 and June 9 filings were "incomplete" opposition papers and gave Hagan an opportunity to file completed papers. Howard Decl. ¶ 9.

summary judgment motion by filing incomplete and untimely opposition briefs and not making arguments about: (i) a shift change that allegedly violated her contract with H+H; (ii) antisemitic harassment Plaintiff allegedly experienced; (iii) purported deficiencies in Defendants' discovery; and (iv) recordings that allegedly contradicted Defendants' testimony.  Pl. Mem. 2-4.

## LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure provides, in part, that courts may "relieve a party or its legal representative from a final judgment, order, or proceeding" for one of six reasons, including: "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6). "[D]espite its open wording, [Rule 60(b)(6)] has been narrowly cabined by the precedent of this Court." *Harris v. United States*, 367 F.3d 74, 80 (2d Cir. 2004). The Second Circuit has cautioned that "Rule 60(b)(6) . . . is 'properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986)). "Thus 'a motion for relief from judgment is generally not favored.'" *McCaffrey v. Gatekeeper USA, Inc.*, 2022 U.S. Dist. LEXIS 82577, at * 2 (S.D.N.Y. May 6, 2022) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)) (alterations omitted). "Moreover, 'a motion seeking such relief is addressed to the sound discretion of the district court,' and a Rule 60(b) motion may not be employed to relitigate the merits of a case." *McCaffrey*, 2022 U.S. Dist. LEXIS 82577 at *2-3 (quoting *Nemaizer*, 793 F.2d at 61) (alterations omitted). "In evaluating a Rule 60(b) motion, courts in this circuit require that the evidence in support of the motion be highly convincing, that the movant show good cause for failure to act

sooner, and that no undue hardship be imposed on the other parties as a result." *Id*. at * 2 (citation omitted). Movants bear this "heavy burden." *Id*. at *3 (internal quotation marks omitted).

## ARGUMENT

### POINT I

**PLAINTIFF HAS NO "HIGHLY CONVINCING" EVIDENCE TO SUPPORT HER MOTION TO VACATE BECAUSE SHE HAS NOT SHOWN THAT HAGAN ABANDONED HER CASE .**

**A.    For Plaintiff to show Hagan abandoned her case, Plaintiff must show Hagan either physically disappeared or constructively disappeared.**

"To be extraordinary circumstances for purposes of Rule 60(b)(6), a lawyer's failures must be so egregious and profound that they amount to the abandonment of the client's case altogether either through physical disappearance or constructive disappearance." *Harris*, 367 F.3d at 81 (internal citations omitted). But, as the Second Circuit has observed, courts "*very* rarely grant[] relief under Rule 60(b)(6) for attorney failure or misconduct." *Id*. at 80 (emphasis in original). This is because "[a] party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Id*. (internal quotation marks and citation omitted). And thus they "cannot [] avoid the consequences of the acts or omissions of [their] freely selected agent." *Id*. (internal quotation marks and citation omitted).

For this reason, an attorney's negligence, or even gross negligence, is not an extraordinary circumstance warranting relief under Rule 60(b)(6). *See Nemaizer*, 792 F.2d at 63 (The Second Circuit has "consistently indicated a reluctance" to "accept the proposition that when counsel's conduct shows gross negligence relief to a client may be afforded under Rule 60(b)(6).");

*Brooks v. Doe Fund, Inc.*, 2020 U.S. Dist. LEXIS 175474, at \*14 (S.D.N.Y. Sept. 24, 2020) ("[T]he Second Circuit has 'consistently' resisted granting Rule 60(b)(6) relief for gross negligence").

### B.  Plaintiff concedes that Hagan did not physically disappear.

Here, Plaintiff does not argue that Hagan physically disappeared. Nor could she: Hagan deposed witnesses, produced documents, attended court conferences, and opposed dispositive motions. Moreover, there is no evidence in the record that Hagan stopped practicing altogether or was reported missing. *See Vindigni v. Meyer*, 441 F.2d 376, 377 (2d Cir. 1971) (attorney physically disappeared when he was "no longer attending to his practice and had reportedly 'disappeared.'"). And, in any event, the argument is waived. *See Fantasyland Video, Inc. v. County of San Diego*, 2006 U.S. Dist. 106052, at \*4 (S.D. Cal. Dec. 6, 2006) (plaintiff waived argument not in its opening brief supporting motion to vacate); *United States v. Hill*, 462 F. App'x 125, 127 n. 2 (2d Cir. 2012) (arguments raised for the first time on reply are waived).

### C.  Plaintiff fails to show Hagan constructively disappeared because she presents no evidence that Hagan suffered from a mental illness so severe that it compromised Hagan's representation of Plaintiff.

Nor does the record support finding that Hagan constructively disappeared. Plaintiff argues that Hagan constructively disappeared based on her purported "failure to properly respond to Defendants' motion [for summary judgment]," citing Hagan's incomplete filings, requests for extensions of time, and reneged promises to raise arguments in the completed summary judgment brief. None of this merit a finding of constructive disappearance.

As the Second Circuit held over forty years ago, an attorney constructively disappears from a client's case in the "unusual case" where that attorney "suffer[s] from a psychological disorder" which causes him to "neglect almost completely his client's business." *See United States v. Cirami*, 563 F.2d 26, 34 (2d Cir. 1976). Not once has the Second Circuit held

6

any other set of facts constitutes a constructive disappearance. *See Cirami*, 563 F. 2d at 34; *Harris*, 367 F.3d at 81; *Canouse v. Protext Mobility, Inc.*, 2023 U.S. App. LEXIS 12080, at * 2 (2d Cir. May 17, 2023); *D'Angelo v. State Farm Fire & Cas. Co.*, 32 Fed. Appx. 604, 604 (2d Cir 2002); *Stefanopoulous v. City of New York*, 299 Fed. Appx. 49, 49 (2d Cir. 2008). Overwhelmingly, district courts in this circuit strictly follow this precedent.[2] *See, e.g.*, *Alvarado v. Manhattan Worker Career Ctr.*, 2003 U.S. Dist. LEXIS 19339, at *10 (S.D.N.Y. Oct. 30, 2003) (attorney constructively disappears where "an attorney's psychological disorder [] render[s] him constructively absent throughout the course of the action"); *Amorosi v. Comp USA*, 2005 U.S. Dist. LEXIS 462, at *12 (S.D.N.Y. Jan. 10, 2005) (constructive disappearance occurs "where the neglect of an attorney results from mental illness. . ."); *DeMarco Hartford Life & Accident Ins. Co.*, 2014 U.S. Dist. LEXIS 94704, at *17-18 (E.D.N.Y. Apr. 8, 2014) ("Constructive disappearance requires that an attorney suffering from a mental illness completely neglect his client's business."); *Prince of Peace Enters. v. Top Quality Food Mkt., LLC*, 2012 U.S. Dist. LEXIS 141794 at *18-19 (S.D.N.Y. Sept. 21, 2012) ("an attorney's constructive disappearance from a case due to mental illness has been recognized" as an "exceptional circumstance[]") (internal quotation marks omitted); *Blanco v. City of New York*, 2018 U.S. Dist. LEXIS 104665, at *7 (S.D.N.Y. May 14, 2018) (constructive disappearance where attorney suffers from mental illness).

---

[2] Nonetheless, as discussed below, there are outliers outside this district (cited by Plaintiff) that have broken with the Second Circuit. This Court should not. *See King v. Habib Bank Ltd.*, 2023 U.S. Dist. LEXIS 214283, at * 14 (S.D.N.Y. Dec. 1, 2023) ("district court[s] must follow Second Circuit precedent unless and until it is overruled in a precedential opinion by the Second Circuit itself or unless a subsequent decision of the Supreme Court so undermines it that it will almost inevitably be overturned by the Second Circuit.") (internal quotation marks and citation omitted). In any event, as explained below, those cases are far removed factually from this one so they would be of no precedential value. *See infra* at p. 10-11.

Showing an attorney suffers from a mental illness that caused them to neglect their client's case requires evidence to corroborate that fact, not mere assertion. *See, e.g.*, *Cirami* 563 F.2d at 31 (defendants submitted affidavits from their former attorney and his psychologist that contained assertions "that he defaulted [on summary judgment] because of his suffering from a mental disorder"); *Busana Idaman Nurani v. Marissa by GHR Indus. Trading Corp.*, 151 F.R.D. 32, 34 (S.D.N.Y. 1993) ("Former Counsel and her psychiatrist have stated in affidavits that Former Counsel was undergoing treatment for severe depression" that "compromised her ability to represent her client").

Without such evidence, courts routinely reject claims that an attorney has constructively disappeared from a client's case. *See e.g.*, *FirstStorm Partners 2, LLC v. Vassel*, 2013 U.S. Dist. LEXIS 24629, at *17 (E.D.N.Y. Feb. 21, 2013) (no constructive disappearance when "there are no record facts to suggest that [counsel's] failure to file an opposition to plaintiff's summary judgment motion and a motion to dismiss on behalf of the [movant] is the result of mental illness."); *Amorosi*, 2005 U.S. Dist. LEXIS 462 at *12-13 (no constructive disappearance when the "Plaintiff has not provided the Court with any evidence regarding" whether "the neglect of the attorney result[ed] from mental illness"); *Cobos v. Adelphi Univ.*, 179 F.R.D. 381, 88-89 (E.D.N.Y. 1998) (no constructive disappearance when there was no evidence that "[the attorney] was mentally disabled or otherwise incapacitated"); *Blanco*, 2018 U.S. Dist. LEXIS 104665 at *7 (no constructive disappearance where plaintiff did not produce evidence or even argue that attorney suffered from a psychological disorder); *Conception v. City of New York*, 2019 U.S. Dist. LEXIS 120273, at * 5 (E.D.N.Y. July 18, 2019) (no constructive disappearance where movants failed to show that attorney was "suffering from health issues").

Here, there is no evidence in the record to show that Hagan constructively disappeared. Plaintiff submits no evidence that Hagan's representation of her – during summary judgment or otherwise – was affected by any mental illness Hagan supposedly had. There is neither an affidavit from Hagan about any mental illness that caused the purported issues Plaintiff complains of nor an affidavit from any doctor about the same. Indeed, nowhere does Plaintiff even allege that Hagan had a mental illness, much less one that was so profound that it compromised Hagan's representation of her.

In fact, the closest Plaintiff gets to identifying any medical condition that might have affected Hagan's representation of her is that in Plaintiff's affidavit she references letters that Hagan filed with the Court in which Hagan seeks additional time to oppose Defendants' summary judgment, in part, because of "long haul" COVID-19 symptoms that she was experiencing at the time. Dkt. No. 315 p. 5. Plaintiff does not argue or even suggest that those symptoms were a mental illness. Even if she did, however, Plaintiff does not explain (or provide any evidence) that those symptoms were so profound that they somehow caused Hagan to ignore her duties in this case. *See Prince*, 2012 U.S. Dist. LEXIS 141794 at *18-19 (no constructive disappearance because there was "no explanation" of how the alleged illness caused the alleged deficient representation); *D'Angelo*, 32 Fed. Appx at 604 (no constructive disappearance where "[Plaintiff] failed to demonstrate a nexus between his attorney's disorder and the alleged mistakes").

Not only has Plaintiff failed to attach evidence that Hagan had a mental illness that compromised her representation, but she has also failed to provide a factual basis for this Court to find that Hagan neglected her case even if she did have a mental illness. Far from neglecting Plaintiff's case, the record makes clear that Hagan actively litigated this case over several years— filing pleadings, deposing witnesses, producing documents, participating in court conferences, and

opposing dispositive motions, among other things. Even Plaintiff concedes as much. *See* Dkt. No. 315 p. 1 (Hagan "conducted discovery in this matter.") This belies finding that she constructively disappeared. *See Moore v. Peters*, 341 F.R.D. 463, 471 (W.D.N.Y. 2022) (no constructive disappearance where "Defendants, through counsel, participated in the case, including by scheduling and conducting depositions and exchanging discovery, and litigating discovery disputes, for several years"); *Rapillo v. Fingerhut*, 2020 U.S. Dist. LEXIS 96780, at *12 (S.D.N.Y. June 1, 2020) ("[A]ny argument of abandonment would be unfounded" because "[counsel] appeared before the court throughout this litigation, engaged in the discovery process, and filed a voluminous opposition to Defendants' motion for summary judgment"); *Brooks*, 2020 U.S. Dist. LEXIS 175474 at *6-8, *14 (no constructive disappearance where "Plaintiff's counsel prepared opposition to Defendant's motions for summary judgment"); *Sidotti v. Peralta*, 2021 U.S. Dist. LEXIS 182960, at *15 (D. Conn. Sept. 24, 2021) (no constructive disappearance where attorney made a defense that failed on the merits).

> None of Plaintiff's arguments supports a finding of constructive disappearance either. Her caselaw is inapposite. Unlike in *Cirami*, here, there are no detailed affidavits from Hagan or her psychologist (if she has one) that admit she had a mental illness that affected her representation. The other two cases cited by Plaintiff are not binding on this Court and do not even follow Second Circuit precedent. *Church & Dwight Co. v. Kaloti Enters. of Mich., L.L.C.*, 2011 U.S. Dist. LEXIS 110955 (E.D.N.Y. Sept. 28, 2011) ("I see no reason to limit the doctrine of constructive disappearance to instances of mental illness"); *Webb v. City of New York*, 2011 U.S. Dist. LEXIS 134728, at *11-12 (E.D.N.Y. Sept. 26, 2011) (granting Rule 60(b)(6) motion without evidence of mental illness). In any event, those cases are readily distinguishable because the facts are different. In *Webb*, the attorney "completely fail[ed]" to prosecute her case, lied about

representing his client, and refused to respond to inquiries from her new lawyer. 2011 U.S. Dist. LEXIS 134728 at *11. Not only does Plaintiff here not argue that Hagan completely failed to prosecute her case, but the record shows that Hagan actively worked on the case. *Church & Dwight Co.* is also inapplicable because there, unlike here, plaintiff moved to vacate a default judgment for $4 million when her attorney failed to answer six amended complaints, propound discovery, vacate the default, resolve a conflict of interest, and oppose a motion for summary judgment. 2011 U.S. Dist. LEXIS 110955 at *8-9. Plaintiff does not allege any similar facts here, nor could she.

Plaintiff's remaining arguments fare no better. That Hagan "repeatedly filed incomplete or inaccurate opposition papers" or failed to raise certain arguments does not constitute a constructive disappearance. *See Abu-Rub v. Jordanian Airlines, Inc.*, 2009 U.S. LEXIS 91195, at *5 (S.D.N.Y. Sept. 28, 2009) (no constructive disappearance when attorney "failed to raise specific issues" on summary judgment and "requested enlargements of time to file supplemental information, [] consistently provided the Court deficient filings and failed to file their response to the Court's April 27, 2009 order"); *Fingerhut*, 2020 U.S. Dist. LEXIS 96780 at *12 ("Even if, *arguendo*, Plaintiff's former counsel had failed to 'enunciate key evidence' in his opposition to Defendants' motion for summary judgment—which ultimately included 22 exhibits—this would not constitute the kind of 'egregious' failure that rises to the level of abandonment.").

There is no merit to the argument that Hagan constructively disappeared.

11

## POINT II

**PLAINTIFF HAS NOT SHOWN GOOD CAUSE FOR FAILING TO ACT SOONER BECAUSE SHE TOOK MORE THAN A YEAR TO FILE THIS MOTION ALTHOUGH SHE HAD RETAINED A LAWYER TO VACATE THE JUDGMENT NINE MONTHS BEFORE HER CASE WAS EVEN DISMISSED.**

Plaintiff's motion to vacate should be denied for an additional reason: it was untimely without good cause. *See* Fed. R. Civ. P. 60(c)(1) (Rule 60(b) motions must be made within a reasonable time). "Addressing the 'reasonable-time' limitation requires 'scrutiny of the particular circumstances of the case, and balancing the interest in finality with the reason for delay.'" *Busana Nurani*, 151 F.R.D. at 35 (quoting *PRC Harris Inc. v. Boeing Co.*, 700 F.2d 894 (2d Cir. 1983) (brackets omitted). A Rule 60(b)(6) motion "typically will not be granted where the applicant fails to move for relief promptly." *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 190 n. 8 (2d Cir. 2006) (internal quotation marks and citation omitted). In this circuit, courts have held that motions to vacate are untimely when the movant waits six months or more to vacate the judgment. *See, e.g. Coclin Tobacco Co. v. Brown & Williamson Tobacco Corp.*, 353 F.2d 727, 728 (2d Cir. 1965) (untimely Rule 60(b)(6) motion after six month delay); *Romeo v. Aid to the Developmentally Disabled, Inc.*, 2015 U.S. Dist. LEXIS 2193, at *8 (S.D.N.Y. Jan. 7, 2015) (untimely Rule 60(b)(6) motion after 6 month delay); *Cliff v. PPX Publishing Co.*, 84 F.R.D. 369, 371 (2d Cir. 1979) (observing courts have held that Rule 60(b)(6) motions were untimely "where a plaintiff learns of the dismissal of his action but takes no steps to vacate the dismissal for six months"); *Barry v. Atkinson*, 193 F.R.D. 197, 198 (S.D.N.Y. 2000) (untimely Rule 60(b)(6) motion after 9 month delay).

Here, as this Court observed, Plaintiff waited "more than a year" to vacate the March 31 judgment. Dkt. No. 316. Waiting for that long alone is enough to find her motion untimely. Moreover, Plaintiff only gives one illogical excuse for her delay—Hagan. But she does not explain how Hagan caused her to file this motion late. More than 9 months before this Court's decision dismissing the case, Hagan withdrew as counsel for Plaintiff and was replaced just 8 days later by Ricotta, whom Plaintiff expressly hired "to help [her] vacate the judgment." Dkt. No. 315 p. 3. Put simply, Plaintiff "has offered no valid explanation for the delay between the dismissal and the instant application, and in these circumstances the motion was not made within a reasonable amount of time." *See Johnson v. City of Mount Vernon*, 2017 U.S. Dist. LEXIS 101547, at *7 (S.D.N.Y. June 28, 2017) (Rule 60(b)(6) motion denied after 10 month delay); *see also Boeing*, 700 F.2d at 897 (Rule 60(b)(6) motion denied when plaintiff "presented no persuasive reasons to justify the delay of almost one year"); *Josefsek v. Sedgwick, Inc.*, 2005 U.S. Dist. LEXIS 19286, *19-20 (S.D.N.Y. Aug. 17, 2005) ("Given that the plaintiffs have failed to provide the Court with any evidence regarding extraordinary circumstances to explain these lapses, the delay in seeking relief here was unreasonable and the plaintiffs' motion is untimely."); *Hom v. Brennan*, 840 F.Supp.2d 576, 581 (E.D.N.Y. 2011) ("Plaintiff has not articulated any justifiable basis that would excuse this substantial delay…."); *In re Britannia Bulk Holdings Inc. Sec. Litig.*, 2010 U.S. Dist. LEXIS 11254, at *9 (S.D.N.Y. Feb. 9, 2010) (no good cause for 10 month delay).

<u>**POINT III**</u>

**VACATING THE JUDGMENT WOULD IMPOSE AN UNDUE HARDSHIP ON DEFENDANTS BECAUSE THIS CASE WAS ALREADY FULLY LITIGATED ON THE MERITS AND DEFENDANTS HAVE INCURRED SIGNIFICANT DEFENSE EXPENSES.**

Allowing Plaintiff to reopen this case more than a year after it was dismissed would impose an undue hardship on Defendants because: (1) the case has already been fully litigated on the merits and dismissed and would only be prolonged if this motion to vacate were granted potentially by years with another round of summary judgment briefing; (2) Defendants have already incurred substantial expenses in defending the action; and (3) Defendants would have to defend an action based on Plaintiff's mere disagreement with the ruling dismissing her case which is a patently improper use of Rule 60(b)(6). Each of the foregoing has been held by courts to impose an undue hardship. *See DeWeerth v.Baldinger*, 38 F.3d 1266, 1272 (2d Cir. 1994) (undue hardship would be imposed "in a case that had been fully litigated and was long since closed"); *Shukla v. Sharma*, 2014 U.S. Dist. LEXIS 126321, at *16 (E.D.N.Y. Sept. 9, 2014) (prolonging three year dispute would impose undue hardship); *Rem v. Caldrello*, 1991 U.S. Dist. LEXIS 8645, at *16-17 (S.D.N.Y. June 27, 1991) (undue hardship would be imposed where "[a] long time has expired; plaintiffs incurred substantial expense and showed *prima facie* that they were entitled to summary judgment."); *McCaffrey*, 2022 U.S. Dist. LEXIS 82577 at *2-3 ("[A] Rule 60(b) motion may not be employed to relitigate the merits of the case") (alterations omitted); *Green v. Phillips*, 374 Fed. Appx. 86, 89 (2d Cir. 2010) ("Mere disagreement with the district court's underlying judgment . . . does not present extreme hardship."). This Court should find the same.

14

Plaintiff arguments to the contrary are unavailing. Plaintiff cites no authority for her argument that because discovery was completed Defendants will not suffer an undue hardship. Moreover, Plaintiff will not suffer an undue hardship if her case is not reinstated. As the U.S. Supreme Court has made clear, there is "no merit to the contention that dismissal of a petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client." *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 396 (1993). While "[a]n extraordinary circumstance under Rule 60(b)(6) maybe demonstrated where a plaintiff would be left without a remedy," *Humbles v. Reuters Am., Inc.*, 2006 U.S. Dist. LEXIS 65753, at * 19 (E.D.N.Y. Aug. 31 2006), here, Plaintiff has an available remedy: a legal malpractice action against Hagan. *See United States v. 7108 West Grand Avenue*, 15 F.3d 632, 633 (7th Cir. 1994) ("Malpractice, gross or otherwise, may be a good reason to recover from a lawyer but does not justify prolonging litigation against the original adversary.").

## CONCLUSION

For the foregoing reasons, Plaintiff's Rule 60(b)(6) motion should be denied.

Dated:    New York, New York
          May 13, 2024

**Hon. Sylvia O. Hinds-Radix**
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street, Room 2-118
New York, New York 10007

By:    *Hyatt Howard*
       _____
       Hyatt M. Howard
       *Senior Counsel*

15