UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
MELISSA KAYE,                                                     :
                                                                  :
                        Plaintiff,                                :
                                                                  :     18 Civ. 12137 (JPC)
            -v-                                                   :
                                                                  :     OPINION AND ORDER
NEW YORK CITY HEALTH AND HOSPITALS                                :
CORPORATION *et al.*,                                             :
                                                                  :
                        Defendants.                               :
                                                                  :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Not all lawyers are good lawyers. But good or bad, under our system of representative litigation parties are typically bound by the acts of their attorneys. That rule can seem unfair—when lawyers make mistakes, their clients usually end up paying the price. Yet if it were otherwise, cases would be relitigated endlessly, depleting the justice system's resources and making efficient resolution of legal disputes all but impossible.

Last year, the Court ruled against Melissa Kaye at summary judgment, rejecting the claims she brought against her former employer and others for discrimination, retaliation, and civil rights violations. Kaye now moves to vacate that judgment, asserting that her prior lawyer's incompetence sunk her case. Kaye's frustration is understandable: her lawyer flouted procedural rules, filed incomplete submissions, and failed to make certain points that Kaye found compelling. But Kaye's lawyer did not abandon her, and poor representation alone does not justify a re-do. Plus, Kaye provides no good reason for waiting a full year to file her motion. Accordingly, the Court denies Kaye's motion to vacate.

## I. Background[1]

Represented by attorney Special Hagan, Kaye filed this action on December 21, 2018, naming as Defendants the New York City Health and Hospitals Corporation (her former employer) and a group of individuals comprised mostly of her former supervisors. Dkt. 1 ("Complaint").[2] In a sign of trouble to come from Hagan, the four-page Complaint mysteriously cut off after the "Parties" heading, and the docket does not reflect that she ever had the Complaint served on Defendants. *Id.* When the Court extended the deadline to serve the Complaint until April 30, 2019, Hagan filed and served an amended complaint instead, which supplied the approximately twenty missing pages from the original pleading. Dkt. 22 ("Amended Complaint"). After the Clerk of Court rejected the Amended Complaint as improperly filed, Hagan filed a request for leave from the Court to file the Amended Complaint on May 2, 2019, attaching the Amended Complaint as an exhibit. Dkt. 25. But after the Court granted leave to file the Amended Complaint the next day, Hagan filed a pleading that was in fact a different document. Dkt. 29. The Court later directed the Clerk of Court to strike that document and clarified that the operative Amended Complaint was the one Hagan was granted leave to file. Dkt. 244; *see* Dkt. 25-1. The Amended Complaint asserted ten causes of action, which arose under the Equal Protection Clause of the Fourteenth Amendment and under a litany of federal and state statutes. *Id.* Defendants answered the Amended Complaint on July 19, 2019. Dkt. 34.

---

[1] The following facts are based on the procedural history of this case, which the Court previously detailed in its March 31, 2023 Opinion and Order granting Defendants' motion for summary judgment, *Kaye v. New York City Health & Hosps. Corp.*, No. 18 Civ. 12137 (JPC), 2023 WL 2745556 (S.D.N.Y. Mar. 31, 2023), and on the declarations submitted by the parties in support of and opposition to the instant motion, Dkt. 315 ("Kaye Decl."); Dkt. 324 ("Howard Decl.").

[2] This action was initially assigned to the Honorable J. Paul Oetken, *see* Case Opening Initial Assignment Notice dated Dec. 26, 2018, before being transferred to the undersigned on September 29, 2020, *see* Notice of Case Reassignment dated Sept. 29, 2020.

The Court entered a case management plan and scheduling order on September 18, 2019. Dkt. 49. On March 4, 2022, following about two-and-a-half years of discovery, Defendants moved for summary judgment on each of Kaye's ten causes of action. Dkts. 224, 229; *see also* Howard Decl. ¶ 5 ("After nearly two and half years, and more than 10,000 documents having been produced, discovery closed in early 2022."). After receiving multiple extensions from the Court, Hagan filed opposing papers on May 6, 2022. Dkts. 250-252. Those papers, however, were incomplete, to say the least: her memorandum of law consisted of a single page containing nothing but the case caption, *see* Dkt. 250, and her statement of disputed material facts pursuant to Local Civil Rule 56.1(b), which was filed twice, consisted of just one paragraph of facts regarding Kaye's background. *See* Dkts. 251-252. Then, on June 7, 2022, Hagan filed an untimely statement of additional material facts pursuant to Local Civil Rule 56.1(b) without having received leave from the Court, which the Court ordered stricken from the docket. Dkt. 264.[3]

After receiving another extension of time from the Court, Hagan filed a counter-statement to Defendants' Local Civil Rule 56.1 statement of undisputed material facts on May 27, 2022, Dkt. 258, but again failed to file an opposing brief. The Court then granted Hagan a further extension of time to file an opposing brief, which she did on June 9, 2022—filing a brief that appeared to omit several major sections and contained multiple pages of highlighted material in varying font seemingly lifted verbatim, via cut and paste, from Westlaw and Lexis. Dkt. 271. Eventually, three weeks later, Hagan finally filed a substantially complete opposing brief, Dkt. 284, which the Court later accepted. The Court also accepted a late-filed declaration submitted in support of the

---

[3] Hagan filed a request for the Court to accept her late filing about one hour later. Dkt. 265.

opposition brief, Dkt. 273, with the exception of one of its exhibits—a copy of the same untimely statement of additional facts that the Court struck earlier. *See Kaye*, 2023 WL 2745556, at *12.

Meanwhile, Hagan and Kaye had not always been seeing eye-to-eye themselves. Kaye, for example, provided Hagan information indicating that Defendants had violated her contract by changing her shift. Kaye Decl. ¶ 4. But despite promising Kaye that she would do so, Hagan did not amend Kaye's pleading to include this information or otherwise use it in opposing summary judgment. *Id.* Kaye also told Hagan that she had been "subjected to antisemitic harassment and pay cuts for taking the Jewish Holidays off," which Hagan also declined to raise through an amended complaint or at summary judgment. *Id.* ¶ 5. Kaye further alleges that Hagan refused many of her strategic suggestions and failed to take actions that Kaye thought were necessary to win this case. *See id.* ¶¶ 6-9, 11. Finally, Kaye asserts that Hagan continuously reassured her that she was able to continue litigating this case despite "missing deadlines . . . and advising the Court that she was sick with brain fog and long Covid." *Id.* ¶ 10.

On June 13, 2022, the Court received an *ex parte* email from Kaye herself, stating that she wished to retain new counsel. *See* Dkt. 275. At a conference subsequently held on June 29, 2022, the Court granted Hagan leave to withdraw as Kaye's counsel. Dkt. 285. Kaye also retained Thomas Ricotta of Ricotta & Marks, P.C., who filed a notice of appearance in this action on July 7, 2022. Dkt. 288; Kaye Decl. ¶ 12.

The Court issued its prior Opinion and Order on March 31, 2023, granting summary judgement in Defendants' favor on each of Kaye's claims for relief. Dkt. 309. On April 1, 2024, Kaye moved to vacate that judgment under Federal Rule of Civil Procedure 60(b). Dkts. 313, 314 ("Motion"), 315. Defendants opposed Kaye's Motion on May 13, 2024. Dkts. 323 ("Opposition"), 324. Kaye did not file a reply.

4

## II. Legal Standard

Rule 60(b) allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A Rule 60(b) motion "must be made within a reasonable time." *Id.* 60(c)(1).

Although the language of Rule 60(b) is broad, its operation is narrow. "Rule 60(b) provides a mechanism for extraordinary judicial relief [available] only if the moving party demonstrates exceptional circumstances, and relief under the rule is discretionary." *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) (internal quotation marks and citations omitted). And in evaluating a motion under Rule 60(b), "the courts of this circuit also require that the evidence in support of the motion be highly convincing, that the movant show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties as a result." *Crystal Waters Shipping Ltd. v. Sinotrans Ltd. Project Transp. Branch*, 633 F. Supp. 2d 37, 41 (S.D.N.Y. 2009) (internal quotation marks omitted). Relief under Rule 60(b), therefore, is generally disfavored and only sparingly granted. *See Flynn v. Nat'l Asset Mgmt. Agency*, 303 F.R.D. 448, 451 (S.D.N.Y. 2014).

### III.  Discussion

Kaye seeks to vacate the Court's entry of judgment in favor of Defendants under Rule 60(b)(6)—which allows relief justified by "any other reason" not expressly listed in the Rule—based on the allegedly poor quality of Hagan's representation.  Motion at 1.

Vacating a civil judgment based on an attorney's shortcomings is not impossible, but is about as hard as it gets under Rule 60(b).  *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004) ("In typical civil proceedings, this Court *very* rarely grants relief under Rule 60(b)(6) for cases of alleged attorney failure or misconduct.").  That level of difficulty is by design: "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962) (Harlan, J.) (internal quotation marks omitted); *see also Nemaizer v. Baker*, 793 F.2d 58, 62-63 (2d Cir. 1986) ("[A]n attorney's actions, whether arising from neglect, carelessness or inexperience, are attributable to the client, who has a duty to protect his own interests by taking such legal steps as are necessary.  To rule otherwise would empty the finality of judgments rule of meaning." (citation omitted)).  Accordingly, "'[t]o be extraordinary circumstances for purposes of Rule 60(b)(6), a lawyer's failures must be so egregious and profound that they amount to the abandonment of the client's case *altogether*, either through physical disappearance, or constructive disappearance.'"  *Blanco v. City of New York*, No. 15 Civ. 8509 (RMB), 2018 WL 3104623, at *1 (S.D.N.Y. May 14, 2018) (quoting *Harris*, 367 F.3d at 81).

The circumstances of this case fall well short of meeting that high standard.  Kaye understandably complains that Hagan performed poorly at some junctures of this case.  Indeed, Hagan required repeated extensions and prodding by the Court to complete her summary judgment

6

briefing, at times failed to follow procedural rules, filed numerous documents that were incomplete on their face, and allegedly refused to raise several issues and facts that Kaye wanted the Court to consider. *See Kaye*, 2023 WL 2745556, at *12; Kaye Decl. ¶¶ 4-11. And some of these shortcomings may be attributable to the fact that—despite assuring Kaye that she was "strong" and "read[y] to fight"—at one point Hagan was allegedly suffering from "brain fog and long Covid." Kaye Decl. ¶¶ 8, 10.

But despite these flaws and her potential illness, Hagan still "appeared before the court throughout this litigation, engaged in the discovery process, and filed a voluminous opposition to Defendants' motion for summary judgment." *Rapillo v. Fingerhut*, No. 09 Civ. 10429 (VSB), 2020 WL 2847940, at *5 (S.D.N.Y. June 1, 2020); *see* Kaye Decl. ¶ 3 ("Hagan filed the Complaint in this matter and conducted discovery in this matter."); Dkt. 284 (32-page brief opposing summary judgment); Dkt. 258 (155-page counterstatement of material facts). Thus, Hagan's questionable performance and failure to raise certain issues that Kaye asked her to are not enough to constitute abandonment under a constructive-disappearance theory.[4] *Brooks v. Doe Fund, Inc.*, No. 17 Civ. 3626 (PKC), 2020 WL 5706451, at *7 (E.D.N.Y. Sept. 24, 2020) ("[T]he Second Circuit has 'consistently' resisted granting Rule 60(b)(6) relief for the gross negligence of a party's lawyer." (quoting *Stefanopoulos v. City of New York*, 299 F. App'x 49, 50 (2d Cir. 2008) (summary order))); *see, e.g.*, *Rapillo*, 2020 WL 2847940, at *5 ("Even if, *arguendo*, Plaintiffs' former counsel had failed to 'enunciate key evidence' in his opposition to Defendants' motion for summary judgment—which ultimately included 22 exhibits—this would not constitute the kind of 'egregious' failure that rises to the level of abandonment."); *Abu-Rub v. Jordanian Airlines, Inc.*, No. 07 Civ. 7888 (JGK), 2009 WL 3152561, at *5 (S.D.N.Y. Sept. 28, 2009) (declining to find

---

[4] Kaye's Motion does not advance any argument that Hagan physically disappeared.

7

constructive disappearance where the plaintiffs' attorney "requested enlargements of time to file supplemental information," "consistently provided the Court with deficient filings," and failed to file a response to a court order). Accordingly, Kaye has failed to present convincing evidence of extraordinary circumstances justifying relief under Rule 60(b)(6).[5]

The timing of Kaye's Motion also weighs against granting relief under Rule 60(b). Kaye argues that she has shown good cause for failing to act sooner due to the "strain and deterioration of the attorney-client relationship between prior counsel and Kaye" and because "much of the information that was necessary for this motion came from the filings and letters in this matter, which . . . were quite voluminous." Motion at 8. But Kaye replaced Hagan with her current attorney approximately nine months *before* the Court ruled on Defendants' summary judgment motion, and then waited another year after the Court entered final judgment before bringing the instant Motion. Dkts. 288, 310, 313. Kaye does not argue that any facts necessary to her Motion were unavailable as of the Court's entry of judgment in favor of Defendants, and the record—voluminous though it is—is not so massive that it should have required a year after the Court's summary judgment ruling to move under Rule 60(b). *See Romeo v. Aid to the Developmentally Disabled, Inc.*, No. 11 Civ. 6340 (JS), 2015 WL 10742764, at *3 (E.D.N.Y. Jan. 7, 2015) (holding

---

[5] The cases Kaye relies on to support her claim of abandonment do not suggest otherwise. In *Church & Dwight Co. v. Kaloti Enterprises of Michigan, LLC*, the Court vacated a $4 million default judgment under Rule 60(b)(6) because the movant's attorney had "failed to make any opposition to" the motion for default judgement even though the party's "deposition testimony showed a colorable defense to liability," and also "failed to address the blatant conflict of interest posed by his simultaneous representation of" two co-defendants with diverging interests. No. 07 Civ. 612 (BMC), 2011 WL 4529605, at *7-8 (E.D.N.Y. Sept. 28, 2011). And in *United States v. Cirami*, the Second Circuit remanded for an evidentiary hearing upon concluding that relief under Rule 60(b)(6) might be appropriate based on allegations that the movants' attorney suffered from a mental disorder that prevented him from opposing a motion for summary judgment. 563 F.2d 26, 34-35 (2d Cir. 1977). Hagan's representation of Kaye, though at times lackluster, did not rise to the egregious level of malfeasance that was alleged in *Church & Dwight Co.* or to the level of abandonment in *Cirami*.

that a poorly explained delay of six months was unreasonable for purposes of Rule 60(b)).  Indeed, the basis for the instant Motion consists largely of the same procedural history of this matter that the Court summarized in its summary judgment decision, *see Kaye*, 2023 WL 2745556, at *12, and on facts that Kaye provides in her affidavit based on personal knowledge of her interactions with Hagan, *see* Kaye Decl. ¶¶ 4-11.  Kaye's inexplicable and lengthy delay in bringing the instant Motion therefore provides additional reason to deny it.[6]

## IV.  Conclusion

For these reasons, the Court denies Kaye's Motion.  The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 313.

SO ORDERED.

Dated: December 17, 2024
       New York, New York

JOHN P. CRONAN
United States District Judge

---

[6] Kaye maintains that granting her Motion would result in no serious prejudice to Defendants.  Motion at 9.  But a lack of prejudice to the nonmovant, though relevant, cannot by itself justify relief under Rule 60(b).  *See Crystal Waters Shipping*, 633 F. Supp. 2d at 40-41.  And here, the record does not demonstrate the existence of extraordinary circumstances or good cause for Kaye's delay in filing her Motion, so it is not necessary to consider whether Defendants would suffer prejudice in the event the Court were to grant the Motion.

9